IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 22 P 12: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No. 04-11884 NG |

## AMENDED COMPLAINT

### THE PARTIES

1.     Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), is a Delaware corporation having a principal place of business at 10 Commerce Way, Woburn, Massachusetts.

2.     L-3 is the world's leading supplier of X-ray security screening systems and metal detectors, and offers a broad array of products to the aviation, transportation, and public building security markets.  It has over 18,000 systems in operation worldwide, including systems for screening packages for explosives, firearms, contraband, and drugs in the vast majority of commercial airports, jails, cargo applications, and government buildings.

3.     Defendant, Reveal Imaging Technologies, Inc. ("Reveal"), is a Delaware corporation having a principal place of business at 201 Burlington Road, Bedford, Massachusetts.

4.     On information and belief, Reveal has made and used, and will offer for sale, an explosives detection system it has designated as the "Reveal CT-80."

## JURISDICTION

5.      Jurisdiction for this patent infringement action, which arises under 35 U.S.C. §1 et. seq., is based on 28 U.S.C. §§ 1331 and 1338(a).

## COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,721,391

6.      This count incorporates paragraphs 1 through 5 above.

7.      L-3 owns United States Patent No. 6,721,391 ("the '391 patent") (Exhibit A), which issued on April 13, 2004.

8.      On information and belief, Reveal has directly infringed, induced infringement of, and contributed to infringement of the '391 patent, and continues to do so, by making and using the Reveal CT-80 system within the United States.

9.      On information and belief, Reveal's infringement of the '391 patent is and has been willful.

10.     Reveal's infringement of the '391 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 5,642,393

11.     This count incorporates paragraphs 1 through 5 above.

12.     L-3 owns United States Patent No. 5,642,393 ("the '393 patent") (Exhibit B), which issued on June 24, 1997.

13.     On information and belief, Reveal has directly infringed, induced infringement of, and contributed to infringement of claims 13 and 29 of the '393 patent, and continues to do so, by making and using the Reveal CT-80 system within the United States.

14.     On information and belief, Reveal's infringement of the '393 patent is and has been willful.

15.     Reveal's infringement of the '393 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 5,838,758

16.     This count incorporates paragraphs 1 through 5 above.

17.     L-3 owns United States Patent No. 5,838,758 ("the '758 patent") (Exhibit C), which issued on November 17, 1998.

18.     On information and belief, Reveal has directly infringed, induced infringement of, and contributed to infringement of claims 38-40, 43, and 55 of the '758 patent, and continues to do so, by making and using the Reveal CT-80 system within the United States.

19.     On information and belief, Reveal's infringement of the '758 patent is and has been willful.

20.     Reveal's infringement of the '758 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

For the above reasons, L-3 requests that this Court:

A.     Enter judgment that Reveal has infringed the '391, '393, and '758 patents;

B.     Enjoin Reveal and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for it or on its behalf, or acting in concert or privity with it, from further infringement of the '391, '393, and '758 patents;

C.     Award L-3 compensatory damages pursuant to 35 U.S.C. § 284;

826373.1

- 3 -

D.    Award L-3 treble damages for willful infringement pursuant to 35 U.S.C. § 284;

E.    Award L-3 its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F.    Award L-3 costs and such other relief as the Court determines to be warranted.

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

September 22, 2004

Michael A. Albert, BBO #558566
James J. Foster, BBO #553285
Robert M. Abrahamsen, BBO #636635
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646-8000
Fax: 617.646-8646

826373.1

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2004, I served a copy of the Amended Complaint on counsel for Defendant, Reveal Imaging Technologies, Inc., via hand-delivery, addressed to:

Jason Mirabito, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111

826373.1