UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 OCT 12 ⊃ 3: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

L-3 COMMUNICATIONS, SECURITY AND
DETECTION SYSTEMS, INC.,

                Plaintiff,

    v.

REVEAL IMAGING TECHNOLOGIES, INC.,

                Defendant.

)
)
)
)
)
)
)
)
)
)

C.A. No. 04-11884-NG

## DEFENDANT'S RULE 12(b)(6)MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM AGAINST REVEAL IMAGING TECHNOLOGIES, INC.

Defendant Reveal Imaging Technologies, Inc. ("Reveal") moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the entire patent infringement complaint filed by Plaintiff L-3 Communications, Security and Detection System, Inc. ("L-3") since it is brought against the wrong party in the wrong court. Specifically, L-3's suit against Reveal for its design and manufacture of its CT-80 airport baggage explosive detection machine for the Transportation Security Administration ("TSA") under a federal grant is barred as a matter of law by federal statute, 28 U.S.C. § 1498. Section 1498 provides that:

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the <u>owner's remedy shall be by action against the United States in the United States Court of Federal Claims</u> for the recovery of his reasonable and entire compensation for such use and manufacture . . . .

> For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States <u>by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government</u>, shall be construed as use or manufacture for the United States.

28 U.S.C. § 1498 (emphasis added).

As a result, "if a patented invention is [allegedly] used or manufactured for the government by a private party, that private party cannot be held liable for patent infringement" and the patent holder's sole recourse is to sue the government in Federal Claims Court. See Crater Corp. v. Lucent Technologies, Inc., 255 F.3d 1361, 1364 (Fed. Cir. 2001) (affirming dismissal of claims against alleged infringer since its work on coupling device was done for the government). As discussed in Reveal's accompanying memorandum of law and supporting affidavits, Reveal, a start-up company, has designed and is manufacturing for the U.S. Government an innovative next generation Explosive Detection System ("EDS") to screen airport baggage pursuant to a $4.7 million grant from the TSA, known as the "Phoenix Project." [1] In its Amended Complaint, L-3 alleges that Reveal's EDS device, the CT-80, infringes three patents assigned to it.

Regardless of whether the CT-80 infringes on these patents - - a claim that Reveal disputes - - Reveal is immune, as a matter of law under 28 U.S.C. § 1498, from any alleged patent liability because Reveal has designed, developed, and manufactured its CT-80 according to the TSA's specifications, using the TSA's money, subject to the TSA's continuous and systematic approval, testing, and final certification. Indeed, since the TSA is the exclusive purchaser and operator of airport EDS machines in the United States, its control, oversight and approval of the CT-80 is almost plenary. The TSA has already accepted delivery of two CT-80 machines, which are currently undergoing the TSA's final readiness testing and will undergo the TSA's final certification test shortly. Reveal is manufacturing more machines in anticipation of

---

[1] The term EDS is defined by the FAA as "an automated device, or combination of devices, which has the ability to detect, in passenger checked baggage, the amounts, types, and configurations of explosive materials as specified by the FAA." See Federal Aviation Administration, "Explosive Detection Systems," 63 Fed. Reg. 18104, 18106 (April 13, 1998).

TSA purchases upon the successful certifications of the CT-80.

As a result, L-3's patent infringement complaint, which seeks injunctive relief and treble damages against Reveal, must be dismissed.  However, L-3 is not without a remedy.  It can bring its claims against the United States in Federal Claims Court.  See TVI Energy Corp. v. Blane, 806 F.2d 1057, 1059-1060 (Fed. Cir. 1986) (the purpose of the statute is to "relieve private Government contractors from expensive litigation with patentees, possible injunctions, and punitive damages . . . the patentee's sole remedy [is] a suit against the United States in the Court of Claims").  Indeed, if L-3's suit is not dismissed, then L-3 will be allowed to frustrate the federal government's own procurement needs by preventing the TSA from obtaining a product that it requested, approved the design of, and deemed essential to protecting the national security of our airports.  See Trojan, Inc. v. Shat-R-Shield, Inc., 885 F.2d 854, 856-857 (Fed. Cir. 1989) (the purpose of 28 U.S.C. § 1498 was that: "a patent owner may not cut the government off from sources of supply, either at the bid stage or during performance of a government contract").

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Reveal respectfully requests a hearing on its motion to dismiss.

REVEAL IMAGING TECHNOLOGIES, INC.,

By its attorneys,

Thomas R. Murtagh (BBO #365220)
Joseph D. Lipchitz (BBO #632637)
Jason A. Mirabito (BBO #349440)
Mintz, Levin, Cohn, Ferris, Glovsky
    and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: October 12, 2004

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on: 10/12/04

## <u>Rule 7.1(A)(2) Certification</u>

Pursuant to Local Rule 7.1(A)(2), counsel for Reveal certify that they have conferred with counsel for the plaintiff and attempted in good faith to resolve the issues surrounding the plaintiff's claims.

Joseph D. Lipchitz

LIT 1481987v2

4