IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>          Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>          Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

## RULE 56(f) DECLARATION OF JAMES J. FOSTER

1.    As counsel for Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), I submit this declaration under penalty of perjury in support of L-3's Opposition to Defendant's Rule 12(b)(6) Motion To Dismiss.

### L-3 Needs Discovery on the Issues Raised by Reveal's Motion to Dismiss

2.    Reveal's Answer to the Amended Complaint was due on October 14, 2004. Instead of serving an Answer, however, Reveal moved to dismiss pursuant to rule 12(b)(6).

3.    Reveal's motion raises an affirmative defense of immunity from suit under 28 U.S.C.§1498(a) based on a Cooperative Research Agreement (CRA) it received from the Transportation Security Administration (TSA) on September 12, 2003.

4.    I understand that the CRA was directed only to specific work that was to be done in the development of certain prototypes of Reveal's CT-80 product. If so, then Reveal's asserted §1498(a) defense would be inapplicable with respect to any infringing activities engaged in by Reveal that were not required by the terms of the CRA. Infringing activities that would not be immune under §1498(a) would thus include any

836369.1

infringement that occurred before the CRA was awarded, any sales or offers for sale to entities other than the United States government ("Government"), and any manufacturing of product that was not required by a Government contract.

5. Before receiving Reveal's motion, L-3 had not initiated discovery, since counsel had not yet had the required Fed.R.Civ.P. 26(f) conference.

6. I recognized that L-3 would need discovery to flesh out the issues raised by Reveal's motion. I contacted Reveal on October 18, 2004 to discuss commencing such discovery. (I have attached, as Ex. 1, an e-mail string reflecting my communications with Reveal on these issues.) In particular, I suggested expedited discovery on the issues raised by the motion, and Reveal's consent to a suspension of L-3's response date.

7. As can be seen from the e-mail string, Reveal responded to my request on October 20, asserting that discovery on the issues raised by Reveal's motion was unnecessary because L-3 had been given "access to the state court production." It suggested that L-3 take its request for discovery to Judge Gertner. (The "state court production" in the e-mail referred to the documents Reveal has produced in <u>L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging Technologies, Inc., et al</u>, Suffolk Superior Court, Civil Action No. 03-5810-BLS ("the State lawsuit"), an action for breach of contract, misappropriation of trade secrets, and unfair competition.)

8. The discovery that L-3 sought and received in the State lawsuit was focused almost exclusively on the circumstances surrounding the formation of Reveal by a handful of former L-3 employees, and whether technology and proprietary information was misappropriated from L-3 by those individuals. It has not been directed

to issues pertinent to Reveal's pending motion to dismiss. No Reveal witnesses have as yet been deposed in that action.

9. On October 25, the parties had the required Rule 56(f) conference. I then had served a Notice of Deposition (attached as Ex. 2) on Reveal, which focused specifically on the issues raised by Reveal's motion to dismiss.

### Reveal's Infringing Acts Prior to September 12, 2003

10. Any infringing acts committed by Reveal prior to the award of the CRA, i.e., prior to September 12, 2003, would not be immune under §1498(a). Thus, evidence concerning Reveal's making and using of the CT-80 before that date could influence the decision of this motion.

11. L-3's knowledge in this area is limited because Reveal refused to comply with document requests (Ex. 3, Requests A10 and B1-B20) served in the State lawsuit that might have unearthed conclusive information on this issue.

12. In any event, based on the handful of materials that have been produced in the State lawsuit, L-3 has managed to uncover substantial evidence (discussed at pp. 13-14 of L-3's Memorandum in Opposition to Defendant's Rule 12(b)(6) Motion To Dismiss) showing a likelihood that a CT-80 model was fully operational prior to the CRA award date. I thus expect that further discovery will uncover additional evidence to confirm that.

### Reveal's Sales or Offers for Sale to Non-Government Entities

13.  Any commercial activities not directed exclusively toward the Government would not be immune.  Thus, evidence of Reveal's marketing and sales efforts toward private entities or foreign governments could determine the outcome of this motion.

14.  The discovery obtained thus far in the State lawsuit includes scant information of Reveal's marketing or sales efforts.  Reveal refused to comply with the only document request that might even arguably call for such materials (Ex. 3, Request No. A10).

15.  The few documents that have been obtained include substantial evidence (discussed at pp. 14-18 of L-3's Memorandum in Opposition to Defendant's Rule 12(b)(6) Motion To Dismiss) showing a likelihood that Reveal has made sales or offers for sale to entities other than the Government.  Particularly probative is a press release (which Reveal had failed to produce) indicating that Reveal had opened a sales office in the United Kingdom in February.

16.  I thus expect that further discovery will uncover additional evidence showing non-Governmental sales or offers for sale.

### Reveal's Manufacture of Product
### That It Is Not Obligated To Sell to the Government

17.  Manufacture of product not required by a Government contract would not be immune.  Thus, evidence that Reveal has manufactured product under such circumstances could affect its §1498(a) defense.

18.  The Buckley affidavit (at ¶ 18) Reveal submitted states that "Reveal is manufacturing additional machines in anticipation of TSA purchases...."  The affidavit

(at ¶ 20) further states that "[t]he TSA and other governmental entities are the only prospective <u>domestic</u> customers for the CT-80." (emphasis added).

19. The affidavit thus avoids whether there are any prospective <u>foreign</u> customers for the "additional machines" being manufactured. As noted above, Reveal has had a sales office in the United Kingdom since February, obviously in contemplation of sales of the units through that office.

20. I thus expect that the discovery will yield evidence that Reveal was not under a contract with the Government when it manufactured the "additional machines" specified in the Buckley affidavit.

21. L-3 has requested that the motion be denied. Alternatively, L-3 requests that the Court grant a continuance to allow L-3 to complete discovery on the above subjects.

Dated: October 26, 2004

_____
James J. Foster