**Exhibit 3**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPT.
OF THE TRIAL COURT

---

L-3 COMMUNICATIONS CORPORATION, L-3
COMMUNICATIONS SECURITY AND
DETECTION SYSTEMS CORPORATION
CALIFORNIA and L-3 COMMUNICATIONS
SECURITY AND DETECTION SYSTEMS
CORPORATION DELAWARE,

Plaintiffs,

v.

REVEAL IMAGING TECHNOLOGIES, INC.,
MICHAEL ELLENBOGEN, RICHARD BIJJANI,
JAMES BUCKLEY, BRUCE LEE, JOHN
SANDERS and ELAN SCHEINMAN,

Defendants.

BUSINESS LITIGATION SESSION
C.A. NO. 03-05810 BLS1
(Judge van Gestel)

---

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS UNDER MASS. R. CIV. P. 34

Pursuant to Rules 26 and 34 of the Massachusetts Rules of Civil Procedure, defendant Reveal Imaging Technologies, Inc. ("Reveal") and individual defendants Michael Ellenbogen, Richard Bijjani, James Buckley, Bruce Lee, John Sanders and Elan Scheinman (the "Reveal Employees") (collectively, "Defendants") hereby respond to Plaintiffs' Request for Production of Documents Under Mass. R. Civ. P. Rule 34, dated December 5, 2003 ("Plaintiffs' Request").

### General Objections

1.         Defendants object to Plaintiffs' Request to the extent that it purports to impose duties and obligations beyond those imposed by the Massachusetts Rules of Civil Procedure or other applicable law.

2.          Defendants object to Plaintiffs' Request to the extent that it seeks documents that were prepared in anticipation of litigation, are subject to claims of privilege under the attorney-client privilege, constitute work product, or are otherwise privileged or protected from discovery. Defendants hereby assert all such applicable privileges and protections, and exclude privileged information from its responses to Plaintiffs' Request. Any inadvertent identification or production of such documents shall not waive those privileges or protections.

3.          Defendants object to Plaintiffs' Request to the extent that the words and phrases used therein are vague, ambiguous or misleading.

4.          Defendants object to Plaintiffs' Request to the extent that it is overbroad, unduly burdensome, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.

5.          Defendants object to Plaintiffs' Request to the extent it seeks production of confidential and/or proprietary information of Reveal or third parties to whom Defendants may owe a duty of confidentiality or non-disclosure.

6.          Defendants object to Plaintiff's Request insofar as plaintiffs have failed to specify in any detail the particular trade secrets and/or confidential material that plaintiffs claim were misappropriated. Plaintiffs' Request contains overbroad and unduly burdensome requests for confidential and proprietary technical material without regard to whether the information at issue is related to any particular trade secret that plaintiffs claim was misappropriated. See, e.g., Porous Media Corp. v. Midland Brake Inc., 187 F.R.D. 598 (D. Minn. 1999); Microwave Research Corp. v. Sanders Assocs., 110 F.R.D. 669 (D. Mass. 1986); Cambridge Internet Solutions, Inc. v. Avicon Group, 1999 WL 959673, No. 99-1841 (Mass. Super. Ct. Sept. 21, 1999); Engelhard Corp. v. Savin Corp., 505 A.2d 30 (Del. Ch. Ct. 1986).

7.       Defendants object to Plaintiffs' Request to the extent that it seeks documents that are already in plaintiffs' possession, custody or control, or that are available from public sources or other parties.

8.       Defendants object to Plaintiffs' Request to the extent it assumes disputed facts or legal conclusions in defining the documents requested.  Defendants hereby deny all such disputed facts or legal conclusions.  In particular, Defendants object to Plaintiffs' Request to the extent that it seeks documents related to alleged breaches of contractual agreements between any of the Defendants and entities other than plaintiffs, on the grounds that plaintiffs lack standing, as a matter of law, to enforce such agreements, which issue is the subject of Defendants' pending motion for partial summary judgment.  Any information provided by Defendants with respect to such requests is without prejudice to this objection.

