UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., )<br>)<br>)<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>REVEAL IMAGING TECHNOLOGIES, INC.,  )<br>)<br>Defendant.  ) | C.A. No. 04-11884-NG<br>(Magistrate Judge Judith Gail Dein) |

### REVEAL IMAGING TECHNOLOGIES, INC.'S MOTION FOR A PROTECTIVE ORDER TO POSTPONE THE NOVEMBER 30TH HEARING TO ADDRESS PLAINTIFF'S PENDING RULE 56(F) DISCOVERY

Pursuant to Fed. R. Civ. P. 26(c), defendant Reveal Imaging Technologies, Inc. ("Reveal") moves for a protective order that (1) allows Reveal a 30 day extension to produce documents to L-3 in response to L-3's request for discovery in its Rule 56(f) statement filed in conjunction with its Opposition to Reveal's Motion to Dismiss ("Opposition") and to object to certain of those requests; (2) postpone the November 30, 2004 Rule 30(b)(6) deposition of Reveal sought by L-3 until after Reveal produces those documents; and (3) postpone the hearing on Reveal's Motion to Dismiss currently scheduled for hearing on Tuesday, November 30, 2004, until after the discovery on the issues raised in L-3's Opposition has been completed. For the Court's convenience, a proposed Protective Order is attached to this motion as Exhibit A.

Reveal has offered to provide L-3 with most of the discovery that it has requested in its Opposition and to negotiate an agreement on those few requests that Reveal feels are overly broad. That offer has been rejected by L-3, which now demands instead that Reveal withdraw its Motion to Dismiss. L-3 has raised issues in its Opposition for which it asserts that it needs limited discovery. Reveal is willing to provide that limited discovery for the purpose of assisting

the Court in its determination on the Motion to Dismiss. Reveal believes that the discovery will only confirm the case should be dismissed in its entirety or substantially narrowed pursuant to the immunization provided by 28 U.S.C. § 1498 - - thereby avoiding unnecessary, time consuming and expensive discovery, including the retention and deposition of experts, relating to issues of patent infringement.

## FACTS

As set forth in Reveal's motion to dismiss, Reveal, under a 2003 federal grant, has designed and developed its CT-80, the next-generation explosive detection system ("EDS") for screening airport check-in baggage, for the Transportation Security Administration ("TSA"). Reveal's activities were subject to the TSA's continuous and systematic approval, review, and testing of the CT-80 design.

When Reveal moved to dismiss plaintiff L-3's complaint for patent infringement because Reveal is immune from such suits, as a matter of law, under 28 U.S.C. § 1498, L-3 objected, citing its need for discovery on the nature and purpose of Reveal's manufacturing and sales activities relating to the CT-80 EDS. As part of this argument, the plaintiff filed a Rule 56(f) Statement and a Rule 30(b)(6) deposition notice seeking both documents and oral testimony on November 30, 2004 regarding whether Reveal has sold its CT-80 airport baggage screening machine to non-governmental entities or manufactured CT-80 machines for non-governmental entities. A copy of plaintiff's Rule 30(b)(6) deposition notice of Reveal, including a schedule of requested documents, is attached as Exhibit B.

On November 11, 2004, Reveal's counsel, Thomas Murtagh, informed counsel for L-3 that Reveal would agree to the plaintiff's request for limited discovery, subject to some narrowing to be discussed by counsel, so that the issue of sales or manufacture for non-

2

government entities could be explored before the Court ruled on Reveal's outstanding Motion to Dismiss. Furthermore, Reveal's counsel also informed plaintiff's counsel that he had been appointed to bench of the Massachusetts Superior Court and would be sworn in during early December, 2004. As such, Reveal's counsel was currently transitioning the case to his colleague Rosemary Allen. Reveal's counsel also informed plaintiff's counsel that due to pre-existing commitments, both Mr. Murtagh and Ms. Allen would be out of the state during the week of November 29, 2004 and unavailable for both the scheduled hearing and plaintiff's noticed Rule 30(b)(6) deposition.

