IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>　　　　Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>　　　　Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

## L-3'S RESPONSE TO REVEAL'S MOTION FOR PROTECTIVE ORDER

Reveal's motion to dismiss this action under Rule 12(b)(6) made assertions of fact that went far beyond the four corners of the Complaint. Since Reveal was asking the Court for relief not appropriate to a Rule 12 motion, L-3 requested Reveal to, at a minimum, provide discovery on the factual assertions it had made in its motion to dismiss and supporting affidavits. Reveal refused. (Foster Decl., ¶¶ 6,7).

### L-3's Filing of its Opposition to Reveal's Motion to Dismiss

L-3 then filed its opposition to the motion to dismiss ("L-3 Mem."). As a threshold matter, L-3 noted that the motion was not proper under Rule 12 and should be denied for that reason alone. The Complaint clearly satisfied the pleading requirements of Rule 12 by asserting a claim of patent infringement. Reveal's affirmative defense of "implied authorization" by the U.S. Government needed to be tested by discovery of the underlying facts. Thus the case had to proceed at least through discovery before a Rule 56 motion could be considered. (L-3 Mem. at 3-5). (As discussed below, Reveal now appears to concede that its "authorization and consent" defense is only partial.)

844816.1

L-3 further pointed out that, even if the Court converted the motion to one under a Rule 56 (which it should not), the motion should be denied on the merits. The arguments set forth in L-3's memorandum noted that Reveal's papers did not – and could not – establish the absence of any genuine issue of material fact, nor an entitlement to judgment as a matter of law. (L-3 Mem. at 5-18). Indeed, Reveal does not have (and certainly has not met the burden of proving that it has) the "authorization and consent" of the U.S. Government needed to immunize all of its infringing activities from suit under §1498(a). Even without the benefit of discovery, L-3 already has uncovered (and filed with the Court examples of) evidence of infringing acts by Reveal that cannot be so immunized.

More such evidence of Reveal's non-immunized infringing activities will likely emerge in discovery. The Rule 56(f) Declaration of James J. Foster identified types of evidence L-3 expects to obtain through discovery that would undermine Reveal's §1498(a) defense, as well as reasons to expect such evidence to come to light. The matter simply cannot be disposed of prior to discovery.

Indeed, in the past couple of weeks since L-3's opposition was filed – and still before being provided with discovery – more such evidence has emerged. For example, L-3 has learned that on November 3-5, 2004, Reveal exhibited a functional CT-80 system at a booth at the IATA AVSEC World 2004 trade show in Vancouver, Canada. (See Ex. A – accessible at http://www.revealimaging.com/egram/)). Because Reveal has only a single manufacturing plant – located in the United States – the system Reveal demonstrated in Canada must have been (a) manufactured in the United States (an act of infringement of L-3's patents) and (b) exported to sell (or at least offer for sale) to the Canadian market. The scope of any "authorization and consent" Reveal might have could only immunize it with

regard to the making of products for the U.S. Government. Since the manufacture of this infringing[1] device was clearly not performed "for" the U.S. Government or with its "authorization or consent," it cannot be immunized under §1498(a).

Reveal produces infringing product in the United States for the foreign market or the non-governmental market. Reveal operates a European sales office ("Reveal Imaging Europe"). The Managing Director of that office made a presentation about the CT-80 at the Tenth Annual U.S./ Central Europe Airport Issues Conference in Salzburg Austria on November 8 (see Ex. B – accessible at http://www.salzburg-airport.com/Salzburg-agenda_doc.pdf). Thus, Reveal continues to make active efforts to sell its infringing product to customers *other than* the U.S. Government.[2]  Reveal cannot square its suggestion that all its products are made for sale to the U.S. Government with its sales office in Europe and attendance at trade shows in Canada and elsewhere. Similarly, Reveal has made sales pitches to non-governmental entities (such as airlines) within the United States.

In sum, L-3 opposes the motion to dismiss because Reveal's affirmative defense of §1498(a) immunity should more properly be tested by a motion for summary judgment than

---

[1] Reveal's Answer (like that of most infringers) will perhaps deny that its products infringe. For purposes of a Rule 12 motion, however, the allegations of the Complaint – including that Reveal's CT-80 product infringes L-3's patents-in-suit – must be assumed to be true. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (averments of complaint, as well as proper inferences arising therefrom, are liberally construed in favor of the plaintiff and will not be dismissed unless "it appears beyond doubt that the plaintiff can provide no set of facts in supports of [its] claim which would entitle [it] to relief."); Melo-Tone Vending, Inc. v. United States, 666 F.2d 687, 688 (1st Cir. 1981) (same).

