UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC., | ) ) ) ) | |
| Plaintiff, | ) | C.A. No. 04-11884-NG |
| v. | ) ) | (Magistrate Judge Judith Gail Dein) |
| REVEAL IMAGING TECHNOLOGIES, INC., | ) ) ) | |
| Defendant. | ) | |

## ANSWER AND COUNTERCLAIM OF REVEAL IMAGING TECHNOLOGIES, INC. TO PLAINTIFF'S AMENDED COMPLAINT

Reveal Imaging Technologies, Inc. ("Reveal") hereby answers the Amended Complaint filed by Plaintiff L-3 Communications Security and Detection Systems, Inc. ("Plaintiff" or "L-3"). All allegations not specifically admitted are denied.

### THE PARTIES

1. Reveal admits the allegations contained in Paragraph 1 of the Amended Complaint.

2. Reveal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint.

3. Reveal admits the allegations contained in Paragraph 3 of the Amended Complaint.

4. Reveal admits the allegations contained in Paragraph 4 of the Amended Complaint.

### JURISDICTION

5. Reveal denies the allegations contained in Paragraph 5 and contends that jurisdiction for this matter properly rests in the United States Court of Federal Claims pursuant to

28 U.S.C. § 1498.

### COUNT I -- U.S. PATENT NO. 6,721,391

6. In answering Paragraph 6, Reveal incorporates by reference its responses to Paragraphs 1 through 5 of the Amended Complaint.

7. Reveal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8. Reveal denies the allegations in Paragraph 8 of the Amended Complaint.

9. Reveal denies the allegations in Paragraph 9 of the Amended Complaint.

10. Reveal denies the allegations in Paragraph 10 of the Amended Complaint.

### COUNT II -- U.S. PATENT NO. 5,642,393

11. In answering Paragraph 11, Reveal incorporates by reference its responses to Paragraphs 1 through 5 of the Amended Complaint.

12. Reveal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13. Reveal denies the allegations in Paragraph 13 of the Amended Complaint.

14. Reveal denies the allegations in Paragraph 14 of the Amended Complaint.

15. Reveal denies the allegations in Paragraph 15 of the Amended Complaint.

### COUNT III --U.S. PATENT NO. 5,838,758

16. In answering Paragraph 16, Reveal incorporates by reference its responses to Paragraphs 1 through 5 of the Amended Complaint.

17. Reveal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

18. Reveal denies the allegations in Paragraph 18 of the Amended Complaint.

19. Reveal denies the allegations in Paragraph 19 of the Amended Complaint.

20. Reveal denies the allegations in Paragraph 20 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

21. Reveal does not infringe any valid and enforceable claim asserted in U.S. Patent No. 6,721,391 ("the '391 patent"), U.S. Patent No. 5,642,393 ("the '393 patent"), and U.S. Patent No. 5,838,758 ("the '758 patent").

### Second Affirmative Defense

22. Reveal has not induced and does not contribute to the infringement of any valid and enforceable claim asserted in the '391Patent, '393 Patent, or '758 Patent.

### Third Affirmative Defense

23. The asserted claims in the '391 Patent, '393 Patent, and '758 Patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code.

### Fourth Affirmative Defense

24. Plaintiff's causes of action are barred, in whole or in part, by 28 U.S.C. § 1498.

### Fifth Affirmative Defense

25. Plaintiff's claims are barred, in whole or in part, because the issuance of an injunction would not be consistent with the public interest and would violate public policy.

## REVEAL'S COUNTERCLAIMS AGAINST L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.

For its Counterclaims against L-3, Reveal states as follows:

## PARTIES AND JURISDICTION

26. L-3 and Reveal are Delaware corporations with places of business in Massachusetts.

27. Since L-3's principal place of business is located in Woburn, Massachusetts and due to L-3's filing of its Complaint against Reveal with the Court, L-3 is subject to the personal jurisdiction of this Court.

28. This Court has subject matter jurisdiction over Reveal's Counterclaim against L-3 pursuant to 28 U.S.C. §1331 (federal question jurisdiction), §1338 (a) (patent jurisdiction), and §2201 (declaration summary jurisdiction).

## FACTS

29. In its Complaint, L-3 alleges that it is the owner of U.S. Patent No. 6,721,391 ("the '391 patent"), U.S. Patent No. 5,642,393 ("the '393 patent"), and U.S. Patent No. 5,838,758 ("the '758 patent").

30. In its Complaint, L-3 alleges that Reveal infringes, induces infringement and contributes to infringement of the '391, '393, and '758 Patents.

31. Reveal expressly denies that it infringes, induces infringement or contributes to infringement of any asserted claim of the '391, '393, and '758 Patents.

32. Reveal states that the asserted claims in '391, 393 and '758 Patents are invalid, unenforceable or void under the provisions of Title 35 of the United States Code.

## COUNT I – DECLARATORY JUDGMENT

33. Reveal realleges and incorporates herein by reference the allegations of Paragraphs 26 through 32 of this Counterclaim.

34. An actual case or controversy exists as to (a) whether the '391, '393, and '758 Patents are invalid, unenforceable or void and (b) whether Reveal has infringed, induced infringement or contributed to infringement of any valid claim of these patents.

35. Reveal desires a judicial determination on the validity of the '391, '393, and '758 Patents and a declaration by this Court on whether Reveal infringes on these patents, if they are valid and enforceable.

## COUNT II – EXCEPTIONAL CASE

36. Reveal realleges and incorporates herein by reference the allegation of Paragraphs 26 through 35 of the Counterclaim.

37. Under 35 U.S.C. § 285, this is an exceptional case entitling Reveal to an award of its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Reveal respectfully requests that this Court dismiss Plaintiff's claims in their entirety, deny Plaintiff's request for injunctive relief, enter judgment in favor of each of Reveal on all counts. In addition, Reveal seeks the following relief against L-3 under its Counterclaim:

- a. That the Court enter an order declaring that the '391, '393, and '758 Patents are invalid, unenforceable or void;

- b. That the Court enter an order declaring that Reveal is not and has not been infringing, inducing infringement or contributing to infringement of the '391, '393, and '758 Patents;

- c. That the Court find that this is an exceptional case under 35 U.S.C. § 285 and require L-3 to pay to Reveal its reasonable attorneys' fees;

- d. That all costs of this action, including reasonable attorneys' fees, be assessed against L-3; and

e.  That this Court award such other relief as it deems just and appropriate;

**REVEAL IMAGING TECHNOLOGIES, INC.,**

By its attorneys,

*/s/ Joseph D. Lipchitz*
Rosemary Allen (BBO #549746)
Joseph D. Lipchitz (BBO #632637)
Jason A. Mirabito (BBO # 349440)
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: December 8, 2004

LIT 1490806v1