## Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

One Financial Center
Boston, Massachusetts 02111

Rosemary M. Allen

617 542 6000
617 542 2241 *fax*

*Direct dial 617 348 1601*

December 8, 2004

**BY ELECTRONIC FILING**

Magistrate Judge Judith G. Dein
United States District Court
   for the District of Massachusetts
Suite 6410
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

      Re:   <u>L-3 Communications, Security And Detection Systems, Inc. v. Reveal Imaging Technologies, Inc.</u>, C.A. No. 04-11884-NG

Dear Judge Dein:

      Pursuant to the Court's Order On Defendant's Motion To Dismiss And On Defendant's Motion For Protective Order, dated November 30, 2004, please find enclosed the Proposed Scheduling Order of defendant Reveal Imaging Technologies, Inc. ("Reveal"). Reveal understands, based upon the Court's statements at the scheduling conference on November 30 and the Court's subsequent Order, that discovery in this case is to be limited to the issue of Reveal's immunity from suit for patent infringement pursuant to 28 U.S.C. § 1498 until such time as Reveal's anticipated motion for summary judgment on that issue has been heard and ruled upon by the Court. Section 1498 is intended to shift the burden of expensive, time-consuming patent litigation to the United States Government where the allegedly infringing activity is done with the Government's authorization or consent. Reveal's Proposed Scheduling Order reflects that purpose and Reveal's understanding of the Court's Order.

*Boston   Washington   Reston   New York   New Haven   Los Angeles   London*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

Magistrate Judge Judith Dein
December 8, 2004
Page 2

      Attorneys for Reveal attempted to work out a Joint Proposed Scheduling Order with plaintiff L-3 Communications Security And Detection Systems, Inc. ("L-3"). The parties were unable to come to an agreement, however, because Reveal believes that a discovery cut-off of January 31, 2005 is reasonable so that Reveal can then file its summary judgment motion by the end of February knowing the state of the record on this issue. L-3, on the other hand, apparently contends that there should be no discovery deadline on this issue. While Reveal is amenable to a later discovery cut-off on this issue, with the summary judgment briefing schedule amended accordingly, it does believe that a discovery deadline must be established in to order to allow for the orderly briefing and filing of the anticipated motion.

Sincerely,

Rosemary M. Allen

cc: James Foster, Esq. (Counsel for L-3)
     Robert Abrahamsen, Esq. (Counsel for L-3)
     A. Jason Mirabito, Esq.
     Joseph Lipchitz, Esq.

LIT 1493030v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC.,<br><br>         Plaintiff,<br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.,<br><br>         Defendant. | C.A. No. 04-11884-NG<br>(Magistrate Judge Judith Gail Dein) |

**REVEAL IMAGING TECHNOLOGIES, INC.'S PROPOSED SCHEDULING ORDER ON COMPLETING LIMITED DISCOVERY RELATING TO IMMUNITY UNDER 28 U.S.C. §1498 AND FOR FILING MOTIONS FOR SUMMARY JUDGMENT ON THAT ISSUE**

Pursuant to Local Rule 16.1(D) and the Court's November 30, 2004 *Order on Defendant's Motion to Dismiss and On Defendant's Motion for a Protective Order*, Reveal Imaging Technologies, Inc. ("Reveal") submits the following proposed scheduling order setting forth the timetable for the completion of limited discovery relating to Reveal's immunity under 28 U.S.C. §1498 and the filing of motions for summary judgment on this issue.

**I.      LIMITED DISCOVERY ON PATENT IMMUNITY UNDER 28 U.S.C. §1498**

1. The Parties shall complete discovery limited to the issue of Reveal's immunity under 28 U.S.C. § 1498 on or before January 31, 2005.

2. The Parties will take the Rule 30(b)(6) deposition of Reveal at a mutually agreeable time in January 2005.

3. The Parties recognize the narrow time frame for completing discovery and agree that they will expedite such discovery and the resolution of any discovery disputes. If such a dispute arises and is not quickly resolved directly between the parties, either party may bring the dispute to the attention of the Magistrate Judge, by letter, for expedited handling, by telephone or in-person conference at the Court's discretion.

II. **SUMMARY JUDGMENT BRIEFS ON PATENT IMMUNITY UNDER 28 U.S.C. §1498**

1. Reveal will file its Motion for Summary Judgment on immunity under 28 U.S.C. §1498 by Monday, February 28, 2005.

2. Plaintiff will file its Opposition to Reveal's Motion for Summary Judgment on or before March 28, 2005.

3. Reveal will file its Reply Brief fourteen (14) days after Plaintiff has filed its opposition brief.

III. **POST-SUMMARY JUDGMENT STATUS CONFERENCE**

1. To the extent that this case is not disposed of by Reveal's Motion for Summary Judgment on its immunity under 28 U.S.C. § 1498, the Court, if necessary, will schedule a status conference after ruling on summary judgment to discuss a case schedule, under Fed.R.Civ. 16(b), on the broader issues of discovery, motion practice, and resolution of the patent validity and infringement issues raised by Plaintiff's Amended Complaint and Defendant's Answer.

DATED: December 8, 2004

> REVEAL IMAGING TECHNOLOGIES, INC.,
>
> By its attorneys,
>
> *[signature: Joseph D. Lipchitz]*
>
> Rosemary Allen (BBO #349746)
> Joseph D. Lipchitz (BBO #632637)
> Jason A. Mirabito (BBO #349440)
> Mintz, Levin, Cohn, Ferris, Glovsky
>   and Popeo, P.C.
> One Financial Center
> Boston, MA 02111
> (617) 542-6000

**So Ordered:**

_____
Judith Gail Dein, Magistrate Judge

Dated: December _____, 2004.

2