IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>　　　　　Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>　　　　　Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

## L-3'S MEMORANDUM IN SUPPORT OF PROPOSED ORDER CONCERNING IMMUNITY DEFENSE

The parties were unable to agree on terms of a proposed schedule as contemplated in paragraph (C) of the Court's Order of November 30, 2004. Accordingly, L-3 proposes the Court issue the attached Order. Reveal has agreed to all the terms set forth in the attached Order.

Reveal, however, seeks to add certain terms to which L-3 objects:

(A) Reveal wants L-3 to be cut off from taking discovery on the §1498 issue two months <u>before</u> L-3's memorandum would be due. L-3 objects first, because all relevant information and materials on this issue are within the control of Reveal. A deadline that would cut off discovery would thus burden only L-3. Further, Reveal essentially controls the timing of its production. Second, such a cutoff is unnecessary. Since Reveal does not need discovery, it can prepare its motion without taking any. Third, the cutoff would be deleterious. Reveal's memorandum in support of the motion may reveal a need for further discovery, but by L-3. In that event, L-3 should not be prevented from obtaining it.

849987.1

(B)  Reveal also wants the Court to order that discovery on any issue other than its §1498 defense be stayed until the summary judgment motion, that it *may* file, has been ruled on.  L-3 opposes this request as premature and unfairly prejudicial.

First, L-3, has not, as yet, sought any other discovery.  Reveal can move for a protective order at that time such requests are made.

Second, L-3 has already uncovered substantial evidence indicating that Reveal has engaged in a number of infringing acts that could not possibly be immunized under §1498(a).  Staying discovery with respect to those acts would be pointless, as such discovery would be required even if the Court later decided that other of Reveal's acts have been immunized.

Third, nothing would be gained by a stay.  If any part of this case is found immunized, then the immunized acts remain actionable.  The same issues will then be adjudicated in an action for compensation in the United States Court of Claims.  In that event, discovery taken in this action on those other issues would be usable in that action.

        L-3 COMMUNICATIONS SECURITY
        AND DETECTION SYSTEMS, INC.,

        By its attorneys,

December 8, 2004
        ___/s/ James J. Foster_____
        James J. Foster, BBO #553285
        Michael A. Albert, BBO #558566
        Robert M. Abrahamsen, BBO #636635
        WOLF, GREENFIELD & SACKS, P.C.
        600 Atlantic Avenue
        Boston, Massachusetts 02210
        JFoster@wolfgreenfield.com
        Tel.: 617.646-8000
        Fax: 617.646-8646

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>                    Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>                    Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

## [PROPOSED] ORDER

Reveal has announced it may file a motion for summary judgment on the issue of immunity under 28 U.S.C. §1498. To allow sufficient time for discovery and briefing should such a motion be filed, it is ORDERED:

1. If Reveal files such a motion on or before February 28, 2005, L-3 will file its opposition on or before March 28, 2005 and Reveal will have 14 days to file a reply.

2. Because of the limited time for discovery on this issue, the parties will expedite such discovery and the resolution of any discovery disputes. If such a dispute arises and is not quickly resolved directly between the parties, either party may bring the dispute to the attention of the Magistrate Judge, by letter, for expedited handling, by telephone or in-person conference at the Court's discretion.

**So Ordered:**

_____
Judith Gail Dein, Magistrate Judge

Dated: December ____, 2004