UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>REVEAL IMAGING TECHNOLOGIES, INC., )<br>)<br>Defendant. ) | C.A. No. 04-11884-NG<br>(Magistrate Judge Judith Dein) |

## REVEAL'S OPPOSITION TO L-3'S PROPOSED SCHEDULING ORDER

Reveal Imaging Technologies, Inc. ("Reveal") opposes the Scheduling Order proposed by L-3 Communications, Security and Detection Systems, Inc. ("L-3") on the grounds stated in the letter to the Court from attorney Rosemary Allen dated December 8, 2004 and submitted with Reveal's Proposed Scheduling Order and for the further reasons set forth below.

First, in its Memorandum In Support Of Proposed Order Concerning Immunity Defense ("L-3's Memorandum"), L-3 attempts to cast doubt upon Reveal's intentions about whether Reveal will actually file a motion for summary judgment on its immunity under 28 U.S.C. §1498. That attempt is misplaced. Reveal <u>will</u> file a motion for summary judgment on the issue of whether Reveal's allegedly infringing actions (which are not, in fact, infringing) are immunized under 28 U.S.C. § 1498.

Second, until the Court has ruled on the issue of immunity at summary judgment, the Court should limit discovery to the question of whether Reveal's allegedly infringing actions (which are not, in fact, infringing) are immunized under 28 U.S.C. §1498. Indeed, the Court's November 30, 2004 Order indicates that this is precisely what the Court has already ordered. The fundamental purpose of section 1498 is to allow one performing those actions with the

authorization or consent of the United States government to avoid the burdens of patent infringement litigation and to shift that burden, instead, to the government itself. Allowing L-3 to take discovery on issues other than Reveal's immunity under section 1498 until the Court has ruled on Reveal's motion for summary judgment would completely defeat the purpose of the statute. Moreover, L-3's contention that Reveal can move for a Protective Order when it receives L-3's discovery requests on issues not related to the immunity question rather than address the question now is intended to tax Reveal's resources unnecessarily and will create an undue burden on judicial resources.

   Third, L-3's request that the Court allow it to continue discovery on the issue of Reveal's immunity under section 1498 even after Reveal has filed its motion for summary judgment simply does not make sense. Ongoing discovery on this issue while Reveal is attempting to brief its motion for summary judgment would create a disorderly process for briefing, arguing, and deciding the motion. Moreover, Reveal's Proposed Scheduling Order provides L-3 with a reasonable time for discovery, which it has already begun by serving numerous third-party document subpoenas on Reveal's investors and others. If L-3 feels that it needs additional time, Reveal will agree so long as the briefing schedule is adjusted accordingly. However, that discovery should end at a date certain to allow Reveal to file its motion for summary judgment in a orderly manner, addressing each of the material facts, rather than in a process that will inevitably lead to multiple affidavits, supplemental briefings, and an unnecessary waste of the time and resources of both the parties and the Court.

Respectfully submitted,

**REVEAL IMAGING TECHNOLOGIES, INC.,**

By its attorneys,

  /s/   *Rosemary M. Allen*
Rosemary M. Allen (BBO #549746)
A. Jason Mirabito (BBO #349440)
Joseph D. Lipchitz (BBO #632637)
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: December 10, 2004

**Rule 7.1(A)(2) Certification**

    Pursuant to Local Rule 7.1(A)(2), counsel for Reveal certify that they have conferred with counsel for the plaintiff and attempted in good faith to resolve the issues addressed in this motion.

    */s/ Joseph D. Lipchitz*
Joseph D. Lipchitz

LIT 1493384v2

3