**James J. Foster**
jfoster@wolfgreenfield.com
direct dial 617.646.8225

December 21, 2004

**BY ELECTRONIC FILING**

Magistrate Judge Judith G. Dein
United States District Court
 for the District of Massachusetts
Suite 6410
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts  02210

       Re:    <u>L-3 Communications Security and Detection System, Inc. v. Reveal Imaging Technologies, Inc.</u>, C.A. No. 04-11884-NG

Dear Judge Dein:

      We are writing on behalf of plaintiff, L-3 Communications Security and Detection System, Inc. ("L-3"), to seek expedited handling[1] of a discovery dispute that has arisen in this case.  In order to meet the narrow discovery schedule ordered by the Court, L-3 is scheduling the deposition of Reveal as early in January as possible.  L-3 served its subpoenas on December 6 to accommodate the discovery schedule.  Before they leave for the holidays, we need to obtain from Reveal, and from third parties with which it is working, the documents needed for those depositions.  We have, however, encountered some difficulty.

      On December 6, 2004, subpoenas were served on three venture capital (VC) firms (IDG Ventures, Greylock, and General Catalyst Partners) that had provided funding to defendant, Reveal Imaging Technologies, Inc. ("Reveal").  (Representatives of these firms are also Reveal directors.)  Each subpoena commanded production on December 16, 2004, and included a

---

[1] Paragraph 4 of the Discovery and Scheduling Order entered on December 10, 2004, provided:

> The parties recognize the narrow time frame for completing discovery and have agreed that they will expedite such discovery and the resolution of any discovery disputes.  If such a dispute arises and is not quickly resolved directly between the parties, either party may bring the dispute to the attention of this Court, by letter, for expedited handling, by telephone or in-person conference at the Court's discretion.

852932.1

Magistrate Judge Judith G. Dein
December 21, 2004
Page 2

schedule identifying requested categories of materials. Copies of the subpoenas are attached as Exs. A-C.

On December 16, 2004, we received, from Mintz Levin[2] on behalf of all three firms, a document entitled Joint Objections and Responses of IDG, General Catalyst, and Greylock to Plaintiff's Third-Party Document Subpoenas. A copy is attached as Ex. D. A handful of documents were subsequently received by us late on December 17, 2004, none of which were dated after December 2003.

We immediately contacted the VCs' counsel to determine, among other things, why no documents dated <u>after December 2003</u> had been produced. (See Ex. E). In response, we were informed that by the response date no effort had been made to search for or review 2004 documents to comply with the subpoenas. (See Ex. F). Rather, the only search that appeared to have been conducted was from documents collected, by another firm, during a December 2003 review undertaken in connection with other litigation. That other litigation involved different issues and demanded different documents. It would appear that only after our December 20 letter, contesting the non-responsive production, did Mintz Levin finally contact its clients and instruct them to look for other responsive documents.

The Court has set a schedule that has other production due December 30, 2004 and the depositions of Reveal in January. L-3 is concerned that any delay by the Defendant or by the VC firms might delay the beginning or completion of that deposition. Since the Parties are bound by this schedule, non-compliance with discovery demands must be addressed promptly.

We had agreed with counsel for the VCs to discuss this subject by telephone this morning. Instead of returning our calls, however, we received a letter (see Ex. G) stating they "expect" to produce documents by early next week, but they do not commit to a specific day.

---

[2] On December 15, Reveal's law firm, Mintz Levin informed us that all three of the subpoenaed VC firms had recently decided to leave their former counsel, Testa, Hurwitz and Thibeault, and were in the process of retaining Mintz Levin, to represent them instead. As a courtesy, L-3 agreed to give the VC firms extra time to produce responsive documents. We understand Mintz Levin had been actively involved in a previous document production by the VC clients and had inspected that production on Reveal's behalf for the purposes of assessing confidentiality and privilege designations. Thus, those attorneys should have been familiar with these documents and the issues since December, 2003.

Magistrate Judge Judith G. Dein
December 21, 2004
Page 3


The letter also states that they "do not expect many more responsive documents." In addition, the letter seems to confirm that the search for responsive documents was initiated on or after the subpoena response date.

     Because we will not have those documents this week, and are not sure of what will come in next week or when it will arrive, we are forced to trouble the Court with this request during this pre-holiday week. L-3 is concerned that unless we receive a full production of those documents this week, the production will slide into January, and that such late production would compromise plans for an early January deposition and conformity to the schedule set by the Court.

     L-3 thus requests the Court to compel the VCs to comply with the subpoenas by producing forthwith all documents responsive to them.

                                                   Respectfully,

                                                   WOLF, GREENFIELD & SACKS, P.C.

                                                   /s/ James J. Foster

                                                 James J. Foster

JJF
Enclosure(s)