# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
## UNITED STATES DISTRICT COURT

FOR THE _____     DISTRICT OF _____     MASSACHUSETTS

L-3 Communications Security and Detection
Systems Corporation, Inc.

V.

**SUBPOENA IN A CIVIL CASE**

Reveal Imaging Technologies, Inc.

Case Number:[1]  04-11884 NG

TO:  IDG Ventures
     One Exeter Plaza
     Boston, MA 02216

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
   in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):

See Attached Schedule.

| PLACE        Wolf, Greenfield & Sacks, P.C.
               600 Atlantic Avenue, Boston, MA 02210 | DATE AND TIME
               12/16/2004 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
*James J. Foster*               Attorney for Plaintiff | DATE
                                12/2/2004 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James J. Foster, Wolf Greenfield & Sacks, P.C.
600 Atlantic Avenue, Boston, MA 02210    617-646-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

75-699

## Schedule

1.    All communications with Reveal Imaging Technologies, Inc. ("Reveal") concerning its CT-80 product, or its design, development, or testing.

2.    All documents concerning any manufacture, use, sale, or offer for sale in the United States, or importation into the United States, of any CT-80 machine (production, preproduction or prototype).

3.    All documents concerning Reveal's business or marketing plans or projections with respect to its CT-80 product.

4.    All documents concerning Reveal's sales office in the United Kingdom.

5.    All documents concerning the pending lawsuits between L-3 and Reveal.

6.    All press releases concerning Reveal.

7.    All documents concerning any communications between Reveal and any airports or airlines concerning Reveal's CT-80 product, or its design or development.

8.    All documents concerning any communications between Reveal and any foreign governments concerning Reveal's CT-80 product, or its design or development.

9.    All documents concerning Reveal's presence or activities at any trade shows.

10.    All materials concerning Reveal or its CT-80 product that have appeared in printed or on-line trade magazines, journals, periodicals, or newspapers.

I hereby certify and return that today, December 6, 2004, at 12:45 PM, I summoned the within named witness IDG Ventures, Inc. to appear and give testimony (or produce) as within directed, by delivering in hand to Debbie Waters, Agent in Charge, a true and attested copy of the within United States District Court Subpoena. Said service was effected at: IDG Ventures, Inc., One Exeter Plaza, Boston, MA 02216.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing information is true and correct. Executed on December 6, 2004.

_____

**Francis Davis**, Constable, City of Boston
& Disinterested Person over Age 18.

Service:$75.00

**Butler and Witten**
Boston, MA
(617) 325-6455 ,

# EXHIBIT B

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

FOR THE _____    DISTRICT OF _____    MASSACHUSETTS

L-3 Communications Security and Detection
Systems Corporation, Inc.

**SUBPOENA IN A CIVIL CASE**

V.

Reveal Imaging Technologies, Inc.

Case Number:[1]  04-11884 NG

TO:   Greylock
      880 Winter Street
      Waltham, MA 02451

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
     testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
     in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
     place, date, and time specified below (list documents or objects):

See Attached Schedule.

| PLACE       Wolf, Greenfield & Sacks, P.C.<br>600 Atlantic Avenue, Boston, MA 02210 | DATE AND TIME<br>12/16/2004 9:00 am |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*James J. Foster*    Attorney for Plaintiff | DATE<br><br>12/2/2004 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James J. Foster, Wolf Greenfield & Sacks, P.C.
600 Atlantic Avenue, Boston, MA 02210   617-646-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

75703

## Schedule

1.    All communications with Reveal Imaging Technologies, Inc. ("Reveal") concerning its CT-80 product, or its design, development, or testing.

2.    All documents concerning any manufacture, use, sale, or offer for sale in the United States, or importation into the United States, of any CT-80 machine (production, preproduction or prototype).

3.    All documents concerning Reveal's business or marketing plans or projections with respect to its CT-80 product.

4.    All documents concerning Reveal's sales office in the United Kingdom.

5.    All documents concerning the pending lawsuits between L-3 and Reveal.

6.    All press releases concerning Reveal.

7.    All documents concerning any communications between Reveal and any airports or airlines concerning Reveal's CT-80 product, or its design or development.

8.    All documents concerning any communications between Reveal and any foreign governments concerning Reveal's CT-80 product, or its design or development.

9.    All documents concerning Reveal's presence or activities at any trade shows.

10.    All materials concerning Reveal or its CT-80 product that have appeared in printed or on-line trade magazines, journals, periodicals, or newspapers.

