# Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

One Financial Center
Boston, Massachusetts 02111

Joseph D. Lipchitz

617 542 6000
617 542 2241 *fax*

*Direct dial  617 348 3030*
**JDLipchitz@mintz.com**

December 21, 2004

## By Electronic Filing

Magistrate Judge Judith G. Dein
United States District Court
  for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:    L-3 Communications Security And Detection Systems, Inc. v. Reveal Imaging
         Technologies, Inc., U.S.D.C. Mass. Civil Action No. 04-11884-NG

Dear Judge Dein:

On behalf of IDG Ventures, General Catalyst, and Greylock (the "VC Entities"), which are some of the investors in Reveal Imaging Technologies, Inc. ("Reveal"), I write to address the letter dated December 21, 2004 filed by L-3 with the Court about an alleged discovery dispute.

In its letter, L-3 asserts that the VC Entities, newly represented by Mintz Levin, have failed to produce documents on a timely basis and that such documents are needed so that L-3 can conduct the Rule 30(b)(6) deposition of Reveal before January 31, 2005. This is a spurious allegation for several reasons. First, the VC Entities did produce responsive documents on December 17, 2004. As Reveal's counsel has discussed with L-3's counsel on several occasions, notwithstanding their initial production, the VC Entities are continuing to look for additional responsive documents. We have also made it clear that we anticipate that the search by the VC Entities will be completed and any additional documents produced by early next week.

Second, it should be noted that the Rule 30(b)(6) deposition of Reveal has not yet been scheduled. Finally, Reveal itself is not scheduled to produce its non-privileged responsive documents until December 30, 2005. Given these facts, we are mystified as to why L-3 has chosen to raise a non-issue with the Court several days before the holiday. It appears that the purpose of L-3's letter is simply to continue in what has been a concerted campaign by L-3 to force Reveal to expend money and time responding to frivolous allegations, to say nothing of the Court's own resources.[1]

---

[1] In the State Action brought by L-3 against Reveal, Judge Allan van Gestel of the Massachusetts Superior Court Business Litigation Session recently dismissed all of L-3's alleged breach of non-competition and intellectual assignment contract claims. In so doing, he recognized the vast amount of paper that had been filed with the Court

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

Magistrate Judge Judith G. Dein
December 21, 2004
Page 2


We believe that a brief chronology will assist the Court in this matter. On December 2, 2004, L-3 served the VC Entities with document subpoenas with a return date of December 16, 2004. During the week of December 13, 2004, the VC Entities approached Mintz Levin about their intention to leave their then counsel of Testa Hurwitz given the firm's recent departure of certain members. After ensuring compliance with appropriate ethical protocols, Mintz Levin began representing the VC Entities by late December 15, 2004. At that time, Mintz Levin informed L-3's counsel of the new representation and requested an extension to respond to L-3's document subpoenas. L-3 refused to grant anything more than a one-day extension, notwithstanding the VC Entities' change in legal counsel.

As a result, Mintz Levin sent L-3's counsel a letter on December 16, 2004 enclosing its objections and responses to protect the rights of the VC Entities. A copy of this letter is attached as Exhibit A. We further represented that we would produce "most, if not all, of the responsive documents to [L-3's counsel] on December 17, 2004. If any documents remain to be produced after that date, we will provide them to you as quickly as possible." See Exhibit A. Notwithstanding this representation, L-3 continued to pepper counsel with letters demanding the immediate production of additional documents. On December 21, 2004, Mintz Levin again made it clear to L-3's counsel that:

> The VC Entities are currently undertaking a diligent review of their files. They expect to complete their review of their files and collecting any responsive documents in the next several days. While I do not expect many more responsive documents will be discovered, I would expect to produce any such documents to you by early next week.

Exhibit B attached hereto (emphasis added).

Given the fact that the VC Entities have made it clear that they will produce documents early next week, L-3's request immediately before the holiday that this Court compel the VC Entities to do something that they have always represented that they would do is unnecessary and wasteful of judicial resources as well as those of the parties. In light of L-3's request, we respectfully suggest that no issue exists requiring this Court's attention.

Respectfully,

Joseph D. Lipchitz

---

and observed in his decision that : "Given the procedural history in this case thus far, the potential for diversionary litigation is immense." *Memorandum and Orders on Various Motions and Related Matters*, dated December 2, 2004, at p.24. The Reveal and VC Entities hope that L-3 does not pursue similar diversionary litigation in this matter.

