UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., ) ) ) ) Plaintiff, ) v. ) ) REVEAL IMAGING TECHNOLOGIES, INC., ) ) Defendant. ) | C.A. No. 04-11884-NG (Magistrate Judge Judith Gail Dein) |

**DISCOVERY PLAN PROPOSED BY
DEFENDANT REVEAL IMAGING TECHNOLOGIES, INC.**

**I.     DATE/PLACE OF CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1, a meeting was held on February 2, 2005 by telephone and was attended by:

| Name | Counsel For |
|---|---|
| James Foster, Esq. | Plaintiff L-3 Communications, Security and Detection Systems, Inc. ("L-3"); |
| Robert Abrahamsen, Esq. | Plaintiff L-3; |
| Joseph Hameline, Esq. | Defendant Reveal Imaging Technologies, Inc. ("Reveal"); |
| Rosemary Allen, Esq. | Defendant Reveal |

The Parties were unable to agree on a joint discovery plan and, therefore, defendant Reveal herein submits its proposed discovery plan for the Court's consideration.

**A.     Nature of the Case & Public Interest**

1.     Both plaintiff L-3 and defendant Reveal are manufacturers of government certified explosive detection system ("EDS") machines that scan airport baggage for explosives. There are currently only three EDS companies in the United States: L-3, GE (formerly InVision), and Reveal. Reveal only recently became the third EDS company in America with the TSA's

1

certification of its CT-80 machine, which is the subject of this lawsuit.  Given the nature of the parties and their role in providing advanced technology to protect aviation security, this case warrants judicial attention pursuant to Local Rule 16.1(E).

**B.    Information requested by F.R.C.P. 26(f)**

1.    L-3 served information upon counsel for Reveal on October 25, 2004, but counsel for Reveal did not have that disclosure until it was provided again by counsel for L-3 on February 2, 2005 and has no record of having received it.  Reveal has provided disclosures to counsel for L-3 pursuant to Rule 26(a)(1)(A), (B) and (D) on February 3, 2005.  The parties have agreed not to exchange the information described in Fed. R. Civ. P. 26(a)(1)(C).

2.    No changes in limitations, other than those set forth below, set by either the Federal Rules of Civil Procedures or Local Rules for the District of Massachusetts are requested at this time.

3.    Neither party has requested a jury trial in this matter.

**C.    Reveal's Proposed Two-Phase Discovery Plan**

Reveal's proposed discovery plan comprises two stages of discovery.  The first stage focuses on claim construction, infringement and invalidity of the three (3) patents at issue, which are the fundamental issues in this case.  Fact discovery in this phase would be completed in September 2005 with expert discovery completed in November 2005.

The second phase of discovery would focus on damages and willfulness.  There presently are no damages in this case because Reveal has not sold any of its accused CT-80 machines to any party other than the United States government, sales which Reveal believes are immunized from suit by 28 U.S.C. § 1948.  Accordingly, discovery relating to damages and willfulness is irrelevant at this point.  Therefore, discovery relating to any damages that might accrue in the future is most appropriately dealt with once the parties have exchanged information regarding those parts of the case that are relevant – claim construction, infringement and invalidity – and Court has construed the claims of the asserted patents, if necessary, in a Markman hearing.

Under Reveal's two-phase discovery plan, it is anticipated that all discovery would be completed, any summary judgment motions would be filed and the case would be ready for trial in May 2006.

**Phase I: Claim Construction, Infringement and Invalidity -- March, 2005 to December 2005:**

(1)    March 8, 2005:  Plaintiff L-3 will serve on Reveal a **Disclosure of Asserted Claims and Preliminary Infringement Contentions**, including claim charts.

(2)    April 22, 2005:  Reveal shall serve on L-3 its **Preliminary Invalidity Contentions.**

(3)    May 13, 2005: each party shall simultaneously exchange **a list of claim terms, phrases, or clauses which that party contends should be construed by the Court**, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).  The parties will confer to finalize this list and narrow or resolve differences shortly thereafter.

