

**Wolf Greenfield**
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

**James J. Foster**
jfoster@wolfgreenfield.com
direct dial 617.646.8225

February 7, 2005

**BY ELECTRONIC FILING**

Magistrate Judge Judith G. Dein
United States District Court
 for the District of Massachusetts
Suite 6410
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

    Re:    L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging
              Technologies, Inc., C.A. No. 04-11884-NG

Dear Judge Dein:

      As counsel for plaintiff L-3 we are bringing to your attention a dispute between the parties over terms to be included in a protective order to be entered into the action. The Court has set a scheduling conference for 10:00 a.m. tomorrow, February 8, at which we presume these issues can be discussed.

      By way of background, before this case was filed, L-3 had sued Reveal and several of its officers (who had been L-3 employees) in Massachusetts state court for, among other things, breach of contract and trade secret violations. In that action, which was assigned to the Hon. Allan van Gestel, the parties produced documents, subject to a protective order. The protective order was entered only after Judge van Gestel resolved disputes as to what terms should be included.

      After this federal action was filed on September 21, 2004, the parties filed a stipulation here "that they will be able to use in this case documents and discovery provided in L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging Technologies, Inc., et als., Massachusetts Suffolk Superior Court, Civil Action No. 03-05810-BLSI, subject to the terms and conditions of the Agreed-Upon Protective Order in that state action." Counsel in this action have thus received and freely used confidential information from the state court action.

      The parties are now drafting a protective order for this case. Since having terms different from those of the order in the state case could lead to conflicts, the parties began with the state court order as a template, and then proposed changes. The parties could not resolve the issues described below.



Magistrate Judge Judith G. Dein
February 7, 2005
Page 2

<u>1.</u>

As noted above, the parties agreed that documents and discovery provided in the state action may be used in this action. L-3 correspondingly believes that information obtained here should also be allowed to be used in the state action. Somewhat inconsistently, however, Reveal wants to bar the use in the state action of confidential information obtained from discovery in this action.

Reveal argues that confidential information obtained in this case might be irrelevant to issues in the state case. There likely will be some overlap in the evidence, however. This Court should thus allow use in the state case, leaving to Judge van Gestel whether such information is relevant to the issues there.

Reveal's proposal for a federal court to bar use in the state court would accomplish nothing. Since neither party would gain by citing to Judge van Gestel information truly irrelevant, instances of such improper citation would thus be rare. In any event, no harm would result, since the protective order in the state case would prevent the information from becoming public.

More importantly, Reveal's proposed bar could keep Judge van Gestel from receiving information relevant to his case. Information obtained in discovery in this case could potentially be relevant to issues in the state case. (As an example of overlap, a number of the documents that L-3 submitted in opposition to Reveal's rule 12(b)(6) motion in this case had been taken from the production in the state court action.) Relevance to the issues in that action would more properly be decided by Judge van Gestel when he considers the information.

Reveal's proposal would place this Court in an awkward position. Under that proposal, L-3 would have to separately move this Court for permission each time it wanted Judge van Gestel to see specific information obtained from discovery in this case. This Court (which would be less familiar with the state court issues) would then have to decide what information Judge van Gestel would be allowed to consider. Surely, this Court does not want that gatekeeper role. This Court should thus allow either party to use in the state action confidential information obtained from discovery in this action.

865178.1



Magistrate Judge Judith G. Dein
February 7, 2005
Page 3

2.

      Reveal seeks to make the protective order in this case more restrictive than the state court order in that its proposed order would prevent L-3's in-house counsel (Reveal has no in-house counsel) from having any access to financial information or information relating to pricing of products and contracts, customers and customer lists and the negotiation of contracts. As noted, however, Judge van Gestel has already decided this issue by allowing in-house counsel to have access to all such information. Reveal's proposal would create an unnecessary inconsistency between the protective orders, perhaps leading to discovery "forum-shopping."

      There is no need for such a restriction. The proposed protective order mandates how received confidential information can be used. Reveal's proposal implies that L-3's in-house counsel cannot be trusted to follow the mandates of a protective order entered by this Court. As members of the bar and officers of the Court, however, L-3's in-house counsel, just like its outside counsel, are duty-bound to follow both the letter and the spirit of the Court's orders. It should not lightly be assumed that they cannot be trusted.

      Since Reveal has no in-house counsel, outside counsel from Mintz Levin performs the duties that inside counsel otherwise would. Yet, Mintz lawyers have unrestricted access to L-3's highly confidential information.

      The state court order contains further protection for Reveal. It restricts access by inside counsel to the offices of L-3's outside counsel, and bars inside counsel, further, from retaining printed or electronic copies. This provision acknowledged that in-house counsel could themselves be trusted, but paid lip service to Reveal's concern that documents retained at L-3's business premises might inadvertently be viewed by other employees.

      Reveal's concerns as to access by nonlawyers, however, are better addressed by the language attached to this letter as Exhibit A. That language would allow in-house counsel to access documents remotely using a password, thus avoiding the burden of traveling to counsel's

865178.1



Magistrate Judge Judith G. Dein
February 7, 2005
Page 4

office. To prevent confidential documents from being viewed by anyone other than in-house counsel, the language provides that those documents must be saved to a secure folder, which would not be accessible to other employees.

                                          Respectfully submitted,

                                          WOLF, GREENFIELD & SACKS, P.C.

                                          /s/ James J. Foster

                                          James J. Foster

JJF/psv

Attachment

865178.1

## EXHIBIT A

Except as otherwise agreed in writing by the Designating Party, material designated as "HIGHLY CONFIDENTIAL" may be disclosed only to those listed in subparagraphs a, b, d, e, f, g, h and i above, and not to those listed in subparagraph c above. Moreover, access by persons listed in subparagraph b to the defendant's "HIGHLY CONFIDENTIAL" materials can be provided only at the offices of plaintiff's outside counsel of record, or plaintiffs' outside counsel may provide HIGHLY CONFIDENTIAL materials to those persons listed in subparagraph b via outside counsel's FTP website ("Transferred Files"), on the following conditions:

(i) Transferred Files must require a password to access while residing on outside counsel's FTP website. Once downloaded by a person listed in subparagraph b, the Transferred Files will be deleted off of the FTP website within 24 hours;

(ii) Those persons listed in subparagraph b may only retain electronic copies of the Transferred Files on their PC in an encrypted folder (the Transferred Files may not reside on any shared drive at L-3 or any other folders on the PC); and

(iii) Those persons listed in subparagraph b may not print or create copies of any Transferred Files.

862771.1