**James J. Foster**
jfoster@wolfgreenfield.com
direct dial 617.646.8225

February 11, 2005

**BY ELECTRONIC FILING**

Magistrate Judge Judith G. Dein
United States District Court
 for the District of Massachusetts
Suite 6410
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts  02210

      Re:     <u>L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging Technologies, Inc.</u>, C.A. No. 04-11884-NG

Dear Judge Dein:

      We are writing on behalf of plaintiff, L-3 Communications Security and Detection System, Inc. ("L-3"), to seek expedited handling[1] of a discovery dispute that has arisen in this case.  Reveal is now claiming that it has no obligation to produce discovery regarding its acts of infringement.  Its intent to withhold discovery goes substantially beyond the scope of a very narrow exception granted by the Court.

      As discussed below, Reveal has once before in this case used the ploy of inventing an issue that supposedly took precedence, in order to delay full-scale discovery (in that case, a Section 1498(a) defense – which turned out to be based on factual misrepresentations).  Reveal is now using a similar ploy to conceal or delay discovery of plainly-discoverable materials relevant to its acts of patent infringement.

      At the recent Scheduling Conference (on February 8), Reveal represented that it had no currently-awarded contracts in place, and accordingly argued that discovery as to the quantum of "damages" arising from any such sales would be premature, as there had not been any sales.  In response to this limited concern, the Court agreed that plaintiff could "presently defer" a narrow category of discovery, namely, the quantum (dollar amount) of such damages.

      The limited scope of this exception to the rule that general discovery may otherwise continue was clear to all at the hearing.  Because the resulting Scheduling Order, however, stated that L-3 will presently defer discovery regarding "damages," Reveal has now taken the position

---

[1] The Court outlined a procedure for the expedited handling of discovery disputes in this case in paragraph 4 of the Discovery and Scheduling Order entered on December 10, 2004.  At the hearing on February 8, 2005, the Court allowed the parties to continue using that procedure.

Magistrate Judge Judith G. Dein
February 11, 2005
Page 2

that it will not provide discovery with respect to most of the <u>acts</u> of infringement (or provide evidence likely to lead to discovery of such acts) relating to sales offers, and efforts to sell its CT-80 product.  As explained below, whether there <u>has been</u> an "offer to sell," or other related activity, goes to the issue of <u>infringement</u>, not merely to the quantum of damages.  In light of Reveal's erroneous position, however, we are requesting the Court to clarify its ruling and to allow the parties to be heard on this issue in time for Reveal's upcoming discovery responses (due February 16) to be complete.

<u>1.</u>

By way of background, the complaint alleged that Reveal infringed three L-3 patents by manufacturing, using, selling, and <u>offering to sell</u> Reveal's CT-80 product.  This allegation tracked the language of 35 U.S.C. §271(a), which defines infringement.

Reveal initially delayed full discovery in this litigation by claiming that the § 1498(a) "authorization and consent" defense would result in a complete dismissal of the entire case.  As discussed below, that effort failed on the merits, although it did succeed in delaying general discovery for several months.  L-3 and the Court eventually learned (and Reveal ultimately conceded) that there were acts by Reveal that did not qualify for §1498(a) immunity and that no such dismissal could thus occur.  Now, Reveal again seeks to distort a narrowly-tailored exception to the general principle that discovery may continue on all issues into an excuse to withhold relevant infringement information.

L-3 took the deposition of Reveal on January 21, by Michael Ellenbogen, Reveal's President.  He conceded that Reveal has manufactured CT-80s in the United States.  He also admitted that Reveal has decided, notwithstanding this lawsuit, to freely <u>offer for sale</u> those products to entities other than the United States government, including foreign airports.  Further, Reveal would fill those orders, if received, with machines manufactured in and shipped from the United States.

He also testified that Reveal, on a number of occasions, had used CT-80s in the United States for purposes unrelated to sales to the United States government.  For instance, a CT-80 was shipped to and demonstrated at a trade show in Las Vegas for the purpose of generating commercial interest from non-U.S. government customers.  In addition, Reveal has brought various individuals to the United States for training in the operation of the CT-80.  A CT-80 was used for that training so that these individuals could maintain the CT-80 machines after they were sold to foreign customers.[2]

---

[2] Since that deposition,  Reveal may have made an offer of sale of its CT-80 machines in Singapore.  But for the fact that the Singapore government made this fact public on a web site, Reveal would have succeeded in concealing this activity from L-3 if its present interpretation of its discovery obligations were correct.  This is but one example of what are undoubtedly many.

Magistrate Judge Judith G. Dein
February 11, 2005
Page 3


Accordingly, it became clear from his testimony that Reveal's representation up to that time – that § 1498(a) would bar proceeding with the case because Reveal had made no CT-80s except for the U.S. Government – had been false.  Thus, the apparent purpose of its insistence on staying other discovery had been to delay the case from proceeding.

