IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>        Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>        Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

### REPLY OF L-3 IN SUPPORT OF LETTER/MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

L-3 had submitted a letter of February 11, 2005, which the Court has elected to treat as a motion to compel the production of certain documents. The Court has scheduled the matter for hearing at 10:00 a.m. on Monday, March 7, 2005. Reveal filed its Opposition on February 28, to which L-3 now seeks leave to file this Reply.

From the Opposition, it appears that Reveal's recollection of the discussion at the February 8 scheduling conference differs from L-3's. In addition, as is evident from that Opposition, certain issues have since arisen between the parties that are related to what was discussed. This Reply will therefore treat each of the disputed issues, in the overall context of the case.

<u>1.</u>

The Court's Scheduling Order had "presently deferred" the beginning of discovery on damages. The parties now disagree on what "damages" include and for how long discovery on that subject should be deferred.

873867.1

In resolving this dispute, this Court should consider that Judge Gertner has not bifurcated this case. The trial will therefore decide <u>all</u> issues – including damages. Since damages discovery has to be completed before that trial, a court ordinarily would not bifurcate discovery[1] and this Court, at the February 8 conference, refused to do so.

A court will, however, sometimes defer the beginning of full discovery to allow an issue that could terminate the action to be expeditiously resolved. (The most frequent example would be challenges to jurisdiction). Reveal represented on October 12, 2004 that its §1498(a) defense was such a "silver bullet." This Court accepted Reveal's representation, and stayed discovery on other issues. Reveal later acknowledged that this defense, even if successful, would not end the case. This Court then lifted the stay.

As explained in L-3's February 11 letter, at the Scheduling Conference Reveal requested that damages discovery be deferred. Reveal argued that, even if its product was covered by the L-3 patents, there would be <u>no</u> damage to L-3 unless there was a sale to a non-US government entity. Since there had not been such a sale, Reveal claimed discovery as to damages was as yet unnecessary. Accepting Reveal's representation, this Court's Scheduling Order "presently deferred" the beginning of such discovery and ordered Reveal to notify L-3 immediately if such a sale occurred. The Order provided that at that point L-3 could then serve a notice renewing its request for such information.

---

[1] Reveal's Opposition (at 8) cited two cases, <u>Industria Metalics Marva, Inc. v. Lausell</u>, 172 F.R.D. 1 (D. P.R. 1997), and <u>Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.</u>, 180 F.R.D. 254 (D. N.J. 1997), in which damages discovery had been stayed. Those cases, however, had been bifurcated, with separate trials. In the third case cited, <u>Virginia Panel Corp. v. MAC Panel Corp.</u>, 887 F.Supp. 880 (W.D. Va. 1995), damages discovery was not stayed.

Reveal, however, had not made this contention in advance of the scheduling conference. Subsequent research by L-3, set forth on page 3 of L-3's February 11 letter, established that Reveal's statement of the law at the scheduling conference had been wrong. Rather, precedent holds that L-3 <u>would</u> be entitled to damages <u>whether or not</u> there had been a sale if there had been infringing manufacture or use of the product. <u>Embrex, Inc. v. Service Engineering Corp</u>., 216 F.3d 1243, 1250-51 (Fed. Cir. 2000). Reveal's Opposition tacitly conceded this point.

Further, Reveal has now conceded (Opp. at 2) that it "does not dispute that it has manufactured and used the CT-80 in a manner that falls within the definitional scope of §271." In other words, Reveal has admitted that if its product is covered by the patent it has engaged in infringing activity. Thus, there <u>are</u> damages and Reveal's stated basis for its February 8 request to defer the beginning of discovery on that subject is no longer valid. Such discovery should therefore begin.

2.

Reveal also argued at the February 8 hearing that there should be no discovery with respect to damages arising from its sales to the United States government, because those sales would be the province of an action in the Court of Federal Claims. As things stand, however, those sales are currently not the subject of an action in that court but rather are the subject of <u>this</u> action.

