UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) ) | NO. 04-11884-NG |
| REVEAL IMAGING TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

On February 8, 2005, this court issued a Scheduling Order in which it ordered the plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), to defer discovery regarding damages, and further ordered the parties to complete all fact discovery unrelated to damages on or before September 15, 2005. The Scheduling Order also directed the defendant, Reveal Imaging Technologies, Inc. ("Reveal") to provide L-3 with immediate notice of any sales that it made to a non-governmental entity, and specified that "[n]othing herein shall constitute a waiver of the plaintiff's right to seek damage discovery as to any sales, governmental or otherwise, beyond the present discovery cut-off date." The purpose for deferring damages discovery was to enable the parties to proceed with discovery relating to the alleged validity and infringement of L-3's patents without having to address at the present time Reveal's objections to producing information that it deemed confidential or trade secret.

Nevertheless, L-3 now moves to compel discovery relating to the issue of

damages. By its motion (Docket No. 45),[1] L-3 is seeking documents concerning Reveal's marketing efforts, offers for sale and actual sales of a product known as CT-80, including contracts with customers, documents concerning negotiations with customers, and other materials pertaining Reveal's efforts to sell the CT-80. Reveal objects and seeks an order from the court confirming its February 8, 2005 ruling regarding discovery.

After reviewing the parties' submissions and considering their arguments made at a hearing on March 7, 2005, the court finds that the deferral of discovery regarding damages would simplify and facilitate discovery relevant to the threshold issues of validity and infringement by postponing disputes over the production of allegedly sensitive documents, and would potentially expedite the resolution of this case, thereby serving the interests of the parties and the court. See Princeton Biochem., Inc. v. Beckman Instruments, Inc., 180 F.R.D. 254, 256 (D.N.J. 1997) ("Courts have found that concerns of prejudice, complexity, expedition, and judicial economy are particularly significant in patent cases."). Accordingly, the plaintiff's motion to compel is DENIED, and it is hereby ORDERED as follows:

1. Discovery of documents and information pertaining to damages, including documents concerning the defendant's sales efforts, private customer lists, communications with potential customers, and non-public financial information, shall be deferred until further order of the court. Nothing in

---

[1] Docket No. 45 is a letter from L-3 to the court dated February 11, 2005, which the court has construed as a motion to compel discovery.

this Order is intended to preclude the plaintiff from seeking discovery, between now and September 15, 2005, of the defendant's publicly circulated marketing information or publicly disclosed financial information. Moreover, nothing herein shall constitute a waiver of the plaintiff's right to seek damage discovery as to any sales, governmental or otherwise, at a later time upon order of the court.

2. The parties shall comply with the following schedule:

   (i) Any motions to amend the pleadings shall be filed by **April 29, 2005.**

   (ii) Any motion to extend discovery shall be filed by **April 29, 2005.**

   (iii) The parties will simultaneously exchange a preliminary Proposed Claim Construction of each claim term, phrase or clause that the parties collectively have identified for claim construction purposes on or before **July 13, 2005.**

   (iv) The parties shall complete all fact discovery unrelated to damages on or before **September 15, 2005.**

   (v) The party with the burden of proof will serve any expert reports on or before **October 3, 2005**. Each party will respond to those reports on or before **October 21, 2005**.

3. If the defendant makes a sale to a non-governmental entity, the defendant shall immediately notify the plaintiff of the sale.

4. The parties shall submit a proposed Protective Order incorporating the court's rulings.

5. At the next status conference, which has been scheduled for **Wednesday,**

**September 7, 2005**, **at 10:00 A.M.**, the parties, or the plaintiff if there is no agreement, shall submit to the court a proposed schedule for remaining discovery that specifies the particular type of discovery that the plaintiff is seeking. At that time, the parties shall also be prepared to discuss:

(i)     the status of the case;
(ii)    scheduling for the remainder of the case through trial;
(iii)   the use of Alternative Dispute Resolution ("ADR"); and
(iv)    consent to trial before the magistrate judge.

The parties shall submit a brief joint statement no later than five (5) days before the status conference addressing the issues itemized above. With respect to items (iii) and (iv), the parties shall indicate whether an agreement has been reached, but are not obligated to identify their respective positions.

      / s / Judith Gail Dein
      Judith Gail Dein
      United States Magistrate Judge

DATED: March 8, 2005