UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., ) ) ) ) Plaintiff, ) v. ) ) REVEAL IMAGING TECHNOLOGIES, INC., ) ) Defendant. ) | C.A. No. 04-11884-NG (Magistrate Judge Judith Gail Dein) |

**PROTECTIVE ORDER PROPOSED BY DEFENDANT
<u>REVEAL IMAGING TECHNOLOGIES, INC.</u>**

It is hereby ORDERED as follows:

1. This Protective Order governs any document or other thing subject to production or inspection, interrogatory answer, deposition testimony, request for admission, admission, or other information obtained through any means of discovery, or any portion thereof, which has been designated confidential by a party to this lawsuit (including any of its subsidiaries, parents, or affiliates) (a "Litigation Party") or any other third party, including cases where a party to this lawsuit asserts a confidentiality interest in any document or other thing that may be produced by a third party. The party or parties making such designation (whether a Litigation Party or third party) shall be referenced herein as the "Designating Party."

2. A Designating Party may designate material for protection under this Protective Order as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Protective Order. Where a Litigation Party asserts a confidentiality interest in any material produced by a third party, the Litigation Party shall also have the right to designate the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, either by reviewing the material

with the third party before production, or by notifying all recipients that the designation is to be increased to CONFIDENTIAL or HIGHLY CONFIDENTIAL, as the case may be. No third party designation may be decreased by a Litigation Party without the written consent of the third party. Any recipients of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Protective Order are hereinafter referred to as "Receiving Party." Litigation Party review of third party material shall not delay the date for the third party's disclosure obligations. However, the Receiving Party is to treat all material produced by third parties as HIGHLY CONFIDENTIAL until the earlier of notification of redesignation from opposing Litigation Parties or five (5) business days from receipt of the material from the third party. Designation of written material shall be done by stamping or otherwise physically marking the material on each page with the appropriate classification. The Designating Party may designate material as CONFIDENTIAL only as to that information which it reasonably believes is confidential, proprietary, or secret information that is used by it in furtherance of its business enterprise, which that party normally would not reveal to third parties, or, if disclosed, would cause such third parties to maintain in confidence. The Designating Party may designate material as HIGHLY CONFIDENTIAL only technical, financial, pricing, costs, sales, marketing, business strategy or customer information which it reasonably believes is, in addition to being confidential or secret, particularly competitively sensitive. Except as expressly provided hereinafter, parties receiving any such designated material shall maintain it in confidence in accordance with the requirements of this Protective Order, and shall not use it for any purpose other than for the prosecution or defense of this action. The fact that a Designating Party has designated any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL does not mean that the material is actually confidential and warrants the protection of this Protective Order. Any other Party has a

right, pursuant to paragraph 11 hereof, to move, on motion with notice to the Designating Party and all other parties, to have such material removed from some or all of the protections of this Protective Order.  However, the Receiving Party may not act unilaterally in such regard, and shall treat all designated materials in accordance with the designation except as is otherwise agreed with the Designating Party or by order of this Court as provided in the preceding sentence.  At the time a document or portion thereof is made available for inspection to the Receiving Party, it is a sufficient designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL materials for the Designating Party to make the designation on copies of the materials actually delivered to the Receiving Party, and it is not required that designation be on the materials at the time of the Receiving Party's inspection for the purpose of identifying materials to be copied.  The Receiving Party is to stamp or label any materials in its possession or control to correspond to any redesignation that takes place in accordance with the terms of this Protective Order

   3. This Protective Order has no effect on, and its scope shall not extend to, any party's use of its own CONFIDENTIAL or HIGHLY CONFIDENTIAL designated materials.

   4. The first page of all correspondence, legal memoranda, motion papers, pleadings, and other written materials that quote from or refer to the substance of any material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be prominently labeled with such designation and shall be treated as confidential in accordance with the provisions of this Protective Order.

   5. A Designating Party in a deposition shall designate on the record during the deposition that specified disclosure is to be treated as CONFIDENTIAL or as HIGHLY CONFIDENTIAL under this Protective Order.  Such designation shall be indicated on the title

page of the deposition transcript, and on each page of the transcript where such designated disclosure appears. When testimony that a Designating Party considers CONFIDENTIAL or HIGHLY CONFIDENTIAL is being taken, or materials containing such information are being discussed or disclosed in a deposition, persons not entitled to have access to such information will leave the deposition until such time as the testimony concerning the material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL is over

6. If a Designating Party believes that inspection, measuring, testing, sampling or photographing of that Designating Party's processes, products, equipment, premises or other property pursuant to Fed. R. Civ. P. 34 will reveal or disclose information that is in good faith deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL, that Designating Party will advise in advance the party or parties seeking such discovery that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis, and will designate in writing served upon all counsel of record the material, and information derived from that material, to be treated and labeled as CONFIDENTIAL or HIGHLY CONFIDENTIAL, as appropriate. Upon such service, the designated material will be treated in accordance with this Order.

