IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>　　　　　Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>　　　　　Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

　　　　Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), submits this memorandum in support of its motion to file a Second Amended Complaint.

　　　　L-3 served the first amended complaint on September 22, 2004, prior to an answer or responsive pleading by Defendant, Reveal Imaging Technologies, Inc. ("Reveal"). The Amended Complaint alleged that the Reveal CT-80 system infringes three L-3 patents. The proposed Second Amended Complaint adds counts alleging infringement of three additional patents, United States Patent Nos. 6,707,879, 5,712,926, and 5,905,806.

　　　　Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In the absence of a "substantial reason," leave to amend should not be denied. Benitez-Allende v. Alcon Aluminio do Brasil, S.A., 857 F.2d 26, 36 (1st Cir. 1988) (vacating denial of leave to amend where there was no "substantial reason" for such denial). In this case, there is no substantial reason to deny L-3's motion.

　　　　The issues raised in the Second Amended Complaint are substantially related to

the issues raised in the Amended Complaint.  The Second Amended Complaint involves the same parties and the same accused product.  The addition of these patents will add little burden to the case, which already includes three patents relating to these same parties and same product.  While L-3 could initiate a separate action on these patents, that approach would seem to be far more burdensome to the parties and the Court than simply proceeding here, as the issues are so closely intertwined.

As the First Circuit and other courts repeatedly hold, Rule 15(a) is to be construed to allow the liberal amendment of pleadings.  Indeed, the example of this "broad scope and liberal application of Rule 15(a)" that the authors of the leading federal practice treatise, Wright & Miller, see fit to cite is one which, as here, involved the addition of new patents.  The plaintiff in that case "moved for leave to amend its complaint to assert a claim for the infringement of two additional patents" (as well as several other causes of action).  See 6 Federal Practice & Procedure § 1473 (citing Jenn-Air Prods. Co. v. Penn Ventilator Co., 283 F. Supp. 591 (D. Pa. 1968)).  As the treatise (and the court) in that case noted, it was preferable to allow the claims to proceed as part of the same case rather than to require a separate action to be instituted against the defendant.

The addition of patents should also come as no surprise to Reveal.  L-3 specifically informed it, and the Court, of its intent to seek leave to amend its Complaint for that purpose at the February 8, 2005 Scheduling Conference.  At the time of the scheduling conference, L-3 was aware of Reveal's infringement of only one of the newly-added patents, U.S. Patent No. 6,707,879, and thus proposed adding only that patent at that time.  Just recently, however, upon reviewing one of the documents

Reveal produced as part of its February 16, 2005 document production in this case, L-3 learned of conduct by Reveal forming the basis for an infringement claim on the other two patents. Again, all three of the newly-asserted patent are infringed by the <u>same accused product</u>, namely the Reveal CT-80 system. Proceeding in a single action on all these related claims would be in the interests of the parties and of judicial economy.

One of the patents being added, U.S. Patent No. 6,707,879, contains a written description that is identical to that of one of the patents already in the suit. Both of those patents, moreover, claim the benefit of the same provisional application. The other two newly-added patents, U.S. Patent Nos. 5,905,806 and 5,712,926, are also closely related in that one is a "continuation" of the other, and thus contain identical written descriptions and similar claims.[1] Indeed, a portion of the term of one of them was disclaimed because the patent examiner considered the claims of the two patents to be so similar in scope.[2]

This motion is being filed well within the time limits authorized by this Court for the filing of amended pleadings. At the March 3, 2005 hearing, where L-3 again indicated its intent to file an amended pleading, as well as in the ensuing Order dated March 8, 2005, the Court authorized the parties to file any motion to amend the pleadings on or before **April 29, 2005**. L-3 is acting six weeks prior to that deadline.

---

[1] A "continuation" is an application that contains the same written description as an earlier-filed application and also makes a priority claim to that application under 35 U.S.C. §120.

[2] During prosecution of the '806 patent, the examiner rejected certain claims for "obviousness type double patenting," asserting that they were not patentably distinct from the claims of the '926 patent. To obviate this rejection, the applicant filed a "terminal disclaimer," disclaiming any term of the '806 patent beyond that of the '926 patent and asserting that the '806 patent would be enforceable only so long as the '806 and '926 patents remained commonly owned.

Finally, Reveal could not credibly claim prejudice from this amendment. Indeed, at its own request, discovery on the technical aspects of the case has barely begun. Not until January 18, 2005 did the Court allow discovery on issues beyond 28 U.S.C. §1498, including issues specific to the individual patents included in the action. In its scheduling order dated February 8, 2005 – **after** being advised of L-3's intent to seek an amendment to add claims – the Court allowed until July 13, 2005 for exchange of claim construction materials, and allowed fact discovery to continue into September 2005. Reveal has not even taken a single deposition as yet. Ample time exists in this schedule for whatever additional discovery may be needed as a result of the addition of these patents – although, in any event, the scope of any such additional discovery will be limited by the fact that the core issue, namely the technical operation of the CT-80 system, will be the same with regard to all the claims in the case.

In sum, in view of the considerable time remaining for claim construction and other discovery, there will be no prejudice in adding additional patents to the suit at this early date. The motion is timely, and no "substantial reason" exists for its denial.

- 5 -

## CONCLUSION

For the above reasons, the Motion for Leave to Amend Complaint should be granted.

                                      Respectfully submitted,

                                      L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.,

                                      By its attorneys,

March 16, 2005                      /s/ James J. Foster
                                      Michael A. Albert, BBO #558566
                                      James J. Foster, BBO #553285
                                      Robert M. Abrahamsen, BBO #636635
                                      WOLF, GREENFIELD & SACKS, P.C.
                                      600 Atlantic Avenue
                                      Boston, Massachusetts 02210
                                      Tel.: 617.646.8000
                                      Fax: 617.646.8646
                                      jfoster@wolfgreenfield.com