IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>            Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>            Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

**MEMORANDUM IN SUPPORT OF L-3'S MOTION FOR PARTIAL SUMMARY JUDGMENT DECLARING THE ASSERTED CLAIMS OF ITS PATENTS TO BE NEITHER INVALID NOR UNENFORCEABLE**

Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), submits this memorandum in support of its motion for partial summary judgment declaring claims 1-6 of U.S. Patent No. 6,721,391 ("the '391 patent"), claims 13 and 29 of U.S. Patent No. 5,642,393 ("the '393 patent"), and claims 38-40, 43, and 55 of U.S. Patent No. 5,838,758 ("the '758 patent") to be neither invalid nor unenforceable.

Defendant, Reveal Imaging Technologies, Inc. ("Reveal"), pleaded that the asserted claims of L-3's patents are "invalid, unenforceable or void." It failed, however, to provide any support for those contentions in response to interrogatories. L-3 thus requests entry of partial summary judgment declaring the asserted claims of its patents to be neither invalid nor unenforceable.

**BACKGROUND**

L-3 filed an Amended Complaint on September 22, 2004 alleging that Reveal had infringed certain claims of its patents. (Local Rule 56.1 Statement of Undisputed Facts in Support of L-3's Motion for Partial Summary Judgment that the Asserted

Claims of Its Patents Are not Invalid or Unenforceable ("Facts") at ¶¶ 1, 2). In response, Reveal asserted affirmative defenses and counterclaims. The third affirmative defense alleged "The asserted claims in the '391 Patent, '393 Patent, and '758 Patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code." (Facts at ¶ 3). In addition, in Count I of its counterclaim, Reveal alleged "that the asserted claims in the '391, 393 and '758 Patents are invalid, unenforceable or void under the provisions of Title 35 of the United States Code." (Facts at ¶ 4).

To investigate these allegations, L-3 served the following interrogatories:

Interrogatory No. 1
If you contend that any claim of U.S. Patent Nos. 5,642,393; 5,838,758; and 6,721,391 ("the Patents") is invalid, then state the basis of your contention <u>in sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment</u>; and

Interrogatory No. 3
If you contend that any claim of the Patents is unenforceable, then state the basis of your contention <u>in sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment</u>.

(Facts at ¶¶ 5, 7) (emphasis added).

Reveal provided no substantive response. (Facts at ¶¶ 6, 8). With respect to Interrogatory No. 1, Reveal claimed that it would produce documents from which an answer could be obtained. (Facts at ¶ 6). It produced, however, a collection of patents and miscellaneous publications, without explaining how any supported its allegations. (Facts at ¶ 9-10). Reveal admitted it lacked evidentiary support for its claim of unenforceability. (Facts at ¶ 8).

Accordingly, despite the nearly six months that have elapsed since the filing of the Amended Complaint, Reveal has no support for its allegation that the asserted claims of the '391, '393, and '758 patents are invalid and unenforceable.

873963.1

- 2 -

## ANALYSIS

Fed. R. Civ. P. 56 allows a Court to summarily dismiss "unfounded claims" in a party's pleadings. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2712. L-3 is entitled to summary judgment on Reveal's allegations of invalidity and unenforceability because Reveal has been unable, or unwilling, to articulate a basis for those allegations. If Reveal had been aware of facts that supported its contentions, it was obligated to divulge them. See Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2177 ("[I]nterrogatories should be answered directly and without evasion in accordance with information that the answering party possesses after due inquiry"). It divulged nothing; it therefore must be presumed that no such facts exist.

A court must grant summary judgment under Fed. R. Civ. P. 56 when there is "no genuine issue as to any material fact" and "[in]sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In opposing a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ." Fed. R. Civ. P. 56(e); see also Euromodas, Inc. v. Zanella, Ltd., 368 F.3d 11, 17 (1st Cir. 2004) (affirming summary judgment due to lack of evidence on essential elements of claim, noting that a "proper office of summary judgment is to pierce the boilerplate of the pleadings and assess the proof in order to determine the need for a trial."); DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997).

Furthermore, when a court is evaluating a motion for summary judgment, it should take into consideration the relevant evidentiary standards. Anderson, 477 U.S. at 254 ("[T]he judge must view the evidence presented through the prism of the substantive evidentiary burden."). In the present case, "the evidentiary burden to show

facts supporting a conclusion of invalidity is one of clear and convincing evidence." <u>AK Steel Corp. v. Sollac and Ugine</u>, 344 F.3d 1234, 1238-39 (Fed. Cir. 2003).

