UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC.,<br><br>Plaintiff,<br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.,<br><br>Defendant. | C.A. No. 04-11884-NG<br>(Magistrate Judge Judith Gail Dein) |

### DEFENDANT REVEAL IMAGING TECHNOLOGIES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Reveal Imaging Technologies, Inc. ("Reveal") responds to the First Set of Interrogatories propounded by Plaintiff L-3 Communications, Security and Detection Systems, Inc. ("L-3") as follows:

### GENERAL OBJECTIONS

1. Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it purports to impose duties and obligations beyond those imposed by the Federal Rules of Civil Procedure or other applicable law.

2. Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it seeks information relating to Reveal's confidential financial information and information regarding Reveal's pricing, customers, contract negotiations and contracts in violation of this Court's Scheduling Order dated February 8, 2005.

3. Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it seeks information that is premature under 35 U.S.C. § 282. Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it seeks information that is premature because L-3 has yet to produce its proposed claim construction and the Court has not construed the claims at issue.

4. Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it

calls for the disclosure of information protected by the attorney client privilege, attorney work product immunity, or any other applicable common law or statutory privilege or immunity.

5. Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it is overbroad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence.

6. Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it seeks information that is already in Plaintiff's possession, custody or control, or that is available from public sources or other parties, including all documents previously produced by Reveal in the State Action.

7. Reveal objects to the instruction in Interrogatories nos. 1, 3 and 5 concerning the requests for sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment as inappropriate and untimely because L-3 has yet to provide its proposed claim construction and the Court has not construed the claims at issue.

8. Reveal's objections and responses are made without waiving the right to assert any other applicable objection to the Interrogatories; or the right to object to the use of any answer for any purpose, in this action or in any other action, on the grounds of privilege, relevance, materiality or any other appropriate grounds. Furthermore, Reveal retains the right to object to any interrogatory involving or relating to the subject matter of the responses herein. Reveal retains the right to supplement its production, and/or to revise, correct and/or clarify any of these objections and/or responses at any time as permitted under the Federal and Local Rules.

9. The above General Responses and Objections apply to Plaintiff's specific interrogatories and are hereby incorporated by reference into each of Reveal's Specific Responses and Objections set forth below.

10. As agreed by the parties in this action, discovery in this case is subject to the Agreed-Upon Protective Order entered in the State Action regarding the designation and use of "Confidential" and "Highly Confidential" discovery until such time as the Court enters a separate Protective Order.

## SPECIFIC OBJECTIONS AND/OR RESPONSES TO L-3'S FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:**

*If you contend that any claim of U.S. Patent Nos. 5,642,393; 5,838,758; and 6,721,391 ("the Patents") is invalid, then state the basis of your contention in sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment.*

**Response to Interrogatory No.1:**

Reveal objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Reveal further objects to this Interrogatory as premature pursuant to 35 U.S.C. § 282. Reveal further objects to this Interrogatory as premature because L-3 has yet to provide its proposed claim construction and the Court has not construed the claims. Reveal further objects to this Interrogatory as a premature contention interrogatory that is more properly answerable at or near the close of discovery. Reveal also objects to this interrogatory to the extent that it seeks premature disclosure of expert opinions.

Reveal will provide responsive non-privileged documents from which answers to this Interrogatory may be derived or ascertained. Reveal reserves the right to supplement this response during the course of this litigation.

**Interrogatory No. 2:**

*For each claim of the Patents that you contend is invalid, identify any prior art you contend would support an argument that such claim is invalid.*

3

**Response to Interrogatory No. 2:**

Reveal objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Reveal further objects to this Interrogatory as premature, pursuant to 35 U.S.C. § 282. Reveal further objects to this Interrogatory as a premature contention interrogatory that is more properly answerable at or near the close of discovery. Reveal also objects to this interrogatory to the extent that it seeks premature disclosure of expert opinions.

Reveal also objects to this Interrogatory as premature as L-3 has yet to provide its proposed claim construction. As such, L-3 has failed to provide sufficient information to allow Reveal to ascertain what patents are invalid due to prior art as opposed to valid, but which Reveal does not infringe. Notwithstanding these objections, Reveal will provide responsive non-privileged documents that may constitute prior art that renders L-3's patents invalid. Reveal reserves the right to supplement this response during the course of this litigation.

**Interrogatory No. 3:**

*If you contend that any claim of the Patents is unenforceable, then state the basis of your contention in sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment.*

**Response to Interrogatory No. 3:**

Reveal objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Reveal further objects to this Interrogatory as a premature contention interrogatory that is more properly answerable at or near the close of discovery. Reveal further objects to this Interrogatory as premature because L-3 has yet to provide its proposed claim construction. Reveal objects to this Interrogatory to the extent that it seeks to impose obligations on Reveal that are beyond those required, and obtain information from Reveal that is beyond that required, by the Federal Rules of Civil Procedure

4

and the Local Rules of this Court. Without waiving, and subject to, these and the General Objections set forth above, Reveal states that at this early stage of the litigation and prior to discovery, Reveal is not presently contending that any of the L-3 patents asserted in this case is unenforceable. Reveal reserves the right to assert such an allegation after discovery proceeds in this case.

**Interrogatory No. 4:**

*Identify by name and model number, and actual or prospective customer (if any), each type of explosive detection system you made, used, imported, offered for sale, or sold since your inception, and the dates, places and circumstances under which each such manufacture, use, importation, sale or offer for sale occurred.*

**Response to Interrogatory No. 4:**

Reveal objects to this Interrogatory as overly broad and unduly burdensome. Reveal also objects to this Interrogatory to the extent it requests information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

Reveal manufactures the Reveal CT-80 Inline Station Explosives Detection System. Reveal has already provided both deposition testimony and responsive, non-privileged documents. To the extent that L-3 seeks additional information, Reveal objects because the interrogatory seeks discovery that has been deferred under the Court's Scheduling Conference Order dated February 8, 2005.

**Interrogatory No. 5:**

*State, in sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment, the limitations of the asserted claims of the patents that you contend are not met by the products you identified in response to Interrogatory No. 4, and the basis for your contention.*

**Response to Interrogatory No. 5:**

Reveal objects to this Interrogatory to the extent it seeks documents and/or information protected by the attorney-client privilege and/or the attorney work product doctrine. Reveal

5

further objects to this Interrogatory as premature because L-3 has yet to provide its proposed claim construction. Reveal further objects to this Interrogatory as a premature contention interrogatory that is more properly answerable at or near the close of discovery. Reveal also objects to this interrogatory to the extent that it seeks premature disclosure of expert opinions. Reveal further objects to this Interrogatory as vague as L-3 has not specified which claims of U.S. Patent Number 6,721,391 are asserted or how it contends the claims at issue are applied and allegedly infringed. Reveal has and will provide responsive, non-privileged documents that describe the operation and design of the CT-80 from which answers to this Interrogatory (based on the claim construction which has yet to be disclosed by L-3 or decided by the Court) may be derived or ascertained. Reveal reserves the right to supplement this response during the course of this litigation.

## CERTIFICATION

I, as an officer of Reveal Imaging Technologies, Inc., have read the foregoing answers to interrogatories and certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on February 18, 2005

Michael Ellenbogen
President and Chief Executive Officer
Reveal Imaging Technologies, Inc.

As to objections:

REVEAL IMAGING TECHNOLOGIES, INC.,

Rosemary M. Allen (BBO No. 549740)
H. Joseph Hameline (BBO No. 218710)
A. Jason Mirabito (BBO No. 349440)
Joseph D. Lipchitz (BBO No. 632637)
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: February 16, 2005

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on: 2/16/05

LIT 1503637v2

6