IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

L-3 COMMUNICATIONS SECURITY AND
DETECTION SYSTEMS, INC.
                Plaintiff,

v.

REVEAL IMAGING TECHNOLOGIES,
INC.

                Defendant.

Civil Action No. 04-11884 NG
(Magistrate Judge Judith Gail Dein)

**LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF L-3'S MOTION FOR PARTIAL SUMMARY JUDGMENT DECLARING THE ASSERTED CLAIMS OF ITS PATENTS TO BE NEITHER INVALID NOR UNENFORCEABLE**

Pursuant to Local Rule 56.1, Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), sets forth the following undisputed facts in support of its motion for partial summary judgment declaring United States Patent Nos. 6,721,391 ("the '391 patent"), 5,642,393 ("the '393 patent"), and 5,838,758 ("the '758 patent") to be neither invalid or unenforceable:

1.    L-3 filed its Amended Complaint on September 22, 2004.  (D.I. 5).

2.    In the Amended Complaint, L-3 alleged that Reveal had infringed, induced infringement of, and contributed to the infringement of U.S. Patent No. 6,721,391 ("the '391 patent"), claims 13 and 29 of U.S. Patent No. 5,642,393 ("the '393 patent"), and claims 38-40, 43, and 55 of U.S. Patent No. 5,838,758 ("the '758 patent").  (D.I. 5 at ¶¶ 8, 13, 18).

3.    In its Answer, Reveal alleged as an affirmative defense that "The asserted claims in the '391 Patent, '393 Patent and '758 Patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States

873965.1

Code." (D.I. 26 at ¶ 23).

  4. Reveal also alleged as a counterclaim that "Reveal states that the asserted claims in the '391, 393 and '758 Patents are invalid, unenforceable or void under the provisions of Title 35 of the United States Code." (D.I. 26 at ¶32).

  5. L-3 served the following Interrogatory No. 1:

> If you contend that any claim of the U.S. Patent Nos. 5,642,393; 5,838,758; and 6,721,391 ("the Patents") is invalid, then state the basis of your contention <u>in sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment.</u>

(Ex. A)[1] (emphasis added).

  6. Reveal responded to Interrogatory No. 1 by making a number of boilerplate objections and then stating:

> ***Reveal will provide responsive non-privileged documents from which answers to this Interrogatory may be derived or ascertained***. Reveal reserves the right to supplement this response during the course of litigation.

(<u>Id</u>.) (emphasis added).

  7. L-3 served the following Interrogatory No. 3:

> If you contend that any claim of the Patents is unenforceable, then state the basis of your contention <u>in sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment.</u>

(<u>Id.</u>) (emphasis added).

---

[1] The exhibits referred to in this document are attached to the accompanying Declaration of Robert M. Abrahamsen in Support of L-3's Motion for Partial Summary Judgment Declaring the Asserted Claims of Its Patents To Be Neither Invalid nor Unenforceable ("Abrahamsen Decl.").

8.      Reveal responded to Interrogatory No. 3 by making a number of boilerplate objections and then stating:

> Without waiving, and subject to, these and the General Objections set forth above, Reveal states that at this early stage of the litigation and prior to discovery, **Reveal is not presently contending that any of the L-3 patents asserted in this case is unenforceable**. Reveal reserves the right to assert such an allegation after discovery proceeds in this case.

(Id.) (emphasis added).

9.      On February 18, 2005, Reveal produced a box containing numerous patents and publications, along with a cover letter stating that the box contained "documents that may constitute prior art that renders L-3's patents invalid." (Abrahamsen Decl., ¶ 3; Ex. B).

10.     Reveal did not explain how the documents might render the patents invalid, and the basis for Reveal's contention of invalidity could not be readily ascertained from the production. (Abrahamsen Decl., ¶¶4-6).

11.     Nearly all of the patent documents produced by Reveal were listed on the face of at least one of the asserted patents. (Abrahamsen Decl., ¶5). Those materials were thus made of record, and considered by the patent examiner, during the prosecution of such patents. (Id.). In addition, a significant number of the non-patent publications produced by Reveal were published after the filing dates of the patents. (Id.). As such, those materials would not be legally cognizable "prior art." (Id.).

12.     Accordingly, Reveal did not provide a "specification of documents … in sufficient detail to permit [L-3] to locate and identify the records and to ascertain the answer as readily as could [Reveal]," as was required by Local Rule 33.1(B)(1). (Abrahamsen Decl., ¶¶4-6)

- 4 -

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC., |
|  | By its attorneys, |
| March 25, 2005 | /s/ James J. Foster<br>Michael A. Albert, BBO #558566<br>James J. Foster, BBO #553285<br>Robert M. Abrahamsen, BBO #636635<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Avenue<br>Boston, Massachusetts 02210<br>Tel.: 617.646.8000<br>Fax: 617.646.8646<br>jfoster@wolfgreenfield.com |