UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>REVEAL IMAGING TECHNOLOGIES, INC., )<br>)<br>Defendant. ) | C.A. No. 04-11884-NG<br>(Magistrate Judge Judith Gail Dein) |

**OPPOSITION OF REVEAL IMAGING TECHNOLOGIES, INC.
TO PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff L-3 Communications, Security and Detection Systems, Inc. ("L-3") has moved this Court to allow it to file a Second Amended Complaint. Defendant Reveal Imaging Technologies, Inc. ("Reveal") opposes that motion on the grounds that Reveal does not infringe any of the three patents that the Second Amended Complaint adds to this case and, therefore, the filing of the Second Amended Complaint is futile. Moreover, the Second Amended Complaint will add three patents and an additional 48 claims to this case, thereby doubling the number of patents at issue and increasing the number of claims at issue by nearly four-fold, from 13 to 48 claims.

Given that the discovery schedule set by the Court is already aggressive, the additions to this case that L-3 proposes to make in the Second Amended Complaint would necessarily require an extension of the time allowed for discovery, as well an expansion by the Court of the number of discovery requests that Reveal is allowed to serve upon L-3 under Local Rule 26.1. Otherwise, Reveal will be left in the position of having to defend a case that has increased exponentially in size with inadequate time and discovery tools to do so. For these reasons, as

more fully set forth below, Reveal requests that the Court deny L-3's motion to file the Second Amended Compliant, or, if it chooses to allow the Amendment, to extend the time for discovery and expand the number of requests for documents, interrogatories and requests for admission that Reveal may serve upon L-3.

**ARGUMENT**

**I.    The Addition Of Three New Patents To The Complaint Is Futile.**

Reveal's CT-80 EDS machine does not infringe any of the patents that L-3 proposes to add to this case.[1] Moreover, L-3's own actions show that it is fully aware of this fact. Each of the patents added in L-3's proposed Second Amended Complaint — U.S. Patent No. 6.707,879 ("the '879 Patent"), U.S. Patent No. 5.905,806 ("the '806 Patent") and U.S. Patent No. 5,712,926 ("the '926 Patent") — was issued to L-3 well before it filed its original complaint on August 30, 2004. The '879 patent was issued on March 16, 2004, five months before L-3 filed this action. The '806 patent was issued in May 1999 and the '926 was issued in January 1998, more than five years and six years, respectively, before the commencement of this action. Thus, at the time that it filed this action, L-3 was fully aware of these patents, two of which were several years old.

L-3 also had substantial discovery from Reveal in the State Action that disclosed the technology and operation of the CT-80 well before the original complaint was filed. Thus, L-3 had the knowledge of the construction and operation of the CT-80 necessary to scour its intellectual property portfolio for any patent that it might assert in this case. It chose to assert the '391, the '393 and '578 patents. It is clear upon the face of these patents that Reveal does not infringe them – a fact that will be proven as this case proceeds.

---

[1] Similarly, Reveal does not infringe on the initial three patents that L-3 asserted in this case: the U.S. Patent No. 6,721,391 ("the '391 patent"), asserted in L-3's original complaint, or the U.S. Patent No. 5,642,393 ("the '393 patent") and (3) U.S. Patent No. 5,838,758 ("the '758 patent") asserted in L-3's First Amended Complaint.

L-3 chose not to assert the '879, '806 or '926 patents against Reveal in its original complaint or in its First Amended Complaint. L-3 made that choice despite its knowledge of the CT-80 and its own patent portfolio, and despite its clear desire to bring some sort of suit against Reveal, no matter how spurious, in a desperate attempt to stop Reveal's entry into the EDS market. Clearly, L-3 did not believe that Reveal infringed those patents. Now, L-3 belatedly has decided that its purposes will be served by adding these three patents, despite the lack of merit of its allegations. Tellingly, although L-3 has discovery from Reveal in both this action and the State Action detailing the construction and method of operation of CT-80, the proposed Second Amended Complaint - - just like L-3's prior two complaints - - is bereft of any factual allegations on how the CT-80 purportedly infringes any of the patents at issue. L-3's Second Amended Complaint also fails to disclose which claims of the patents that L-3 now proposes to add to this case are allegedly infringed.

