IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>            Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>            Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein)<br><br>LEAVE GRANTED |

## **SECOND AMENDED COMPLAINT**

1.      Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), is a Delaware corporation having a principal place of business at 10 Commerce Way, Woburn, Massachusetts.

2.      L-3 is the world's leading supplier of X-ray security screening systems and metal detectors, and offers a broad array of products to the aviation, transportation, and public building security markets. It has over 18,000 systems in operation worldwide, including systems for screening packages for explosives, firearms, contraband, and drugs in the vast majority of commercial airports, jails, cargo applications, and government buildings.

3.      Defendant, Reveal Imaging Technologies, Inc. ("Reveal"), is a Delaware corporation having a principal place of business at 201 Burlington Road, Bedford, Massachusetts.

4.      Reveal has made, used, sold, and will offer for sale an explosives detection system it has designated as the "Reveal CT-80."

866334.1

**JURISDICTION**

5. Jurisdiction for this patent infringement action, which arises under 35 U.S.C. §1 et. seq., is based on 28 U.S.C. §§ 1331 and 1338(a).

**COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,721,391**

6. This count incorporates paragraphs 1 through 5 above.

7. L-3 owns United States Patent No. 6,721,391 ("the '391 patent") (Exhibit A), which issued on April 13, 2004.

8. Reveal has directly infringed, induced infringement of, and contributed to infringement of the '391 patent, and continues to do so, by making, using, selling, and offering for sale the Reveal CT-80 system within the United States.

9. Reveal's infringement of the '391 patent is and has been willful.

10. Reveal's infringement of the '391 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

**COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 5,642,393**

11. This count incorporates paragraphs 1 through 5 above.

12. L-3 owns United States Patent No. 5,642,393 ("the '393 patent") (Exhibit B), which issued on June 24, 1997.

13. Reveal has directly infringed, induced infringement of, and contributed to infringement of claims 13 and 29 of the '393 patent, and continues to do so, by making, using, selling, and offering for sale the Reveal CT-80 system within the United States.

14. Reveal's infringement of the '393 patent is and has been willful.

15.     Reveal's infringement of the '393 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 5,838,758

16.     This count incorporates paragraphs 1 through 5 above.

17.     L-3 owns United States Patent No. 5,838,758 ("the '758 patent") (Exhibit C), which issued on November 17, 1998.

18.     Reveal has directly infringed, induced infringement of, and contributed to infringement of claims 38-40, 43, and 55 of the '758 patent, and continues to do so, by making, using, selling, and offering to sell the Reveal CT-80 system within the United States.

19.     Reveal's infringement of the '758 patent is and has been willful.

20.     Reveal's infringement of the '758 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

## COUNT FOUR – INFRINGEMENT OF U.S. PATENT NO. 6,707,879

21.     This count incorporates paragraphs 1 through 5 above.

22.     L-3 owns United States Patent No. 6,707,879 ("the '879 patent") (Exhibit D), which issued on March 16, 2004.

23.     Reveal has directly infringed, induced infringement of, and contributed to infringement of the '879 patent, and continues to do so, by making, using, selling, and offering to sell the Reveal CT-80 system within the United States.

24.     Reveal's infringement of the '879 patent is and has been willful.

25. Reveal's infringement of the '879 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

### **COUNT FIVE – INFRINGEMENT OF U.S. PATENT NO. 5,712,926**

26. This count incorporates paragraphs 1 through 5 above.

27. L-3 owns United States Patent No. 5,712,926 ("the '926 patent") (Exhibit E), which issued on January 27, 1998.

28. Reveal has directly infringed, induced infringement of, and contributed to infringement of the '926 patent, and continues to do so, by making, using, selling, and offering to sell the Reveal CT-80 system within the United States.

29. Reveal's infringement of the '926 patent is and has been willful.

30. Reveal's infringement of the '926 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

### **COUNT SIX – INFRINGEMENT OF U.S. PATENT NO. 5,905,806**

31. This count incorporates paragraphs 1 through 5 above.

32. L-3 owns United States Patent No. 5,905,806 ("the '806 patent") (Exhibit F), which issued on May 18, 1999.

33. Reveal has directly infringed, induced infringement of, and contributed to infringement of the '806 patent, and continues to do so, by making, using, selling, and offering to sell the Reveal CT-80 system within the United States.

34. Reveal's infringement of the '806 patent is and has been willful.

35.     Reveal's infringement of the '806 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

For the above reasons, L-3 requests that this Court:

A.      Enter judgment that Reveal has infringed the '391, '393, '758, '879, '926, and '806 patents;

B.      Enjoin Reveal and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for it or on its behalf, or acting in concert or privity with it, from further infringement of the '391, '393, '758, '879, '926, and '806 patents;

C.      Award L-3 compensatory damages pursuant to 35 U.S.C. § 284;

D.      Award L-3 treble damages for willful infringement pursuant to 35 U.S.C. § 284;

E.      Award L-3 its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F.      Award L-3 costs and such other relief as the Court determines to be warranted.

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

March 16, 2005                    /s/ James J. Foster
                                  Michael A. Albert, BBO #558566
                                  James J. Foster, BBO #553285
                                  Robert M. Abrahamsen, BBO #636635
                                  WOLF, GREENFIELD & SACKS, P.C.
                                  600 Atlantic Avenue
                                  Boston, Massachusetts 02210
                                  Tel.: 617.646.8000
                                  Fax: 617.646.8646
                                  jfoster@wolfgreenfield.com