UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| REVEAL IMAGING TECHNOLOGIES, INC., | ) ) ) |
| Defendant. | ) |

C.A. No. 04-11884-NG
(Magistrate Judge Judith Gail Dein)

***REDACTED VERSION***

**AFFIDAVIT OF JOSEPH LIPCHITZ IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Rule 56(f), and in further opposition to Plaintiff L-3 Communications

Security and Detection Systems, Inc.'s ("L-3") Motion for Partial Summary Judgment

concerning the defenses of invalidity and unenforceability, I hereby depose and state the

following based on my personal knowledge:

     1.     I am counsel to Reveal Imaging Technologies, Inc., Michael Ellenbogen, Richard

Bijjani, James Buckley, Bruce Lee, John Sanders and Elan Scheinmen in <u>L-3 Communications

Security and Detection Systems, Inc. v. Reveal Imaging Technologies, Inc. et al.</u>, Suffolk

Superior Court, Civil Action No. 03-5810-BLS (the "State Action") as well as to Reveal Imaging

Technologies, Inc. ("Reveal") in this case.

     2.     L-3 filed its original Complaint in this case on August 30, 2004 alleging that

Reveal's CT-80 willfully infringes on U.S. Patent No. 6,721,391 ('391 Patent) issued on April

13, 2004.  A copy of L-3's original Complaint is attached as <u>Exhibit A</u>.

3.     Prior to August 2004, Reveal, during the course of the State Action, produced an extensive amount of discovery to L-3 comprised of tens of thousands of electronic files on 19 DVDs and CDs, and nearly 5,000 pages of paper documents. These documents detailed the design specifications for the hardware, software, algorithms, networking and physical architecture of the CT-80 machine.

4.     Not only did Reveal produce the details concerning the design, development and operation of the CT-80, it also produced documents concerning prior due diligence review of existing patents, including U.S. Patent No. 5,642,393 ("the '393 patent") and U.S. Patent No. 5,838,758 ("the '758 patent"), to ensure that Reveal's proposed technology did not infringe on any existing patents. Reveal also produced the 2003 analysis ("Aptec Report") conducted for venture capital entities before they invested in Reveal. The Aptec Report concluded that Reveal's trade secrets and confidential technology were unique and did not infringe on existing proprietary technology.

5.     In September 2004, L-3 filed its First Amended Complaint adding allegations that Reveal's CT-80 willfully infringes on two more patents: the '393 Patent and the '758 Patent. A copy of L-3's First Amended Complaint is attached hereto as Exhibit B.

6.     Notwithstanding the discovery provided to L-3 in the State Action, L-3's First Amended Complaint was bereft of any factual allegations on how Reveal's CT-80 infringes on the '391, '393, and '758 Patents.

7.     On December 21, 2004, the TSA certified Reveal's CT-80 as an EDS, making Reveal only the third EDS company in the United States and threatening to break L-3's virtual monopoly on the market.

2

8.     On February 8, 2005, L-3 notified Reveal and this Court that it would be amending its complaint yet again.   On March 30, 2005, the Court allowed L-3 to amend its complaint for a second time, adding three new patents: U.S. Patent No. 6.707,879 ("the '879 Patent"), U.S. Patent No. 5.905,806 ("the '806 Patent") and U.S. Patent No. 5,712,926 ("the '926 Patent").   As with L-3's previous complaints, L-3's Second Amended Complaint was also bereft of any factual allegations supporting its claims of infringement.   A copy of L-3's Second Amended Complaint is attached hereto as Exhibit C.

9.     Prior to L-3's most recent Second Amended Complaint, Reveal provided L-3 with extensive evidence concerning the design, development and operation of the CT-80 sufficient for L-3 to articulate how Reveal allegedly infringes the '391, '393, '758, '879, '806 and '926 Patents.   This has included over 40,000 pages of documents and 20 CDs and DVDs full of electronic data.   Specifically, Reveal's productions have included:

- Over 10,000 emails and attachments related to the design and development of the CT-80 from Reveal's technical staff including such electronic documents from:

  > Robert Bijjani, Chief Technical Officer
  > Lorena Kreda, Algorithm Specialist
  > Bruce Lee, Director of Program Management
  > Robert Shuchatowitz, Manager of Algorithm Group
  > Ling Tang, Algorithm Specialist
  > Roy Hull, Software Engineer
  > Rajiv Naravene, Sr. Software Engineer
  > Colin Bourn, Sr. Software Engineer
  > Moji Kashef, Sr. Software Engineer
  > Tom Atkinson, Electrical Engineer

- Reveal's 100-page grant proposal to the Transportation Safety Administration ("TSA") that lays out in explicit detail the hardware, software and algorithm design for Reveal's CT-80.

- A 2003 analysis ("Aptec Report") conducted for venture capital firm investors before they invested in Reveal concluding that Reveal's trade secrets and confidential technology were unique and did not infringe on existing proprietary technology.

- Twenty (20) CDs and DVDs containing tens of thousands of files, including the contents of the Reveal employees' home and work computers, and the versions of the CT-80's software and algorithms.

- Documents concerning the electrical design of the CT-80, from Reveal's lower-level staff.

- Engineering Notebooks from Reveal's Chief Technology Officer and his staff concerning the design and development of the CT-80.

- Design specifications for hardware and software components of the CT-80, including PowerPoint presentations laying out the EDS detector array, Omni-block mounting, software, networking and architectural specifications of the CT-80.

