UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., ) ) ) ) | |
| Plaintiff, ) ) | C.A. No. 04-11884-NG (Magistrate Judge Judith Gail Dein) |
| v. ) ) | |
| REVEAL IMAGING TECHNOLOGIES, INC., ) ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF REVEAL IMAGING TECHNOLOGIES, INC.'S PROPOSED SCHEDULING ORDER**

Pursuant to the Court's March 30, 2005 Order granting Plaintiff L-3 Communications, Security and Detection Systems, Inc.'s ("L-3") Motion to File a Second Amended Complaint, and ordering the parties to confer on a proposed modified discovery schedule, defendant Reveal Imaging Technologies, Inc. ("Reveal") proposed to L-3 the discovery schedule and additional discovery requests set forth in the Proposed Order attached hereto as Exhibit A. Despite the addition of three patents and 48 claims to this case by virtue of the Second Amended Complaint, L-3 responded that it would not agree to <u>any</u> extension of the discovery schedule or to any additional Interrogatories or Requests for Admission beyond those allowed by Local Rule 26.1 (C).[1/] Accordingly, Reveal submits herewith its discovery proposal in the form of a proposed Order, attached hereto as Exhibit A.[2]

---

[1/]   L-3 did agree to one additional set of Requests for the Production of Documents for each party.
[2/]   As requested by this Court, Reveal attempted in good faith to negotiate a revised discovery schedule and additional discovery requests with L-3. On April 6, in a letter to L-3, Reveal proposed the modifications to the discovery schedule and discovery requests that it proposed to this Court. See Exhibit B. The letter further invited L-3 to present an alternative proposal. Id. Reveal's proposal was rejected by L-3, with the exception of its request for an additional Request for the Production of Documents. L-3 made no alternate proposal. See Exhibit C. Upon consideration, Reveal has requested here one additional month of discovery and three additional depositions beyond that proposed to L-3 in April 6, but Reveal assumes that since L-3 did not agree to Reveal's initial proposal, it also would not agree to either of these requests.

This position by L-3 is both unreasonable and unwarranted. L-3 will suffer no harm as a result of the discovery extension and additional discovery requests sought by Reveal, while Reveal will be substantially and unduly prejudiced if it is denied the additional time and discovery requests necessary for it to collect the evidence that it needs to defend against L-3's allegations of infringement of the six patents now in this case.

## ARGUMENT

By adding three patents with a total of 48 claims to the three patents and 13 claims already in this case, for a total of six patents and 61 claims, the Second Amended Complaint has exponentially expanded the scope of this case. Clearly, the amount of time Reveal, its attorneys, and its experts will be required to spend on discovery and analysis also will increase exponentially.

As the plaintiff in this case, L-3 has controlled the timing of the filing of the Second Amended Complaint. It announced on February 8, 2005 to Reveal and this Court that it would file a Second Amended Complaint. This announcement came after Reveal had served its First Request for the Production of Documents and Interrogatories upon L-3. L-3 did not actually file its Motion to File a Second Amended Complaint for another six weeks, on March 16, 2005. That Motion was granted by the Court on March 30. By filing its Second Amended Complaint after the Court set its discovery schedule and then refusing to agree to <u>any</u> extension of that schedule to account for the very substantial expansion of the case, L-3 is attempting to place Reveal in the untenable position of having too little time and too little discovery to properly defend itself. L-3 should not be allowed to both belatedly file its Second Amended Complaint and limit Reveal's

discovery, particularly when it has had extensive access to discovery regarding the operation of Reveal's CT-80 since at least the middle of 2004.[3]

On February 8 and March 7, at the urging of L-3, this Court issued an aggressive discovery schedule setting a deadline of September 15 for the conclusion of all fact discovery relating to the infringement and validity of the three patents that were asserted in the First Amended Complaint. Reveal agreed that it could prepare its defense against the three asserted patents within that period. The expansion of this case as a result of the Second Amended Complaint makes that discovery schedule and the discovery requests allowed by Local Rule 26.1 inadequate to allow Reveal to garner the discovery that it needs on the issues of non-infringement and invalidity, as well as to prepare its claim construction and expert reports.

Accordingly, Reveal requests that the Court extend the time for the completion of discovery on the issues of infringement and validity by five months, from September 15, 2005 until Tuesday, February 15, 2006.[4] Reveal also requests that the date for the parties to simultaneously exchange claim construction be extended by two months, from July 13, 2005 to Tuesday, September 13, 2005 and that the dates for expert reports be extended by the same amount of time, from October 3, 2005 to Monday, December 5, 2005 with rebuttal reports to be exchanged on Monday, December 19, 2005.

---

[3]    It should be noted that although L-3 announced on February 8, 2004 that it would file a Second Amended Complaint, it had not yet received discovery from Reveal in this case other than on the issue of Reveal's immunity under 28 U.S.C. §1498. It did, however, have complete access to the discovery provided by Reveal in the State Action. Therefore, L-3's decision to amend the complaint a second time was necessarily based upon discovery that had been in its possession since at least the summer of 2004. In other words, that information had been available to L-3 since the outset of this case and indeed, all the patents added by L-3 extensively pre-date the filing of the Original Complaint. Thus, L-3 could have added the patents in the Second Amended Complaint at any time. It chose, however, to wait until mid-March to do so.

[4]    This extension of time allows adequate time for any necessary additional discovery requests to be made after the service of the rebuttal expert reports in December as requested.

This proposed schedule would provide Reveal with the time it needs to conduct discovery and prepare its defense with regard to these three new patents. Reveal also requests that the Court expand the number of discovery requests that Reveal can issue to L-3 under Local Rule 26.1. Specifically, Reveal requests that it be allowed to send up to 25 additional Interrogatories and up to 25 additional Requests for Admission. Finally, Reveal requests that the Court increase the number of depositions allowed to each party from 10 to 13 to account for the additional witnesses, including inventors and additional experts that Reveal anticipates will need to be deposed in light of the newly added patents.

Without an extension of the time allowed for discovery and an expansion by the Court of the number of discovery requests that Reveal is allowed to serve upon L-3, and depositions that it is allowed to take, Reveal will be left in the position of having to defend a case in which the claims at issue have more than quadrupled, with inadequate time and discovery tools to do so.

## **CONCLUSION**

For the reasons cited above, Reveal respectfully requests that the Court extend the discovery schedule and permit additional discovery requests to allow Reveal to conduct adequate discovery on the additional three patents and 48 claims at issue in this case as wet forth in the Proposed Order submitted herewith.

Respectfully submitted,

**REVEAL IMAGING TECHNOLOGIES, INC.,**

By its attorneys,

    */s/ Rosemary Allen*
H. Joseph Hameline (BBO# 218710)
Rosemary Allen (BBO # 549746)
A. Jason Mirabito (BBO # 349440)
Joseph D. Lipchitz (BBO #632637)
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: April 12, 2005

LIT 1514510v1