IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>           Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>           Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

## MEMORANDUM OF L-3 REGARDING SCHEDULING

As requested by the Court's Order of March 30, 2005, plaintiff, L-3

Communications Security and Detection Systems, Inc. ("L-3"), submits this

memorandum to address Reveal's proposal for unnecessary and unwarranted

adjustments to the case schedule.

As it appears that nearly all of the changes suggested by Reveal are calculated

only to allow for procrastination and delay, L-3 strenuously opposes all of them save

one.  That is, L-3 agrees that the parties should be allowed additional sets of document

requests beyond the artificial limit provided in Local Rule 16.1(C).  Indeed, L-3 believes

that the interests of justice would best be served by waiving that limit altogether, rather

than merely increasing it.  Relief, after all, can be sought if it appears either party is

misusing any discovery tool.   A proposed Modified Scheduling Order reflecting this one

substantive change to the current case schedule is attached as Exhibit A.[1]

---

[1] In addition to this change, L-3's proposed Order clarifies (in paragraph 6) that Reveal is required to notify L-3 as soon as it makes its first sale to a non-U.S. governmental entity, and also adds paragraph 8, which states that discovery L-3 took in connection with the §1498 motion does not count toward the other limits set forth in L.R. 26.1(C).

L-3 served the Second Amended Complaint on March 30, 2005, the same day it was granted leave to do so.  The Second Amended Complaint asserted infringement of three patents, United States Patent Nos. 6,707,879, 5,712,926, and 5,905,806, in addition to the three patents that had been asserted in the First Amended Complaint, which had been served on September 22, 2004.

All three of the newly-asserted patents are infringed by the same accused product as the patents that were originally in the suit, namely, the Reveal CT-80 system.

One of the newly-added patents, U.S. Patent No. 6,707,879, contains a written description that is identical to that of one of the patents already in the suit.  Both of those patents, moreover, claim the benefit of the same provisional application.  The other two newly-added patents, U.S. Patent Nos. 5,905,806 and 5,712,926, are also closely related in that one is a "continuation" of the other, and thus contain identical written descriptions and similar claims.[2]  Indeed, a portion of the term of one of them was disclaimed because the patent examiner considered the claims of the two patents to be so similar in scope.[3]

Under the current schedule, the Court has allowed until July 13, 2005 for exchange of claim construction materials, and has allowed fact discovery to continue

---

[2] A "continuation" is an application that contains the same written description as an earlier-filed application and also makes a priority claim to that application under 35 U.S.C. §120.

[3] During prosecution of the '806 patent, the examiner rejected certain claims for "obviousness type double patenting," asserting that they were not patentably distinct from the claims of the '926 patent.  To obviate this rejection, the applicant filed a "terminal disclaimer," disclaiming any term of the '806 patent beyond that of the '926 patent and asserting that the '806 patent would be enforceable only so long as the '806 and '926 patents remained commonly owned.

into September 2005.  Both parties served written discovery in January 2005, have

exchanged responses to that discovery, and have completed their initial document

productions.  Aside from a modest supplemental production of documents L-3 has

requested of Reveal in view of the addition of three new patents, L-3's written discovery

on "non-damages" issues is nearly complete.  Again, all of the patents at issue are

being asserted against the same Reveal product, the CT-80.  Thus, all of the pertinent

materials concerning that product should already have been produced in response to L-

3's earlier requests, and any required supplementation of that production should require

but a minimal effort on Reveal's part.

L-3 also has made its document production fully available to Reveal, who has

raised no objection to its completeness, even in view of the addition of the three new

patents.  Discovery is thus quite far along already, and ample time exists in this

schedule for whatever additional discovery Reveal may believe it needs as a result of

the addition of these closely-related patents.  It has thus far made minimal efforts to

take any discovery, and has made no effort to take additional discovery concerning the

newly-added patents.  L-3 is scheduled to take a Rule 30(b)(6) deposition on various

"non-damages" issues next week.  Reveal has not noticed a single deposition as yet.

Reveal had itself argued (in its motion to dismiss under 28 U.S.C. §1498) that

this case is one that may greatly affect the public interest, and should thus be resolved

expeditiously.  In that connection, it insisted that discovery on the §1498 issue proceed

swiftly and be completed by a date certain, so that the Court could quickly reach the

merits of that issue and avoid any adverse impact on the public interest.  Now that it

suddenly considers delay advantageous, however, it is seeking to drag things out

886884.1                                         - 3 -

needlessly by padding the schedule. Procrastination should be discouraged in the present context, just as it was earlier.

As the Court may recall, Reveal's groundless motion to dismiss already injected an unnecessary delay of several months into this case. Despite being well aware of its own extensive non-immunized infringing use of its CT-80 product in the United States and its foreign sales activities involving that product, including its opening of a sales office in Europe, Reveal argued for, and persuaded the Court to impose, a block on discovery on all other issues on the theory that its motion could be dispositive. As the Court is aware, the motion to dismiss turned out to be little more than a distraction, which Reveal was ultimately forced to withdraw.

Subsequently, Reveal urged the Court, and the Court agreed, to delay the taking of "damages discovery" until the issue of whether the CT-80 falls within the scope of the patent claims had some time to percolate. This preclusion has kept L-3 from advancing the ball on key elements of its infringement claims, and thus will likely extend the resolution of this matter by several more months. Enough is enough.

Both parties to this litigation are represented by large and capable law firms, and both firms have staffed this case with a substantial number of partners, associates, and paralegals. Thus, it cannot be argued that the deadlines imposed by the current schedule would overextend the resources of either side.

The Court should thus hold firm to the current schedule. As the deadlines approach, should it appear that either party is in need of additional time, that party can request an extension for good cause at that time. To extend the deadlines at this early

886884.1                                        - 4 -

stage would merely provide a license to Reveal to procrastinate and delay this matter further.

## CONCLUSION

For the above reasons, L-3 respectfully requests that the Court keep its current schedule, with the one exception that the limit on the number of "sets" of requests for production imposed by Local Rule 26.1(C) be waived.  A proposed Order is attached.

Respectfully submitted,

L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.,

By its attorneys,

April 12, 2005

/s/ Michael A. Albert
Michael A. Albert, BBO #558566
James J. Foster, BBO #553285
Robert M. Abrahamsen, BBO #636635
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646.8000
Fax: 617.646.8646
malbert@wolfgreenfield.com

886884.1