UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC., | ) ) ) ) |
| Plaintiff, | ) C.A. No. 04-11884-NG |
| v. | ) (Magistrate Judge Judith Dein) |
| REVEAL IMAGING TECHNOLOGIES, INC., | ) ) |
| Defendant. | ) ) ) |

## MOTION OF DEFENDANT REVEAL IMAGING TECHNOLOGIES, INC. FOR A PROTECTIVE ORDER AND PROPOSED PROTECTIVE ORDER

Defendant Reveal Technologies, Inc. ("Reveal") requests that this Court issue a

Protective Order postponing the Rule 30(b)(6) deposition that L-3 has noticed of Reveal

until Reveal has (1) had a reasonable opportunity to analyze the three patents that were

recently added to this case on March 30 and (2) to review L-3's requests for documents

and interrogatories and Reveal's files to make any supplementation of its discovery

responses made necessary by the Second Amended Complaint. It has become apparent

that L-3 is seeking the Rule 30(b)(6) deposition of Reveal as quickly as possible after the

Court's allowance of the Second Amended Complaint and before Reveal has had a

reasonable opportunity to review and, if necessary, supplement its responses to L-3's

discovery requests, in order to maximize L-3's ability to argue later that it has the right to

take a second Rule 30(b)(6) deposition to revisit some or all of the topics in the Rule

30(b)(6) notice based upon its subsequent receipt of any supplemental discovery from

Reveal. Reveal does not seek to avoid this deposition, but rather to postpone it for a short

period of time in order to assure that it is required to produce a witness on each topic listed only once rather than on multiple occasions.

Reveal has attempted to reach an agreement with L-3 on this matter, to no avail. Reveal initially agreed to the date of April 19 for the deposition. Thereafter, L-3's counsel sent a letter stating that L-3's demand that Reveal "supplement" its prior discovery responses based upon the addition of the three patents to the case by virtue of the Second Amended Complaint. See Exhibit A hereto. In fact, these are new requests. Reveal agreed that it would go forward with the deposition on April 19, if L-3 would agree that it would not seek to revisit the same topics based upon any subsequent "supplementation" by Reveal of L-3's prior document requests and interrogatories. See Exhibit B hereto. L-3 bluntly refused to agree. See Exhibit C. Instead, it reissued the Rule 30(b)(6) deposition notice purporting to limit the topics to the three patents that were in the case prior to the service of the Second Amended Complaint. That purported limitation affected only three of the 13 topics. The rest of the topics are such that they cannot be limited to only certain of the patents in the case. Reveal again offered to provide other dates for the deposition, but L-3 insisted that it would seek sanctions against Reveal unless the Court issued a Protective Order with respect to the deposition. The original Notice of Deposition and the re-issued Notice of Deposition are attached hereto as Exhibit D.

L-3 will not be harmed by the postponement of the deposition until mid-May, nor has it asserted any such thing in its correspondence to Reveal. If the postponement that Reveal seeks is granted, L-3 will be able to take the deposition of Reveal well in advance of the time set by the Court for the exchange of preliminary claim construction and four

months in advance of the close of discovery on infringement and invalidity, even under the Court's current schedule.[1]  Moreover, it will be able to take the deposition having received any supplemental discovery responses dictated by the addition of the '879, '926 and '806 patents to this case in the Second Amended Complaint.[2]  Under these circumstances, L-3's refusal to either reschedule the deposition or agree that it will not seek to redepose Reveal on the same topics is unreasonable.

        If the Protective Order is not granted, however, L-3 will attempt to require Reveal to produce a witness twice on the same topics and that undoubtedly lead to a discovery dispute that will again necessitate the intervention of the Court.  Accordingly, Reveal herein requests that this Court issue a Protective Order that either grants a postponement of L-3's Rule 30(b)(6) deposition until a mutually agreeable date in mid-May or, in the alternative, order that L-3 will not be allowed to revisit the topics in the Rule 30(b)(6) on the ground of it receipt of subsequent discovery from Reveal.

