IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>　　　　　　Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>　　　　　　Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

**OPPOSITION OF L-3 TO MOTION FOR A PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT OF L-3'S CROSS-MOTION FOR EXPENSES UNDER RULES 26(c) AND 37(a)(4) AND SANCTIONS UNDER RULE 37(d)**

On September 22, 2004, L-3 served its Amended Complaint accusing Reveal of infringing United States Patent Nos. 6,721,391, 5,838,758, and 5,642,393 by the manufacture, sale, and use of its CT-80 product. In the seven months since that Complaint was served, L-3 has taken only one deposition, which the Court limited to issues raised by Reveal's §1498(a) defense. Further, the Court in its February 8, 2005 order stayed any discovery with respect to damages. That order effectively limited discovery, for the time being, to whether the CT-80 infringes those patents and whether the patents are invalid or unenforceable.

Despite these stringent limits, L-3 has been frustrated in obtaining the most basic discovery from Reveal. Focusing exclusively on the infringement and validity issues, L-3 served a Rule 30(b)(6) notice of deposition for April 8, 2005. At Reveal's request, the date was changed to April 19, 2005. On April 12, 2005, however, Reveal wrote to L-3 stating that it would not show up for the noticed deposition, even though the deposition

890657.1

had been rescheduled to the date Reveal requested. Reveal gave as an excuse the recent addition of three new patents to the case. In response, L-3 redrafted the notice to exclude questions on the three patents that had been recently added to the case. With the deposition so limited, L-3 insisted that the deposition go forward on April 19, 2005, the date that Reveal had requested.

Reveal, however, did not show up for the deposition. On the business day immediately preceding the noticed date, Reveal filed a motion for a protective order. This memorandum will respond to that motion and also support L-3's cross-motion that Reveal be ordered to produce a witness for deposition forthwith, to pay L-3 its reasonable expenses incurred in relation to this motion, and to further be sanctioned for its willful failure to appear.

**1.      Reveal's Motion for a Protective Order Should Be Denied**

Reveal should have produced a witness to testify. The first six categories in the notice were not directed to patents but solely directed towards the question of how Reveal's product operated. The product is what it is and does what it does. Reveal should have produced a witness to give such basic testimony no matter whether the lawsuit alleged infringement of one patent or twenty.

The other two categories that did not specifically exclude the three recently added patents were categories 11 and 12, which requested testimony with respect to the relationship to or ownership interest in Reveal by two individuals. Those categories raised no issues with respect to the three recently added patents.

Thus, that three patents were recently added to the case does not justify that a protective order be issued relieving Reveal of its obligation to produce a witness to testify on the described topics.

Even though this case has been pending for almost eight months, L-3 cannot get Reveal to sit for a deposition on the basic question of how the accused product operates. L-3 therefore requests that the Court deny the request for a protective order and compel Reveal to cooperate in expediting necessary discovery.

**2.    Reveal Should Be Ordered to Produce a Witness Forthwith and L-3 Should Be Awarded Its Expenses Incurred in Relation to Reveal's Groundless Motion**

Rule 26(c) provides, in relevant part:

> If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

The rule thus contemplates the situation presented here, where one party (Reveal) has sought a meritless protective order rather than appearing for a noticed deposition, and has thereby caused the opposing party (L-3) to incur substantial expenses as a result. This is not a situation in which a party could not attend a deposition because of a prior commitment or because it was given insufficient notice. L-3 originally served this deposition notice on March 25, and, as noted above, graciously agreed to reschedule the deposition from April 8 to April 19th so that Reveal and its counsel would not be inconvenienced.

L-3 thus requests that the Court order Reveal to appear for its deposition forthwith, and further order it to pay L-3 its reasonable expenses, including attorney fees, incurred in relation to this groundless motion.

3.  **Reveal Should Further Be Sanctioned Under Rule 37(d) for Its Willful Disregard of Its Discovery Obligations**

L-3 also asks the Court to sanction Reveal for failing to appear for the deposition. Reveal did not file its motion for a protective order until the last minute, and then made no effort to ask the Court to act on the motion before the scheduled time for the deposition. A motion is not self-executing. Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §2035 ("with regard to depositions, the order should ordinarily be *obtained* before the date set for the discovery") (emphasis added). Simply because a motion is filed does not mean that a party can ignore a deposition notice with impunity. Pioche Mines Consolidated, Inc., v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964). The plain language of the Rule 37(d) and its accompanying Advisory Committee Notes[1] make clear that, when a witness fails to appear at a noticed deposition but has filed a motion under Rule 26(c), courts have discretion to impose sanctions, or not, depending on considerations such as the timeliness of the motion and the grounds on which it was based.

Reveal could have filed its motion promptly after the deposition notice was first served on March 25. Instead, however, it first sought and obtained L-3's consent to reschedule the deposition, and then waited until the business day immediately

---

[1] The Advisory Committee Notes to the 1993 Amendments to Rule 37(d) state:

> The last sentence of this subdivision is revised to clarify that it is the pendency of a motion for protective order that *may* be urged as an excuse for a violation of subdivision (d). If a party's motion has been denied, the party cannot argue that its subsequent failure to comply would be justified. In this connection, it should be noted that the filing of a motion under Rule 26(c) is not self-executing -- the relief authorized under that rule depends on obtaining the court's order to that effect. (Advisory Committee Notes of the 1993 Amendments) (emphasis added).

preceding the rescheduled date to file its motion. L-3 thus urges the Court to impose sanctions on the facts presented here, where Reveal's motion was filed at the 11th hour, was entirely lacking in merit, and was interposed solely for the purpose of delay.

A discovery conference pursuant to Local Rule 37.1 was held by the parties at 10:43 A.M. on April 27, 2005 via telephone. Joseph Hameline was present for Reveal and Robert Abrahamsen was present for L-3. The parties were unable to reach an agreement as whether Reveal should pay L-3's expenses incurred in relation to this motion, or whether Reveal should be sanctioned pursuant to Rule 37(d).

## **CONCLUSION**

For the above reasons, Reveal's motion for a protective order should be DENIED, and L-3's cross-motion for expenses and sanctions should be GRANTED.

Respectfully submitted,

L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.,

By its attorneys,

April 27, 2005

/s/ James J. Foster
Michael A. Albert, BBO #558566
James J. Foster, BBO #553285
Robert M. Abrahamsen, BBO #636635
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646.8000
Fax: 617.646.8646
jfoster@wolfgreenfield.com