IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>　　　　　Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>　　　　　Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

### REPLY MEMORANDUM IN SUPPORT OF L-3'S MOTION FOR PARTIAL SUMMARY JUDGMENT DECLARING THE ASSERTED CLAIMS OF ITS PATENTS TO BE NEITHER INVALID NOR UNENFORCEABLE (LEAVE GRANTED 4/28/05)

In its 14-page Opposition to this motion, Reveal does not even claim to have any factual basis for the affirmative defense and counterclaim of invalidity and unenforceability that it had pleaded. Accordingly, the motion should be granted. Unless its motivation is delay or needless complication of this case, there is no apparent reason for Reveal's desire to keep an issue in the case for which there is simply no factual basis.

The only argument Reveal makes – that the motion is premature – is unfounded. This case is nearly eight months old, and Reveal does not claim, and has never claimed, that any information necessary to its invalidity theory (if it has one) was withheld by L-3.

L-3 filed this action on August 30, 2004, almost eight months ago. In its Answer, Reveal included an affirmative defense and counterclaim that L-3's '391, '393, and '758 patents were invalid and unenforceable. In discovery responses served on

February 16, 2005, however, Reveal was unable to articulate any factual basis whatsoever for this defense and counterclaim. Patents duly issued by the U.S. Patent and Trademark Office are presumed valid, and it would take "clear and convincing" evidence of invalidity for the Court to find otherwise. <u>See</u> 35 U.S.C. § 282. Reveal has put forth no such evidence at all. Accordingly, hoping to simplify and streamline this litigation, L-3 filed this motion for partial summary judgment that those patents are neither invalid nor unenforceable.

As a threshold matter, it is not entirely clear from the state of the pleadings whether Reveal has even pleaded invalidity. While an earlier pleading expressly asserted such a claim, Reveal's Answer to the Second Amended Complaint, served April 13, 2005, did <u>not</u> reallege that those three patents "are invalid, unenforceable or void" (the language of its earlier pleading). The closest Reveal came to such a contention was its assertion in its April 2005 Answer that Reveal does not infringe "any valid and enforceable claim" of those patents. But that is an allegation of noninfringement, not invalidity. It appears that Reveal, lacking even a Rule 11 basis to allege invalidity, did not expressly do so. Nevertheless, Reveal appears to have been trying to raise such a contention through the back door with the allegation that it does not infringe any "valid and enforceable" patent claim. Accordingly, the matter should be put to rest.

Reveal has had eight months during which to develop any invalidity case it might have wanted to raise. It has obtained full cooperation in discovery from L-3.[1] L-3 has provided Reveal with all pertinent prior art it is aware of. Yet neither in its discovery responses, nor in its recent opposition to L-3's motion, has Reveal proffered <u>any</u> evidence whatsoever (let alone "clear and convincing" evidence) of invalidity.

After Reveal pleaded these issues, L-3 attempted to conduct discovery on them by first attempting to find out what Reveal's specific contentions were. Had Reveal articulated contentions, L-3 could then have proceeded to conduct discovery for evidence to contest the defense.[2] To this day, however, Reveal has yet to identify any contention, presumably because it has not come up with a plausible invalidity argument, or evidence to support any such argument.

This unsupported affirmative defense and counterclaim should be dismissed now, rather than later. Reveal has had almost eight months to investigate these issues. Reveal's Opposition offers no acceptable excuse why, after all this time, it could not support its pleading with facts. Waiting several more months, simply to learn if Reveal can come up with a theory or with evidence to support it, would prejudice L-3.

---

[1] The reverse, unfortunately, is not true – L-3 has had great difficulty in obtaining discovery from Reveal. For example, Reveal recently refused to show up for its own Rule 30(b)(6) deposition, even after L-3 had rescheduled it at Reveal's request to a more convenient time.

