UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS ) | |
| SECURITY AND DETECTION ) | |
| SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| v. ) | NO. 04-11884-NG |
| ) | |
| REVEAL IMAGING ) | |
| TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S CROSS-MOTION FOR EXPENSES AND SANCTIONS

On April 28, 2005, this court held a hearing to address the following: (1) a motion for partial summary judgment in which the plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), seeks a summary judgment ruling in its favor on the defendant's claims that three of the six patents that are the subject of this action are invalid and unenforceable (Docket No. 57); (2) a motion for a protective order in which the defendant, Reveal Imaging Technologies, Inc.("Reveal") seeks the postponement of its deposition pursuant to Fed. R. Civ. P. 30(b)(6) until the week of May 16, 2005 or, in the alternative, an order precluding L-3 from conducting a second deposition of Reveal's witness in which L-3 attempts to revisit topics covered in the initial deposition (Docket No. 72); (3) L-3's cross-motion seeking an order compelling Reveal to appear forthwith

for a deposition pursuant to Fed. R. Civ. P. 30(b)(6), directing Reveal to pay L-3 its reasonable expenses, including attorneys fees, incurred in connection with the cross-motion pursuant to Fed. R. Civ. P. 26(c) and 37(a)(4), and imposing sanctions on Reveal, pursuant to Fed. R. Civ. P. 37(d), for failing to appear for its deposition (Docket No. 74); and (4) the parties' proposed schedules for completing discovery on all claims asserted in this action.  During the hearing, L-3 agreed to convert its motion for partial summary judgment into a motion to compel further discovery from Reveal.

After consideration of the parties' submissions, as well as their oral arguments, the court orders as follows:

1. As agreed by the plaintiff, "L-3's Motion for Partial Summary Judgment Declaring the Asserted Claims of its Patents to be Neither Invalid Nor Unenforceable" (Docket No. 57) is converted into a motion to compel further discovery.  The motion to compel is **ALLOWED IN PART** and **DENIED IN PART**.  By agreement of the parties, Reveal shall supplement its document production by **May 10, 2005**.  Additional discovery shall be in accordance with this Order.

2. The "Motion of Defendant Reveal Imaging Technologies, Inc. for a Protective Order" (Docket No. 72) is **ALLOWED IN PART** and **DENIED IN PART**.  The deposition of Reveal pursuant to Fed. R. Civ. P. 30(b)(6) and concerning all six patents at issue in this litigation shall take place during the week of **May 16, 2005**.  By allowing this motion, this court does not intend to preclude L-3 from seeking a subsequent deposition of Reveal in order to examine Reveal's witness regarding issues on which the witness has not been examined in the initial deposition.

3. "L-3's Cross-Motion for Expenses Under Rules 26(c) and 37(a)(4) and Sanctions Under Rule 37(d)" is **DENIED**.

4. Each party may serve twenty-five (25) more interrogatory requests, twenty-five (25) more requests for admissions and two (2) more requests for document production than the number prescribed by the rules of this court. In addition, each party may conduct three (3) more depositions than the number allowed by this court's rules.

5. The parties shall comply with the following schedule, which supersedes all prior schedules issued by this court:

   (i) The parties shall agree to the terms to be construed with respect to the plaintiff's claims concerning patent numbers 6,721,391 (the "391 patent"), 5,642,393 (the "393 patent") and 5,838,758 (the "758 patent") by **May 9, 2005**.

   (ii) L-3 shall provide to Reveal its preliminary proposed claim construction concerning the 391, 393 and 758 patents by **May 16, 2005**.

   (iii) Reveal shall provide L-3 with a responsive proposed claim construction concerning the 391, 393 and 758 patents by **May 30, 2005**.

   (iv) The parties shall agree to the terms to be construed with respect to the plaintiff's claims concerning patent numbers 6,707,879 (the "879 patent"), 5,712,926 (the "926 patent") and 5,905,806 (the "806 patent") by **June 6, 2005**.

   (v) On or before **June 13, 2005**, L-3 shall provide to Reveal detailed infringement contentions and Reveal shall provide to L-3 detailed invalidity contentions regarding the 391, 393 and 758 patents.

   (vi) L-3 shall provide to Reveal its preliminary proposed claim construction concerning the 879, 926 and 806 patents by **June 13, 2005**.

   (vii) Reveal shall provide L-3 with a responsive proposed

        claim construction concerning the 879, 926 and 806 patents by **June 27, 2005**.

(viii)  On or before **July 11, 2005**, L-3 shall provide to Reveal detailed infringement contentions and Reveal shall provide to L-3 detailed invalidity contentions regarding the 879, 926 and 806 patents.

(ix)  The parties shall complete all fact discovery unrelated to damages on or before **October 1, 2005**.

(x)  The party with the burden of proof will serve any expert reports on or before **October 17, 2005**. Each party will respond to those reports on or before **November 4, 2005**.

6. If the defendant makes a sale to a non-U.S. governmental entity, the defendant shall immediately notify the plaintiff of the sale.

7. At the next status conference, which is scheduled for **Wednesday, September 7, 2005, at 10:00 A.M.**, the parties, either jointly or separately if there is no agreement, shall submit to the court a proposed schedule for any remaining discovery that specifies the particular type of discovery that the party is seeking. At that time, the parties shall also be prepared to discuss:

    (i)    the status of the case;
    (ii)   scheduling for the remainder of the case through trial;
    (iii)  the use of Alternative Dispute Resolution ("ADR"); and
    (iv)  consent to trial before the magistrate judge.

The parties shall submit a brief joint statement no later than five (5) days before the status conference addressing the issues itemized above. With respect to items (iii) and (iv), the parties shall indicate whether an agreement has been reached, but are not obligated to identify their respective positions.

                                             / s / Judith Gail Dein
                                             Judith Gail Dein
DATED: April 29, 2005                United States Magistrate Judge