IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>          Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>          Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

## **L-3'S REPLY TO DEFENDANT'S COUNTERCLAIMS**

L-3 Communications Security and Detection Systems, Inc. ("L-3") responds to the corresponding paragraphs of Reveal Imaging Technologies, Inc.'s ("Reveal") counterclaims:

41. Admits.

42. Admits.

43. Admits.

44. Admits.

45. Repeats paragraphs 41-44 above.

46. Admits.

47. Admits.

48. Admits that Reveal denies infringement.

49. Admits.

50. Admits that Reveal seeks such a declaration.

51. Repeats paragraphs 41-45 above.

52. Denies.

888188.1

53. Repeats paragraphs 41-53 above.

54. Admits that Reveal is pleading such counterclaims, but otherwise denies.

55. Denies the first sentence, and is without knowledge or information sufficient to form a belief as to the second.

56. Denies.

57. Denies.

58. Admits the first sentence, and is without knowledge or information sufficient to form a belief as to the second.

59. Admits that certain current EDS systems employ CT scanning, but otherwise denies.

60. Is without knowledge or information sufficient to form a belief.

61. Denies.

62. Admits that L-3 and InVision had manufactured certified EDS machines before Reveal had developed the CT-80, but otherwise denies.

63. Denies.

64. Denies the first sentence, and is without knowledge or information sufficient to form a belief as to the second.

65. Is without knowledge or information sufficient to form a belief.

66. Denies.

67. Is without knowledge or information sufficient to form a belief.

68. Admits.

69. Admits that the Inspector General gave testimony, but refers to the official record for the text thereof.

- 3 -

70. Admits that the Inspector General gave testimony to Congress, but refers to the official record for the text thereof.

71. Denies.

72. Admits that the government issued certain RFP's for the Phoenix Program and the Manhattan II Program, but refers to the text of those RFP's for the text and timing thereof.

73. Is without knowledge or information sufficient to form a belief.

74. Admits that Reveal applied for a grant from the TSA Phoenix Program in August 2003 to develop an EDS having certain characteristics, but otherwise denies.

75. Admits that the Phoenix RFP indicated that the TSA would play a certain role in connection with accepted proposals, and that Reveal's August 2003 proposal indicated that Reveal would perform certain tasks, but otherwise denies.

76. Admits that Reveal received certain grants under the TSA's Phoenix Program, and that other Phoenix Project grants were awarded to certain other companies, but otherwise denies the first three sentences. Admits that L-3 presented certain proposals to the TSA that were not accepted, but otherwise denies the fourth sentence.

77. Admits that L-3 made the quoted statement, but otherwise denies.

78. Admits that on October 15, 2003, L-3's counsel sent the letter referred to, but otherwise denies.

79. Admits that L-3 sued Reveal for, among other things, breach of contract and misappropriation of trade secrets after Reveal refused to halt its use of L-3's intellectual property, but otherwise denies.

80. Admits that in December 2003 L-3 brought the suit referred to, but refers to the Complaint therein for the text of its allegations.

81. Denies.

82. Admits that on December 2, 2004, the State Court issued an opinion, but refers to the text of that opinion for that Court's decision.

83. Admits that materials were made available to L-3 that articulated certain design specifications for the CT-80, but otherwise denies.

84. Admits that certain materials were made available to L-3 that mentioned certain L-3 patents, and that L-3 brought this action alleging willful patent infringement, but otherwise denies.

85. Admits that the U.S. House Subcommittee on Aviation took testimony on July 14, 2004, but refers to the official record of that testimony for the content thereof.

86. Admits that L-3 commenced this action on August 30, 2004, but otherwise denies.

87. Admits that L-3's counsel has been allowed access to discovery produced in the State Action, but otherwise denies.

88. Admits that L-3 made the statement quoted in the first sentence, and that L-3 filed its original complaint in August 2004, but otherwise denies.

89. Admits.

90. Admits.

91. Is without knowledge or information sufficient to form a belief.

92. Is without knowledge or information sufficient to form a belief.

93. Is without knowledge or information sufficient to form a belief.

94. Admits.

95. Admits that the patents issued before the original Complaint was filed, that L-3 was aware of the patents before the Complaint was filed, and that L-3 has had access to certain

technical information concerning the CT-80 since at least July 2004, but otherwise denies the first five sentences.  Is without knowledge or information sufficient to form a belief as to the sixth sentence.  Denies the seventh sentence.

96. Admits that L-3 has sued other companies, but otherwise denies.

97. Admits that L-3 had a certain agreement with OSI, but refers to the text thereof for its terms.  Admits that OSI has made various public announcements, but refers to those announcements for the text thereof.

98. Admits that L-3 has made various press releases, but refers to those press releases for the text thereof.

99. Admits that L-3 brought suit against OSI in November 2002, and that the Court issued certain Orders in that suit, but refers to the Complaint and the Court's Orders therein for the text of L-3's allegations and the Court's opinions.

100. Admits that L-3 sued Analogic in June 2004, but refers to the Complaint therein for the text of the allegations.

101. Admits that L-3 had a Teaming Agreement with Analogic, but refers to that Agreement for the text thereof.

102. Denies.

103. Repeats paragraphs 1-103 above.

104. Denies.

105. Admits that the United States government purchases EDS machines to install at domestic airports, but otherwise denies.

106. Admits that foreign governments and airport authorities purchase EDS machines, but otherwise denies.

107. Denies.

108. Denies.

109. Denies.

110. Denies.

111. Denies.

112. Denies.

## **AFFIRMATIVE DEFENSES**

1. Reveal has failed to state a claim upon which relief can be granted.

2. Reveal has failed to plead unenforceability with sufficient particularity.

3. Reveal is estopped by assignor estoppel from asserting one or more patents are invalid or unenforceable.

- 7 -

For the above reasons, L-3 requests that the Court dismiss the counterclaims and grant the relief requested in the Complaint.

                               L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

May 6, 2005                               /s/ James J. Foster
James J. Foster, BBO #553285
Michael A. Albert, BBO #558566
Robert M. Abrahamsen, BBO #636635
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
JFoster@wolfgreenfield.com
Tel.: 617.646-8000
Fax: 617.646-8646