**EXHIBIT E**



Not Reported in F.Supp.  
1997 WL 373715 (S.D.N.Y.)  
(Cite as: 1997 WL 373715 (S.D.N.Y.))

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
GOLDEN TRADE S.R.L., et al., Plaintiffs,
v.
LEE APPAREL COMPANY, et al., Defendants.
Nos. 90 CIV. 6291(JSR), 90 CIV. 6292(JSR), 90 CIV. 7815(JSR), 92 CIV. 1667(JSR).

June 25, 1997.

*MEMORANDUM ORDER*

RAKOFF

*1 The above-numbered cases concern the validity and alleged infringement of United States Patent No. 4,740,213 ("the '213 patent"), entitled "Method of Producing a Random Faded Effect on Cloth or Made-Up Garments and the End-Product Obtained by Implementation of Such a Method." [FN1] Basically, the '213 patent is a method for making jeans look as old and worn as this litigation. Following the close of consolidated discovery on December 31, 1992, defendants Lee Apparel Company, Blue Bell, Inc. and Levi Strauss & Co. moved for summary judgment before the Honorable Robert P. Patterson, Jr., U.S.D.J. After receiving voluminous papers and hearing argument and reargument, Judge Patterson issued a detailed and comprehensive Revised Opinion And Order granting the motions in part and denying the motions in part. *Levi Strauss & Co. v. Golden Trade, S.R.L.,* 1995 WL 710822 (S.D.N.Y. Dec. 1, 1995).

Shortly thereafter, the matter was reassigned to the Honorable Barbara S. Jones, U.S.D.J., upon whom the parties imposed still further post-discovery motion practice. The first such motion, a motion by plaintiffs for still further reconsideration of portions of Judge Patterson's already-revised summary judgment decision, was denied by Judge Jones on December 18, 1996. The second, a motion by Lee, Blue Bell and Levi Strauss for an order setting forth facts deemed established pursuant to Fed.R.Civ.P. 56(d), and the third, a motion by Lee and Blue Bell for leave to file still another summary judgment motion, were still pending when the cases were reassigned to this Court on February 26, 1997. Following oral argument on March 24, 1997, the Court denied from the bench the motion for an order setting forth facts deemed established pursuant to Rule 56(d) and reserved decision on the motion for leave to file a new summary judgment motion. The parties were also granted leave to file short written submissions on the issue of whether the trial of the cases should proceed on the same consolidated basis as the preceding discovery and motion practice.

On April 4, 1997, the Court telephonically advised the parties that the motion for leave to file an additional summary judgment motion would be denied and that the cases would proceed to trial on a consolidated basis on November 3, 1997. This memorandum will serve formally to confirm those telephonic rulings and briefly to state the reasons therefor.

Defendants' proposal to file yet another motion for summary judgment comes more than two years after the expiration of the Court-ordered deadline for dispositive motions, and a full year after the issuance of Judge Patterson's final decision on the prior summary judgment motions. Defendants do not pretend that the argument they now seek to advance-- that "prior art" makes the '213 patent invalid--was not fully known and appreciated at the time of their earlier motions. [FN2] Rather, they claim that they chose not to make the argument previously in order to avoid adding further "complexity" to the principal issues then before the Court. *See* Lee's Letter to Judge Jones, dated December 26, 1996, at 2. In other words, defendants made a tactical decision to forego raising this argument at the required time because they believed it would prejudice a different argument they preferred to push. It would make a mockery of the orderly resolution of disputes if parties could willy-nilly disregard the consequences of such tactical choices in favor of never-ending resurrection of previously abandoned claims. *See C. Arena & Co., Inc. v. St. Paul Fire & Marine Ins. Co.,* 1994 WL 54832, *2 (E.D.Pa. Feb. 18, 1994) (if defendant was previously aware of an argument it now seeks leave to raise in a further motion for summary judgment, the argument "should have been raised when this court was deciding [defendant's] previous

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1997 WL 373715 (S.D.N.Y.)
**(Cite as: 1997 WL 373715 (S.D.N.Y.))**

Page 2

summary judgment motion."); *see also Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 1990 WL 116741, *4, n. 6 (S.D.N.Y. Aug. 7, 1990) (JMC) ("judicial economy is not served when, after the close of discovery, defendants make incremental summary judgment motions **seriatim**"). Accordingly, defendants must be deemed to have waived any right they might otherwise have to bring a summary judgment motion on this ground. [FN3]

**\*2** As for the further consolidation for trial of these long-consolidated cases, Rule 42(a) of the Federal Rules of Civil Procedure authorizes a trial court, in the interest of judicial economy, to consolidate for trial actions having common questions of law and fact, *see* Fed.R.Civ.P. 42(a), provided that the paramount goal of a fair and impartial trial is not compromised. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990).

