IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>　　　　Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>　　　　Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

## L-3'S OPPOSITION TO REVEAL'S "EMERGENCY" MOTION TO STAY MOTION FOR PARTIAL SUMMARY JUDGMENT

Reveal, in its "emergency" motion to stay, requested an extension to file an opposition to L-3's Motion for Partial Summary Judgment. Since L-3 does not oppose a reasonable request for more time to respond, it has since agreed with Reveal to extend, from June 27 to July 11, 2005, Reveal's time to respond to the summary judgment motion.

That does not dispose of Reveal's motion, however, since Reveal is also requesting that the summary judgment motion be stayed until, it seems, some time in 2006.[1] The summary judgment motion, however, can be decided now. If granted, L-3's motion would hasten the conclusion of this case, obviating much time and expense.

---

[1] Time and again, Reveal has sought to delay the resolution of this matter. First, it filed a groundless motion to dismiss which injected an unnecessary delay of several months into the case. Subsequently, it urged the Court, and the Court agreed, to delay the taking of "damages discovery" so that the parties could focus their energies on the issue of whether the CT-80 falls within the scope of the asserted patent claims. Yet now, when L-3 seeks resolution of this very issue, Reveal is again asking for it to be delayed, rather than resolved on the merits.

908270.1

Strikingly, Reveal's motion does not claim non-infringement, nor does it suggest that it either has or expects to be able to uncover any evidence of non-infringement. L-3 will not repeat herein the substance of its summary judgment motion, but, as that motion makes clear, Reveal makes and sells a product that directly and literally includes each limitation of the asserted claims of the two patents. Indeed, in discovery on this very issue, Reveal was able to offer no evidence of non-infringement whatsoever. Evidently, it still has none.

Reveal accordingly falls back on rhetoric, claiming that L-3 is trying to use litigation as a "tool" that will create needless expense. Reveal has it backwards: The pending motion will do precisely the opposite – resolve a key issue in the case right now, with no more money spent by either side and no more time spent by the Court resolving discovery issues or academic disputes over questions not relevant to the dispositive issue now before the Court. Surely, if Reveal is concerned about cost it should want a quick resolution just as L-3 does.

## Background

L-3 filed its Amended Complaint in this case on September 22, 2004, alleging infringement of three patents (including the two at issue in the pending summary judgment motion).

Claiming that the § 1498(a) issue would dispose of the case, Reveal sought, and obtained, a delay until January 18, 2005 of the start of discovery on all other issues. Ultimately, Reveal was forced to concede that it had no dispositive 1498(a) defense, and indeed had been aware of infringing uses of the Reveal system in the U.S. Because the Court's February 8, 2005 order stayed any discovery with respect to damages, discovery during the past five months has effectively been limited to whether

the CT-80 infringes L-3's patents and whether the patents are invalid or unenforceable.

Despite these limits, Reveal has not only dragged its heels on providing such discovery but has repeatedly attempted to slow down resolution of the issues. For example, over the past months it has repeatedly scheduled and then unilaterally cancelled at the last minute the depositions of more than half a dozen current and former L-3 employees. It also refused to appear for its own Rule 30(b)(6) deposition until ordered to by the Court at the April 28 hearing.

Because of Reveal's failures to comply with discovery, it became necessary for the Court to set forth, in an order dated April 29, 2005, a set of specific discovery events with specific deadlines. That scheduling order has proven helpful and effective, as the parties have now exchanged numerous documents and contentions, and taken key depositions necessary to a resolution of the issue now pending before the Court, namely whether Reveal's product infringes the '393 and '758 patents.

With that issue now ripe for resolution, Reveal is again seeking to jam a stick into the bicycle spokes. Not surprisingly, since the patent claims read directly onto Reveal's system, Reveal was unable to provide any answer to the interrogatory asking why it does not infringe. Instead, it now seeks further, lengthy delay. That is not what Rule 56(f) provides, or even permits, absent some showing of precisely what evidence of non-infringement Reveal expects to uncover and precisely how that would alter the outcome. As argued below, there is not (and cannot be) any such evidence. More to the point, it is Reveal's burden to show that there is.[2]

---

[2] Reveal's representations regarding the procedural history of this case are at odds with the record in a number of respects. To give but one example, Reveal's motion repeatedly claims that L-3's motion for summary judgment on invalidity had been "inappropriate" and was "denied" by the Court. To the contrary, the record shows that the Court (treating it as a motion to compel) granted the motion in part at a hearing held on April 28 and in the resulting Order dated April 29, 2005.