9.       Defendants' responses and objections herein shall not waive or prejudice any objections they may later assert, including but not limited to objections as to competency, relevance, materiality or admissibility of any document or categories of documents(s) in subsequent proceedings or at the trial of this or any other action.

10.      A statement that Defendants shall produce documents in response to any particular request does not imply any admission that such documents exist, but only that Defendants shall produce such documents to the extent that they can be located after diligent and reasonable search and inquiry.

11.      Defendants reserve the right to supplement their responses and objections to Plaintiffs' Request.

12.      The above General Responses and Objections apply to plaintiffs' specific requests and are hereby incorporated by reference into each of Defendants' Specific Responses

3

and Objections set forth below.

## Specific Responses and Objections

Request No. A1

Any and all documents and things concerning the planning for, the formation of, the organization of, or the financing of Reveal Imaging Technologies, Inc. ("Reveal"), including but not limited to communications with attorneys, lenders, venture capitalists and other potential sources of financing.

Response to Request No. A1

Defendants object to Request No. A1 to the extent that it is vague, overbroad, unlimited

in time, unduly burdensome and seeks documents not reasonably calculated to lead to the

discovery of admissible evidence. Defendants further object to Request No. A1 insofar as it calls

for communications with attorneys and seeks production of documents protected by the attorney-

client privilege and/or work product doctrine. Subject to and without waiving the foregoing

objections and the General Objections stated above, Defendants will produce non-privileged

documents dated on or before March 1, 2003 responsive to Request No. 1.

Request No. A2

Any and all documents and things concerning the occupancy, acquisition, purchase, rental or lease by any of the defendants of real estate space at 35 Crosby Drive, Bedford, Massachusetts, or elsewhere, including but not limited to communications with real estate brokers and agents, landlords, and attorneys, draft and final agreements for sale, or rental or lease and the negotiation thereof, and any permits and certificates.

Response to Request No. A2

Defendants object to Request No. A2 to the extent that it is vague, overbroad, unduly

burdensome and seeks documents not reasonably calculated to lead to the discovery of

admissible evidence. Defendants further object to Request No. A2 insofar as it calls for

4

communications with attorneys and seeks production of documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections and the General Objections stated above, Defendants will produce non-privileged documents responsive to Request No. A2.

Request No. A3

Any and all documents and things concerning efforts to hire, or the hiring of, James Buckley, Richard Bijjani, Bruce Lee, John Sanders, Elan Scheinman or any other past or present employee of L-3 or its predecessor-in-interest by Reveal or by Michael Ellenbogen, from November 1, 2001 to the present.

Response to Request No. A3

Defendants object to Request No. A3 insofar as the phrase "predecessor-in-interest" is vague and ambiguous and assumes legal conclusions in defining the documents requested. Defendants further object to Request No. A3 on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as plaintiffs have not articulated any basis for claiming that the hiring of any former employee of a purported "predecessor-in-interest" to L-3 might give rise to any claim against Reveal or Mr. Ellenbogen. In addition, Defendants object to Request No. A3 insofar as it seeks confidential personal health, financial or insurance information that is not relevant to this action. Subject to and without waiving the foregoing objections and the General Objections stated above, Defendants will produce non-privileged documents dated on or after June 14, 2002, other than documents involving confidential personal health, financial or insurance information, concerning Mr. Ellenbogen's or Reveal's efforts to hire, or hiring of, James Buckley, Richard Bijjani, Bruce Lee, John Sanders, Elan Scheinman or any other person who has been employed by L-3 Communications Corporation, L-3 Communications Security and Detections Systems

Corporation California, or L-3 Communications Security and Detection Systems Corporation

Delaware (collectively "L-3").


Request No. A4

Any and all documents and things concerning the possible departure from L-3 or its predecessor-in-interest by any of the defendants, or the formation of a new enterprise by any one or more of them, including but not limited to communications between, among, or about any of the defendants.