In light of these facts, Reveal's counsel proposed that Reveal and L-3 jointly request that the Court reschedule the November 30, 2004 hearing so that Reveal could produce documents responsive to most of plaintiff's requests set forth in Schedule B of the noticed Rule 30(b)(6) deposition of Reveal. Additionally, Reveal's counsel proposed that Reveal will produce the documentary discovery within thirty (30) days, allowing it sufficient time to gather any responsive documents and, that approximately one week after Reveal produced the responsive documents, plaintiff could then take the Rule 30(b)(6) deposition of Reveal's designated representative on the subject matter set forth in its Schedule A accompanying its Rule 30(b)(6) deposition notice. Once this limited discovery is complete, the parties would then be in a position to argue the merits of Reveal's pending Motion to Dismiss.

Plaintiff L-3 refused to agree to Reveal's proposal, notwithstanding the fact that it addressed the very discovery that L-3 claimed it needed to properly address Reveal's pending Motion to Dismiss. Instead, L-3 demanded that Reveal completely withdraw its current motion and raise the same issues on summary judgment after the completion of full discovery. As a result, Reveal's counsel informed counsel for plaintiff L-3 by way of a letter dated November 12,

3

2004 that Reveal would be forced to seek a protective order from this Court, a copy of which is attached as Exhibit C.

## ARGUMENT

L-3's refusal to now accept the very discovery that it sought in its Opposition and its demand that Reveal withdraw its Motion to Dismiss as the only option acceptable to it constitutes a reversal of L-3's position taken in its Opposition. Moreover, it would mean that Reveal's Motion to Dismiss would not be considered until after the parties had engaged in time consuming and expensive discovery, including the retention and deposition of experts, relating to patent infringement. Reveal believes such full-blown and expensive discovery is unnecessary because its activities - - even if they are infringing, which they are not - - are immunized from L-3's infringement suit by 28 U.S.C. § 1498, which was specifically designed to relieve government contractors from "expensive litigation with patentees." TVI Energy Corp. v. Blane, 806 F.2d 1057, 1059-1060 (Fed. Cir. 1986).

The incontrovertible evidence and controlling law submitted by Reveal as part of Motion to Dismiss - - as well as the 2005 Department of Homeland Security Appropriations Act - - make it clear that Reveal has designed, developed and manufactured its CT-80 for the TSA, which is the exclusive purchaser of EDS machines for our nation's airports. It also will show that although Reveal hopes to sell its CT-80 to airports and governmental entities outside the United States, it has not done so to date and, if and when it does so, it may do it in such a way not to implicate U.S. patents.

The limited discovery that the plaintiff specifically requested, and that Reveal agreed to provide subject to some narrowing, would provide the Court and the parties with the additional factual record necessary to dispose of this case. Accordingly, Reveal requests that (1) it allow

Reveal 30 days to produce documents to L-3 in response to L-3's request for discovery and to object to certain of those requests if agreement regarding the scope of discovery cannot be reached with L-3; (2) postpone the Rule 30(b)(6) deposition of Reveal sought by L-3 until after Reveal produces those documents; and (3) postpone the hearing on Reveal's Motion to Dismiss currently scheduled for hearing on Tuesday, November 30, 2004, until after the discovery on the issues raised in L-3's Opposition has been completed.

## CONCLUSION

For all the reasons discussed above, Reveal respectfully requests that this Court grant its motion for a protective order, which will assist both the parties and the Court in fairly and efficiently adjudicating Reveal's outstanding Rule 12(b)(6) Motion to Dismiss plaintiff's complaint.

**REVEAL IMAGING TECHNOLOGIES, INC.,**

By its attorneys,

*/s/ Joseph D. Lipchitz*
Thomas R. Murtagh (BBO #365220)
Rosemary Allen (BBO #549746)
Joseph D. Lipchitz (BBO #632637)
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: November 16, 2004

### Rule 7.1(A)(2) Certification

Pursuant to Local Rule 7.1(A)(2), counsel for Reveal certify that they have conferred with counsel for the plaintiff and attempted in good faith to resolve the issues addressed in this motion.