[2] Reveal's European office was apparently first opened in February. See Abrahamsen Dec., Ex. L.

a Rule 12 motion. Reveal could file such a motion after discovery on the issue was completed (although its success at that stage seems unlikely, given the evidence already of record).[3]

### Reveal's Reversal of Position on Discovery

Having first refused to provide L-3 with discovery prior to a hearing on its motion to dismiss, Reveal then backtracked. It contacted L-3 to concede that L-3 was entitled to complete its discovery before any motion testing the "authorization and consent" issue could fairly be considered. Reveal refused, however, to acknowledge that such factual issues render a Rule 12 motion (which should be addressed to the pleadings) inappropriate.

Reveal now admits that L-3 is entitled to discovery on these factual issues, and that the Court should defer substantive consideration of the "authorization and consent" defense until after the completion of that discovery. Reveal, however, rejected L-3's suggestion that it withdraw the motion to dismiss, answer the Complaint, and file a Rule 56 motion at an appropriate time after providing all pertinent discovery. Instead, Reveal insisted on proceeding in the current procedural posture. It did agree to provide some discovery to L-3, but left the precise scope unclear (suggesting in its correspondence that at least some of the discovery requested by L-3 "needed to be narrowed").

---

[3] By the close of the evidence, it may be L-3, rather than Reveal, that will be in a position to seek Rule 56 relief on this affirmative defense.

## Areas of Agreement and Disagreement

The parties appear to agree on most, but not all, of the issues framed by Reveal's motion for a protective order:

1) L-3 has no objection to Reveal's request for additional time beyond the current November 29 deadline to gather and produce its documents.

2) L-3 again has no objection to postponing the scheduled Rule 30(b)(6) deposition date to a mutually agreeable date after the document production.

3) Finally, the parties agree that any hearing that may occur on any motion that would address the merits or scope of Reveal's §1498(a) affirmative defense should be deferred until after such discovery is completed. To decide such a motion on a record that has been only partially developed would be imprudent, as the Federal Circuit requires particularized factual findings before a decision on this issue could be upheld. Madey v. Duke University, 307 F.3d 1351, 1360 (Fed. Cir. 2002) (remanding district court's partial dismissal under §1498(a) for further development of record concerning whether research grant "authorize[d] the necessary predicates under §1498(a)," as well as "which uses [fell] within the scope of the ... grant and which uses [were] outside that scope").

## Remaining Procedural Dispute

The parties still disagree on the procedure under which the immunity issue should be addressed. L-3 contends that, under the rules, Reveal should answer the Complaint, provide relevant discovery, and then, if still appropriate, file a motion for summary judgment.[4] Reveal, by contrast, despite having submitted declarations on the issue and

---

[4] The Court has not yet held the Initial Scheduling Conference in this case or entered a Scheduling Order.

5

having acknowledge that discovery is required – effectively conceding that Rule 56 rather than Rule 12 should govern – persists in demanding that the Court decide this motion under Rule 12.[5]

Apparently acknowledging that it has committed at least some <u>non</u>-immunized acts charged to infringe, Reveal conceded in its most recent motion (at 2) that the case might only be "substantially narrowed" by its §1498 defense – a retreat from the position of its motion to dismiss that the case should be dismissed outright. Even assuming that Reveal had immunity for some of its acts – a theory unsupported by Reveal's evidence[6] – it would still be necessary, under <u>Duke University</u>, to fully develop the record before the Court could accurately determine which acts had been immunized and which had not.

In its motion for a protective order, Reveal explained its insistence on proceeding under Rule 12 by arguing, puzzlingly, that a Rule 56 motion would not be considered until after the parties had engaged in "time consuming and expensive discovery, including the retention and deposition of experts, relating to patent infringement." Neither the federal nor the local rules, however, impose such a requirement. Under appropriate circumstances, a motion under Rule 56 can be filed upon completion of discovery relating to that issue –

---

[5] As briefly summarized above, and explained in greater detail in L-3's opposition to the motion to dismiss, the Court would have to deny the motion under Rule 12 (if it is not withdrawn), as the Complaint undisputedly states a claim.

[6] As explained in L-3's opposition to Reveal's motion to dismiss (at 11), an "authorization and consent" defense is ordinarily accompanied by evidence of the clause in the Government's contract which expressly provides the consent to the infringing activity. Here, Reveal's affidavits conspicuously fail to append any such document, strongly suggesting that Reveal does not have one.