847333.1

I hereby certify and return that today, December 6, 2004, at 12:00 PM, I summoned the within named witness Greylock to appear and give testimony (*or produce*) as within directed, by delivering in hand to Kelly Vail, Agent in Charge, a true and attested copy of the within United States District Court Subpoena. Said service was effected at: Greylock, 880 Winter St., Waltham, MA 02451.

I declare under the penalty of perjury under the laws of the United States of America
that the foregoing information is true and correct. Executed on December 6, 2004.

**Patrick Rose Jr.**, Process Server
& Disinterested Person over Age 18.

Service:$75.00

**Butler and Witten**
Boston, MA
(617) 325-6455 ,

# EXHIBIT C

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____ MASSACHUSETTS

L-3 Communications Security and Detection
Systems Corporation, Inc.
V.

Reveal Imaging Technologies, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  04-11884 NG

TO:   General Catalyst Partners
      20 University Road, Suite 450
      Cambridge, MA 02138

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

See Attached Schedule.

| PLACE        Wolf, Greenfield & Sacks, P.C.<br>600 Atlantic Avenue, Boston, MA 02210 | DATE AND TIME<br>12/16/2004 9:00 am |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*James J. Foster*   Attorney for Plaintiff | DATE<br>12/2/2004 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James J. Foster, Wolf Greenfield & Sacks, P.C.
600 Atlantic Avenue, Boston, MA 02210   617-646-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## Schedule

1.     All communications with Reveal Imaging Technologies, Inc. ("Reveal") concerning its CT-80 product, or its design, development, or testing.

2.     All documents concerning any manufacture, use, sale, or offer for sale in the United States, or importation into the United States, of any CT-80 machine (production, preproduction or prototype).

3.     All documents concerning Reveal's business or marketing plans or projections with respect to its CT-80 product.

4.     All documents concerning Reveal's sales office in the United Kingdom.

5.     All documents concerning the pending lawsuits between L-3 and Reveal.

6.     All press releases concerning Reveal.

7.     All documents concerning any communications between Reveal and any airports or airlines concerning Reveal's CT-80 product, or its design or development.

8.     All documents concerning any communications between Reveal and any foreign governments concerning Reveal's CT-80 product, or its design or development.

9.     All documents concerning Reveal's presence or activities at any trade shows.

10.    All materials concerning Reveal or its CT-80 product that have appeared in printed or on-line trade magazines, journals, periodicals, or newspapers.

847333.1

I hereby certify and return that today, December 6, 2004, at 9:30 AM, I summoned the within named witness General Catalyst Partners to appear and give testimony (*or produce*) as within directed, by delivering in hand to Bethany Sobol, Agent in Charge, a true and attested copy of the within United States District Court Subpoena. Said service was effected at: General Catalyst Partners, 20 University Road, Suite 450, Cambridge, MA 02138.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing information is true and correct. Executed on December 6, 2004.

**Patrick Rose Jr.**, Process Server
& Disinterested Person over Age 18.

Service: $75.00

**Butler and Witten**
Boston, MA
(617) 325-6455 ,

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-11884-NG |
| v. | ) ) | (Magistrate Judge Judith Gail Dein) |
| REVEAL IMAGING TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

**JOINT OBJECTIONS AND RESPONSES OF IDG, GENERAL CATALYST AND GRELOCK TO PLAINTIFF'S THIRD-PARTY DOCUMENT SUBPOENAS**

Pursuant to Rules 26 and 45(c)(2)(B) of the Federal Rules of Civil Procedure, IDG, Greylock and General Catalyst (collectively the "VC Entities") jointly respond to Plaintiff's document subpoenas dated December 2, 2004 (the "Document Subpoenas").

### General Objections

1.      The VC Entities object to the Document Subpoenas to the extent that they purport to impose duties and obligations beyond those imposed by the Federal Rules of Civil Procedure or other applicable law.

2.      The VC Entities object to the Document Subpoenas to the extent that they seek documents that were prepared in anticipation of litigation, are subject to claims of privilege under the attorney-client privilege, constitute work product, or are otherwise privileged or protected from discovery. The VC Entities hereby assert all such applicable privileges and protections, and exclude privileged information from its responses to the Document Subpoenas. Any inadvertent identification or production of such documents shall not waive those privileges or protections.

3.      The VC Entities object to the Document Subpoenas to the extent that they seek documents outside of Magistrate Judge Dein's Discovery Scheduling Order dated

December 10, 2004 limiting discovery to Reveal Imaging Technologies, Inc.'s ("Reveal") claim of immunity under 28 U.S.C. § 1498.