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

Magistrate Judge Judith G. Dein
December 21, 2004
Page 3


JDL:dln
cc:     Rosemary Allen, Esq.
        A. Jason Mirabito, Esq.



LIT 1495525v1

EXHIBIT A

## Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

One Financial Center
Boston, Massachusetts 02111

Joseph D. Lipchitz

617 542 6000
617 542 2241 *fax*

*Direct dial  617 348 3030*
**JDLipchitz@mintz.com**

December 16, 2004

**By Fax & Regular Mail**
James Foster, Esq.
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210

Re:     L-3 Communications Security And Detection Systems, Inc. v. Reveal Imaging
        Technologies, Inc., U.S.D.C. Mass. Civil Action No. 04-11884-NG

Dear Jim:

I am in receipt of the letter that you faxed today concerning the third-party subpoenas
*duces tecum* that you served on IDG Ventures, Greylock and General Catalyst (the "VC
Entities"). Contrary to the implications in your letter and as explained previously to your
colleague Mr. Abrahamsen, the VC Entities only recently ended their relationship with Testa,
Hurwitz and Thibeault and approached Mintz Levin to represent them with respect to these
document subpoenas. As a result, our representation of the VC Entities commenced only very
recently.

I appreciate your courtesy in providing us a one-day extension to produce responsive
documents. We are currently reviewing documents provided by the VC Entities to determine if
there are any documents responsive to your subpoenas that have not previously been produced to
your client in response to L-3's 2003 document subpoenas on the VC Entities that it served in L-
3 Communications Security and Detection Systems Corporation Delaware v. Reveal Imaging
Technologies, Inc., et al., Suffolk Superior Court Civil Action. No. 03-5810-BLS.

I believe that we will be able to produce most, if not all, of the responsive documents to
you on December 17, 2004. If any documents remain to be produced after that date, we will
provide them to you as quickly as possible. In the meantime, pursuant to Fed.R.Civ.P.
45(c)(2)(B), I have enclosed the VC Entities' Joint Objections and Responses to the document
subpoenas.

Very truly yours,

Joseph D. Lipchitz

JDL:dln
Enclosure

*Boston  Washington  Reston  New York  Stamford  Los Angeles  London*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

James Foster, Esq.
December 16, 2004
Page 2


cc:    Rosemary Allen, Esq.
       A. Jason Mirabito, Esq.

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

James Foster, Esq.
December 16, 2004
Page 3


bcc:    Chip Hazard
        Bill Fitzgerald
        Donald Sullivan


LIT 1494579v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 04-11884-NG
(Magistrate Judge Judith Gail Dein)

**JOINT OBJECTIONS AND RESPONSES OF IDG, GENERAL CATALYST AND GRELOCK TO PLAINTIFF'S THIRD-PARTY DOCUMENT SUBPOENAS**

Pursuant to Rules 26 and 45(c)(2)(B) of the Federal Rules of Civil Procedure, IDG, Greylock and General Catalyst (collectively the "VC Entities") jointly respond to Plaintiff's document subpoenas dated December 2, 2004 (the "Document Subpoenas").

**General Objections**

1.        The VC Entities object to the Document Subpoenas to the extent that they purport to impose duties and obligations beyond those imposed by the Federal Rules of Civil Procedure or other applicable law.

2.        The VC Entities object to the Document Subpoenas to the extent that they seek documents that were prepared in anticipation of litigation, are subject to claims of privilege under the attorney-client privilege, constitute work product, or are otherwise privileged or protected from discovery.  The VC Entities hereby assert all such applicable privileges and protections, and exclude privileged information from its responses to the Document Subpoenas. Any inadvertent identification or production of such documents shall not waive those privileges or protections.

3.        The VC Entities object to the Document Subpoenas to the extent that they seek documents outside of Magistrate Judge Dein's Discovery Scheduling Order dated

December 10, 2004 limiting discovery to Reveal Imaging Technologies, Inc.'s ("Reveal") claim of immunity under 28 U.S.C. § 1498.

4.          The VC Entities object to the Document Subpoenas to the extent that they seek documents that they have previously provided in <u>L-3 Communications Security and Detection Systems Corporation Delaware v. Reveal Imaging Technologies, et als.</u>, C.A. No. 03-05810-BLS (the "State Action").

5.          The VC Entities object to the Document Subpoenas to the extent that they are overbroad, unduly burdensome, and seek documents not reasonably calculated to lead to the discovery of admissible evidence.