(4)    July 13, 2005: The parties will simultaneously exchange a **Preliminary Proposed Claim Construction** of each claim term, phrase or clause that the parties collectively have identified for claim construction purposes and confer shortly thereafter to narrow the issues and finale preparation of a Joint Claim Construction and Prehearing Statement.

(5)    August 10, 2005:  The parties shall complete and file a **Joint Claim Construction and Prehearing Statement.**

(6)    September 12, 2005:  L-3 will file and serve an **opening brief** and any evidence supporting its claim construction; Reveal will file and serve its **responsive brief** and support

3

evidence three weeks after it receives L-3's opening brief; L-3 will file and serve any **reply brief** two weeks after it receives Reveal's responsive brief.

(7)     Subject to the convenience of the Court's calendar, the Court will conduct a **Markman hearing** to the extent that the parties or the Court believes a hearing is necessary for construction of the claims at issue.

(8)     Not later than 30 days after service by the Court of its Claim Construction Ruling, L-3 may submit **Final Infringement Contentions**, amending its Preliminary Infringement Contentions if it believes, in good faith, that (1) the Court's Claim Construction Ruling or (2) the documents produced by Reveal require such amendment.

(9)     Not later that 60 days after service by the Court of its Claim Construction Ruling, Reveal may serve **Final Invalidity Contentions** if L-3 has served Final Invalidity Contentions or Reveal believes in good faith that the Court's Claim Construction so requires.

(10)    October 14, 2005:  The parties shall complete all fact discovery with respect to Phase One.

(11)    October 24, 2005:  The party with the burden of proof will serve expert reports on the issues of infringement and invalidity.

(12)    November 7, 2005:  The parties will exchange rebuttal expert reports on the issues of infringement and invalidity.

(13)    December 22, 2005:  Expert discovery closes on the issues of infringement and invalidity.

**Phase II: Discovery on Damages and Willfulness**

(14)     No discovery shall be taken on the issue of damages or willfulness until after service by the Court of its Claim Construction Ruling.

(15)     Not later than 60 days after service by the Court of its Claim Construction Ruling, if Reveal is relying on an opinion of counsel as part of a defense to a claim of willful infringement, it shall (a) produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which Reveal agrees the attorney-client or work product protection has been waived; and (2) serve a privilege log identifying any other documents, except those authors by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which Reveal is withholding on the grounds of attorney-client privilege or work product protection.

(16)     90 days after service by the Court of its Claim Construction Ruling, the parties shall exchange expert reports on the issues of damages and willfulness. Discovery on damages and willfulness, including depositions of expert witnesses of the issue of damages, shall be completed within 130 days of service by the Court of its Claim Construction Ruling.

(17)     All motions for summary judgment shall be filed no later than 45 days after the close of discovery on damages and willfulness.

(18)     Reveal anticipates that this case will be ready for trial in May, 2005.

**Other Matters:**

(19)     All discovery in this case shall be limited to the following, unless otherwise ordered by the Court:

- <u>Interrogatories</u>:  Maximum of 25 per party;
- <u>Document Requests</u>: Maximum of two requests per party;
- <u>Requests for Admission</u>: Maximum of 25 per party;
- <u>Depositions</u>: Maximum of 10 per party, limited to 7 hours each.

### D.     Trial by Magistrate Judge

Parties do not agree to consent to trial presided over by a United States Magistrate Judge.

Respectfully submitted,

**REVEAL IMAGING TECHNOLOGIES, INC.**,

By its attorneys,

*/s/ Rosemary Allen*
H. Joseph Hameline (BBO# 218710)
Rosemary Allen (BBO # 549746)
A. Jason Mirabito (BBO # 349440)
Joseph D. Lipchitz (BBO #632637)
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: February 3, 2005

LIT 1499635v3