<u>2.</u>

Mr. Ellenbogen's sworn testimony strongly suggested that Reveal is currently aggressively marketing its CT-80 machines to foreign entities.  These offers for sales are themselves acts of infringement under 35 U.S.C. §271(a), or at a minimum, prove that the acts of manufacture in the U.S. are infringing acts that are not immunized under §1498(a).  Indeed, any such sales, if they occur, would be filled by machines manufactured in the United States.  Both the offers and the manufacture are separate acts of infringement and thus establish liability, independent of whether or not the offer results in a completed contract.

L-3 has the burden of proving that acts of infringement occurred.  L-3 is thus obviously entitled to discovery with respect to acts of infringement including any offers, contracts, contract negotiations, or other acts or attempts to sell the product, whether in the U.S. (where such sales directly infringe) or abroad (where such sales efforts are evidence that Reveal's infringing manufacture of products in the U.S. is intended for a foreign market and therefore cannot be immunized by §1498(a)).

The amount of compensation that L-3 should be awarded for those acts of infringement may be a separate question.  Since that question will be decided at trial, however, any discovery on that issue has to be completed well before trial.  In the meantime, as the Court held the other day, L-3 is entitled to proceed immediately with discovery on all of its other requests, encompassing information relevant to (or likely to lead to the discovery of evidence relevant to) any and all acts of <u>infringement</u> by Reveal.

Reveal's position is not only contrary to the Court's ruling, it is also internally inconsistent.  Although Reveal acknowledged that general discovery may commence and that § 1498(a) is not a basis to avoid such discovery, it has not abandoned its §1498 defense altogether.  Accordingly, L-3 is entitled to discovery relating to Reveal's sales contracts, marketing efforts, offers to sell, and any and all other information that would tend to show <u>to whom</u> Reveal has been marketing.  Indeed, Reveal had previously contended that this was the <u>only</u> issue the parties and the Court should examine (in order to resolve the §1498(a) issue).  Now, it seems to be saying that such evidence is not even discoverable at all (despite having produced some such earlier information already in the §1498(a) phase of this case).  That is neither a logical position nor, in any event, is it consistent with this Court's recent direction to the parties at the Scheduling Conference.

Magistrate Judge Judith G. Dein
February 11, 2005
Page 4

<u>3.</u>

In most cases, discovery on all issues proceeds simultaneously.  In this case, an exception was made in that general discovery was stayed in favor of discovery on the section 1498(a) issue.  Reveal had persuaded this Court to grant that exception by representing that all of its activity with respect to the CT-80 had been devoted to producing a machine for the United States government.  When investigation showed that representation to be false (after several efforts by Reveal to withhold such discovery were overcome), Reveal retracted its claim that all of its activity had been immunized by §1498(a).  General discovery was then supposed to begin.  Reveal's gambit, however, succeeded in delaying the beginning of general discovery for several months.  Now, Reveal apparently hopes to do the same thing again, this time latching onto another spurious issue.

At the scheduling conference on February 8, Reveal argued that there was no present need to have "damages" discovery.  Reveal's counsel represented that there had as yet been no completed sales, and thus there could be no damages.  **The Court nevertheless specifically <u>denied</u> Reveal's motion for bifurcation of damages discovery.**  However, based on Reveal's representation that there had been no completed sales, the Court ordered a limited exception, that discovery regarding "damages" (i.e., dollar amounts of sales) would be "presently" deferred, as Reveal has not yet entered into a sales contract with any non-governmental entity.

Reveal, in subsequent conversations, however, refused to acknowledge that the Court denied it bifurcation, and seemed intent on refusing to produce responsive and relevant documents regarding products, customers and customer lists, marketing activities, contracts and contract negotiations, which documents are clear evidence of (and at a minimum are likely to lead to admissible evidence regarding) acts of infringement.  Reveal is trying to drive a truck through the narrow discovery deferral exception allowed by the Court, made for the sole reason that responsive information relating to the quantum of sales dollars did not yet exist because such sales had not yet occurred.

Even as to the damages issue itself, moreover, Reveal is wrong in suggesting that L-3 would not be entitled to damages unless there is a sale.  Damages are not limited to those arising from a completed sale.  L-3 is entitled to damages for <u>any</u> infringement, including manufacture, use, and mere offers to sell.  All these are expressly defined in the statute as acts of infringement; and § 284 of the Patent Law provides that L-3 is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer."

For instance in <u>Embrex, Inc. v. Service Engineering Corp.</u>, 216 F.3d 1343, 1250-51 (Fed. Cir. 2000), the defendant was unsuccessful in selling its machines the operation of which would have infringed the patent.  Nevertheless, the court found that the testing of those machines was cognizable infringement, even though the testing did not cause any loss of profits to the patent

Magistrate Judge Judith G. Dein
February 11, 2005
Page 5

owner.  The court held that the patent owner was entitled to a reasonable royalty for those infringing tests, and then remanded to the district court for determination of a method to compute the amount that a licensee would pay "for the right to use a patented product or process."

In sum, Reveal is attempting yet again to withhold and delay production of relevant evidence.  With Reveal's responses due on February 16, it would be helpful if the parties could be heard on this matter expeditiously so that Reveal's full responsive production not be further delayed.

Respectfully,

WOLF, GREENFIELD & SACKS, P.C.

/s/ James J. Foster

James J. Foster

JJF/psv

868149.1