Those sales will remain the subject of this Court's jurisdiction until such time, if ever, as this Court dismisses that claim in favor of a proceeding in the Court of Federal Claims. No showing has been made that any such dismissal would be appropriate, and indeed by backing off its 1498(a) motion, Reveal seems to have tacitly conceded that it

would not be appropriate, at least for now.  Reveal's Opposition (at 9) stated that it "will not be filing its motion for summary judgment on this issue in the near future."  Since the issue of recovery for those sales is presently in this case and will thus remain in this case, either permanently or at least for the foreseeable future, discovery with respect to those sales should also be allowed to begin.  There would, in any event, be no harm in beginning such discovery, even if the Court later upheld the §1498(a) defense[2] and transferred that dispute to the Court of Federal Claims.  Any discovery taken with respect to those sales could then be used in that action.

### 3.

Since Reveal could no longer deny there are damages, and that damages would thus be part of the trial, it was at pains to justify further delaying the beginning of damages discovery.  The tack it took in its Opposition was to imply that inquiry into damages need not be reached because L-3's case on the merits will somehow disappear before trial.  Thus, Reveal's Opposition stated that it will produce damages information "should anything remain of this case after the completion of discovery on the interpretation, enforceability and validity of the patents" (at 2), "after discovery on infringement and validity was completed" (at 4), "[i]f anything remains in the case after discovery on infringement and validity" (at 6), after "such time as it is clear that L-3's receipt of that information is warranted" (at 9) and that delay will avoid "unnecessary discovery if there is no evidence of infringement or if the L-3 patents prove to be invalid" (Id.)

---

[2] Since Reveal has admitted §271 activity with respect to non-United States government potential customers, this case will continue even if the §1498 defense were to succeed.

Reveal's Opposition, however, did not describe how these other issues would be resolved without a trial.  Clearly, to avoid trial a successful motion for summary judgment of either non-infringement or invalidity would be required.  Reveal, however, did not commit to file any motion.  Reveal did not even suggest any argument or any evidence that it could use to support such a motion.

The truth is that Reveal has no silver bullet, as Exhibit A to this Reply (a copy of pages from Reveal's Answers to Interrogatories signed on February 18, 2005) glaringly shows.  Interrogatory No. 1 required Reveal to articulate, in sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment, its basis for its affirmative defense of invalidity.  Reveal's response, however, gave no clue as to how it could support such a defense.  Further, Reveal pleaded that it was "premature" to even supply its contentions until at or near the close of discovery.  Reveal similarly evaded answering Interrogatory No. 5, which was designed to ferret out Reveal's contentions on noninfringement.

With no silver bullet in sight, this case does not present the rare circumstance where full discovery should be stayed until an outcome-determinative motion would be decided.  Since it would thus appear that damages discovery is inevitable, to avoid unnecessary delay any restrictions on commencing such discovery should now be lifted.

4.

Reveal also argued (Opp. at 7) that discovery with respect to its activities in foreign countries would be irrelevant, since the United States patent laws do not extend to activities outside United States borders.  To the extent that Reveal is resisting discovery on this ground, its position should be rejected.  First, Reveal admitted at its

deposition that any sales it makes to foreign countries will be filled by products manufactured in the United States. Indeed, Reveal admitted to having already manufactured several CT-80 systems in the United States. That manufacture, and uses incident to it, are §271 activity, i.e., infringing activity under the United States Patent Statute. Whether, in addition, offers to sell or sales to foreign entities would themselves be acts of infringement under §271 would depend, among other things, upon the events that led to the offer or sale, the participants involved, and where those actions took place. Clearly, L-3 is entitled to take discovery relating to these sales efforts, including whether or not the sales activity was of the type that would be regulated by United States laws.

5.

The Court should also reject Reveal's somewhat puzzling argument (Opp. at 9) that L-3 should not be permitted to continue discovery with respect to Reveal's immunity under 28 U.S.C. §1498. Reveal could moot this issue by waiving its §1498(a) defense, but it has not done that. Reveal stated merely that it "will not be filing its motion for

summary judgment on this issue in the near future." Unless Reveal waives the defense, discovery with respect to that defense should continue unabated.

                        Respectfully submitted,

                        L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.,

                        By its attorneys,

March 4, 2005                  /s/ James J. Foster
                                    Michael A. Albert, BBO #558566
                                    James J. Foster, BBO #553285
                                    Robert M. Abrahamsen, BBO #636635
                                    WOLF, GREENFIELD & SACKS, P.C.
                                    600 Atlantic Avenue
                                    Boston, Massachusetts 02210
                                    Tel.: 617.646.8000
                                    Fax: 617.646.8646
                                    jfoster@wolfgreenfield.com