7. Material designated as "CONFIDENTIAL" may be disclosed only to the following persons, subject to satisfaction of conditions set forth in paragraph 8 below, except upon the prior written consent of the Designating Party:

    a. outside counsel of record for the parties to this lawsuit and employees of such counsel,

    b. Mark Stephen Syrnick, Esq., General Counsel of L-3 Communications Security and Detection Systems ("L-3"), Christopher C. Cambria, Esq., General Counsel

4

of L-3 Communications Corporation, and Ronald Mandler, Esq., Assistant General Counsel of L-3 Communications Corporation.

  c. Andrea Whitson, Manager of Intellectual Property and Technology Strategist of L-3, Shuanghe Shi, Senior Scientist of L-3, Paul DeLia, Vice President Chief Technology Officer of L-3, Richard F. Eilbert, Director of Research and Development of L-3, Jeffery H. Stillson, Director of Algorithms of L-3, provided that at the time of the disclosure they are employees of the plaintiff, and only to the extent necessary for the conduct of this action; and Michael Ellenbogen, Richard Bijjani, Bruce Lee, James Buckley, Elan Scheinman, and John Sanders, but only to the extent necessary for the conduct of this action;

  d. translators, including their support personnel, who are not employees of either party, who are retained by outside counsel to assist in the preparation and trial of this action, but only to the extent necessary for the conduct of this action;

  e. experts, including their support personnel, who are not employees or consultants of either party, who are retained by outside counsel to assist in the preparation and trial of this action, but only to the extent necessary for the conduct of this action;

  f. the author, addressee, and recipient of a document containing the material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL;

  g. any Court having jurisdiction over this action or witnesses involved in this action (hereinafter "Court") and any persons employed by the Court working on this action;

      h.    court reporters (including stenographers and video technicians) engaged by counsel of record to record, transcribe, or videotape testimony in this litigation, and copy services, data entry, and computer support services engaged by counsel of record;

      i.    Electronic Evidence Discovery, 40 Rector Street, Eighteenth Floor, New York, New York 10006 ("EED"), and Target Litigation Consulting, Inc., 286 Congress Street, 3rd Floor, Boston, MA 02110 ("Target") retained by L-3 for document reproduction and management services.  Planet Data Solutions, Inc., 555 Taxter Road, Suite 150, Elmsford, NY 10523 ("Planet Data") and UniScribe Professional Services, Inc., 64 Canal Street, Boston, MA, retained by Reveal for document management services. This paragraph will be amended by further order of this Court to include up to two third-party companies as forensic data consultants and for document reproduction and management services retained by Reveal and identified to L-3's outside counsel, unless objected to by L-3, in which event L-3 will present its objection to the Court. Nothing in this section is intended to imply that any third party may enter upon land to inspect businesses or homes for documents.

      j.    any other person who subsequently is designated either by (i) agreement of all parties to this Protective Order, or (ii) by order of the Court upon motion by a party, after notice to all the parties.

Except as otherwise agreed in writing by the Designating Party, material designated as "HIGHLY CONFIDENTIAL" may be disclosed only to those listed in subparagraphs a, b, d, e, f, g, h and i above, and not to those listed in subparagraph c above.  Access by persons listed in subparagraph b to the defendant's "HIGHLY CONFIDENTIAL" materials can be provided only at the offices of plaintiff's outside counsel of record, and persons listed in subparagraph b may

not retain any printed or electronic copies of any such materials.  Plaintiff's outside counsel of record may, however, provide the persons listed in subparagraph b with an electronic copy of a brief drafted by plaintiff's outside counsel containing or referring to HIGHLY CONFIDENTIAL information but may not provide any attachments to such brief which contain any HIGHLY CONFIDENTIAL documents or any part thereof.  The disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL information in briefs to any person in subparagraph b shall be subject to the conditions set forth in this Protective Order.  Persons listed in subparagraph b cannot remove CONFIDENTIAL or HIGLY CONFIDENTIAL material from outside counsel's offices and any oral recordings, written transcriptions, including written transcriptions of tape recorded notes, or written notes relating to such material must remain at outside counsel's office.

      8.      Each person to whom disclosure of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL is permitted pursuant to paragraph 7 above (other than counsel of record in this action and their employees) shall, prior to any such disclosure to that person, be shown a copy of this Protective Order and shall execute a Written Acknowledgment (in the form of the attached EXHIBIT A) (the "Acknowledgement") that he or she has received a copy of this Protective Order and is familiar with the provisions of it, and all such persons shall:

      a.      be bound thereby;

      b.      not use material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL for any purpose other than in connection with the prosecution or defense of this action, except as provided in paragraph 9 below.

      c.      not disclose any material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to any person other than a person authorized to receive such information under this Protective Order; and

    d.  upon termination of his or her connection with this action, return all documents containing material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to the counsel or other person who provided such documents to such person.

The Acknowledgment for each person identified in subparagraphs 7(d) and 7(e) shall be served upon counsel for the Designating Party by facsimile and first-class mail at least five (5) business days prior to the disclosure to that person of material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, along with such person's name, address, employment history, and résumé or *Curriculum Vitae* and, for each person identified in subparagraph 7(e), a signed statement that the expert has not served as a consultant to or employee of any opposing Litigation Party, or any affiliated company of any opposing Litigation Party, and listing the dates of any consulting projects during the previous five years for any company that develops, designs, or manufactures Explosive Detection Systems. If within the five (5) business day period, an objection to the proposed disclosure to such person is served by facsimile and first-class mail upon counsel who provided the Acknowledgement, disclosure is not permitted until the matter is resolved by agreement of the parties or by order of the Court.