The patents are presumed valid, 35 U.S.C. § 282.  Reveal is required to present clear and convincing evidence to rebut that presumption.  <u>Id.</u>  Similarly, inequitable conduct, which could be Reveal's basis for claiming unenforceability, must also be shown by clear and convincing evidence.  <u>Li Second Family, Ltd.. v. Toshiba Corp.</u>, 231 F.3d 1373, 1378 (Fed. Cir. 2000).  Thus, since Reveal was unable to point to any evidence to support its allegations, summary judgment should be granted.  <u>Biotec Biologische Naturverpackungen GmbH & Co. v. Biocorp, Inc.</u>, 249 F.3d 1341, 1354 (Fed. Cir. 2001).

Although nearly six months have elapsed since the Amended Complaint was filed, Reveal was either unable or unwilling to provide a basis for its allegation of invalidity.  Reveal has had ample time to ferret out some basis for its allegations.  Reveal, however, either chose not to or was unable to provide a substantive response to interrogatories seeking that basis.  In addition, Reveal has expressly admitted that its allegation of unenforceability was groundless.  Thus, both the invalidity and unenforceability theories are ripe for summary judgment.

Reveal's entire answer on the invalidity issue consisted of referring L-3 to a stack of documents that purportedly supported its allegations. (Facts, ¶¶ 6, 9).  It did not identify any of those documents, however, in the manner required by L. R. 33.1(B)(1). (Facts, ¶12).  Nor, more importantly, did it explain how any of those documents shows the invalidity of any of the patents.  (Facts, ¶10).  Thus, the basis for Reveal's allegation of invalidity could not be readily ascertained from the produced documents.  (<u>Id</u>.). Indeed, as far as L-3 has been able to tell from reviewing the documents, they do not

support any invalidity theory.

Nearly all of the patent documents produced by Reveal were listed on the face of at least one of the asserted patents. (Facts, ¶11). Those materials were thus made of record, and considered by the patent examiner, during the prosecution of such patents. (Id.). As explained in Ultra-Tex Surfaces, Inc. v. Hill Bros. Chem. Co., "when a party alleges that a claim is invalid based on the very same references that were before the examiner when the claim was allowed, that party assumes the following additional burden:

> When no prior art other than that which was considered by the PTO examiner is relied on by the attacker, he has the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job, which includes one or more examiners who are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents."

Ultra-Tex, 204 F.3d 1360, 1367 (Fed. Cir. 2000) (quoting American Hoist & Derrick Co. v. Sowa & Sons, Inc, 725 F.2d 1350, 1359 (Fed. Cir. 1984)).

In addition, a significant number of the non-patent publications produced by Reveal were published <u>after</u> the filing dates of the patents. (Id.). As such, those materials would not be legally cognizable "prior art" under 35 U.S.C. §102 or 103. Their content would be entirely irrelevant to any assessment of alleged invalidity, even assuming Reveal had shown – which it has not even attempted to do – that they cover the same subject matter as the patents in suit.

In sum, notwithstanding ample time and opportunity to provide the basis for its invalidity theories (if any), Reveal's interrogatory responses do not establish any basis from which a factfinder could conclude that the patents are invalid. Summary judgment on that issue should enter now so as to minimize cost and other burdens to the parties

and the Court by focusing this case solely on the issue of Reveal's infringement.

Bald assertions cannot, by themselves, create genuine issues of fact. Biotec, 249 F.3d at 1353 ("It is well established that conclusory statements of counsel or a witness that a patent is invalid does not raise a genuine issue of fact.") (citations omitted). Merely providing some documents, unaccompanied by any explanation or indication as to how they form a basis for a claim or defense, cannot overcome a summary judgment motion. See id. ("It is not the trial judge's burden to search through lengthy technologic documents for possible evidence.").

Thus, the discovery responses provided by Reveal make clear that Reveal has no evidence from which it could possibly prove, by clear and convincing evidence, that the asserted claims of the '391, '393, or '758 patents are invalid or unenforceable. L-3 is therefore entitled to partial summary judgment on those issues.

## CONCLUSION

For the above reasons, L-3's motion for partial summary judgment should be GRANTED.

Respectfully submitted,

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

March 25, 2005                     /s/ James J. Foster

873963.1

                                                    Michael A. Albert, BBO #558566  
                                                    James J. Foster, BBO #553285  
                                                    Robert M. Abrahamsen, BBO #636635  
                                                    WOLF, GREENFIELD & SACKS, P.C.  
                                                    600 Atlantic Avenue  
                                                    Boston, Massachusetts 02210  
                                                    Tel.: 617.646.8000  
                                                    Fax: 617.646.8646  
                                                    jfoster@wolfgreenfield.com