Under these circumstances, where L-3 had knowledge of the newly asserted patents and Reveal's technology at the time of the original complaint, this Court should deny its motion to file its proposed Second Amended Complaint on the grounds that such an amendment is futile and will do nothing other than unfairly force Reveal to defend spurious claims at substantial effort and cost.

**II.    If The Court Allows The Second Amended Complaint, Reveal Will Need Additional Time For Discovery And Additional Discovery Requests In Order To Allow It To Defend Itself Against L-3's Numerous Claims.**

Should this Court grant L-3's motion to file the proposed Second Amended Complaint, the number of patents asserted in this case will double and the claims at issue will be increased nearly four-fold. That will, of course, mean that the time that Reveal, its attorneys and experts

will be required to spend on discovery and analysis also will increase exponentially, a fact not lost on L-3.

On February 8, at the urging of L-3, this Court issued an aggressive discovery schedule setting a deadline of September 15 for the conclusion of all fact discovery relating to the infringement and validity of the three patents that were asserted in the First Amended Complaint. Reveal agreed that it could prepare its defense against the three asserted patents within that time, although the time-frame would be tight.

Should the Court now allow L-3 to file its Second Amended Compliant, Reveal requests that the Court also extend the time for the completion of discovery on the issues of infringement and validity by four months, from September 15, 2005 until January 14, 2006. Reveal also requests that the date for the parties to simultaneously exchange claim construction be extended by two months, from July 13, 2005 to September 13, 2005 and that the dates for expert reports also be extended by the same amount of time, from October to December, 2005. This will provide Reveal with the time that it needs to conduct discovery and prepare its defense with regard to these three new patents as well as the three patents already asserted in this case.

Reveal also requests that if the Court allows L-3 to file its Second Amended Complaint, that it expand the number of discovery requests that Reveal can issue to L-3 under Local Rule 26.1. Specifically, Reveal requests that it be allowed to send one additional set of Requests for the Production of Documents, up to 25 additional Interrogatories and up to 25 additional Requests for Admission. Before Reveal was apprised of L-3's intention to amend its complaint yet again, Reveal served L-3 with one of the two Requests for Production of Documents allowed under Local Rule 26.1 and with 14 Interrogatories. It had planned to use the second Request for the Production of Documents and the remaining interrogatories to follow up on issues that

inevitably arise in the course of discovery. If the Court allows L-3's motion to file the Second Amended Complaint, Reveal should not be forced to use its remaining discovery requests to get information from L-3 about the three newly asserted patents and their claims, and then be left without the ability to issue requests for the follow-up discovery that will almost certainly will be needed.

Accordingly, Reveal asks that the Court deny L-3's motion to file a Second Amended Complaint. However, if the Court decides that it will grant L-3's motion, Reveal requests that the Court also:

(1) order that no further amendments to the Complaint will be allowed;

(2) extend the discovery schedule and other dates in the Scheduling Order that were set at the February 8, 2005 Scheduling Conference and the March 7, 2005 hearing on L-3's Motion to Compel by four (4) months to allow defendant Reveal to conduct adequate discovery on the additional 48 claims that the '879, '806 and '926 patents would add to this case;

(3) extend the date by which the parties are to exchange claim construction and expert reports by two (2) months;

(4) expand the number of Requests for Documents that Reveal may file from two (2) to three (3);

(5) increase by 25 the number of Interrogatories Reveal may serve in this case; and

(6) increase by 25 the number of Requests for Admission that Reveal may serve.

Respectfully submitted,

**REVEAL IMAGING TECHNOLOGIES, INC.,**

By its attorneys,

    */s/ Rosemary Allen*
H. Joseph Hameline (BBO# 218710)
Rosemary Allen (BBO # 549746)
A. Jason Mirabito (BBO # 349440)
Joseph D. Lipchitz (BBO #632637)
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: March 28, 2005

LIT 1512222v1