- Minutes of Reveal's weekly design meetings, as well as all of Reveal's patent applications.

**The Scheduling Conference and Order**

10.    On February 8, 2005, the Court held a Rule 16(b) scheduling conference and issued a Scheduling Order setting forth, among other things, a timetable designed to allow the parties to focus on discovery aimed at ascertaining the factual support for Plaintiff's claims of infringement and whether Plaintiff's patents' claims were valid, enforceable and covered the Reveal CT-80. A copy of this Order is attached as Exhibit D.

11.    The Scheduling Order set July 13, 2005, as the date for the parties to exchange proposed claim constructions "of each claim term, phrase, or clause that the parties collectively have identified for claim construction purposes" and September 15, 2005, as the date for the completion of non-damages discovery. The deadline for Plaintiff's disclosure of experts was set at October 3, 2005.

**L-3's Improper Resort to Contention Interrogatories to Obtain Summary Judgment**

12.    On January 14, 2004, L-3 served Reveal with contention interrogatories designed

4

to obtain summary judgment without having to first disclose its construction of its claims.  For example,

> **Interrogatory No. 1:**
> If you contend that any claim of U.S. Patent Nos. 5,642,393; 5,838,758; and 6,721,391 ("the Patents") is invalid, then state the basis of your contention in sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment.
>
> **Interrogatory No. 3:**
> If you contend that any claim of the Patents is unenforceable, then state the basis of your contention in sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment.

See Defendant Reveal Imaging Technologies, Inc's Responses to Plaintiff's First Set of Interrogatories, attached as Exhibit E.

13.    In answering Plaintiff's interrogatories, Reveal specifically objected (1) because the interrogatories were premature given that there has not yet been any claim construction, and (2) L-3 was attempting to force Reveal to articulate its defense with sufficient detail to withstand summary judgment before L-3 had even particularized its own claims.  Specifically, Reveal stated:

> General Objections
>
> 3.    Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it seeks information that is premature under 35 U.S.C. §282.  Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it seeks information that <u>is premature because L-3 has yet to produce its proposed claim construction and the Court has not construed the claims at issue.</u>
>
> 7.    Reveal objects to the instruction in Interrogatories nos. 1, 3 and 5 concerning the requests for <u>sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment as inappropriate and untimely because L-3 has yet to provide its proposed claim construction</u> and the Court has not construed the claims at issue.

(See Exhibit E) (emphasis added).

5

14.    Reveal also reiterated its objections specifically in response to Plaintiff's interrogatories number 1 and 3 as "premature because L-3 has yet to provide its proposed claim construction and the Court has not construed the claims" and as a "contention interrogatory more properly answerable at or near the close of discovery." Reveal also reserved its right to supplement its responses after discovery proceeded in this case. (Exhibit E at pp. 3-5).

15.    In a letter dated February 16, 2005 accompanying Reveal's responses to L-3's interrogatories, I explained that Plaintiff had not provided any specifics about its claims, although it has had substantial discovery concerning the design, development and operation of Reveal's CT-80. I expressly reserved Reveal's right to supplement its responses.

> Finally, notwithstanding the extensive discovery on the design, development, and operation of Reveal's CT-80 provided to L-3 in the State Action as well as this litigation, L-3 has failed to specify in its complaint or elsewhere how the patents-in-suit cover the CT-80. Notwithstanding this fact, Reveal is in the process of gathering documents that may constitute prior art that renders L-3's patents invalid. We anticipate providing this information to you this Friday, February 18, 2005. As always, Reveal reserves its right to supplement its discovery as this case proceeds.

(Letter of Joseph Lipchitz dated 2/14/05, attached hereto as Exhibit F) (emphasis added).

16.    Reveal's production of prior art materials was as comprehensive as was reasonably possible given that L-3 has failed to sufficiently articulate the factual basis for its claims or its construction of the patent. Under patent law, L-3 cannot interpret its claims narrowly to avoid invalidity and broadly to prove infringement. Indeed, given the nature of the patents that L-3 has asserted and how the CT-80 operates, it appears that L-3 has ignored this basic principle of patent law. If L-3 interprets the patents as broadly as it must to claim infringement, then the patent documents would invalidate L-3's claims. Moreover, Reveal

6

produced non-patent materials published prior to the date of the '391 Patent, which would

invalidate that patent on the breadth of L-3's claim construction.

**Plaintiff Has Avoided Reveal's Discovery Efforts**

17.    In an effort to ascertain both the factual basis for L-3's claims as well as L-3's

construction of the relevant claim terms, phrases, or clauses, Reveal has propounded discovery,

including requests for documents and interrogatories.  Those discovery requests were served on

January 26, 2005.

18.    On March 7, 2005, Plaintiff responded to Reveal's First Set of Interrogatories and

Reveal's  First Request for Production of Documents.  A copy of Plaintiff's Highly-Confidential

Responses to Defendant's First Set of Interrogatories is attached hereto as Exhibit G.  A copy of

Plaintiff's Responses to Defendant's First Request for the Production of Documents is attached

hereto as Exhibit H.

19.    For example, a key factual issue bearing directly on Reveal's defense of invalidity

is the prior art that L-3 believes is relevant to the asserted patents.  Accordingly, Reveal asked

Plaintiff interrogatories concerning prior art.  See Exhibit G, Response to Interrogatory No. 2.