<div style="margin-left:40%;">

**REVEAL IMAGING TECHNOLOGIES, INC.,**
By its attorneys,

*/s/ Rosemary M. Allen*
H. Joseph Hameline (BBO# 218710)
Rosemary Allen (BBO # 549746)
Joseph D. Lipchitz (BBO #632637)
Mintz, Levin, Cohn, Ferris, Glovsky
   and Popeo, P.C.
One Financial Center
Boston, MA 02111

</div>

Dated: April 15, 2005

---

[1] Reveal has requested that the Court extend the discover schedule based upon the doubling of the number of patents in the case and the quadrupling of the number of claims in the case by virtue of the Second Amended Complaint.  See Docket No. 66.

[2] Indeed, L-3 could have avoided this argument entirely simply by including the '879, the '926 and the '806 patents in the initial or even the Amended Compliant since these patents were issued well before the filing of the initial complaint.  This was a matter completely within L-3's control and was not at all within the control of Reveal.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LIT 1513286v1

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC., | ) ) ) |
| Plaintiff, | ) C.A. No. 04-11884-NG |
| v. | ) (Magistrate Judge Judith Dein) ) |
| REVEAL IMAGING TECHNOLOGIES, INC., | ) ) |
| Defendant. | ) ) ) |

## PROPOSED PROTECTIVE ORDER

It is hereby ORDERED that the Rule 30(b)(6) deposition of Reveal by plaintiff L-3 shall be scheduled by mutual agreement of the parties during the week of May 16, 2005 or at a mutually agreeable time thereafter.


So ORDERED this ___ day of April, 2005.


_____
Magistrate Judge Judith Gail Dein

# **EXHIBIT A**



Wolf Greenfield
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

**Robert M. Abrahamsen**
rabrahamsen@wolfgreenfield.com
direct dial 617.646.8256

April 6, 2005

*VIA FACSIMILE*

Rosemary Allen, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky
 and Popeo, P.C.
One Financial Center
Boston, MA 02111

     Re:    <u>L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging</u>
           <u>Technologies, Inc., C.A. No. 04-11884-NG</u>

Dear Rosemary:

     In view of the recent addition of three new patents to this lawsuit, it will be necessary for Reveal to supplement its document production to include the following two categories of materials:

     (1) documents concerning the algorithms used by the CT-80 to analyze the set of SnapScan CT slices obtained for a scanned bag to determine the volume or mass of sheet or bulk objects within the bag; and

     (2) documents concerning the structure and functionality of all of the "peripheral" components of a CT-80 machine, including, without limitation, the baggage viewing stations, the remote screening stations, and all databases/servers/switches/routers that enable or facilitate storage of bag data or communications amongst the various components in the Reveal network.

     We ask that these materials be produced to us in advance of the 30(b)(6) deposition scheduled to begin on April 19, 2005. Please confirm that Reveal can comply with this request.

                        Very truly yours,

                        WOLF, GREENFIELD & SACKS, P.C.

                        Robert M. Abrahamsen

cc: James J. Foster, Esq.
    Michael A. Albert, Esq.

## Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

One Financial Center
Boston, Massachusetts 02111

Rosemary M. Allen

*Direct dial  617 348 1601*

617 542 6000
617 542 2241 *fax*

April 7, 2005

**BY FAX**

James Foster, Esq.
Wolf Greenfield and Sacks
600 Atlantic Avenue
Boston, MA 02110

    Re:   <u>L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging Technologies, Inc.</u>, U.S.D.C. Mass., Civil Action no 04-11884-NG

Dear Jim:

I am in receipt of your fax of last night containing two new document requests by L-3. Contrary to your statement that Reveal needs to "supplement" its response to L-3's previous document requests by providing the newly requested documents, the two requests in your fax constitute entirely new requests for documents. Although you have not labeled them as such, they constitute L-3's Third Request for the Production of Documents, to which Reveal has 30 days to respond. We will respond to the requests within that time.