[2] Ironically, Reveal argued that the motion is premature because, among other things, L-3 has not taken a deposition on this issue (Opp. at 3). Since Reveal has not articulated a contention, however, there is no subject on which L-3 could depose a witness. L-3 is not obligated to waste the parties' resources taking depositions on issues that are not truly in dispute. Had Reveal's interrogatory response articulated some basis for some invalidity theory, it might indeed have been necessary for L-3 to follow up with a deposition. But Reveal has offered no such evidence.

In its Opposition, Reveal did not articulate any theory of invalidity. Instead, it first argued (Opp. at 2, 8-10) that it needed to wait until it learned how the claims would be construed. But Reveal has not set forth a theory of invalidity under <u>any</u> claim construction (including its own proposed construction, whatever that may be). If Reveal actually had an invalidity position whose success depended upon a certain question of claim construction, it could have identified that contention and the issue on which it turns. It has not done so.

Reveal made the same point in different words when it argued (Opp. at 9-10) that a motion for summary judgment should not be considered until after a *Markman* ruling, so that the parties do not have to address "possible alternative meanings" of the claims. Again, the argument ignores the point that Reveal has not identified <u>any</u> invalidity defense, under <u>any</u> claim construction. If Reveal had such a defense, it needed to have disclosed it, and articulated the construction on which it depended, both in its interrogatory answers and in its opposition to L-3's motion.

That the Court's scheduling order contemplates the exchange of claim construction contentions and a *Markman* ruling at a later date did not relieve Reveal of its obligation to disclose whatever facts it had to support an invalidity theory in response to L-3's interrogatories. Reveal is apparently attempting to delay the discovery phase of this case until after the Court has construed the claims. Such a procedure would be

both illogical and unworkable.  The parties need to conduct such discovery now, not six months from now.[3]

Reveal next argued (Opp. 11-12) that partial summary judgment should not be granted based upon its interrogatory answers because it would not necessarily be bound at trial to those interrogatory answers.  Reveal seems to believe that discovery is a game that serves no purpose in advancing the litigation to a just and efficient conclusion.  A party seeks discovery to learn what facts the opposing party has – or does not have – in support of a contention in the case.  Even assuming validity was properly pleaded (questionable, at best, as noted above), Reveal plainly has no basis for it.  The interrogatory answers made that clear.  L-3 cited those answers more for what they failed to say than for what they said:  Those answers showed that Reveal has no support for any invalidity contention (whether as an affirmative defense or as a counterclaim).  Reveal has had almost eight months to investigate the validity of L-3's patents.  It has thus had ample opportunity to come up with _some_ support for its allegations, if they were supportable.  It has provided no explanation as why it has thus far been unable to come up with any such evidence.  (Indeed, its new pleading suggests why – it has none, and was not even comfortable realleging that it did.)

Finally, Reveal misleadingly suggested (Opp. at 9) that, under 35 U.S.C. § 282, "the party asserting an invalidity defense need not disclose prior art – the key information needed to determine invalidity – until up to thirty (30) days before trial."

---

[3] Reveal complained that L-3 had not adequately set forth its infringement contentions in response to Reveal's interrogatories.  That simply is not true.  In response to Reveal's Interrogatory No. 3, L-3 clearly and candidly articulated the basis of its claims.  (See Lipchitz Aff. (D.I. 64), Ex. G at 4).

That exact argument, however, has been tried before, and repeatedly rejected by the Federal Circuit and district courts alike. E.g., ATD Corp. v. Lydall, Inc., 159 F.3d 534, 550 (Fed. Cir. 1998) ("The solid entrenchment of the Federal Rules and the principles of orderly discovery weigh heavily against Lydall's argument that §282 governs the requirement of notice of prior art despite the elaborate discovery procedures, interrogatories, and explicit directives by which the trial was managed"); Output Technology Corp. v. Dataproducts Corp., 1992 U.S. Dist. LEXIS 10932, *2 (W.D.Wash. 1992) (interpreting §282 requirement of notice "at least thirty days before trial" as meaning "that notice must at a minimum be given 30 days in advance of trial. It does not say that a party cannot compel disclosure as part of discovery prior to that time."). Thus, contrary to Reveal's assertion, the "thirty days before trial" provision of 35 U.S.C. §282 is simply a trial management tool; it is not a license for a party to withhold prior art or invalidity contentions that have been properly and specifically requested through interrogatories or other discovery mechanisms.