Here, it is patent that common questions of fact and law are involved, and almost as obvious that consolidation would effect considerable benefits of judicial economy. Defendants argue, however, that they may be prejudiced by consolidation because the Lee/Levi Strauss cases will be tried to the bench while the other cases will be tried to a jury, leading to "possible conflicts" among counsel as to trial strategy. Such strategic conflicts--potentially present whenever there are multiple defendants, regardless of whether the case is jury, non-jury, or both--do not ordinarily constitute the kind of "prejudice" that impacts the fairness of the trial or otherwise weighs against consolidation. Indeed, if it were otherwise, consolidation would be stillborn in every multi-defendant case. In reality, however, multiple defendant jury and non-jury cases are routinely--and fairly--tried together without any actual prejudice to any party concerned. *See, e.g., In the Matter of the Complaint of Great Lakes Dredge & Dock Co.*, 895 F.Supp. 604, 615 (S.D.N.Y.1995) (WCC) (ordering simultaneous bench and jury trial in a consolidated multi-party action). There is nothing special about this case that warrants a contrary result.

Defendants further contend that, while there are core questions common to all these cases, consolidation may cause individual differences to be ignored or, conversely, may cause prejudicial spillover to differently-situated defendants. Once again, these familiar (and somewhat inconsistent) arguments prove too much, for they would preclude any consolidation. Courts and juries routinely distinguish between different defendants and differing proofs applicable thereto, and there is nothing here presented that distinguishes these cases in these respects from cases in which consolidation is routinely granted. *Johnson*, 899 F.2d at 1285.

Finally, certain of the defendants argue that permitting the cases to go to trial separately would be beneficial to both Court and counsel because rulings from the first trial would resolve important issues in the second trial. From the standpoint of judicial resources, this alleged savings hardly outweighs the much greater judicial economies of consolidation; and from the standpoint of the parties, the one-sidedness of the alleged benefits is made manifest by the fact that defendants advance this argument only on the condition that the bench trial precede the jury trial and specifically argue that otherwise they would rather have all the cases proceed to a single consolidated trial than have the jury trial precede the bench trial. This concession strikingly reveals that it is pure tactical advantage, rather than anything more neutrally substantive, that underlies defendants' entire approach to the issue of consolidation. For if there were to be two trials and the real interest were concerning judicial resources, as defendants claim,.such economy would best be served by holding the jury trial first, rather than *vice versa*-- since evidence presented to the jury would not need to be repeated to the Court at the subsequent bench trial, while the reverse is not true. In short, defendants' argument rings hollow.

**\*3** Having considered defendants' other arguments and finding them equally without merit, the Court concludes that all of the above-numbered cases must be consolidated for trial. The trial shall commence on November 3, 1997 at 9:00 a.m. in Courtroom 14-D, 500 Pearl Street, New York, New York.

SO ORDERED.

> FN1. Specifically, *Golden Trade, et al. v. Lee Apparel Co., et al.*, 90 Civ. 6291, and *Golden Trade, et al. v. Jordache Enterprises, Inc., et al.*, 90 Civ. 6292, are actions for patent infringement, while *Jordache Enterprises, Inc., et al. v. Golden Trade, et al.*, 90 Civ. 7815, and *Levi Strauss & Co. v. Golden Trade, et. al.*, 92 Civ. 1667, are actions for declaratory judgment as to the validity and non-infringement of the same patent. For convenience, Golden Trade S.R.L and Greater Texas Finishing Corp. are referred to here as "plaintiffs" and the other parties as "defendants."

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

.
.

Not Reported in F.Supp.  
1997 WL 373715 (S.D.N.Y.)  
**(Cite as: 1997 WL 373715 (S.D.N.Y.))**

Page 3

FN2. Indeed, the "prior art" argument was expressly referenced, though not pursued, in defendants' original summary judgment motion papers. *See* Lee's Summary Judgment Brief at 35, n. 33.

FN3. This conclusion is without prejudice to defendants raising their "prior art" defense at trial. Indeed, if their prior art argument is as undisputed as they allege, it would support a Rule 50 motion at that stage.

**Motions, Pleadings and Filings (Back to top)**

• 1:90CV06291 (Docket) (Oct. 01, 1990)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.