**Argument**

Reveal's motion rests on two legal errors.  First, Reveal suggests to this Court that a lengthy *Markman* process needs to be followed before the Court can take up a dispositive motion addressing the issue of infringement.  On-point case law both of the Federal Circuit and of this District is directly to the contrary.

Second, Reveal suggests that a lengthy and complex discovery process needs to be followed before a summary judgment of infringement will be ripe.  Again, the law is unequivocally to the contrary.  The rule governing this issue – Rule 56(f) – requires a party seeking to rely on its protections to first prove that (a) there is a particular item or category of evidence that it has been unable, despite reasonable effort, to obtain, and (b) that this evidence would alter the outcome of the motion.  Reveal neither meets nor even attempts to meet either element of the test.  It did not even file a Rule 56(f) affidavit as required to conform to that rule.  Reveal's entire argument on this issue is that Reveal has not yet received some documents "from third party inventors."  (Mot. at 7)[3]  Missing is any allegation, let alone showing, that such discovery could possibly change the outcome.  Indeed it cannot, since the question is not what testimony the named inventors might provide, but rather whether the product Reveal makes is described by one or more claims set forth within the four corners of the patent itself.

Reveal's tactic, once again, is delay.  When L-3 served up, in an interrogatory, an opportunity for Reveal to explain why it does not infringe, Reveal *had no answer*.  When L-3 now points out, in a detailed dispositive motion and accompanying papers, that Reveal's system indisputably infringes, Reveal, based on no evidence, asks to

---

[3] Reveal now has those documents.

have the matter put off until next year. Its motion fails to make even the most rudimentary attempt to meet the requirements of Rule 56(f).

**I.      A Markman Hearing Need Not Precede Summary Judgment Rulings.**

Reveal argued that a formal <u>Markman</u> claim construction hearing must precede resolution of L-3's summary judgment motion on infringement. <u>Markman</u> itself is directly to the contrary. <u>Markman v. Westview Instruments, Inc.</u>, 52 F.3d 967, 981 (Fed. Cir. 1995) (en banc) (claim construction "ordinarily can be accomplished by the court in framing its charge to the jury, ***but may also be done in the context of dispositive motions***") (emphasis added). The Federal Circuit emphasized this more recently in <u>Ballard Medical Products v. Allegiance Healthcare Corp.</u>, 268 F.2d 1352 (Fed. Cir. 2001). In <u>Ballard</u>, the district court adjudicated the question of infringement on summary judgment because the intrinsic patent evidence resolved the key claim construction issues as a matter of law. <u>Id.</u> at 1358. On appeal, the Federal Circuit rejected the argument that the district court was obliged to "conduct a detailed, limitation-by-limitation construction of each of the asserted claims" before issuing its summary judgment ruling:

> Contrary to Ballard's contention, <u>Markman</u> does not require a district court to follow any particular procedure in conducting claim construction. It merely holds that claim construction is the province of the court, not a jury. To perform that task, some courts have found it useful to hold hearings and issue orders comprehensively construing the claims in issue. Such a procedure is not always necessary, however. ***If the district court considers one issue to be dispositive, the court may cut to the heart of the matter and need not exhaustively discuss all the other issues presented by the parties.*** District courts have wide latitude in how they conduct the proceedings before them, and there is nothing unique about claim construction that requires the court to proceed according to any particular protocol. As long as the trial court construes the claims to the extent necessary to determine whether the accused device infringes, the court may approach the task in any way that it deems best.

- 5 -

Id. (emphasis added).