Response to Request No. A4

Defendants object to Request No. A4 insofar as the phrase "predecessor-in-interest" is

vague and ambiguous and assumes legal conclusions in defining the documents requested.

Defendants further object to Request No. A4 on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

insofar as L-3 lacks standing, as a matter of law, to enforce any contractual claims by its

purported predecessors in interest, which is the subject of Defendants' pending motion for partial

summary judgment. Subject to and without waiving the foregoing objection and the General

Objections stated above, Defendants will produce non-privileged documents concerning any of

the Reveal Employees' possible departure from L-3 or the formation of a new enterprise by any

one or more of the Reveal Employees, dated on or after June 14, 2002.


Request No. A5

Any and all documents concerning any effort by any of the individual defendants after November 1, 2001, to find employment or consulting work, or to set up a new business.

Response to Request No. A5

Defendants object to Request No. A5 as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, insofar as L-3 lacks

standing, as a matter of law, to enforce any contractual claims by its purported predecessors in

interest, which is the subject of Defendants' pending motion for partial summary judgment.

Subject to and without waiving this objection and the General Objections stated above,

Defendants will produce non-privileged documents responsive to Request No. A5 dated on or

after June 14, 2002.


Request No. A6

Any and all documents and things concerning or comprising bills, records or transmissions of
telephone, wireless, cellular, or facsimile communications by any of the defendants, from June 1,
2002 to December 20, 2002.

Response to Request No. A6

Defendants object to Request No. A6 on the grounds that it is overly broad, unduly

burdensome, is not reasonably calculated to lead to the discovery of admissible evidence and

seeks personal information not reasonably related to this litigation. See, e.g., Jordan v. Fox,

Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1260 n.10 (3d Cir. 1994); Ratts v. Bd. of County

Commissioners, 1999 WL 965723 (D. Kan. Sept. 30, 1999); Ayala v. Tapia, 1991 WL 241873

(D.D.C. Nov. 1, 1991).


Request No. A7

Any and all documents and things concerning the website www.revealimaging.com or any other
website of any of the defendants.


7

Response to Request No. A7

Defendants object to Request No. A7 on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and the General Objections stated above, Defendants will produce non-privileged documents and things concerning any application for a domain name for the website www.revealimaging.com or any other website maintained by Reveal.

Request No. A8

Any and all documents and things concerning the website www.revealimaging.com or any other website of any of the defendants, including but not limited to documentation evidencing the date on which any such website became active, dates on which the contents of the website were revised or edited, and copies of the original and each revised or edited version of the contents of the website.

Response to Request No. A8

Defendants object to Request No. A8 on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and the General Objections stated above, Defendants will produce non-privileged documents and things concerning the website www.revealimaging.com or any other website maintained by Reveal, or by any of the Reveal Employees if such website concerns Explosives Detection Systems ("EDS"), to the extent that such documents evidence the date on which any such website became active, the dates on which the contents of the website were revised or edited, or show the contents of the original and/or each revised or edited version of the contents of the website.

Request No.  A9

Any and all documents and things concerning or comprising communications, correspondence, business proposals, negotiations, contracts, or agreements entered into from June 1, 2001 to the present, between or among any of the defendants and either Analogic Corporation of Peabody, Massachusetts or Bernard Gordon.

Response to Request No. A9

Defendants object to Request No. A9 as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, insofar as L-3 lacks

standing, as a matter of law, to enforce any contractual claims by its purported predecessors in

interest, which is the subject of Defendants' pending motion for partial summary judgment.

Subject to and without waiving this objection and the General Objections stated above,

Defendants will produce non-privileged documents responsive to Request No. A9 dated on or

after June 14, 2002 and on or before March 1, 2003.


Request No. A10

Any and all documents and things concerning or comprising communications, correspondence, business proposals, negotiations, purchase orders, contracts, or other agreements entered into from June 1, 2002 to the present, between or among any of the defendants and any other individual company or organization in connection with any aspect or component of an Explosive Detection System ("EDS") business or EDS product, including any potential contractors, subcontractors or consultants whose services might be used in connection with the possible manufacture, distribution or sale of any EDS product.