*/s/ Joseph D. Lipchitz*
Joseph D. Lipchitz

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC.,<br><br>Plaintiff,<br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.,<br><br>Defendant. | C.A. No. 04-11884-NG<br>(Magistrate Judge Judith Gail Dein) |

## PROTECTIVE ORDER

After reviewing Reveal Imaging Technologies, Inc.'s Motion for a Protective Order and the opposition brief of the plaintiff, the Court, pursuant to Fed. R. Civ. P. 26, and for good cause shown,

**ORDERS AS FOLLOWS:**

1. The hearing currently scheduled for November 30, 2004 on Reveal Imaging Technologies, Inc.'s Rule 12(b)(6) Motion to Dismiss is postponed and will be rescheduled once the parties have completed the discovery discussed below.

2. Reveal Imaging Technologies, Inc. will have until December 30, 2004 to produce paper and electronic discovery requested by plaintiff in its Rule 30(b)(6) deposition notice and accompanying schedules dated October 25, 2004. Thereafter, the parties will promptly schedule a Rule 30(b)(6) deposition of Reveal Imaging Technologies, Inc. limited to the subject matter set forth in the Schedule A accompanying the plaintiff's Rule 30(b)(6) deposition notice dated October 25, 2004.

3.     Once the parties have completed the Rule 30(b)(6) deposition of Reveal Imaging Technologies, Inc., the parties will promptly notify the Court so that it can schedule a hearing on Reveal's outstanding Rule 12(b)(6) Motion to Dismiss.


So Ordered,

_____
Judith Gail Dein          Dated:
Magistrate Judge,
United States District Court for the District of Massachusetts


LIT 1488817v2

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

## NOTICE OF DEPOSITION

Please take notice that plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, requests the oral deposition of defendant, Reveal Imaging Technologies, Inc. ("Reveal"), at the offices of Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA 02210, beginning at 9:30 A.M. on Tuesday, November 30, 2004, unless there is agreement as to a different time or place, on the matters listed in the attached Schedule A.

The materials designated in the attached Schedule B are to be produced on Monday, November 29, 2004.

Since there will be considerable expense in preparing for and taking the deposition, defendant is reminded that the "person so designated shall testify as to matters known or reasonably available to the organization," and will thus be expected to have conducted a sufficient investigation, or have been given sufficient information, to be prepared to give that testimony. The failure to produce a witness sufficiently

836324.1

prepared to testify on all of the listed matters may result in sanctions pursuant to Rule 37(a).

Each person designated by Reveal to testify on its behalf on the matters on the attached Schedule may also be deposed by L-3 pursuant to Rule 30(a)(1) and (b)(1) on any matter within the scope permitted by Rule 26(b)(1).

L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.,

By its attorneys,

October 25, 2004

James J. Foster, BBO #553285
Michael A. Albert, BBO #558566
Robert M. Abrahamsen, BBO #636635
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646-8000
Fax: 617.646-8646

### CERTIFICATE OF SERVICE

I certify that on October 25, 2004, I served a copy of the attached Notice of Deposition on counsel for Defendant, Reveal Imaging Technologies, Inc., via hand-delivery, addressed to:

Jason Mirabito, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111

836324.1

- 2 -

## SCHEDULE A

1. Manufacture and use of any CT-80 machine (production, preproduction or prototype) prior to September 12, 2003.

2. Marketing and sales efforts concerning any CT-80 machine (production, preproduction or prototype) that have been directed toward entities (domestic or foreign) other than the U.S. Government.

3. The purpose and function of Reveal's sales office in the United Kingdom, and the sales or marketing efforts in which that office has engaged or plans on engaging.

4. Manufacture of any CT-80 machine (production, preproduction or prototype) in the absence of a contract obligating Reveal to sell the manufactured machine to the U.S. government.

5. Agreements with the U.S. government concerning any CT-80 machine (production, preproduction or prototype) or its design or development.

## SCHEDULE B

1. Documents or things sufficient to ascertain the physical and operational state of any CT-80 machine (production, preproduction or prototype) prior to September 12, 2003.

2. All documents or things concerning marketing or sales efforts concerning any CT-80 machine (production, preproduction or prototype) that were directed toward entities (domestic or foreign) other than the U.S. Government.

3. All agreements with the U.S. Government concerning any CT-80 machine (production, preproduction or prototype) or its design or development.

4. All communications to or from any U.S. Government representative concerning any CT-80 machine (production, preproduction or prototype) or its design or development.