6

the motion would ordinarily not have to await completion of discovery on all other issues. Reveal did not support its suggestion that experts on other, unrelated issues would already have been retained. Even if it had, that would not alter the requirements of the rules of civil procedure.

## Conclusion

L-3 has agreed, as noted above, to extend Reveal's deadline for providing its discovery responses and has further agreed to reschedule Reveal's Rule 30(b)(6) deposition to a mutually convenient date. Reveal's Rule 12(b)(6) motion to dismiss, however, should be denied for the reasons set forth in L-3's opposition thereto. The scope of any §1498(a) defense may be tested at the appropriate time under Rule 56. In any event, whether or not Reveal's Rule 12(b)(6) motion is withdrawn or denied, Reveal's Motion for a Protective Order is moot, and should be denied as such.

L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.,

By its attorneys,

November 22, 2004

/s/ James J. Foster
James J. Foster, BBO #553285
Michael A. Albert, BBO #558566
Robert M. Abrahamsen, BBO #636635
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
JFoster@wolfgreenfield.com
Tel.: 617.646-8000
Fax: 617.646-8646

# EXHIBIT A

# REVEAL         Update

## NEXT GENERATION INTELLIGENT INLINE EDS - SMALL ENOUGH TO FIT IN TRADE SHOW BOOTH

See it in operation at IATA AVSEC World 2004, Nov. 3 - 5
Westin Bayshore Resort & Marina, Vancouver, Canada



**CERTIFICATION OF THE REVEAL CT-80**



*COMPLETE* **STEP ONE**
Data Collection at
TSA Research Center

*COMPLETE* **STEP TWO**
Data Collection at Airport

*COMPLETE* **STEP THREE**
Readiness Test

**STEP FOUR**
Certification Test

See the next generation of baggage inspection – the first explosives detection system designed to easily and inexpensively integrate into an airport's operational flow. The Reveal CT-80 is the first simple, affordable, dual energy EDS designed for today's inline screening requirements.

The Reveal exhibit will display a fully functional CT-80 system. We will be running real-time demonstrations of the baggage screening process, and you will be able to see exactly how the CT-80 works. Of course, our senior team will also be available to answer any questions and further discuss how the CT-80 can be installed at your airport for significantly less than a traditional inline solution.

Due to its small size yet standard baggage opening, it can be integrated in more flexible and passenger-friendly ways at the ticket counter, at curbside check-in or at self-serve kiosks.

Reveal connects to the baggage handling system at the front-end. Back-room retrofitting of the baggage handling system is eliminated, saving millions of dollars.

Fully networked, the Reveal solution provides security screener labor savings identical to proposed custom in-line rebuild programs.

For more information on Reveal Imaging and the Reveal CT-80 Check-In Station, please visit www.revealimaging.com. You can reach me at (781) 276-8400 or by email with questions or comments.

I look forward to seeing you at AVSEC World 2004.

Sincerely,

The Reveal CT-80 Check-In Desk EDS has completed its third phase of testing for certification. The CT-80 is on schedule to become an important part of your checked baggage screening solution.

For more information, contact:
Jim Buckley
Vice President, Sales
jim.buckley@revealimaging.com

Reveal Imaging
Technologies, Inc.
201 Burlington Road
Bedford, MA 01730
Tel: 781-276-8400
Fax: 781-276-8410
www.revealimaging.com

Jim Buckley
Vice President, Sales

jim.buckley@revealimaging.com

P.S. The Reveal CT-80 has completed the readiness testing phase of the certification process.

If you are having trouble viewing this, please visit http://www.revealimaging.com/egram/

# EXHIBIT B

# Tenth Annual U.S./Central Europe Airport Issues Conference

November 7-10, 2004
Salzburg, Austria
Crowne Plaza Salzburg – The Pitter

**Major Sponsors include:**

U.S. Department of Commerce
U.S. Federal Aviation Administration (FAA)
U.S. Embassy – Austria
Salzburg Airport W.A. Mozart
Austrian Airlines
American Association of Airport Executives (AAAE)
International Association of Airport Executives (IAAE)

*(Subject to change – as of 11/5/04; confirmed speakers are in bold)*

## Sunday, November 7

17:00-17:45   Workshop Registration

17:45-19:30   Opening Reception (buses depart from the hotel promptly at 17:45; business attire; spouses and guests included)
*Sponsored by Salzburg Airport W.A. Mozart*

## Monday, November 8

8:00-8:45   Coffee Break in the Trade Show Area
*Sponsored by Dubrovnik International Airport, Zagreb International Airport, Istanbul Ataturk Airport TAV, and HMS Host*