4.        The VC Entities object to the Document Subpoenas to the extent that they seek documents that they have previously provided in L-3 Communications Security and Detection Systems Corporation Delaware v. Reveal Imaging Technologies, et als., C.A. No. 03-05810-BLS (the "State Action").

5.        The VC Entities object to the Document Subpoenas to the extent that they are overbroad, unduly burdensome, and seek documents not reasonably calculated to lead to the discovery of admissible evidence.

6.        The VC Entities object to the Document Subpoenas to the extent they seek production of confidential and/or proprietary information of the VC Entities or third parties to whom The VC Entities may owe a duty of confidentiality or non-disclosure.

7.        The VC Entities object to the Document Subpoenas to the extent that they seek documents that are already in Plaintiff's possession, custody or control, or that are available from public sources or other parties, including all documents previously produced by the VC Entities in the State Action.

8.        The VC Entities' responses and objections herein shall not waive or prejudice any objections they may later assert, including but not limited to objections as to competency, relevance, materiality or admissibility of any document or categories of documents(s) in subsequent proceedings or at the trial of this or any other action.

9.        A statement that the VC Entities shall produce documents in response to any particular request does not imply any admission that such documents exist, but only that the VC Entities shall produce such documents to the extent that they can be located after diligent and reasonable search and inquiry.

10.      The VC Entities reserve the right to supplement their responses and objections to the Document Subpoenas.

11.      The above General Responses and Objections apply to Plaintiff's specific requests and are hereby incorporated by reference into each of the VC Entities' Specific Responses and Objections set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFF'S DOCUMENT SUBPOENAS

**Request No. 1**
All communications with Reveal Imaging Technologies, Inc. ("Reveal") concerning its CT-80 product, its design, development, or testing.

**Response to Request No. 1**

The VC Entities object to Request No. 1 to the extent that it is vague, overbroad, unlimited in time, and unduly burdensome. The VC Entities also object to Request No. 1 to the extent that it seeks documents previously produced in the State Action. Subject to and without waiving the foregoing objections and the General Objections stated above, the VC Entities will produce responsive, non-privileged documents to the extent that they exist and have not previously been produced in the State Action.

**Request No. 2**
All documents concerning any manufacture, use, sale, or offer for sale in the United States, or importation into the United States, of any CT-80 machine (production, preproduction or prototype).

**Response to Request No. 2**

The VC Entities object to Request No. 2 to the extent that it is vague, overbroad, unlimited in time, and unduly burdensome. The VC Entities also object to Request No. 2 to the extent that it seeks documents previously produced in the State Action. Subject to and without waiving the foregoing objections and the General Objections stated above, the VC Entities will

produce responsive, non-privileged documents to the extent that they exist and have not

previously been produced in the State Action.

**Request No. 3**
All documents concerning Reveal's business or marketing plans or projections with respect to its
CT-80 product.

**Response to Request No. 3**

     The VC Entities object to Request No. 3 to the extent that it is vague, overbroad,

unlimited in time, and unduly burdensome. The VC Entities also object to Request No. 3 to the

extent that it seeks documents previously produced in the State Action. Subject to and without

waiving the foregoing objections and the General Objections stated above, the VC Entities will

produce responsive, non-privileged documents to the extent that they have not previously been

produced in the State Action.

**Request No. 4**
All documents or things concerning Reveal's sales office in the United Kingdom.

**Response to Request No. 4**

     The VC Entities object to Request No. 4 to the extent that it is vague, overbroad,

unlimited in time, unduly burdensome and seeks documents not reasonably calculated to lead to

the discovery of admissible evidence. Subject to and without waiving the foregoing objections

and the General Objections stated above, the VC Entities will produce responsive, non-privileged

documents to the extent that they are in their possession, custody or control.

**Request No. 5**
All documents concerning the pending lawsuit between L-3 and Reveal.

**Request No. 5**

     The VC Entities object to Request No. 5 to the extent that it is vague, overbroad,

unlimited in time, unduly burdensome and seeks documents protected by the attorney-client

privilege and work product doctrine.  Additionally, the VC Entities object to Request No.5 in

that it seeks discovery outside the scope of the Court's Discovery Scheduling Order.

**Request No. 6**
All press releases concerning Reveal.

**Response to Request No. 6**

The VC Entities object to Request No. 6 to the extent that it is overbroad, seeks

documents outside the scope of the Court's Discovery Scheduling Order.  The VC Entities also

object to Request No.6 to the extent that it seeks documents previously produced in the State

Action and that are otherwise publicly available.