6.          The VC Entities object to the Document Subpoenas to the extent they seek production of confidential and/or proprietary information of the VC Entities or third parties to whom The VC Entities may owe a duty of confidentiality or non-disclosure.

7.          The VC Entities object to the Document Subpoenas to the extent that they seek documents that are already in Plaintiff's possession, custody or control, or that are available from public sources or other parties, including all documents previously produced by the VC Entities in the State Action.

8.          The VC Entities' responses and objections herein shall not waive or prejudice any objections they may later assert, including but not limited to objections as to competency, relevance, materiality or admissibility of any document or categories of documents(s) in subsequent proceedings or at the trial of this or any other action.

9.          A statement that the VC Entities shall produce documents in response to any particular request does not imply any admission that such documents exist, but only that the VC Entities shall produce such documents to the extent that they can be located after diligent and reasonable search and inquiry.

10.      The VC Entities reserve the right to supplement their responses and objections to the Document Subpoenas.

11.      The above General Responses and Objections apply to Plaintiff's specific requests and are hereby incorporated by reference into each of the VC Entities' Specific Responses and Objections set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFF'S DOCUMENT SUBPOENAS

**Request No. 1**
All communications with Reveal Imaging Technologies, Inc. ("Reveal") concerning its CT-80 product, its design, development, or testing.

**Response to Request No. 1**

The VC Entities object to Request No. 1 to the extent that it is vague, overbroad, unlimited in time, and unduly burdensome. The VC Entities also object to Request No. 1 to the extent that it seeks documents previously produced in the State Action. Subject to and without waiving the foregoing objections and the General Objections stated above, the VC Entities will produce responsive, non-privileged documents to the extent that they exist and have not previously been produced in the State Action.

**Request No. 2**
All documents concerning any manufacture, use, sale, or offer for sale in the United States, or importation into the United States, of any CT-80 machine (production, preproduction or prototype).

**Response to Request No. 2**

The VC Entities object to Request No. 2 to the extent that it is vague, overbroad, unlimited in time, and unduly burdensome. The VC Entities also object to Request No. 2 to the extent that it seeks documents previously produced in the State Action. Subject to and without waiving the foregoing objections and the General Objections stated above, the VC Entities will

3

produce responsive, non-privileged documents to the extent that they exist and have not

previously been produced in the State Action.


**Request No. 3**
All documents concerning Reveal's business or marketing plans or projections with respect to its
CT-80 product.

**Response to Request No. 3**

The VC Entities object to Request No. 3 to the extent that it is vague, overbroad,

unlimited in time, and unduly burdensome. The VC Entities also object to Request No. 3 to the

extent that it seeks documents previously produced in the State Action. Subject to and without

waiving the foregoing objections and the General Objections stated above, the VC Entities will

produce responsive, non-privileged documents to the extent that they have not previously been

produced in the State Action.


**Request No. 4**
All documents or things concerning Reveal's sales office in the United Kingdom.

**Response to Request No. 4**

The VC Entities object to Request No. 4 to the extent that it is vague, overbroad,

unlimited in time, unduly burdensome and seeks documents not reasonably calculated to lead to

the discovery of admissible evidence. Subject to and without waiving the foregoing objections

and the General Objections stated above, the VC Entities will produce responsive, non-privileged

documents to the extent that they are in their possession, custody or control.


**Request No. 5**
All documents concerning the pending lawsuit between L-3 and Reveal.

**Request No. 5**

The VC Entities object to Request No. 5 to the extent that it is vague, overbroad,

unlimited in time, unduly burdensome and seeks documents protected by the attorney-client

privilege and work product doctrine. Additionally, the VC Entities object to Request No.5 in

that it seeks discovery outside the scope of the Court's Discovery Scheduling Order.


**Request No. 6**
All press releases concerning Reveal.

**Response to Request No. 6**

The VC Entities object to Request No. 6 to the extent that it is overbroad, seeks

documents outside the scope of the Court's Discovery Scheduling Order. The VC Entities also

object to Request No.6 to the extent that it seeks documents previously produced in the State

Action and that are otherwise publicly available.


**Request No. 7**
All documents concerning any communications between Reveal and any airports or airlines
concerning Reveal's CT-80 product, its design or development.

**Response to Request No. 7**

The VC Entities object to Request No. 7 to the extent that it is vague, overbroad,

unlimited in time, and unduly burdensome. The VC Entities also object to Request No. 7 to the

extent that it seeks documents previously produced in the State Action. Subject to and without

waiving the foregoing objections and the General Objections stated above, the VC Entities will

produce responsive, non-privileged documents to the extent that they exist and have not

previously been produced in the State Action.