    9.  No documents or information produced in discovery in this case shall be used for any purpose other than preparation for the trial of this action and any pre-trial and post-trial proceedings (including appeals) in this action, except that should either party wish to use discovery materials produced in this case in the case of <u>L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging Technologies, Inc., et al.</u>, Massachusetts Suffolk Superior Court, Civil Action No. 03-05810-BLSI ("the State Action"), that party shall seek permission to do so from either this Court or from the Court hearing the State Action.

10. Since the Court mandates the use of electronic filing for all motions, briefs, and other material, the parties shall file electronically with the Court only redacted versions of all motions, briefs, and papers, including exhibits, so that no CONFIDENTIAL or HIGHLY CONFIDENTIAL material is published on the publicly-available electronic docket. The parties will file unredacted material containing designated material with the Court in paper format along with a request that the designated material be filed under seal. The materials shall be filed with the Court in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope, and the following notation or its equivalent:

**CONFIDENTIAL INFORMATION**
**Subject to Protective Order**
**in Civil Action No. 04-11884-NG**

**This Envelope Is Not To Be Opened Or The**
**Contents Thereof Displayed, Copied or Revealed**
**Other Than For Inspection By The Court or Pursuant to Further**
**Order Of The Court Or By Agreement Of The Parties**

Such documents shall remain **under seal** until further order of the Court. If the Court does not permit the materials to be impounded, the moving party shall seek a determination from the Court as to whether the materials may be filed without impoundment.

11. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party objects at any stage to the designation by another party, the party shall first request by writing to the Designating Party that the designation be modified or withdrawn. If the Designating arty does not agree to redesignation within ten days of receipt of the written request, the party requesting the modification may apply to the Court for relief. Upon any such application, the party seeking the modification must state the basis for its belief that the classification was improper. The Designating Party shall then have the burden to show that the

classification is proper. Grounds for determining that the designation should be modified include (i) a determination that the information is already public knowledge; (ii) a determination that the information has become public knowledge other than as a result of disclosure of the receiving party; or (iii) the information has come into the receiving party's legitimate possession independently of the producing party.

12.     The inadvertent or unintentional production of documents containing, or other disclosure of, any confidential, proprietary, secret or privileged information without being designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time of the production or disclosure shall not be deemed a waiver in whole or in party of a party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, or as to any attorney-client privilege or work product protection; provided, however, that the disclosing party promptly make a designation under this Order, or requests return of the inadvertently produced privileged or work product documents, upon discovery of the inadvertent or unintentional disclosure. In that event, the Receiving Party shall thereafter treat the designated material in accordance with this Order, and shall return to the Designating Party any privileged material that was inadvertently disclosed.

13.     In the event any Receiving Party having possession, custody, or control of any materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such Receiving Party shall immediately notif~' counsel for the Designating Party of the subpoena or other process or order, furnish counsel for the Designating Party with a copy of said subpoena or other process or order, and cooperate with respect to all

reasonable procedures sought to be pursued by the Designating Party or by a related entity whose interests would be affected.  The Designating Party asserting the treatment of the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall have the burden of defending against such subpoena, process, or order.  The Receiving Party receiving the subpoena or other process or order shall make reasonable efforts to obtain an extension of the deadline for compliance as appropriate to permit the Designating Party to contest the subpoena, process, or order.  The Receiving Party receiving the subpoena, process, or order shall be entitled to comply with it, but only to the extent required by law.

14. Within thirty days after the termination of this action, including any appeals, all designated material, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to the party that produced it or destroyed.

15. The parties agree that designated material shall receive *in camera* treatment at any trial, hearing, or other court proceeding, subject to the Uniform Impoundment Rules and except upon written agreement by the parties or further order of the Court.

16. The treatment accorded designated material under this Protective Order shall survive the termination of this action.

17. Any person receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Protective Order agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.  After termination of this action, the Court retains jurisdiction to enforce this Protective Order.

18. This Protective Order can modified only by the Court.

_____    _____
DATED                              Magistrate Judge Judith Dein

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
L-3 COMMUNICATIONS, SECURITY AND    )
DETECTION SYSTEMS, INC.,            )
                                    )
            Plaintiff,              )   C.A. No. 04-11884-NG
       v.                           )   (Magistrate Judge Judith Gail Dein)
                                    )
REVEAL IMAGING TECHNOLOGIES, INC.,  )
                                    )
            Defendant.              )
_____ )

## WRITTEN ACKNOWLEDGEMENT

_____, declares that:

   I reside at _____.

   I am [position]_____ employed by _____.

   I have read and understand the Protective Order dated _____

and of record in the above-captioned action, and I agree to comply with and be bound by the

provisions of said Protective Order.

                                        _____
                                        Print Name:

Subscribed and sworn to before me this ___ day of _____, 2005


                                        _____
                                        Notary Public
                                        My commission expires:


LIT 1502687

13