L-3 responded as follows:

> Interrogatory No. 2
> Identify all prior art to the '391, '393 and/or '758 Patents other than the prior art
> identified in the "References Cited" section of the '391 Patent, the ''393 Patent,
> or the '758 Patent, respectively.
>
> RESPONSE

(Id.) (emphasis added).  Notwithstanding L-3's invocation of Rule 33(d), it failed to specifically identify what documents in the six boxes that L-3 produced was the referenced prior art.

20.    Reveal propounded other interrogatories targeting information that goes to the heart of Plaintiff's potential claim construction and the factual underpinnings of Reveal's invalidity and unenforceability defenses.  For example, Reveal has requested that L-3:

- Specify the claims of the patents allegedly infringed, and provide claim charts comparing each of the clams of the patents-in-suit to the CT-80;

- Provide information concerning (a) the conception of each of the claims at issue, (b) disclosures of the subject matter of the patents-in-suit prior to the filing of the patents, (c) any reduction to practice of the subject matter of the patents-in-suit, and (d) the first making, offering for sale, experimentation, or public use of the subject matter of the patents-in-suit; and

- State the Plaintiff's proposed construction for each word, term, or phrase of each aim of the patents-in-suit plaintiff contends is infringed.

See  Exhibit G, Responses to Interrogatories 3, 4, 8, and 12.

21.    As Plaintiff's responses to discovery reflect, L-3 has not provided meaningful information at this time in response to Reveal's discovery.  See Exhibit E, Responses 1, 2, 3, 4, 5, 8, and 12.  For example, L-3 has asserted that it does not have to produce any claim construction until July 13, 2005 under the Court's Scheduling Order. (Exhibit G).

22.    To date, neither party has taken a single deposition on issues relevant to infringement, validity, or the operation of the CT-80.  The only deposition that has been taken was a Rule 30(b)(6) deposition of Reveal on January 21, 2005 relating to issues on Reveal's immunity under 28 U.S.C. §1498.  Reveal has taken no depositions at this point because it was awaiting the filing of the Second Amended Compliant announced by L-3's counsel on February

8

8, 2005, but actually filed on March 16 and allowed by this Court on March 30. Reveal is in the process of analyzing the additional patents and will commence depositions shortly.

23.    In sum, Plaintiff has failed to provide the most basic information concerning its proposed claim construction, concerning prior art, and concerning its own allegations of infringement. See Exhibit G.

24.    Until L-3 has sufficiently articulated the basis of its claims and produced its proposed claim construction under the Court's Scheduling Order, Reveal is forced to guess at the applicable prior art.

### REVEAL'S RULE 56(F) STATEMENT

25.    As set forth above and through its opposition papers, Reveal has demonstrated that L-3 is not entitled to partial summary judgment as a matter of law. However, if the Court should decide that the law does not mandate the summary denial of the L-3's motion, Reveal is entitled to the discovery envisioned by this Court's Scheduling Order that would Reveal to both defeat L-3's current summary judgment motion, but also affirmatively move to dismiss L-3's claims. Specifically, consistent with this Court's Scheduling Order, Reveal is entitled to conduct the following discovery, virtually all of which will raise material issues of fact and little of which is in the control of Reveal or its agents:

(a)    Obtain L-3's Proposed Claim Construction of "each claim term, phrase, or clause" that is relevant to interpreting L-3's asserted patent claims;

(b)    Move to compel L-3 to provide sufficient answers to Reveal's First Set of Interrogatories and documents responsive to Reveal's First Request for the Production of Documents concerning the factual basis of L-3's claims;

(c)    Take a Rule 30(b)(6) deposition of L-3 concerning, among other things, the meaning, scope and embodiments of the asserted patent claims;

(d)    Depose named inventors on the patents in suit; and

(e)    Exchange expert reports.

SIGNED under the pains and penalties of perjury, this the 7th day of April, 2005.

                                     */s/ Joseph D. Lipchitz*
                                     Joseph D. Lipchitz, Esq.

LIT 1512621v2

# EXHIBIT A

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

L-3 COMMUNICATIONS SECURITY AND
DETECTION SYSTEMS, INC.
Plaintiff,

v.

REVEAL IMAGING TECHNOLOGIES, INC.

Defendant.

Civil Action No.

04  11884  NG

## COMPLAINT AND JURY DEMAND

Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), for its

Complaint against defendant, Reveal Imaging Technologies, Inc. ("Reveal"), alleges:

## THE PARTIES

1.     L-3 is a Delaware corporation having a principal place of business at 10

Commerce Way, Woburn, Massachusetts.

2.     L-3 is the world's leading supplier of X-ray security screening systems and metal

detectors, and offers a broad array of products to the aviation, transportation, and public building

security markets.  It has over 18,000 systems in operation worldwide, including systems for

screening packages for explosives, firearms, contraband, and drugs in the vast majority of

commercial airports, jails, cargo applications, and government buildings.

3.     Reveal is a Delaware corporation having a principal place of business at 201

Burlington Road, Bedford, Massachusetts.

4.     On information and belief, Reveal has made and used, and will offer for sale, an

explosives detection system it has designated as the "Reveal CT-80."