With regard to the Rule 30(b)(6) deposition scheduled for April 19th, it is L-3's choice to take it as currently scheduled or to postpone it until you receive from Reveal any documents responsive to the new document requests that you have just propounded. L-3 decided when to file the Second Amended Complaint that you assert requires the production of these additional documents; determined when to notice the deposition; and controlled the timing of the document requests. L-3 cannot use these factors, which are completely within its control and not in Reveal's, to get two opportunities to depose Reveal on the same topics.

We remain open and willing to discuss discovery issues and provide reasonable cooperation as we proceed. On this point, however I think the rules are clear and provide the reasonable and appropriate approach.

Sincerely,

Rosemary M. Allen

*Boston  Washington  Reston  New York  Stamford  Los Angeles  London*

APR 08 2005  9:14 AM FR WOLF GREENFIELD   6177202441 TO 16175422241#8266 P.02



## Wolf Greenfield
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

**Robert M. Abrahamsen**
rabrahamsen@wolfgreenfield.com
direct dial 617.646.8256

April 7, 2005

*VIA FACSIMILE*

Rosemary Allen, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky
and Popeo, P.C.
One Financial Center
Boston, MA 02111

      Re:    L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging Technologies, Inc., C.A. No. 04-11884-NG

Dear Rosemary:

      This is in response to your letter of this afternoon concerning our request that Reveal supplement its production in advance of the scheduled 30(b)(6) deposition.

      You should note that the documents we are seeking should already have been produced at least in response to Request Nos. 6, 11, 12, and 16 of L-3's Second Request for the Production of Documents. We therefore disagree with your characterization of our letter as containing "entirely new requests." We were merely identifying certain documents that should have been produced earlier, but were not.

      We therefore reiterate our request that such previously-requested materials be produced to us in advance of the 30(b)(6) deposition scheduled to begin on April 19, 2005. Please confirm that Reveal will agree to supplement its production by that date.

                Very truly yours,

                WOLF, GREENFIELD & SACKS, P.C.

                Robert M. Abrahamsen

cc: James J. Foster, Esq.
    Michael A. Albert, Esq.

885855.1    Wolf, Greenfield & Sacks, P.C. | 600 Atlantic Avenue | Boston, Massachusetts 02210-2206
617.720.3500 | fax 617.720.2441 | www.wolfgreenfield.com

** TOTAL PAGE.02 **

# EXHIBIT B

## Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

One Financial Center
Boston, Massachusetts 02111

Rosemary M. Allen

617 542 6000
617 542 2241 *fax*

*Direct dial  617 348 1601*

April 12, 2005

**BY FAX**

James Foster, Esq.
Wolf, Greenfield and Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02110

      Re:    <u>L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging</u>
             <u>Technologies, Inc.</u>, U.S.D.C. Mass., Civil Action no 04-11884-NG

Dear Jim:

      I have received your letter of Friday, April 8. While we disagree with you about whether the requests in your letter of Wednesday, April 6 are new requests as your own language seems to suggest, your letter has raised the issue of the parties' discovery obligations in light of the three patents that have been newly added to this case. We are in the process of reviewing the newly added patents and our discovery responses for the purpose of determining whether we need to supplement those responses. Given that the new patents have been in the case only less than two weeks, however, we are not prepared to do that at this point. Moreover, L-3's pending motion for partial summary judgment and Reveal's request that the Court extend the discovery schedule and to add discovery requests and depositions create uncertainties that will be resolved by the Court in the near future.

      Accordingly, unless L-3 is prepared to expressly agree that it will not attempt to readdress the topics listed in its Rule 30(b)(6) deposition notice at any subsequent deposition, regardless of any supplements that Reveal may make to its production of documents or interrogatory responses in light of the newly added patents, or of any rulings by the Court on outstanding motions, we will not go forward with the Rule 30(b)(6) deposition at this time. Rather, we will provide you with dates in May when Reveal will be available for a Rule 30(b)(6) deposition on these topics, after we have had a reasonable amount of time to consider both the newly added patents and our discovery obligations.