    As noted in L-3's opening memorandum (at 4), the asserted claims are presumed valid, 35 U.S.C. § 282, and Reveal bears the burden of proving them invalid by clear and convincing evidence. AK Steel Corp. v. Sollac and Ugine, 344 F.3d 1234, 1238-39 (Fed. Cir. 2003) ("the evidentiary burden to show facts supporting a conclusion of invalidity is one of clear and convincing evidence"). Reveal's opposition, however, was bereft of any such evidence. Reveal has had every reasonable opportunity to rebut the presumption of validity and support any invalidity contention with "clear and convincing"

proof.  It has come up empty-handed.  L-3 is thus entitled to partial summary judgment that these patents are neither invalid nor unenforceable.[4]

Finally, Reveal fares no better with its Rule 56(f) argument.  That rule is limited to situations in which a party has genuinely been unable to obtain some key piece of discovery necessary to establishing its case, in which case the Court has discretion to allow a continuance if it appears from the party's affidavits "that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition."  Where a party submits such an affidavit, however, it is required to specify, in some detail, the discovery that the party will take to flesh out that party's opposition to the motion, and articulate why the fruits of that discovery might prove relevant to the outcome.  Simmons Oil Corp. v. Tesoro Petroleum Corp., 86 F.3d 1138, 1144 (Fed. Cir. 1996) (56(f) movant must "state with some precision" both the materials he expects to obtain and "exactly how he expects those materials would help him in opposing summary judgment"; "[i]t is not enough simply to assert . . . that 'something will turn up.'") (citation omitted); Licari v. Ferruzzi, 22 F.3d 344, 350 (1st Cir. 1994) (56(f) motion properly denied because party failed to articulate what exactly the proposed discovery would show that would make its claim viable).

Reveal has not met either prong of the Rule 56(f) test.  Here, Reveal submitted an affidavit of Joseph Lipchitz – one of its litigation attorneys – which contained a brief Rule 56(f) statement (Lipchitz Aff., ¶25), in which he proposed, among other things, taking a Rule 30(b)(6) deposition of L-3 concerning the meaning, scope and

---

[4] As to unenforceability, Reveal has conceded the point as discussed in the opening brief.

embodiments of the asserted patent claims, obtaining L-3's proposed claim constructions, and obtaining a report from L-3's expert. Such actions focus solely on learning L-3's contentions and do not appear intended or likely to unearth any prior art or other <u>evidence</u> to support an invalidity position. The problem here is that Reveal has not even articulated an invalidity defense to begin with. Indeed, by asking to see L-3's expert's position, Reveal appears to be engaging in yet another effort at delay – this time, attempting to postpone any resolution of this issue until after we reach the expert disclosure stage of the case. There is no relevance or logical connection between the actions proposed in the Rule 56(f) statement and the issue at hand, which is that Reveal has no evidence – no prior art or other facts – from which invalidity could be found no matter what L-3's own contentions might be or what its experts (if and when it retains any) might say.

**CONCLUSION**

For the above reasons, L-3's motion for partial summary judgment should be GRANTED.

                                                  Respectfully submitted,

                                                  L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.,

                                                  By its attorneys,

April 27, 2005                                /s/ James J. Foster
                                                  Michael A. Albert, BBO #558566
                                                  James J. Foster, BBO #553285
                                                  Robert M. Abrahamsen, BBO #636635
                                                  WOLF, GREENFIELD & SACKS, P.C.
                                                  600 Atlantic Avenue
                                                  Boston, Massachusetts 02210
                                                  Tel.: 617.646.8000
                                                  Fax: 617.646.8646
                                                  jfoster@wolfgreenfield.com