Accordingly, both the Federal Circuit and district courts – including the District of Massachusetts – have repeatedly concluded that where there is no dispute about the structure or function of the accused product, it is both appropriate and desirable to construe key claim limitations (a matter of law for the Court) in the context of a summary judgment motion. E.g., Karlin Technology Inc. v. Surgical Dynamics, Inc., 177 F.3d 968, 975 (Fed. Cir. 1999) (reversing district court's grant of summary judgment of non-infringement and granting summary judgment of infringement, after resolving disputed claim construction issue, because structure of accused product was not contested); Biogen, Inc. v. Berlex Labs., Inc., 113 F. Supp. 2d 77, 81 (D. Mass. 2000) (district court construed claims "in connection with" its decision on the parties' summary judgment motions), aff'd in part, vacated in part on other grounds, 318 F.3d 1132 (Fed. Cir. 2003).

Indeed, as Chief Judge Young has explained, a summary judgment motion on infringement is a "perfectly appropriate vehicle" for the task of resolving any claim construction issues that may arise. MediaCom Corp. v. Rates Technology, Inc., 4 F.Supp.2d 17, 22 (D.Mass 1998).

Thus, although the Court may indeed need to decide an issue of claim construction when it rules upon L-3's motion, the issue need not be ruled upon before the motion is even filed. Reveal's insistence that claim construction issues be resolved before any summary judgment motions are considered is contrary to applicable law and appears to be a further attempt to delay these proceedings.

Reveal's further arguments that L-3 somehow "jumped the gun" on the case schedule by filing this motion are off the mark. The motion was filed only after the

parties had exchanged proposed claim constructions on the two patents at issue in accordance with the Court's April 29 Order, and <u>after</u> L-3 had taken deposition testimony of Reveal that established conclusively that the structure and function of the accused CT-80 product met of the limitations of the asserted patent claims.[4] Any construction issues relevant to this motion will be fully briefed on the motion. Such hearing as the Court requires (likely, only attorney argument) on any construction issues can be scheduled at the Court's convenience, as part of the hearing of the summary judgment motion.

## II.    **L-3's Motion Papers Suffice To Establish Infringement.**

Reveal argued that L-3's motion was not supported by affidavits. But since the structure of Reveal's product is not disputed, and since that structure is set forth in Reveal's documents and deposition testimony, all of which are admissible evidence, further affidavits are unnecessary. As required by L.R. 56.1, L-3's motion was accompanied by a concise statement of undisputed material facts. That statement set forth the relevant details of Reveal's product, and was fully supported by citations to the record.

In this case, neither the structure nor the function of the accused product, the CT-80, is contested. Reveal disputed only the meaning to be given to certain words of the asserted patent claims. Reveal's argument that the asserted claims should be construed in a manner that would not read on the undisputed structure and functionality

---

[4] Only after it was ordered to do so by the Court (<u>see</u> April 29 Order, ¶2), and after leveraging a delay of more than a month, Reveal finally allowed L-3 to take its deposition on the structure and function of its product, the CT-80. L-3 obtained testimony at that deposition that established conclusively that all of the asserted claims of the '758 and '393 patents are infringed by the CT-80.

of the CT-80 can be fully presented in its opposition. The Court is equipped to decide that issue now. E.g., Johnson Worldwide Associates, Inc. v. Zebco Corp., 175 F.3d 985, 988 (Fed. Cir. 1999) ("Because the relevant aspects of the accused device's structure and operation are undisputed in this case, the question of whether Zebco's AutoGuide product infringed the claims of Johnson's '835 patent turns on the interpretation of those claims").

### III. Reveal Has Not Made a Rule 56(f) Showing of Need for Further Delay.

Reveal argues (citing Rule 56(f) of the Federal Rules of Civil Procedure) that it needs additional time to take fact discovery before it could respond to L-3's motion. Infringement, however, is determined by comparing the structure or manner of operation of the accused product with the patents' claims. See, e.g., Johnson Worldwide, 175 F.3d at 988. Reveal obviously needs no discovery as to the structure and function of its own product. Nor can Reveal properly require discovery as to the meaning of the asserted patent claims. The Court construes the claims by reference only to the "intrinsic" evidence of the patent, which consists of the claims themselves, the patent specification, and the written prosecution history of the patent. Vitronics Corp. v. Conceptronics, Inc., 90 F.3d 1576, 1583-84 (Fed. Cir. 1996). Only such evidence as is within the four corners of these documents (all of which Reveal has) will bear on the meaning of the patent claim language. It is thus inconsistent with applicable law for Reveal to claim a need for discovery on this issue.