Response to Request No. A10

Defendants object to Request No. A10 on the grounds that it is overbroad, unduly

burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and

would require the disclosure of Reveal's trade secrets and confidential and proprietary

information without regard to whether the information at issue is related to any particular trade

secret that plaintiffs claim was misappropriated.

Request No. A11

Any and all documents and things concerning or comprising agreements, contracts or communications between or among any of the defendants and any third party relating to products, components or parts used in the Reveal CT80 Inline Check-In Station that have been purchased from the third party.

Response to Request No. A11

Defendants object to Request No. A11 on the grounds that it is overbroad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and would require the disclosure of Reveal's trade secrets and confidential and proprietary information without regard to whether the information at issue is related to any particular trade secret that plaintiffs claim was misappropriated.

Request No. A12

Any and all documents and things concerning or comprising information or documentation related to any third-party products, third-party components or third-party parts used in the Reveal CT80 Inline Check-In Station.

Response to Request No. A12

Defendants object to Request No. A12 on the grounds that it is overbroad, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and would require the disclosure of Reveal's trade secrets and confidential and proprietary information without regard to whether the information at issue is related to any particular trade secret that plaintiffs claim was misappropriated.

Request No. A13

Any and all documents and things concerning or comprising:

    (a)    the U.S. Transportation Security Administration ("TSA") request for proposals for "Next Generation (NexGen) Explosive Detection System (EDS) Phoenix Project" ("TSA RFP"), dated July 18, 2003;

    (b)    the preparation or submission to the TSA of a proposal in response to the TSA RFP;

    (c)    any award granted by the TSA in connection with the TSA RFP; and

    (d)    any agreement with the TSA in connection with any such award.

Response to Request No. A13

Subject to the General Objections stated above, Defendants will produce non-privileged documents responsive to Request No. A13.

Request No. A14

Any and all documents and things concerning EDS products or technology developed, designed or owned by L-3 or any of its predecessors-in-interest.

Response to Request No. A14

Defendants object to Request No. A14 insofar as the phrase "developed, designed, or owned by L-3 or any of its predecessors-in-interest" is vague and ambiguous and assumes legal conclusions in defining the documents requested. Defendants further object to Request No. A14 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, insofar as L-3 lacks standing, as a matter of law, to enforce any contractual claims by its purported predecessors in interest, which is the subject of Defendants' pending motion for partial summary judgment. Subject to and without waiving the foregoing objections and the General Objections stated above, Defendants will produce non-privileged documents and things concerning EDS products or technology that were created while the creator was employed by L-3.

Request No. A15

Any and all electronic data concerning or comprising computer software source code, written or created by any of the defendants, or anyone working with or under the supervision of any of the defendants, while employed by L-3 (or any of its predecessors-in-interest) or by Reveal, including but not limited to all computer software source code generated by a computer software program.

Response to Request No. A15

Defendants object to Request No. A15 insofar as the phrase "predecessors-in-interest" is vague and ambiguous and assumes legal conclusions in defining the documents requested. Defendants further object to Request No. A15 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, insofar as L-3 lacks standing, as a matter of law, to enforce any contractual claims by its purported predecessors in interest, which is the subject of Defendants' pending motion for partial summary judgment. In addition, Request No. A15 is overbroad and unduly burdensome because it would require the disclosure of Reveal's trade secrets and confidential and proprietary information without regard to whether the information at issue is related to any particular trade secret that plaintiffs claim was misappropriated. Subject to and without waiving the foregoing objections and the General Objections stated above, Defendants will produce non-privileged electronic data concerning or comprising computer software source code written or created by any of the Reveal Employees, or anyone working with or under the supervision of any of the Reveal Employees, while employed by L-3.

Request No. A16

Any and all documents and things concerning or comprising information submitted by any of the defendants to any potential or actual lender, venture capitalist, investor or other source of financing, including but not limited to any business plans or proposals.