5. Documents or things sufficient to show the number of CT-80 machines (production, preproduction or prototype) that have been or are in the process of being manufactured, where such manufacture took or is taking place, and whether manufacture of each such machine is complete.

6. All e-mails sent to or received by Michael Ellenbogen, James Buckley, Elan Scheinman, or Jeremy Attree, concerning any CT-80 machine (production, preproduction or prototype).

7. Documents or things sufficient to show the identities and locations of all manufacturers of CT-80 machines (production, preproduction or prototype).

8. Documents or things sufficient to show the current location and status of each CT-80 machine (production, preproduction or prototype) Reveal has made.

9. Documents or things sufficient to show the identities and locations of all of Reveal's sales offices.

10. All documents or things concerning Reveal's sales office in the United Kingdom.

**EXHIBIT C**

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**
One Financial Center
Boston, Massachusetts 02111

Thomas R. Murtagh

617 542 6000
617 542 2241 *fax*

*Direct dial 617 348 1699*
**trmurtagh@mintz.com**

November 12, 2004

**By Fax and Regular Mail**

James J. Foster
Wolf, Greenfield & Sachs, P.C.
600 Atlantic Avenue
Boston, MA 02210

   Re: <u>L-3 Communications Security And Detection Systems, Inc. v. Reveal Imaging Technologies, Inc.</u>, U.S.D.C. Mass. Civil Action No. 04-11884-NG

Dear James:

  I am confirming my telephone discussion with you on Thursday, November 11, 2004 regarding your client's request for discovery, Rule 56(f) Statement, and the hearing scheduled by the Court on November 30, 2004 on Reveal's Motion to Dismiss Pursuant to Rule 12(b)(6) (the "Motion"). I said that upon reviewing L-3's opposition to Reveal's Motion to Dismiss, I believe that L-3 is entitled to discovery on the issue of Reveal's activities in the United Kingdom and on Reveal's manufacturing activities prior to September, 2003 based upon L-3's contention that manufacturing activities before that time are not immunized under 20 U.S.C. 1598.

  As a result, I proposed the following. First, Reveal and L-3 would agree to arrange with the Court to reschedule the November 30, 2004 hearing so that Reveal could produce documents responsive to most of your requests set forth in Schedule B to your noticed Rule 30(b)(6) deposition of Reveal. I also said that I believed that some of the requests, as well as the Rule 30(b)(6) subjects, needed to be narrowed somewhat, which I was willing to discuss with you.

  Second, I proposed an extension of thirty (30) days to gather any responsive documents. Approximately one week after Reveal produced the responsive documents, you could then take the Rule 30(b)(6) deposition of Reveal's designated representative. Once this limited discovery is complete the parties would be in a position to argue the merits of Reveal's pending Motion.

  Unfortunately, after conferring with your client, you informed me that your client is unwilling to agree to my proposal. Rather, your client demanded that Reveal completely withdraw its current motion and that it later seek to raise the issues on summary judgment under Rule 56. Reveal will not accede to this demand since it is fully immunized for its ongoing development and manufacture of the CT-80 for the U.S. Transportation Security Administration ("TSA") and I believe that discovery will reveal that no CT-80 units have been manufactured for or sold to non-governmental entities. Thus, it is wasteful and certainly burdensome to await summary judgment until the completion of full discovery relating to patent infringement and

*Boston  Washington  Reston  New York  New Haven  Los Angeles  London*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

James J. Foster
November 12, 2004
Page 2

related issues when the case we believe that the limited discovery that I offered will show that the case should be dismissed pursuant to the immunization provided by section 1498.

Since I have been appointed to become a Massachusetts Superior Court judge and will be sworn in during early December, I will be transitioning this case to my colleague Rosemary Allen. Furthermore, pre-existing commitments require that both Rosemary and I will be out of the state during the week of November 29th and unavailable for either the hearing or your noticed Rule 30(b)(6) deposition of Reveal. As a result, I plan to file a motion for protective order and a motion to postpone the hearing in light of the conflicting schedules and my proposal concerning discovery.

Yours very truly,

Thomas R. Murtagh

TRM:emb

LIT 1488599v1