8:45-9:15   Welcome and Workshop Overview

Moderator: **Mr. Timothy Campbell, A.A.E., Salt Lake City Airport Authority and Chair, IAAE**

**Dr. Catherine Houghton**
Counselor for Commercial Affairs
U.S. Embassy - Austria

**Dr. Heinz Schaden**
Lord Mayor
Salzburg City

            **Mr. William Barkhauer, A.A.E.**
            Chair, AAAE

9:15-9:45     **SESSION I: Air Traffic Management and Air Traffic Control in the U.S. and Europe: Comparison and the Challenges for Europe**

            Moderator: Richard Schano, Salzburg Airport W.A. Mozart

            **Dr. Gerhard Stadler**
            Director of the General Secretariat
            EUROCONTROL

9:45-10:15     **SESSION II: The Aviation World Post 9/11**

            Moderator:   Mr. James Bennett, A.A.E., Metropolitan Washington Airports Authority

            **The Honorable Jane Garvey**
            Former Administrator
            U.S. Federal Aviation Administration

10:15-10:45     Coffee Break in the Trade Show Area
            *Sponsored by Prague-Ruzyne Airport, Budapest Ferihegy Airport, InVision Technologies and Airport Business Solutions International*

10:45-11:30     **SESSION III: U.S.-Europe Airport and Technology Security Challenges**

            Moderator:   Ms. Rebecca Morrison, AAAE

            **Dr. Daniel Bessette**
            Product Manager for Sales & Marketing
            InVision Technologies

            **Ms. Patricia Krall**
            Vice President
            L-3 Security & Detection Systems

            **Mr. Jeremy Attree**
            Managing Director
            Reveal Imaging Europe

11:30-12:30     **SESSION IV: Airport Infrastructure Development Case Studies**

            Moderator:   Mr. Gabriel Dumitrescu, Romania Air Traffic Services

            **Mr. Rudolph Lipold**
            Executive Vice President, Technical Services
            Salzburg Airport W.A. Mozart

**Dr. Janos Harskuti**
Managing Director
Budapest Ferihegy Airport

**Mr. Petr Rychetsky**
Terminal Development Manager
Prague-Ruzyne Airport

**Mr. Rory Mackey**
Group Executive - Commercial
ACSA (South Africa)

12:30-13:45  **Luncheon**
*Sponsored by Daimler Chrysler Unimog*

12:30-13:45  **International Association of Airport Executives Luncheon and Board Meeting**

14:00-17:00  **One-on-One Conferences between Corporate Representatives and Central European Airport Officials**

18:00-22:30  **Official Conference Reception and Dinner at Salzburg Fortress "Hohensalzburg"**
(buses will depart hotel lobby promptly at 18:00 for transportation; business casual dress - no ties, spouses and guests included)
*Sponsored by FKI Logistex, Metropolitan Washington Airports Authority, Salt Lake City Airport Authority, and L-3 Security & Detection Systems*

## Tuesday, November 9

8:00-8:45  **Coffee Break in the Trade Show Area**
*Sponsored by Reveal Imaging Technologies, Austrian Airlines, and EAS Envimet Analytical Systems*

8:45 - 9:15  **SESSION V: European Airline Challenges**

Moderator:   Mr. Tonci Peovic, Dubrovnik Airport

**Lufthansa**

9:15-9:40  **SESSION VI: Update from the European Bank for Reconstruction and Development**

Moderator:   Dr. Sean McAllister, U.S. Department of Commerce

**Ms. Alice Davenport**
Senior Commercial Officer - U.S. Commercial Service Liaison Office
European Bank for Reconstruction and Development

**Mr. Riccardo Puliti**
Director, Transport Team
European Bank for Reconstruction and Development

9:40-10:00      Coffee Break in the Trade Show Area
                *Sponsored by Booz Allen Hamilton, Sure Scan Corporation and Institute for Umwelttechnik Dr. Kuhnemann and Partner GmbH*

10:00-10:40     **SESSION VII: Maximizing Non-Aeronautical Airport Revenues and the View from Airport Concessionaires**

        Moderator:   Ms. Bonnie Allin, A.A.E., Tucson Airport Authority

        **Ms. Maria Panuschka**
        Head of Quality Control
        Airest

        **Ms. Elaine Roberts, A.A.E.**
        President and CEO
        Columbus Airport Authority (Ohio)

10:40-11:00     **SESSION VIII: Case Study on New Baggage Handling System at Salzburg W.A. Mozart Airport**