**Request No. 7**
All documents concerning any communications between Reveal and any airports or airlines
concerning Reveal's CT-80 product, its design or development.

**Response to Request No. 7**

The VC Entities object to Request No. 7 to the extent that it is vague, overbroad,

unlimited in time, and unduly burdensome. The VC Entities also object to Request No. 7 to the

extent that it seeks documents previously produced in the State Action.  Subject to and without

waiving the foregoing objections and the General Objections stated above, the VC Entities will

produce responsive, non-privileged documents to the extent that they exist and have not

previously been produced in the State Action.

**Request No. 8**
All documents concerning any communication between Reveal and any foreign governments
concerning Reveal's CT-80 product, or its design or development.

**Response to Request No. 8**

The VC Entities object to Request No. 8 to the extent that it is vague, overbroad,

unlimited in time, and unduly burdensome.  The VC Entities also object to Request No. 8 to the

extent that it seeks documents previously produced in the State Action. Subject to and without

waiving the foregoing objections and the General Objections stated above, the VC Entities will

produce responsive, non-privileged documents to the extent that they exist and have not

previously been produced in the State Action.

**Request No. 9**
All documents concerning Reveal's presence or activities at any trade shows.

**Response to Request No. 9**

The VC Entities object to Request No. 9 to the extent that it is vague, overbroad,

unlimited in time, unduly burdensome and seeks documents not reasonably calculated to lead to

the discovery of admissible evidence. The VC Entities also object to the extent that it seeks

discovery outside the scope of the Court's Discovery Scheduling Order. Subject to and without

waiving the foregoing objections and the General Objections stated above, the VC Entities will

produce responsive, non-privileged documents to the extent that they exist in their possession,

custody and control.

**Request No. 10**
All materials concerning Reveal or its CT-80 product that have appeared in printed or on-line
trade magazines, journals, periodicals, or newspapers.

**Response to Request No. 10**

The VC Entities object to Request No. 10 to the extent that it is vague, overbroad,

unlimited in time, unduly burdensome and seeks documents not reasonably calculated to lead to

the discovery of admissible evidence. Subject to and without waiving the foregoing objections

and the General Objections stated above, the VC Entities will produce responsive, non-privileged

documents to the extent that they exist in their possession, custody and control.

**IDG, GREYLOCK, and
GENERAL CATALYST,**

By their attorneys,

Rosemary M. Allen (BBO No. 549746)
A. Jason  Mirabito (BBO No. 349440)
Joseph D. Lipchitz (BBO No. 632637)
Mintz, Levin, Cohn, Ferris, Glovsky
   and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: December 16, 2004

LIT 1493398v1

I hereby certify that a true copy of the above
document was served upon the attorney of
record for each party by mail/hand on: by fax

12/16/04

7

# EXHIBIT E



**James J. Foster**
jfoster@wolfgreenfield.com
direct dial 617.646.8225

December 20, 2004

***URGENT -- VIA FACSIMILE***

Joseph D. Lipchitz, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky
and Popeo, P.C.
One Financial Center
Boston, MA  02111

Re:    L-3 Communications Security and Detection System, Inc. v. Reveal Imaging
       Technologies, Inc., C.A. No. 04-11884-NG

Dear Joe:

We have carefully reviewed the documents you produced at the close of business Friday on behalf of the "VC Entities," as well as those produced by those same entities last April in the State court action. We are writing to point out deficiencies in the production. We request that, after you read this letter, you call us this morning to conduct a Local Rule 37.1 conference.

None of the handful of documents that have been produced to us thus far is dated later than December 2003. Perhaps this was not a coincidence. The subpoenas in the State suit were served in December 2003. In responding to our recent subpoenas, the VC Entities, we suspect, may have simply relied on the earlier State court production. That production, however, would appear to be grossly deficient with respect to the issues raised in this litigation.

Representatives of the VC Entities occupy three of the six seats on Reveal's Board of Directors. There thus should have been numerous e-mails or other documents circulated before and after December 2003 relating to foreign and domestic sales and marketing efforts, demonstrations and presentations for sales and marketing purposes, attendance and material presented at trade shows, the European sales office, the meeting of development and manufacturing milestones, TSA certification progress, etc. Moreover, the issues raised in the State litigation are substantially different from those raised here. Thus, even as to the earlier period, the VC Entities' earlier production could not reasonably have been relied upon to meet their obligation to conduct a thorough review and production here.