**Request No. 8**
All documents concerning any communication between Reveal and any foreign governments
concerning Reveal's CT-80 product, or its design or development.

**Response to Request No. 8**

The VC Entities object to Request No. 8 to the extent that it is vague, overbroad,

unlimited in time, and unduly burdensome. The VC Entities also object to Request No. 8 to the

extent that it seeks documents previously produced in the State Action. Subject to and without

waiving the foregoing objections and the General Objections stated above, the VC Entities will

produce responsive, non-privileged documents to the extent that they exist and have not

previously been produced in the State Action.

**Request No. 9**
All documents concerning Reveal's presence or activities at any trade shows.

**Response to Request No. 9**

The VC Entities object to Request No. 9 to the extent that it is vague, overbroad,

unlimited in time, unduly burdensome and seeks documents not reasonably calculated to lead to

the discovery of admissible evidence. The VC Entities also object to the extent that it seeks

discovery outside the scope of the Court's Discovery Scheduling Order. Subject to and without

waiving the foregoing objections and the General Objections stated above, the VC Entities will

produce responsive, non-privileged documents to the extent that they exist in their possession,

custody and control.

**Request No. 10**
All materials concerning Reveal or its CT-80 product that have appeared in printed or on-line
trade magazines, journals, periodicals, or newspapers.

**Response to Request No. 10**

The VC Entities object to Request No. 10 to the extent that it is vague, overbroad,

unlimited in time, unduly burdensome and seeks documents not reasonably calculated to lead to

the discovery of admissible evidence. Subject to and without waiving the foregoing objections

and the General Objections stated above, the VC Entities will produce responsive, non-privileged

documents to the extent that they exist in their possession, custody and control.

6

**IDG, GREYLOCK, and
GENERAL CATALYST,**

By their attorneys,

Rosemary M. Allen (BBO No. 549746)
A. Jason Mirabito (BBO No. 349440)
Joseph D. Lipchitz (BBO No. 632637)
Mintz, Levin, Cohn, Ferris, Glovsky
    and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: December 16, 2004

LIT 1493398v1

I hereby certify that a true copy of the above
document was served upon the attorney of
record for each party by mail/hand on: by fax

12/16/04    Joe Lipchitz

7

EXHIBIT B

## Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

One Financial Center
Boston, Massachusetts 02111

Joseph D. Lipchitz

617 542 6000
617 542 2241 fax

Direct dial 617 348 3030
JDLipchitz@mintz.com

December 21, 2004

**By Facsimile and Regular Mail**
James Foster, Esq.
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210

Re:    L-3 Communications Security And Detection Systems, Inc. v. Reveal Imaging
       Technologies, Inc., U.S.D.C. Mass. Civil Action No. 04-11884-NG

Dear Jim:

I have received your letter of last evening. As we discussed during our phone conversation yesterday and as I stated in my letter of December 16, 2004, Mintz Levin initiated its representation of the VC Entities late last week on the eve of the return date of your document subpoenas. The VC Entities changed their selection of counsel as a result of events currently taking place at Testa Hurwitz. Despite our recent representation of the VC Entities, you refused to grant this firm anything more than a one-day extension to comply with your subpoenas. Notwithstanding this fact, we undertook, in a short period of time, a diligent review of the documents that the VC Entities collected when L-3 subpoenaed them late last year. As I stated to you in my letter of December 16, 2004, we continue to search for responsive documents and will produce to you any responsive non-privileged documents that we find.

The VC Entities are currently undertaking a diligent review of their files. They expect to complete their review of their files and collecting any responsive documents in the next several days. While I do not expect many more responsive documents will be discovered, I would expect to produce any such documents to you by early next week.

Finally, as I informed you yesterday, the document that we withheld from production is a communication from attorney John Pomerance, counsel for Reveal, sending a board resolution to Reveal and various members of the VC Entities in their capacity as board members. This communication is privileged, but we have produced the underlying resolution. Best regards for the holidays.

Very truly yours,

Joseph D. Lipchitz

JDL:dln

*Boston  Washington  Reston  New York  Stamford  Los Angeles  London*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

James Foster, Esq.
December 21, 2004
Page 2


cc:     Rosemary Allen, Esq.
        A. Jason Mirabito, Esq.