5.    According to documents posted on Reveal's web site, "[t]he Reveal CT-80 is designed to inspect checked baggage, carry-on baggage, air freight and parcels in a distributed network of EDS machines," and such "[f]ull multiplexing enables the CT-80 to send images of suspect baggage to remote screeners to minimize labor requirements." Reveal's web site goes on to assert that "[a] ticket agent need only scan a bar code from the bag tag, then load the bag using a simple touch panel," and that "[t]he CT-80 EDS scans the bag and automatically communicates with security screeners, allowing the ticket agent to continue serving the customer," and that "bag images are easily retrieved using the bag's bar code for final resolution."

## JURISDICTION AND VENUE

6.    Jurisdiction for this patent infringement action, which arises under 35 U.S.C. §1 et. seq., is founded on 28 U.S.C. §§ 1331, 1332, and 1338(a).

7.    Venue in this District is proper under 28 U.S.C. §§ 1391, 1400.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,721,391

8.    L-3 incorporates the allegations of paragraphs 1 through 7 above as if fully set forth herein.

9.    L-3 owns United States Patent No. 5,721,391 ("the '391 patent"), which issued on April 13, 2004, and thus has the right to sue for infringement of the '391 patent. A copy of the '391 patent is attached hereto as Exhibit A.

- 2 -

10.    On information and belief, Reveal has directly infringed, induced infringement of, and contributed to infringement of the '391 patent, and continues to do so, by making and using the Reveal CT-80 system within the United States.

11.    Upon information and belief, Reveal's infringement of the '391 patent is and has been willful.

12.    Reveal's infringement of the '391 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

For the above reasons, L-3 requests that this Court:

A.    Enter judgment that Reveal has infringed the '391 patent;

B.    Enjoin Reveal and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for it or on its behalf, or acting in concert or privity with it, from further infringement of the '391 patent;

C.    Award L-3 compensatory damages pursuant to 35 U.S.C. § 284;

D.    Award L-3 its costs and prejudgment and postjudgment interest, pursuant to 35 U.S.C. § 284 and other applicable law;

E.    Award L-3 treble damages for willful infringement pursuant to 35 U.S.C. § 284;

F.    Award L-3 its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G.    Award L-3 such other relief as the Court deems to be just and warranted.

## JURY DEMAND

L-3 DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

August 30, 2004

Michael A. Albert, BBO #558566
James J. Foster, BBO #553285
Robert M. Abrahamsen, BBO #636635
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646-8000
Fax: 617.646.8646

# EXHIBIT B



COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 22 P 12: 37

U.S. DISTRICT COURT
DISTRICT OF MASS.

L-3 COMMUNICATIONS SECURITY AND
DETECTION SYSTEMS, INC.
            Plaintiff,

v.                                          Civil Action No. 04-11884 NG

REVEAL IMAGING TECHNOLOGIES, INC.

            Defendant.

## AMENDED COMPLAINT

### THE PARTIES

1.     Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), is a Delaware corporation having a principal place of business at 10 Commerce Way, Woburn, Massachusetts.

2.     L-3 is the world's leading supplier of X-ray security screening systems and metal detectors, and offers a broad array of products to the aviation, transportation, and public building security markets. It has over 18,000 systems in operation worldwide, including systems for screening packages for explosives, firearms, contraband, and drugs in the vast majority of commercial airports, jails, cargo applications, and government buildings.

3.     Defendant, Reveal Imaging Technologies, Inc. ("Reveal"), is a Delaware corporation having a principal place of business at 201 Burlington Road, Bedford, Massachusetts.

4.     On information and belief, Reveal has made and used, and will offer for sale, an explosives detection system it has designated as the "Reveal CT-80."

826373.1

## JURISDICTION

5.    Jurisdiction for this patent infringement action, which arises under 35 U.S.C. §1 et. seq., is based on 28 U.S.C. §§ 1331 and 1338(a).

## COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,721,391

6.    This count incorporates paragraphs 1 through 5 above.

7.    L-3 owns United States Patent No. 6,721,391 ("the '391 patent") (Exhibit A), which issued on April 13, 2004.

8.    On information and belief, Reveal has directly infringed, induced infringement of, and contributed to infringement of the '391 patent, and continues to do so, by making and using the Reveal CT-80 system within the United States.

9.    On information and belief, Reveal's infringement of the '391 patent is and has been willful.

10.    Reveal's infringement of the '391 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 5,642,393

11.    This count incorporates paragraphs 1 through 5 above.

12.    L-3 owns United States Patent No. 5,642,393 ("the '393 patent") (Exhibit B), which issued on June 24, 1997.

13.    On information and belief, Reveal has directly infringed, induced infringement of, and contributed to infringement of claims 13 and 29 of the '393 patent, and continues to do so, by making and using the Reveal CT-80 system within the United States.

826373.1

- 2 -

14.    On information and belief, Reveal's infringement of the '393 patent is and has been willful.

15.    Reveal's infringement of the '393 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 5,838,758

16.    This count incorporates paragraphs 1 through 5 above.

17.    L-3 owns United States Patent No. 5,838,758 ("the '758 patent") (Exhibit C), which issued on November 17, 1998.

18.    On information and belief, Reveal has directly infringed, induced infringement of, and contributed to infringement of claims 38-40, 43, and 55 of the '758 patent, and continues to do so, by making and using the Reveal CT-80 system within the United States.