                           Sincerely,

                           Rosemary M. Allen

LIT 1515098v1

*Boston  Washington  Reston  New York  Stamford  Los Angeles  London*

# EXHIBIT C



**Wolf Greenfield**
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

James J. Foster
jfoster@wolfgreenfield.com
direct dial 617.646.8225

April 13, 2005

***VIA FACSIMILE***

Rosemary Allen, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky
 and Popeo, P.C.
One Financial Center
Boston, MA  02111

> Re:    L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging
> Technologies, Inc., C.A. No. 04-11884-NG

Dear Rosemary:

We had noticed Reveal for a deposition April 8. We would not have agreed to your request to move the date to April 19 if we had known that you were not going forward with the 30(b)(6) deposition, as you have now stated in your letter of April 12, 2005.

Any objection Reveal might have to the possible re-opening of the deposition is no excuse to fail to appear for its deposition as noticed. Attached is a re-notice of the scheduled deposition, identifying April 19 as the starting date. You will note that the notice is limited to the three patents that have been in the suit since last year.

Reveal's failure to appear at the deposition will be at its peril. Unless you obtain a protective order before April 19, we will move for sanctions if Reveal fails to appear, including an order that Reveal will be precluded from contesting any of the issues covered in the notice.

Very truly yours,

WOLF GREENFIELD & SACKS, P.C.

James J. Foster

JJF/psv

# Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

One Financial Center
Boston, Massachusetts 02111

Rosemary M. Allen

617 542 6000
617 542 2241 *fax*

*Direct dial  617 348 1601*

April 14, 2005

**BY FAX**

James Foster, Esq.
Wolf Greenfield and Sacks, Esq.
600 Atlantic Avenue
Boston, Massachusetts 02110

Re:    <u>L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging
Technologies, Inc.</u>, U.S.D.C. Mass., Civil Action no 04-11884-NG

Dear Jim:

I have received your letter of last evening along with the revised Rule 30(b)(6) deposition notice, that only now removes the '879, '806 and '926 Patents, which were recently added to L-3's Second Amended Complaint, from the coverage of the deposition notice. However, I note that you have not agreed that if the deposition goes forward now you will not seek to revisit the topics listed, including the first six topics, in a subsequent Rule 30(b)(6) deposition based upon discovery relating to the patents that were added to this case two weeks ago. Accordingly, it appears that L-3 may well seek to depose Reveal on these same topics a second time should it receive discovery on the newly added patents. Indeed, at least with respect to the first six topics, it is impossible for L-3 to limit the deposition to merely three patents. By purporting to limit the deposition to the '391, '393 and '758 patents, L-3 is attempting to create a scenario in which it will seek to address these topics twice.

Reveal's position that it will agree to a Rule 30(b)(6) deposition in mid-May in order to minimize the discovery issues between the parties that we will be required to ask the Court to resolve is extremely reasonable. Under the Court's current order, the parties will not be required exchange preliminary claim construction until July 13, and discovery on infringement and invalidity does not close until September 15. We are hopeful that the Court will extend the discovery schedule as Reveal has requested. If it does so, the parties will have more time to conduct the necessary discovery.

L-3's insistence that the deposition take place on April 19th, less than three weeks after the service of the Second Amended Complaint, adding three new patents and an additional 48 claims to this case, is highly unreasonable. It is clearly intended to maximize L-3's chances of deposing Reveal on the same topics on multiple occasions. That is not acceptable and can only lead to discovery disputes, and the commensurate use of the Court's time, that can otherwise be

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

James Foster, Esq.
April 14, 2005
Page 2

avoided. Accordingly, Reveal will not appear for the deposition on Tuesday, April 19 and will work with L-3 to set a mutually agreeable time for this deposition in mid-May.

In addition, Reveal does object to two of the topics listed in Schedule A to L-3's deposition notice and its re-issued deposition notice. Specifically, Reveal objects to the following topics:

Topic No. 7: *Knowledge of U.S. Patent Nos. 5,642,393 ("the '393 patent")' 5,838,758 ("the '758 patent, and 6,721,391 ("the '391 patent"), and any steps taken to analyze or avoid infringing them;*

Topic no. 7 goes exclusively to the issue of willfulness. Since willfulness relates only to the issue of damages and discovery on damages has been deferred until after September 15, 2005 under the Court's current Order, L-3 may not take deposition testimony on that topic at this time.