Indeed, Reveal's motion does not identify a single bit of discovery that it would actually need from L-3 to defend L-3's motion, let alone do so in a sworn affidavit as required by Rule 56(f). See Fed. R. Civ. P. 56(f) ("Should it appear ***from the affidavits of a party opposing the motion*** that the party cannot for reasons stated present by

affidavit facts essential to justify the party's opposition, the court may … order a continuance to permit … discovery to be had."). Under such circumstances, the motion for a stay should be denied.

In the First Circuit, a party seeking additional time under Rule 56(f) must be specific in explaining to the Court not just what discovery it needs to adequately respond to a summary judgment motion, but how that discovery would alter the outcome of the pending motion.  E.g., Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 4 (1st Cir. 2004) ("[A] petitioning party must offer the trial court more than optimistic surmise. He must give the court reason to believe that undiscovered facts exist and that those facts, if obtained, would help defeat the pending motion.").  In addition, the party must demonstrate a "realistic prospect that the facts can be obtained within a reasonable (additional) time, and will, if obtained, suffice to engender an issue both genuine and material." Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988).

In this case, Reveal has met neither requirement.  Reveal offers no explanation of what additional discovery might be needed.  It filed no affidavit as required by Rule 56(f), and stated in its brief only that it planned to depose the inventors of the patents-in-suit.  Even if the Court were to overlook the dispositive obstacle that Rule 56(f) was not met (notwithstanding First Circuit authority to the contrary),[5] Reveal has not even argued in its brief what evidence it hopes to discover by deposing individual inventors of

---

[5] "[A party] departs from the plain language of Rule 56(f) at his peril.  When a departure occurs, the alternative proffer must simulate the rule in important ways. It should be made in written form and in a timely manner.... The statement must be made, if not by affidavit, then in some authoritative manner – say, by the party under penalty of perjury or by written representations of counsel subject to the strictures of Fed.R.Civ.P. 11." Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988).

the patents-in-suit, let alone how that evidence might alter the outcome of the pending motion.

Indeed, such evidence cannot alter the outcome here. The testimony of inventors is considered to be particularly irrelevant to the issue of claim construction. Markman 52 F.3d at 985 ("The subjective invent of the inventor when he used a particular term is of little or no probative weight in determining the scope of a claim (except as documented in the prosecution history)."); Vitronics, 90 F.3d at 1584 ("Nor may the inventor's subjective intent as to claim scope, when unexpressed in patent documents, have any effect"); Bell & Howell Document Management Products Co. v. Alteck Systems, 132 F.3d 701, 706 (Fed. Cir. 1997) ("The testimony of an inventor and his attorney concerning claim construction is … entitled to little or no consideration"). In any event, as L-3 pointed out in its summary judgment brief (at 17), the words in the patents are not so divorced from any plain meaning that extrinsic evidence would be needed to construe the claims. Reveal concedes the point through silence.

**IV.     The Case is Ripe for Summary Judgment.**

Finally, Reveal argued that seriatim summary judgment motions should be disfavored, and cited Golden Trade S.R.L. v. Lee Apparent Co., 1997 WL 373715 (S.D.N.Y. 1997) in support of that sweeping proposition. In Golden, however, the problem was that the movant waited until two years after the deadline to file a summary judgment motion. Here, the motion is being filed early to expedite, rather than delay, resolution of the action.

## **CONCLUSION**

For the above reasons, Reveal's motion to stay should be DENIED.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC., |
|  | By its attorneys, |
| June 27, 2005 | /s/ James J. Foster<br>Michael A. Albert, BBO #558566<br>James J. Foster, BBO #553285<br>Robert M. Abrahamsen, BBO #636635<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Avenue<br>Boston, Massachusetts 02210<br>Tel.: 617.646.8000<br>Fax: 617.646.8646<br>jfoster@wolfgreenfield.com |