Response to Request No. A16

Defendants object to Request No. A16 on the grounds that it is overbroad and unlimited in time, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request No. A16 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, insofar as L-3 lacks standing, as a matter of law, to enforce any contractual claims by its purported predecessors in interest, which is the subject of Defendants' pending motion for partial summary judgment. Subject to and without waiving the foregoing objections and the General Objections stated above, Defendants will produce non-privileged documents that are dated on or after June 14, 2002 and on or before March 1, 2003 and that are otherwise responsive to Request No. A16.

Request No. A17

Any and all documents and things concerning or comprising agreements between or among any of the defendants within the last eighteen (18) months.

Response to Request No. A17

Defendants object to Request No. A17 on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request No. A17 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, insofar as L-3 lacks standing, as a matter of law, to enforce any contractual claims by its purported predecessors in interest, which is the subject of Defendants' pending motion for partial summary judgment. In addition, Defendants object to Request No. A17 insofar as it seeks confidential personal health, financial or insurance information that is not relevant to this action. Subject to and without waiving the foregoing objections and the General Objections stated above, Defendants will

produce non-privileged documents, other than documents involving confidential personal health, financial or insurance information, dated on or after June 14, 2002 and on or before March 1, 2003 that are otherwise responsive to Request No. A17.

Request No. A18

Any and all documents and things concerning or comprising agreements between or among any of the defendants and the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C., or any of its attorneys.

Response to Request No. A18

Defendants object to Request No. A18 on the ground that it seeks documents subject to the attorney-client privilege and/or work product doctrine.

Request No. A19

Any and all documents and things concerning or comprising any opinions, advice or other services rendered by Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C., or any of its attorneys, to or for any of the defendants concerning or relating to L-3, or the formation or financing of, or securing of office or other space by, a new company formed or to be formed by any of the individuals defendants, or the permissibility of any such company's hiring any of the individual defendants. (NOTE: If defendants represent that they do not rely on advice of counsel in support of any defense to any claims in this action, then the substance of any privileged communications contained within any such document or thing may be redacted, with the redaction to be noted on the face of each redacted page.)

Response to Request No. A19

Defendants object to Request No. A19 on the ground that it seeks documents subject to the attorney-client privilege and/or work product doctrine.

Request No. A20

Any and all documents and things concerning or comprising any evaluation by or on behalf of any of the defendants as to whether or not any technology being considered by any of the

defendants might infringe any patent or other intellectual property rights of L-3 or any of its predecessors-in-interest.

Response to Request No. A20

Defendants object to Request No. A20 insofar as the phrase "predecessors-in-interest" is vague and ambiguous and assumes legal conclusions in defining the documents requested. Defendants object to Request No. A20 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, insofar as L-3 lacks standing, as a matter of law, to enforce any contractual claims by its purported predecessors in interest, which is the subject of Defendants' pending motion for partial summary judgment. Defendants further object to Request No. A20 on the ground that it seeks documents subject to the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections and the General Objections stated above, Defendants will produce non-privileged documents dated on or after June 14, 2002 responsive to Request No. A20.

Request No. A21

Any and all documents and things concerning or comprising any invention disclosures or any patent applications, U.S. or foreign, filed by any of the defendants, including all prosecution papers relating to any application, related to any aspect or component of Reveal's CT80 Inline Check-In Station, dual-energy technology, CT technology, dual-energy CT technology or EDS technology.

Response to Request No. A21

Defendants object to Request No. A21 to the extent that it seeks documents subject to the attorney-client privilege and/or work product doctrine. Defendants further object to Request No. A21 on the grounds that it is overbroad and would require the disclosure of Reveal's trade secrets and confidential and proprietary information without regard to whether the information at issue is related to any particular trade secret that plaintiffs claim was misappropriated.

Request No. B1

Any and all documents and things concerning or comprising the design specifications of any aspect or component of any EDS product or technology used or developed by Reveal or any of the individual defendants.