        Moderator:  Mr. Petr Rychetsky, Prague Ruzyne Airport

        **Mr. Manfred Schmidt**
        General Manager
        FKI Logistex

        **Mr. Soeren Tveen Thorsen**
        Project Manager, Airport Applications, Airport Division
        FKI Logistex

11:00-11:25     **SESSION IX: Airport Wireless in Europe and the U.S.**

        Moderator:  Ms. Rebecca Morrison, AAAE

        **Mr. Paul Tschopp**
        Manager Air Transportation Business
        Hewlett-Packard EMEA

        **Mr. Max Wenger**
        Airport WLAN & Mobility Consultant
        Hewlett-Packard (Europe)

11:25-11:40     **SESSION X - Environmental Challenges at European Airports**

        Moderator:  Mr. Tolga Turgut, Istanbul Ataturk Airport TAV

        **Mr. Volker Schmidt-Dahl**
        Institute for Umwelttechnik Dr. Kuhnemann and Partner GmbH

12:00-14:30   Open Air Display of Airport Equipment (Manufactured by Daimler Chrysler Unimog), Visit of New Baggage Handling System and Lunch at Salzburg Airport
(buses depart promptly from hotel lobby at 12:00; casual dress)
*Sponsored by Airest*

14:30-17:30   Tour of Salzkammergut Lakes (spouses and guests included; bus for spouses/guests will depart the hotel lobby at 13:30 to meet the delegates at the airport; casual dress)
*Sponsored by Salzburg Airport W.A. Mozart*


## Wednesday, November 10

8:00-8:45    Coffee Break in the Trade Show Area
*Sponsored by Hewlett-Packard EMEA, and Airport Consulting Vienna GMBH*

8:45 - 9:00   Utilizing Technology for Airport Training and Recordkeeping

Group Leader: Mr. Will James, AAAE

9:00- 9:30   Explosive Detection Workshop - U.S. vs. European Standards

Group Leader: Ms. Patricia Krall, L-3 Security and Detection Systems

9:30-9:45    SESSION XI:  Airfield Safety from the Perspective of FAA

Moderator:  Mr. Mark Brewer, A.A.E., Rhode Island Airport Corporation

Ms. Nancy Angelo
Regional Desk Officer, Office of International Aviation
U.S. Federal Aviation Administration

9:45-10:15   SESSION XII:  Impact of Airline Restructuring /Bankruptcy on Airport Operators

Moderator:  Mr. Timothy Campbell, A.A.E., Salt Lake City Airport Authority

Mr. Kent George, A.A.E.
Director of Aviation
Greater Pittsburgh International Airport

10:15-10:40   SESSION XIII - Airport Marketing Case Studies

Moderator:  Dr. Catherine Houghton, U.S. Embassy - Austria

Ms. Ursula Matras
International Airport Consultant & Corporate Marketing
Airport Consultancy Vienna

**10:40-11:00**  Coffee Break
*Sponsored by Cendant Car Rental Group, and Frequentis*

**11:00-11:30**  Session XIV: Cargo Development Challenges in Central Europe

**Moderator: Moderator: Mr. Bosco Matkovic, Zagreb International Airport**

**Mr. Nils Haupt**
Head of Corporate Communication
Lufthansa Cargo

**11:30-12:30**  SESSION XV: Airport Ownership in Europe and Public/Private Sector Partnership Success Stories and Open Discussion

**Moderator:   Mr. Charles Snelling, Metropolitan Washington Airports Authority Board of Directors**

**Mr. Werner Toepel**
Professor, Air Transport Consultant
Civil Aviation Consulting

**Mr. Michael Hodges**
President
Airport Business Solutions International

**12:30**  **Workshop Adjournment**

American Association of Airport Executives and the International Association of Airport Executives would like to thank the following organizations for their financial support of this conference.

**Salzburg Airport W.A. Mozart**

**Austrian Airlines**

**Salt Lake City International Airport**

**Metropolitan Washington Airports Authority**

**Dubrovnik International Airport**

**Prague-Ruzyne Airport**

**Istanbul Ataturk Airport TAV**

**Zagreb International Airport**

**Budapest Ferihegy Airport**

**FKI Logistex**

**L-3 Security & Detection Systems**

**Hewlett-Packard EMEA**

**Airest**

**Daimler Chrysler Unimog**

**Reveal Imaging Technologies**

**InVision Technologies Inc.**

**Booz Allen Hamilton**

**Airport Business Solutions International**

**Sure Scan Corporation**

**Airport Consulting Vienna GMBH**

**HMS Host**

**EAS Envimet Analytical Systems**

**Institute for Umwelttechnik Dr. Kuhnemann and Partner GmbH**

**Frequentis**

**Cendant Car Rental Group**