We thus require (1) an immediate supplemental (and complete) production in response to the recently-issued subpoenas, and (2) a written representation that the VC entities have recently and exhaustively searched all their files (both paper and electronic) for responsive documents.



Joseph D. Lipchitz, Esq.
December 20, 2004
Page 2

In addition, we require that you immediately disclose whether any documents have been withheld from the VC Entities' production based on the objections stated in your "joint" written response to our subpoenas. If documents have been so withheld, we require that you specify those documents in sufficient detail for us (and the Court) to decide whether the objection is valid.

Again, we ask you, after digesting the above, to call us for a Local Rule 37.1 conference.

Very truly yours,

WOLF, GREENFIELD & SACKS, P.C.

James J. Foster

cc:  Rosemary Allen, Esq.
     A. Jason Mirabito, Esq.

# EXHIBIT F



**Wolf Greenfield**
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

**James J. Foster**
jfoster@wolfgreenfield.com
direct dial 617.646.8225

December 20, 2004

*VIA FACSIMILE*

Joseph D. Lipchitz, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky
and Popeo, P.C.
One Financial Center
Boston, MA 02111

Re:    <u>L-3 Communications Security and Detection System, Inc. v. Reveal Imaging Technologies, Inc.</u>, C.A. No. 04-11884-NG

Dear Joe:

In our conversation of this afternoon, you acknowledged that the only search that had been made by the VC Entities, before receipt of my letter today, for documents responsive to the recent subpoenas had been from the collection of documents given to Testa Hurwitz early this year. Those documents were only from December 2003 or earlier. The previous search and production were obviously incomplete, as you conceded. We need it to be immediately updated.

To correct this oversight, you agreed that the VC Entities would complete a thorough search of their files for any further responsive documents to the current subpoenas. (This search would include re-checking the files from the earlier period to assure that the earlier collection was fully responsive to the current subpoenas.)

You further agreed to speak with us early tomorrow morning to inform us when we would receive copies of any documents discovered as a result of that search. Your clients have had sufficient time to conduct a proper search and produce these documents. I must warn you that if such documents are not forthcoming immediately, we will request the Court's assistance.

Finally, you said that you were withholding from production on privileged grounds a document given to the VC clients by your firm before your recent representation. We dispute that claim and will ask the Court for in-camera review.

Very truly yours,

WOLF, GREENFIELD & SACKS, P.C.

James J. Foster

JJF:tjm
cc: Rosemary Allen, Esq.

Wolf, Greenfield & Sacks, P.C.   |   600 Atlantic Avenue   |   Boston, Massachusetts 02210-2206
617.720.3500   |   fax 617.720.2441   |   www.wolfgreenfield.com

853206.1

# EXHIBIT G

# Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

One Financial Center
Boston, Massachusetts 02111

Joseph D. Lipchitz

617 542 6000
617 542 2241 fax

*Direct dial 617 348 3030*
JDLipchitz@mintz.com

December 21, 2004

**By Facsimile and Regular Mail**
James Foster, Esq.
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210

Re:     L-3 Communications Security And Detection Systems, Inc. v. Reveal Imaging
        Technologies, Inc., U.S.D.C. Mass. Civil Action No. 04-11884-NG

Dear Jim:

I have received your letter of last evening. As we discussed during our phone conversation yesterday and as I stated in my letter of December 16, 2004, Mintz Levin initiated its representation of the VC Entities late last week on the eve of the return date of your document subpoenas. The VC Entities changed their selection of counsel as a result of events currently taking place at Testa Hurwitz. Despite our recent representation of the VC Entities, you refused to grant this firm anything more than a one-day extension to comply with your subpoenas. Notwithstanding this fact, we undertook, in a short period of time, a diligent review of the documents that the VC Entities collected when L-3 subpoenaed them late last year. As I stated to you in my letter of December 16, 2004, we continue to search for responsive documents and will produce to you any responsive non-privileged documents that we find.

The VC Entities are currently undertaking a diligent review of their files. They expect to complete their review of their files and collecting any responsive documents in the next several days. While I do not expect many more responsive documents will be discovered, I would expect to produce any such documents to you by early next week.

Finally, as I informed you yesterday, the document that we withheld from production is a communication from attorney John Pomerance, counsel for Reveal, sending a board resolution to Reveal and various members of the VC Entities in their capacity as board members. This communication is privileged, but we have produced the underlying resolution. Best regards for the holidays.

Very truly yours,

Joseph D. Lipchitz

JDL:dln

*Boston  Washington  Reston  New York  Stamford  Los Angeles  London*