19.    On information and belief, Reveal's infringement of the '758 patent is and has been willful.

20.    Reveal's infringement of the '758 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

For the above reasons, L-3 requests that this Court:

A.    Enter judgment that Reveal has infringed the '391, '393, and '758 patents;

B.    Enjoin Reveal and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for it or on its behalf, or acting in concert or privity with it, from further infringement of the '391, '393, and '758 patents;

C.    Award L-3 compensatory damages pursuant to 35 U.S.C. § 284;

826373.1

D.    Award L-3 treble damages for willful infringement pursuant to 35 U.S.C. § 284;

E.    Award L-3 its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F.    Award L-3 costs and such other relief as the Court determines to be warranted.

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

September 22, 2004

Michael A. Albert, BBO #558566
James J. Foster, BBO #553285
Robert M. Abrahamsen, BBO #636635
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646-8000
Fax: 617.646-8646

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2004, I served a copy of the Amended Complaint on counsel for Defendant, Reveal Imaging Technologies, Inc., via hand-delivery, addressed to:

Jason Mirabito, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111

_____

826373.1

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

L-3 COMMUNICATIONS SECURITY AND
DETECTION SYSTEMS, INC.
　　　　　　　Plaintiff,

v.

REVEAL IMAGING TECHNOLOGIES,
INC.

　　　　　　　Defendant.

Civil Action No. 04-11884 NG
(Magistrate Judge Judith Gail Dein)

LEAVE GRANTED

## SECOND AMENDED COMPLAINT

1.　　　Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"),
is a Delaware corporation having a principal place of business at 10 Commerce Way,
Woburn, Massachusetts.

2.　　　L-3 is the world's leading supplier of X-ray security screening systems and
metal detectors, and offers a broad array of products to the aviation, transportation, and
public building security markets.  It has over 18,000 systems in operation worldwide,
including systems for screening packages for explosives, firearms, contraband, and
drugs in the vast majority of commercial airports, jails, cargo applications, and
government buildings.

3.　　　Defendant, Reveal Imaging Technologies, Inc. ("Reveal"), is a Delaware
corporation having a principal place of business at 201 Burlington Road, Bedford,
Massachusetts.

4.　　　Reveal has made, used, sold, and will offer for sale an explosives
detection system it has designated as the "Reveal CT-80."

## JURISDICTION

5.     Jurisdiction for this patent infringement action, which arises under 35 U.S.C. §1 et. seq., is based on 28 U.S.C. §§ 1331 and 1338(a).

## COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,721,391

6.     This count incorporates paragraphs 1 through 5 above.

7.     L-3 owns United States Patent No. 6,721,391 ("the '391 patent") (Exhibit A), which issued on April 13, 2004.

8.     Reveal has directly infringed, induced infringement of, and contributed to infringement of the '391 patent, and continues to do so, by making, using, selling, and offering for sale the Reveal CT-80 system within the United States.

9.     Reveal's infringement of the '391 patent is and has been willful.

10.     Reveal's infringement of the '391 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 5,642,393

11.     This count incorporates paragraphs 1 through 5 above.

12.     L-3 owns United States Patent No. 5,642,393 ("the '393 patent") (Exhibit B), which issued on June 24, 1997.

13.     Reveal has directly infringed, induced infringement of, and contributed to infringement of claims 13 and 29 of the '393 patent, and continues to do so, by making, using, selling, and offering for sale the Reveal CT-80 system within the United States.

14.     Reveal's infringement of the '393 patent is and has been willful.

866334.1                                    - 2 -

15.    Reveal's infringement of the '393 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 5,838,758

16.    This count incorporates paragraphs 1 through 5 above.

17.    L-3 owns United States Patent No. 5,838,758 ("the '758 patent") (Exhibit C), which issued on November 17, 1998.

18.    Reveal has directly infringed, induced infringement of, and contributed to infringement of claims 38-40, 43, and 55 of the '758 patent, and continues to do so, by making, using, selling, and offering to sell the Reveal CT-80 system within the United States.

19.    Reveal's infringement of the '758 patent is and has been willful.

20.    Reveal's infringement of the '758 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

## COUNT FOUR – INFRINGEMENT OF U.S. PATENT NO. 6,707,879

21.    This count incorporates paragraphs 1 through 5 above.

22.    L-3 owns United States Patent No. 6,707,879 ("the '879 patent") (Exhibit D), which issued on March 16, 2004.

23.    Reveal has directly infringed, induced infringement of, and contributed to infringement of the '879 patent, and continues to do so, by making, using, selling, and offering to sell the Reveal CT-80 system within the United States.

24.    Reveal's infringement of the '879 patent is and has been willful.

866334.1                                    - 3 -

25.    Reveal's infringement of the '879 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

## COUNT FIVE – INFRINGEMENT OF U.S. PATENT NO. 5,712,926

26.    This count incorporates paragraphs 1 through 5 above.

27.    L-3 owns United States Patent No. 5,712,926 ("the '926 patent") (Exhibit E), which issued on January 27, 1998.

28.    Reveal has directly infringed, induced infringement of, and contributed to infringement of the '926 patent, and continues to do so, by making, using, selling, and offering to sell the Reveal CT-80 system within the United States.