Topic No. 10: *The circumstances surrounding the transfer of the controlling interest in Vivid Technologies , Inc. to PerkinElmer;* and

This topic is not appropriate for a Rule 30(b)(6) deposition because Reveal was not involved in this transaction or even in existence at the time and, therefore, has no corporate knowledge of this subject.

Topic No. 13: *All facts and circumstances forming the basis for, or otherwise relating to, any allegation by Reveal that any of the '393, 758, and 391 patents are not infringed.*

Reveal objects to Topic no. 13 on the grounds that it actually seeks legal conclusions in the guise of facts. It is a contention interrogatory in the form of a deposition topic and, as such, it not appropriate for a Rule 30(b)(6) deposition.

Accordingly, Reveal will not provide a witness on these three topics.

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

James Foster, Esq.
April 14, 2005
Page 3

     We look forward to working with L-3 to set a mutually agreeable time in mid-May for the Rule 30(b)(6) deposition of Reveal. However, please let us know if L-3 continues to insist that we seek a protective order from the Court rather than work to resolve this matter cooperatively.

                                        Sincerely,

                                        Rosemary M. Allen



**Wolf Greenfield**
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

James J. Foster
jfoster@wolfgreenfield.com
direct dial 617.646.8225

April 15, 2005

*VIA FACSIMILE*

Rosemary Allen, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky
and Popeo, P.C.
One Financial Center
Boston, MA  02111

Re:    <u>L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging Technologies, Inc.</u>, C.A. No. 04-11884-NG

Dear Rosemary:

In response to your letter of April 14, let me reiterate. If the Court does not grant a protective order before then, we will appear on April 19 to take the deposition we have noticed. If Reveal fails to appear, it will be at its peril. We will move for sanctions, including an order that Reveal be precluded from contesting any issue on the deposition notice.

Sincerely yours,

WOLF, GREENFIELD & SACKS, P.C.

James J. Foster

JJF/psv

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

## NOTICE OF DEPOSITION

Please take notice that plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, requests the oral deposition of defendant, Reveal Imaging Technologies, Inc. ("Reveal"), at the offices of Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA 02210, beginning at 9:30 A.M. on April 8, 2005 unless there is agreement as to a different time or place, on the matters listed in the attached Schedule A.

Since there will be considerable expense in preparing for and taking the deposition, defendant is reminded that the "person so designated shall testify as to matters known or reasonably available to the organization," and will thus be expected to have conducted a sufficient investigation, or have been given sufficient information, to be prepared to give that testimony.  The failure to produce a witness sufficiently prepared to testify on all of the listed matters may result in sanctions pursuant to Rule 37(a).

Each person designated by Reveal to testify on its behalf on the matters on the attached Schedule may also be deposed by L-3 pursuant to Rule 30(a)(1) and (b)(1) on any matter within the scope permitted by Rule 26(b)(1).

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

March 25, 2005

James J. Foster, BBO #553285
Michael A. Albert, BBO #558566
Robert M. Abrahamsen, BBO #636635
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646-8000
Fax: 617.646-8646

## CERTIFICATE OF SERVICE

I certify that on March 25, 2005, I served a copy of the attached Notice of Deposition on counsel for Defendant, Reveal Imaging Technologies, Inc., via facsimile (617-542-2241) and hand-delivery, addressed to:

Rosemary Allen, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111

## SCHEDULE A

1.    Structure and function of the CT-80 system and Reveal network.

2.    Hardware and software components of the Reveal network, and the communications protocol employed by that network.

3.    Hardware and software for facilitating the transfer of data within the Reveal network.

4.    Hardware and software for facilitating the transfer of data between the Reveal network and components external to the Reveal network.

5.    The information accumulated by the TotalScan process, and the use of that information in connection with the subsequent taking and analysis of high-resolution, dual-energy CT slices.