Response to Request No. B1

Defendants object to Request No. B1 on the grounds that it is overbroad and unduly

burdensome and would require the disclosure of Reveal's trade secrets and confidential and

proprietary information without regard to whether the information at issue is related to any

particular trade secret that plaintiffs claim was misappropriated.

Request No. B2

Any and all documents and things concerning the design or development of any aspect or component of EDS products or technology proposed for TSA certification by Reveal or any of the individual defendants.

Response to Request No. B2

Defendants object to Request No. B2 on the grounds that it is overbroad and unduly

burdensome and would require the disclosure of Reveal's trade secrets and confidential and

proprietary information without regard to whether the information at issue is related to any

particular trade secret that plaintiffs claim was misappropriated.

Request No. B3

Any and all documents and things concerning the certification process for any EDS product or technology of Reveal or any of the individual defendants.

Response to Request No. B3

Defendants object to Request No. B3 on the grounds that it is overbroad and unduly

burdensome and would require the disclosure of Reveal's trade secrets and confidential and

proprietary information without regard to whether the information at issue is related to any

particular trade secret that plaintiffs claim was misappropriated.


Request No. B4

Any and all documents and things concerning any aspect or component of research and
development, design, testing, installation, use, or operation of any and all Reveal products that
are directed to EDS, dual-energy systems, CT systems, or dual-energy CT systems, including
each and every model, type or configuration of each such product.

Response to Request No. B4

        Defendants object to Request No. B4 on the grounds that it is overbroad and unduly

burdensome and would require the disclosure of Reveal's trade secrets and confidential and

proprietary information without regard to whether the information at issue is related to any

particular trade secret that plaintiffs claim was misappropriated.


Request No. B5

Any and all documents and things concerning or comprising any testing of any aspect or
component of the Reveal CT80 Inline Check-In Station technology, including but not limited to
any documentation or information concerning the nature or results of the testing.

Response to Request No. B5

        Defendants object to Request No. B5 on the grounds that it is overbroad and unduly

burdensome and would require the disclosure of Reveal's trade secrets and confidential and

proprietary information without regard to whether the information at issue is related to any

particular trade secret that plaintiffs claim was misappropriated.

<u>Request No. B6</u>

Any and all documents and things concerning any communication protocol associated with the Reveal CT80 Inline Check-In Station technology.

<u>Response to Request No. B6</u>

Defendants object to Request No. B6 on the grounds that it is overbroad and unduly burdensome and would require the disclosure of Reveal's trade secrets and confidential and proprietary information without regard to whether the information at issue is related to any particular trade secret that plaintiffs claim was misappropriated.

<u>Request No. B7</u>

Any and all electronic data concerning or comprising software development project files and all associated files generated by any software, including but not limited to any integrated development environment used to generate computer software source code implemented or used in any aspect or component of the Reveal CT80 Inline Check-In Station ("CT80 source code").

<u>Response to Request No. B7</u>

Defendants object to Request No. B7 on the grounds that it is overbroad and unduly burdensome and would require the disclosure of Reveal's trade secrets and confidential and proprietary information without regard to whether the information at issue is related to any particular trade secret that plaintiffs claim was misappropriated.

<u>Request No. B8</u>

Any and all documents and things concerning operation modeling for checked baggage screening in an airport environment, including but not limited to the networking of systems, passenger flow data, and timing considerations or estimations concerning passenger wait time.

Response to Request No. B8

Defendants object to Request No. B8 on the grounds that it is overbroad and unduly burdensome and would require the disclosure of Reveal's trade secrets and confidential and proprietary information without regard to whether the information at issue is related to any particular trade secret that plaintiffs claim was misappropriated.


Request No. B9

Any and all documents and things concerning the conception, design, development, implementation or use by any of the defendants of any aspect or component of:

    (a) any EDS product or technology;

    (b) any algorithms used in connection with EDS products or technology; and

    (c) any use of a distributed computing network in any EDS product or technology from June 1, 2002 to the present.