29.    Reveal's infringement of the '926 patent is and has been willful.

30.    Reveal's infringement of the '926 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

## COUNT SIX – INFRINGEMENT OF U.S. PATENT NO. 5,905,806

31.    This count incorporates paragraphs 1 through 5 above.

32.    L-3 owns United States Patent No. 5,905,806 ("the '806 patent") (Exhibit F), which issued on May 18, 1999.

33.    Reveal has directly infringed, induced infringement of, and contributed to infringement of the '806 patent, and continues to do so, by making, using, selling, and offering to sell the Reveal CT-80 system within the United States.

34.    Reveal's infringement of the '806 patent is and has been willful.

35.     Reveal's infringement of the '806 patent has caused and will continue to cause L-3 substantial damages, and irreparable harm for which there is no adequate remedy at law.

For the above reasons, L-3 requests that this Court:

A.     Enter judgment that Reveal has infringed the '391, '393, '758, '879, '926, and '806 patents;

B.     Enjoin Reveal and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for it or on its behalf, or acting in concert or privity with it, from further infringement of the '391, '393, '758, '879, '926, and '806 patents;

C.     Award L-3 compensatory damages pursuant to 35 U.S.C. § 284;

D.     Award L-3 treble damages for willful infringement pursuant to 35 U.S.C. § 284;

E.     Award L-3 its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F.     Award L-3 costs and such other relief as the Court determines to be warranted.

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

March 16, 2005

/s/ James J. Foster
Michael A. Albert, BBO #558566
James J. Foster, BBO #553285
Robert M. Abrahamsen, BBO #636635
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646.8000
Fax: 617.646.8646
jfoster@wolfgreenfield.com

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,            )
                                        )
                                        )
            Plaintiff,                  )
    v.                                  )        CIVIL ACTION
                                        )        NO. 04-11884-NG
                                        )
REVEAL IMAGING TECHNOLOGIES, INC.,      )
                                        )
            Defendant.                  )

## SCHEDULING ORDER

In accordance with a scheduling conference held today pursuant to Fed. R. Civ. P.
16(b) and Local Rule 16.1, it is hereby ORDERED as follows:

1.    The parties will simultaneously exchange a preliminary Proposed Claim
      Construction of each claim term, phrase or clause that the parties
      collectively have identified for claim construction purposes on or before
      **July 13, 2005**.

2.    The parties shall complete all fact discovery unrelated to damages on or
      before **September 15, 2005**. The plaintiff will presently defer discovery
      regarding damages, but may renew its request for such information upon
      written notice to the defendant. If the defendant makes a sale to a non-
      governmental entity, immediate notice of the sale shall be given to the
      plaintiff. Nothing herein shall constitute a waiver of the plaintiff's right to
      seek damage discovery as to any sales, governmental or otherwise, beyond
      the present discovery cut-off date.

3.    The party with the burden of proof will serve expert reports on or before
      **October 3, 2005**. Each party will respond to those reports on or before
      **October 21, 2005**.

4.    The defendant's Motion for a Protective Order (Docket No. 39) is allowed
      in part and denied in part pursuant to rulings from the bench. The parties

shall submit a revised proposed Protective Order incorporating the court's rulings.

5.  A status conference is scheduled for **Wednesday, September 7, 2005, at 10:00 A.M.** At that time, the parties shall be prepared to discuss:

  (i)     the status of the case;
  (ii)    scheduling for the remainder of the case through trial;
  (iii)   the use of Alternative Dispute Resolution ("ADR"); and
  (iv)    consent to trial before the magistrate judge.

The parties shall submit a brief joint statement no later than five (5) days before the status conference addressing the issues itemized above. With respect to items (iii) and (iv), the parties shall indicate whether an agreement has been reached, but are not obligated to identify their respective positions

                              ____/ s / Judith Gail Dein_____
                              Judith Gail Dein
                              United States Magistrate Judge
DATED: February 8, 2005

# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.,<br><br>                Defendant. | C.A. No. 04-11884-NG<br>(Magistrate Judge Judith Gail Dein) |

## DEFENDANT REVEAL IMAGING TECHNOLOGIES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Reveal Imaging Technologies, Inc. ("Reveal") responds to the First Set of Interrogatories propounded by Plaintiff L-3 Communications, Security and Detection Systems, Inc. ("L-3") as follows:

### GENERAL OBJECTIONS

1.      Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it purports to impose duties and obligations beyond those imposed by the Federal Rules of Civil Procedure or other applicable law.

2.      Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it seeks information relating to Reveal's confidential financial information and information regarding Reveal's pricing, customers, contract negotiations and contracts in violation of this Court's Scheduling Order dated February 8, 2005.

3.      Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it seeks information that is premature under 35 U.S.C. § 282. Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it seeks information that is premature because L-3 has yet to produce its proposed claim construction and the Court has not construed the claims at issue.

4.      Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it

calls for the disclosure of information protected by the attorney client privilege, attorney work product immunity, or any other applicable common law or statutory privilege or immunity.

5.      Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it is overbroad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence.

6.      Reveal objects to Plaintiff's First Set of Interrogatories to the extent that it seeks information that is already in Plaintiff's possession, custody or control, or that is available from public sources or other parties, including all documents previously produced by Reveal in the State Action.

7.      Reveal objects to the instruction in Interrogatories nos. 1, 3 and 5 concerning the requests for sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment as inappropriate and untimely because L-3 has yet to provide its proposed claim construction and the Court has not construed the claims at issue.