6.    Storage, retrieval, and flow of data in the CT-80 system and Reveal network.

7.    Knowledge of the patents-in-suit, and any steps taken to analyze or avoid infringing them.

8.    Communications with others concerning patents-in-suit.

9.    Assignment of rights in and to U.S. Patent Nos. 5,642,393 ("the '393 patent") and 5,838,758 ("the '758 patent") to Vivid Technologies, Inc., and involvement of Michael Ellenbogen and Jay Stein in the preparation and prosecution of those patents.

10.    The circumstances surrounding the transfer of the controlling interest in Vivid Technologies, Inc. to PerkinElmer, Inc.

11.    Michael Ellenbogen's relationship to or ownership interest in Reveal, and his duties and responsibilities with respect to Reveal.

12.    Jay Stein's relationship to or ownership interest in Reveal, and his duties and responsibilities with respect to Reveal.

13.    All facts and circumstances forming the basis for, or otherwise relating to, any allegation by Reveal that any of the patents-in-suit are not infringed.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

L-3 COMMUNICATIONS SECURITY AND
DETECTION SYSTEMS, INC.
Plaintiff,

v.

REVEAL IMAGING TECHNOLOGIES,
INC.

Defendant.

Civil Action No. 04-11884 NG
(Magistrate Judge Judith Gail Dein)

## RE-NOTICE OF DEPOSITION
## PREVIOUSLY SCHEDULED FOR APRIL 8, 2005

Please take notice that plaintiff, L-3 Communications Security and Detection

Systems, Inc. ("L-3"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure,

notices the oral deposition of defendant, Reveal Imaging Technologies, Inc. ("Reveal"),

at the offices of Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA

02210, beginning at 9:30 A.M. on April 19, 2005 on the matters listed in the attached

Schedule A. The deposition will be recorded by stenographic means.

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

April 13, 2005

James J. Foster, BBO #553285
Michael A. Albert, BBO #558566
Robert M. Abrahamsen, BBO #636635
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646-8000
Fax: 617.646-8646

887325.1

## CERTIFICATE OF SERVICE

I certify that on April 13, 2005, I served a copy of the attached Notice of Deposition on counsel for Defendant, Reveal Imaging Technologies, Inc., via facsimile (617-542-2241) and first-class mail, addressed to:

Rosemary Allen, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111

———————————————

## SCHEDULE A

1.    Structure and function of the CT-80 system and Reveal network.

2.    Hardware and software components of the Reveal network, and the communications protocol employed by that network.

3.    Hardware and software for facilitating the transfer of data within the Reveal network.

4.    Hardware and software for facilitating the transfer of data between the Reveal network and components external to the Reveal network.

5.    The information accumulated by the TotalScan process, and the use of that information in connection with the subsequent taking and analysis of high-resolution, dual-energy CT slices.

6.    Storage, retrieval, and flow of data in the CT-80 system and Reveal network.

7.    Knowledge of U.S. Patent Nos. 5,642,393 ("the '393 patent"), 5,838,758 ("the '758 patent"), and 6,721,391 ("the '391 patent"), and any steps taken to analyze or avoid infringing them.

8.    Communications with others concerning the '393, '758, and '391 patents.

9.    Assignment of rights in and to the '393 patent and the '758 patent to Vivid Technologies, Inc., and involvement of Michael Ellenbogen and Jay Stein in the preparation and prosecution of those patents.

10.    The circumstances surrounding the transfer of the controlling interest in Vivid Technologies, Inc. to PerkinElmer, Inc.

Apr 13 2005  17:52    P. 06

    11.    Michael Ellenbogen's relationship to or ownership interest in Reveal, and his duties and responsibilities with respect to Reveal.

    12.    Jay Stein's relationship to or ownership interest in Reveal, and his duties and responsibilities with respect to Reveal.

    13.    All facts and circumstances forming the basis for, or otherwise relating to, any allegation by Reveal that any of the '393, '758, and '391 patents are not infringed.