Response to Request No. B9

Defendants object to Request No. B9 on the grounds that it is overbroad and unduly burdensome and would require the disclosure of Reveal's trade secrets and confidential and proprietary information without regard to whether the information at issue is related to any particular trade secret that plaintiffs claim was misappropriated.


Request No. B10

Any and all electronic data concerning or comprising algorithms, implemented or used from June 1, 2002 to the present, by any of the defendants in any aspect or component of EDS technology or an EDS product, including but not limited to any computer software source code, computer software byte code or computer software machine code implementing or using any such algorithm.

Response to Request No. B10

Defendants object to Request No. B10 on the grounds that it is overbroad and unduly burdensome and would require the disclosure of Reveal's trade secrets and confidential and proprietary information without regard to whether the information at issue is related to any particular trade secret that plaintiffs claim was misappropriated.

Request No. B11

Any and all electronic data concerning or comprising algorithms or techniques related to any aspect or component of dual-energy scanning, $Z_{eff}$ calculation, computer tomography ("CT") scanning, CT image reconstruction or CT image display, including but not limited to any computer software source code, computer software byte code or computer software machine code implementing or using any such algorithm or technique.

Response to Request No. B11

Defendants object to Request No. B11 on the grounds that it is overbroad and unduly burdensome and would require the disclosure of Reveal's trade secrets and confidential and proprietary information without regard to whether the information at issue is related to any particular trade secret that plaintiffs claim was misappropriated.

Request No. B12

Any and all electronic data concerning or comprising computer software source code or computer software machine code related to any aspect or component of developing, designing or creating computer software source code or algorithms for dual-energy scanning, $Z_{eff}$ calculation, CT scanning, CT image reconstruction, or CT image display, including but not limited to any computer software, electronic library of functions or electronic library of routines used to develop such algorithms.

Response to Request No. B12

Defendants object to Request No. B12 on the grounds that it is overbroad and unduly burdensome and would require the disclosure of Reveal's trade secrets and confidential and proprietary information without regard to whether the information at issue is related to any particular trade secret that plaintiffs claim was misappropriated.

Request No. B13

Any and all electronic data concerning or comprising computer software source code or computer software machine code, implemented or used in any aspect or component of any Reveal EDS product, relating to dual-energy technology, CT technology, dual-energy CT technology, or scatter technology, including but not limited to current versions, previous versions, drafts, back-up copies, revision control databases, revision control files and component files.

Response to Request No. B13

Defendants object to Request No. B13 on the grounds that it is overbroad and unduly burdensome and would require the disclosure of Reveal's trade secrets and confidential and proprietary information without regard to whether the information at issue is related to any particular trade secret that plaintiffs claim was misappropriated.

Request No. B14

Any and all electronic data concerning or comprising computer software source code, implemented or used in any aspect or component of the Reveal CT80 Inline Check-In Station ("CT80 source code"), including but not limited to current versions, previous versions, drafts, back-up copies, revision control databases, revision control files and component files.

Response to Request No. B14

Defendants object to Request No. B14 on the grounds that it is overbroad and unduly burdensome and would require the disclosure of Reveal's trade secrets and confidential and

proprietary information without regard to whether the information at issue is related to any

particular trade secret that plaintiffs claim was misappropriated.


Request No. B15

Any and all electronic data concerning or comprising computer software machine code,
implemented or used in any aspect or component of the Reveal CT80 Inline Check-In Station
("CT80 machine code"), including but not limited to current versions, previous versions, drafts,
back-up copies, revision control databases, revision control files and component files.

Response to Request No. B15

      Defendants object to Request No. B15 on the grounds that it is overbroad and unduly

burdensome and would require the disclosure of Reveal's trade secrets and confidential and

proprietary information without regard to whether the information at issue is related to any

particular trade secret that plaintiffs claim was misappropriated.