8.      Reveal's objections and responses are made without waiving the right to assert any other applicable objection to the Interrogatories; or the right to object to the use of any answer for any purpose, in this action or in any other action, on the grounds of privilege, relevance, materiality or any other appropriate grounds.  Furthermore, Reveal retains the right to object to any interrogatory involving or relating to the subject matter of the responses herein. Reveal retains the right to supplement its production, and/or to revise, correct and/or clarify any of these objections and/or responses at any time as permitted under the Federal and Local Rules.

9.      The above General Responses and Objections apply to Plaintiff's specific interrogatories and are hereby incorporated by reference into each of Reveal's Specific Responses and Objections set forth below.

2

10.    As agreed by the parties in this action, discovery in this case is subject to the Agreed-Upon Protective Order entered in the State Action regarding the designation and use of "Confidential" and "Highly Confidential" discovery until such time as the Court enters a separate Protective Order.

## SPECIFIC OBJECTIONS AND/OR RESPONSES TO L-3'S FIRST SET OF INTERROGATORIES

### Interrogatory No. 1:

*If you contend that any claim of U.S. Patent Nos. 5,642,393; 5,838,758; and 6,721,391 ("the Patents") is invalid, then state the basis of your contention in sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment.*

### Response to Interrogatory No.1 :

Reveal objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Reveal further objects to this Interrogatory as premature pursuant to 35 U.S.C. § 282. Reveal further objects to this Interrogatory as premature because L-3 has yet to provide its proposed claim construction and the Court has not construed the claims. Reveal further objects to this Interrogatory as a premature contention interrogatory that is more properly answerable at or near the close of discovery. Reveal also objects to this interrogatory to the extent that it seeks premature disclosure of expert opinions.

Reveal will provide responsive non-privileged documents from which answers to this Interrogatory may be derived or ascertained. Reveal reserves the right to supplement this response during the course of this litigation.

### Interrogatory No. 2:

*For each claim of the Patents that you contend is invalid, identify any prior art you contend would support an argument that such claim is invalid.*

3

## Response to Interrogatory No. 2:

Reveal objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Reveal further objects to this Interrogatory as premature, pursuant to 35 U.S.C. § 282. Reveal further objects to this Interrogatory as a premature contention interrogatory that is more properly answerable at or near the close of discovery. Reveal also objects to this interrogatory to the extent that it seeks premature disclosure of expert opinions.

Reveal also objects to this Interrogatory as premature as L-3 has yet to provide its proposed claim construction. As such, L-3 has failed to provide sufficient information to allow Reveal to ascertain what patents are invalid due to prior art as opposed to valid, but which Reveal does not infringe. Notwithstanding these objections, Reveal will provide responsive non-privileged documents that may constitute prior art that renders L-3's patents invalid. Reveal reserves the right to supplement this response during the course of this litigation.

## Interrogatory No. 3:

*If you contend that any claim of the Patents is unenforceable, then state the basis of your contention in sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment.*

## Response to Interrogatory No. 3:

Reveal objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Reveal further objects to this Interrogatory as a premature contention interrogatory that is more properly answerable at or near the close of discovery. Reveal further objects to this Interrogatory as premature because L-3 has yet to provide its proposed claim construction. Reveal objects to this Interrogatory to the extent that it seeks to impose obligations on Reveal that are beyond those required, and obtain information from Reveal that is beyond that required, by the Federal Rules of Civil Procedure

4

and the Local Rules of this Court. Without waiving, and subject to, these and the General

Objections set forth above, Reveal states that at this early stage of the litigation and prior to

discovery, Reveal is not presently contending that any of the L-3 patents asserted in this case is

unenforceable. Reveal reserves the right to assert such an allegation after discovery proceeds in

this case.

**Interrogatory No. 4:**

*Identify by name and model number, and actual or prospective customer (if any), each type of explosive detection system you made, used, imported, offered for sale, or sold since your inception, and the dates, places and circumstances under which each such manufacture, use, importation, sale or offer for sale occurred.*

**Response to Interrogatory No. 4:**

Reveal objects to this Interrogatory as overly broad and unduly burdensome. Reveal also

objects to this Interrogatory to the extent it requests information that is neither relevant, nor

reasonably calculated to lead to the discovery of admissible evidence.

Reveal manufactures the Reveal CT-80 Inline Station Explosives Detection System.

Reveal has already provided both deposition testimony and responsive, non-privileged

documents. To the extent that L-3 seeks additional information, Reveal objects because the

interrogatory seeks discovery that has been deferred under the Court's Scheduling Conference

Order dated February 8, 2005.

**Interrogatory No. 5:**

*State, in sufficient detail to allow the Court to decide whether to grant or deny a motion for summary judgment, the limitations of the asserted claims of the patents that you contend are not met by the products you identified in response to Interrogatory No. 4, and the basis for your contention.*

**Response to Interrogatory No. 5:**

Reveal objects to this Interrogatory to the extent it seeks documents and/or information

protected by the attorney-client privilege and/or the attorney work product doctrine. Reveal

further objects to this Interrogatory as premature because L-3 has yet to provide its proposed

claim construction. Reveal further objects to this Interrogatory as a premature contention

interrogatory that is more properly answerable at or near the close of discovery. Reveal also

objects to this interrogatory to the extent that it seeks premature disclosure of expert opinions.