Request No. B16

Any and all documents and things concerning any aspect or component of the development of
the Reveal CT80 Inline Check-In Station, including but not limited to project descriptions,
manuals, literature, presentations, charts, spreadsheets, design documentation, block diagrams,
schematic diagrams, flow diagrams, system diagrams, network diagrams, computer hardware or
software architecture diagrams, tables, documents produced by quality assurance software
engineers or documents produced by software engineers.

Response to Request No. B16

      Defendants object to Request No. B16 on the grounds that it is overbroad and unduly

burdensome and would require the disclosure of Reveal's trade secrets and confidential and

proprietary information without regard to whether the information at issue is related to any

particular trade secret that plaintiffs claim was misappropriated.

Request No. B17

Any and all documents and things concerning any aspect or component of the creation, development, implementation or use of the CT80 source code or of any algorithms implemented in the CT80 source code, including but not limited to design documentation, software state diagrams, software class diagrams, software interaction diagrams, system level diagrams, network diagrams, flow diagrams, software architecture diagrams, schematic diagrams, block diagrams, spreadsheets, charts, documents produced by quality assurance software engineers or documents produced by software engineers.

Response to Request No. B17

Defendants object to Request No. B17 on the grounds that it is overbroad and unduly burdensome and would require the disclosure of Reveal's trade secrets and confidential and proprietary information without regard to whether the information at issue is related to any particular trade secret that plaintiffs claim was misappropriated.

Request No. B18

Any and all documents and things concerning any aspect or component of the conception, development, implementation or use by any of the defendants, from June 1, 2002 to the present, of CT scanning, CT image reconstruction, or CT image display, including but not limited to design documentation, block diagrams, schematic diagrams, flow diagrams, system diagrams, network diagrams, computer hardware or software architecture diagrams, spreadsheets, charts, tables, documents produced by quality assurance software engineers or documents produced by software engineers.

Response to Request No. B18

Defendants object to Request No. B18 on the grounds that it is overbroad and unduly burdensome and would require the disclosure of Reveal's trade secrets and confidential and proprietary information without regard to whether the information at issue is related to any particular trade secret that plaintiffs claim was misappropriated.

Request No. B19

Any and all documents and things concerning any aspect or component of the conception, development, implementation or use of the Reveal CT80 Inline Check-In Station, including but not limited to design documentation, block diagrams, schematic diagrams, flow diagrams, system diagrams, network diagrams, computer hardware or software architecture diagrams, spreadsheets, charts, tables, documents produced by quality assurance software engineers or documents produced by software engineers.

Response to Request No. B19

Defendants object to Request No. B19 on the grounds that it is overbroad and unduly

burdensome and would require the disclosure of Reveal's trade secrets and confidential and

proprietary information without regard to whether the information at issue is related to any

particular trade secret that plaintiffs claim was misappropriated.

Request No. B20

Any and all documents and things concerning any aspect or component of CT scanning techniques implemented or used by any of the defendants, from June 1, 2002 to the present, for determining characteristics of an object, including but not limited to information concerning the determination or calculation of the atomic number, $Z_{eff}$ related information, an object's density or an object's material.

Response to Request No. B20

Defendants object to Request No. B20 on the grounds that it is overbroad and unduly

burdensome and would require the disclosure of Reveal's trade secrets and confidential and

proprietary information without regard to whether the information at issue is related to any

particular trade secret that plaintiffs claim was misappropriated.

**REVEAL IMAGING TECHNOLOGIES, INC.,
MICHAEL ELLENBOGEN, RICHARD
BIJJANI, JAMES BUCKLEY, BRUCE LEE,
JOHN SANDERS and ELAN SCHEINMAN,**

By their attorneys,

Thomas R. Murtagh (BBO #365220)
Joseph P. Curtin (BBO #556776)
A. W. Phinney III (BBO #562710)
Joseph D. Lipchitz (BBO #632637)
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY and POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated:  January 16, 2004

I hereby certify that a true copy of the above document was
served upon the attorney of record for each party by fax and
by first class mail on January 16, 2004.

A. W. Phinney III

LIT 1434608v3

25