Reveal further objects to this Interrogatory as vague as L-3 has not specified which claims of

U.S. Patent Number 6,721,391 are asserted or how it contends the claims at issue are applied and

allegedly infringed. Reveal has and will provide responsive, non-privileged documents that

describe the operation and design of the CT-80 from which answers to this Interrogatory (based

on the claim construction which has yet to be disclosed by L-3 or decided by the Court) may be

derived or ascertained. Reveal reserves the right to supplement this response during the course

of this litigation.

## CERTIFICATION

I, as an officer of Reveal Imaging Technologies, Inc., have read the foregoing answers to
interrogatories and certify under penalty of perjury that the foregoing is true and correct to the
best of my knowledge, information and belief.

Executed on February _____, 2005

_____
Michael Ellenbogen
President and Chief Executive Officer
Reveal Imaging Technologies, Inc.

As to objections:

REVEAL IMAGING TECHNOLOGIES, INC.,

_____
Rosemary M. Allen (BBO No. 549740)
H. Joseph Hameline (BBO No. 218710)
A. Jason Mirabito (BBO No. 349440)
Joseph D. Lipchitz (BBO No. 632637)
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated:  February 16, 2005

I hereby certify that a true copy of the above
document was served upon the attorney of
record for each party by mail/hand on: 2/16/05

_____

LIT 1503637v2

6

further objects to this Interrogatory as premature because L-3 has yet to provide its proposed claim construction. Reveal further objects to this Interrogatory as a premature contention interrogatory that is more properly answerable at or near the close of discovery. Reveal also objects to this interrogatory to the extent that it seeks premature disclosure of expert opinions. Reveal further objects to this Interrogatory as vague as L-3 has not specified which claims of U.S. Patent Number 6,721,391 are asserted or how it contends the claims at issue are applied and allegedly infringed. Reveal has and will provide responsive, non-privileged documents that describe the operation and design of the CT-80 from which answers to this Interrogatory (based on the claim construction which has yet to be disclosed by L-3 or decided by the Court) may be derived or ascertained. Reveal reserves the right to supplement this response during the course of this litigation.

## CERTIFICATION

I, as an officer of Reveal Imaging Technologies, Inc., have read the foregoing answers to interrogatories and certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on February 18, 2005

Michael Ellenbogen
President and Chief Executive Officer
Reveal Imaging Technologies, Inc.

As to objections:

REVEAL IMAGING TECHNOLOGIES, INC.,

Rosemary M. Allen (BBO No. 549745)
H. Joseph Hameline (BBO No. 218710)
A. Jason Mirabito (BBO No. 349440)
Joseph D. Lipchitz (BBO No. 632637)
Mintz, Levin, Cohn, Ferris, Glovsky
    and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: February 16, 2005

LIT 1503637v2

6

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on: 2/16/05

# EXHIBIT F

## Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

One Financial Center
Boston, Massachusetts 02111

Joseph D. Lipchitz

617 542 6000
617 542 2241 *fax*

*Direct dial* 617 348 3030
JDLipchitz@mintz.com

February 16, 2005

**By Hand**

James Foster, Esq.
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210

Re:    L-3 Communications Security And Detection Systems, Inc. v. Reveal Imaging
       Technologies, Inc., U.S.D.C. Mass. Civil Action No. 04-11884-NG

Dear Jim:

Enclosed please find Reveal's Objections and Responses to Plaintiff's Second Request for the Production of Documents. Subject to and without waiving its objections, Reveal is producing thirteen (13) boxes of documents. These documents are Bates stamped: F REVL II A 0001-2552; F REVL II B 0001-3321; F REVL II C 0001-2888; F REVL II D 0001-3423; F REVL II E 0001-2985; F REVL II F 0001-3441; F REVL II G 0001-3419; F REVL II H 0001-2728; F REVL II I 0001-3507; F REVL II J 0001-2620; F REVL II K 0001-3164; F REVL II L 0001-2052; and F REVL II M 0001-2624.

Please note that virtually the entire production has been designated as Highly Confidential under the terms of the Agreed-Upon Protective Order and, as such, cannot be reviewed by any L-3 employees, with the exception of specified L-3 corporate counsel who must review the material at your offices.

In addition, we have enclosed Reveal's Objections and Responses to Plaintiff's First Set of Interrogatories. Since Mr. Ellenbogen has been out of the country, this response has not been verified. However, upon Mr. Ellenbogen's return on Monday, February 21, 2005, we will promptly serve you with a verified version of the enclosed response.

Finally, notwithstanding the extensive discovery on the design, development, operation of Reveal's CT-80 provided to L-3 in the State Action as well as this litigation, L-3 has failed to specify in its complaint or elsewhere how the patents-in-suit cover the CT-80. Notwithstanding this fact, Reveal is in the process of gathering documents that may constitute prior art that

*Boston  Washington  Reston  New York  Stamford  Los Angeles  London*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

James Foster, Esq.
February 16, 2005
Page 2


renders L-3's patents invalid. We anticipate providing this information to you this Friday, February 18, 2005. As always, Reveal reserves its right to supplement its discovery as this case proceeds.

Very truly yours,

Joseph D. Lipchitz

JDL:dln
Enclosures
cc:    Rosemary Allen, Esq.
       Joseph Hameline
       A. Jason Mirabito, Esq.

# EXHIBIT G
# REDACTED AS
# HIGHLY
# CONFIDENTIAL

# EXHIBIT H
# REDACTED AS
# HIGHLY
# CONFIDENTIAL