IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>　　　　　Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>　　　　　Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

## L-3'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), respectfully objects to the proposed findings and recommendations set forth in the Report and Recommendation on Plaintiff's Motion for Partial Summary Judgment and on Defendant's Motion To Stay and/or Quash (D.I. 87).

In particular, L-3 objects to the recommendation that the summary judgment motion it filed on June 13 be denied, <u>without</u> <u>any</u> <u>consideration</u> <u>of</u> <u>its</u> <u>merits</u>.

### Summary of Argument

L-3 sued Reveal Imaging Technologies, Inc. ("Reveal") for patent infringement in August 2004. After Reveal engineered a series of procedural delays (based on the unfounded assertion – ultimately withdrawn – that it had a dispositive defense), discovery finally began in January on the merits of the infringement case. The documentary evidence established, without factual dispute, the structure of Reveal's system. As subsequently confirmed by Reveal's deposition testimony, this system is covered by several claims in each of two L-3 patents. There is thus no genuine dispute that Reveal infringes these patents. Accordingly, L-3 moved for summary judgment.

915534.1

Reveal refused to respond to the motion, seeking instead to have it stayed. Its arguments for a stay were erroneous: It argued, first, that it needed more discovery, yet it failed to support this assertion with the required Rule 56(f) affidavit or any equivalent information establishing what discovery it needed that could possibly alter the outcome. Indeed there is none. Inventor depositions would make no difference, as the sole issue in dispute (claim construction) is one of law, not fact, which, according the to the Federal Circuit turns on the patent's own intrinsic evidence, not on the inventors' testimony. Secondly, Reveal erroneously claimed that a *Markman* hearing must precede summary judgment motions on infringement. Both the Federal Circuit and the Chief Judge of this District have expressly held to the contrary.

Accordingly, there is no basis for further delay. Reveal should be required to respond to the dispositive motion so that the case can be expeditiously resolved on the merits.

### **Procedural Posture and Background**

L-3 instituted this patent infringement suit on August 30, 2004 (D.I. 1), originally asserting that Reveal had infringed U.S. Patent No. 6,721,391 by making and using a certain explosives detection system (named "the CT-80") for use by airports and airlines in screening passenger baggage and cargo.

L-3 served an Amended Complaint (D.I. 5) on September 22, 2004, alleging infringement of two additional patents, U.S. Patent Nos. 5,838,758 ("the '758 patent") and 5,642,393 ("the '393 patent").[1] These are the two patents that are the subject of

---

[1] L-3 subsequently served a Second Amended Complaint (D.I. 62) on March 15, 2005, alleging infringement of three more patents, U.S. Patent Nos. 6,707,879; 5,712,926; and 5,905,806.

L-3's June 13, 2005 motion for summary judgment of infringement.

Rather than responding to the Amended Complaint, Reveal filed a motion to dismiss the entire action under Rule 12(b)(6), asserting that all of its infringing acts were immunized under 28 U.S.C. §1498.[2] (See D.I. 7). Reveal refused to allow L-3 to take any discovery on the §1498 defense prior to filing an opposition, even though virtually all facts concerning the defense were exclusively within Reveal's control. (See D.I. 19 at ¶¶ 6, 7).

In its opposition to the motion to dismiss (D.I. 20), L-3 identified evidence of numerous uses of the CT-80 that could not possibly be immunized under §1498.[3] Reveal then backtracked and conceded that L-3 was entitled to some discovery before the motion could be decided. It refused to withdraw the motion to dismiss, however, and instead moved for a protective order that would effectively bring the case to a standstill except for discovery relating to its motion, which it continued to claim would be dispositive of the entire case. (See D.I. 22). In view of Reveal's representations, and over L-3's objections, the Magistrate Judge allowed Reveal's motion and set a schedule for "limited discovery" and briefing on the motion. (D.I. 25, 30).

On January 14, 2005 (more than three months after Reveal filed its motion to dismiss – and when L-3 was finally poised to take its deposition), Reveal submitted a letter to the Magistrate Judge acknowledging that it had used the CT-80 in a manner that was not immunized under §1498. Reveal had to have known of its own uses of the

---

[2] A detailed discussion of the purpose and effect of 28 U.S.C. §1498 is provided in L-3's Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss. (D.I. 20)

[3] For example, Reveal was engaged in sales efforts in Europe, yet admitted that its only manufacturing location was in the U.S. Thus, Reveal's infringing acts in the U.S. (such as manufacturing the CT-80) were plainly not *solely* for sale to the U.S. Government, as Reveal had claimed in its § 1498 motion.

CT-80 before it filed its motion (and during the several months while the motion was pending), since whether such uses occurred was the central issue raised by the motion. In spite of this knowledge, Reveal had represented to the Court that its motion to dismiss could be dispositive, thereby delaying the start of discovery on the merits of the case for several months.

In January, discovery finally opened on the core issue to be resolved in this case, namely whether Reveal's product infringes. As all the documentary evidence shows – and as Reveal's own deposition testimony confirmed – it plainly does. Indeed, Reveal's deposition testimony concerning the structure and function of its CT-80 system established that the aspects of the system relevant to the asserted claims of the '758 and '393 patents are not in dispute, and are thus amenable to summary judgment. L-3 accordingly moved for partial summary judgment that Reveal has infringed those patents. (See D.I. 79). Further confirming the absence of any genuine dispute, L-3's statement of undisputed facts (D.I. 80) relied exclusively on Reveal's own deposition testimony and documents to illustrate the relevant structure and manner of operation of the CT-80.[4] As noted in its memorandum (D.I. 81 at 17-18), the case law clearly holds that summary judgment should be granted (one way or the other) on infringement when the parties do not disagree about the structure of the accused product.

Instead of responding to the motion, however, Reveal filed a motion requesting that the summary judgment motion be stayed. Consistent with its ongoing strategy of attempting to delay the resolution of this case for as long as possible in the apparent hope of obtaining a foothold in the industry through the use of infringing technology,

---

[4] L-3 had asked Reveal, in an interrogatory, to state the basis for its noninfringement position if it had one. Reveal provided no substantive response.

Reveal refused even to address the merits of the motion. It did not identify any specific evidence whose discovery could or would help it show noninfringement, or otherwise alter the outcome of the case. It simply asked for leave to delay the day of reckoning until some much later time. Ironically, Reveal wrapped its request in rhetoric about L-3's purported intent to use this litigation as a "tool" to harm a smaller competitor, seemingly oblivious to the fact that it is L-3 that is requesting that the case move promptly to a final resolution on the merits – a goal any party genuinely concerned with expense would presumably favor.

The Report and Recommendation of the Magistrate Judge was that Reveal's motion to stay be allowed. It is respectfully suggested that this recommendation should not be adopted because it is based on Reveal's erroneous contentions regarding both Federal Circuit law (regarding what is relevant to claim construction) and First Circuit law (regarding the requirements for obtaining a delay under Rule 56(f)). The case is ripe for resolution, and accordingly Reveal should be required to file its opposition to L-3's motion for summary judgment within a reasonable time so that it may be acted on.

## ARGUMENT

For the reasons outlined below, L-3's summary judgment motion can, and should, be decided now. If granted, L-3's motion would hasten the conclusion of this case, obviating much time and expense.

Reveal's motion to stay rested on two legal errors. First, Reveal argued that a lengthy *Markman* claim construction process needs to be followed before the Court can take up a dispositive motion addressing the issue of infringement. On-point case law both of the Federal Circuit and of this District is directly to the contrary.

Second, Reveal suggested that a lengthy and complex discovery process needs to be followed before a summary judgment of infringement will be ripe. Again, the law is unequivocally to the contrary. The rule governing this issue – Rule 56(f) – requires a party seeking to rely on its protections to first prove that (a) there is a particular item or category of evidence that it has been unable, despite reasonable effort, to obtain, and (b) that this evidence would alter the outcome of the motion. Reveal neither met nor even attempted to meet either element of the test. It did not even file a Rule 56(f) affidavit as required to conform to that rule. Reveal's entire argument on this issue was that it has not yet received some documents "from third party inventors." (D.I. 84 at 7).[5] Missing was any allegation, let alone showing, that such discovery could possibly change the outcome. Indeed it cannot, since the question is not what the inventors might say in documents or even at their depositions, but rather whether the product Reveal makes is described by one or more claims set forth within the four corners of the patent itself.

Reveal's tactic, once again, is delay. Reveal had no answer when asked in an interrogatory why it does not infringe. When confronted with a detailed summary judgment motion, it still has no answer. Rule 1 exhorts the "just, speedy and inexpensive determination" of actions, and Rule 56 is an important mechanism for doing so. While Rule 56(f) allows carefully-defined exceptions, Reveal's motion failed to make even the most rudimentary attempt to meet the requirements of Rule 56(f).

## I.    A Markman Hearing Need Not Precede Summary Judgment Rulings.

Reveal argued that a formal <u>Markman</u> claim construction hearing must precede resolution of L-3's summary judgment motion on infringement. <u>Markman</u> itself is

---

[5] Reveal now has those documents.

directly to the contrary. Markman v. Westview Instruments, Inc., 52 F.3d 967, 981 (Fed. Cir. 1995) (en banc) (claim construction "ordinarily can be accomplished by the court in framing its charge to the jury, **but may also be done in the context of dispositive motions**") (emphasis added). The Federal Circuit emphasized this more recently in Ballard Medical Products v. Allegiance Healthcare Corp., 268 F.2d 1352 (Fed. Cir. 2001). In Ballard, the district court adjudicated the question of infringement on summary judgment because the intrinsic patent evidence resolved the key claim construction issues as a matter of law. Id. at 1358. On appeal, the Federal Circuit rejected the argument that the district court was obliged to "conduct a detailed, limitation-by-limitation construction of each of the asserted claims" before issuing its summary judgment ruling:

> Contrary to Ballard's contention, Markman does not require a district court to follow any particular procedure in conducting claim construction. It merely holds that claim construction is the province of the court, not a jury. To perform that task, some courts have found it useful to hold hearings and issue orders comprehensively construing the claims in issue. Such a procedure is not always necessary, however. **If the district court considers one issue to be dispositive, the court may cut to the heart of the matter and need not exhaustively discuss all the other issues presented by the parties.**.

Id. (emphasis added).

Accordingly, both the Federal Circuit and district courts – including the District of Massachusetts – have repeatedly concluded that where there is no dispute about the structure or function of the accused product, it is both appropriate and desirable to construe key claim limitations (a matter of law for the Court) in the context of a summary judgment motion. E.g., Karlin Technology Inc. v. Surgical Dynamics, Inc., 177 F.3d 968, 975 (Fed. Cir. 1999) (reversing district court's grant of summary judgment of non-infringement and granting summary judgment of infringement, after resolving

disputed claim construction issue, because structure of accused product was not contested); Biogen, Inc. v. Berlex Labs., Inc., 113 F. Supp. 2d 77, 81 (D. Mass. 2000) (district court construed claims "in connection with" its decision on the parties' summary judgment motions), aff'd in part, vacated in part on other grounds, 318 F.3d 1132 (Fed. Cir. 2003).

Indeed, as Chief Judge Young has explained, a summary judgment motion on infringement is a "perfectly appropriate vehicle" for the task of resolving any claim construction issues that may arise. MediaCom Corp. v. Rates Technology, Inc., 4 F.Supp.2d 17, 22 (D.Mass 1998) (noting that such issues are amenable to resolution "at a relatively **early stage** in the litigation" and that "[f]rom the standpoint of the litigants, **earlier is generally better**") (emphasis added).

Thus, although the Court may indeed need to decide an issue of claim construction when it rules upon L-3's motion (assuming Reveal's defense is that the claims mean something other than what L-3 believes they mean), a whole separate *Markman* process need not be followed to resolve these issues before a summary judgment motion is even briefed; on the contrary the two are properly considered together. Reveal's insistence that they must be broken out into separate phases is contrary to applicable law and seems calculated to delay.

Reveal's further arguments that L-3 somehow "jumped the gun" on the case schedule by filing this motion were off the mark. The motion was filed only after the parties had exchanged proposed claim constructions on the two patents at issue in accordance with the Court's April 29 Order, and after L-3 had taken deposition testimony of Reveal that established conclusively that the structure and function of the

accused CT-80 product met of the limitations of the asserted patent claims.[6]  Any claim construction issues relevant to this motion can be briefed as part of the motion, and resolved in the Court's ruling on the motion.

## II.   L-3's Motion Papers Suffice To Establish Infringement.

Reveal argued that L-3's motion was not supported by affidavits.  But since the structure of Reveal's product is not disputed, and since that structure is set forth in Reveal's documents and deposition testimony, all of which are admissible evidence, further affidavits are unnecessary.  As required by L.R. 56.1, L-3's motion was accompanied by a concise statement of undisputed material facts.  That statement set forth the relevant details of Reveal's product, and was fully supported by citations to the record.

Neither the structure nor the function of the accused product (the CT-80) is contested.  The dispute is thus reduced to claim construction – a pure question of law. See Johnson Worldwide Associates, Inc. v. Zebco Corp., 175 F.3d 985, 988 (Fed. Cir. 1999) ("Because the relevant aspects of the accused device's structure and operation are undisputed in this case, the question of whether Zebco's AutoGuide product infringed the claims of Johnson's '835 patent turns on the interpretation of those claims").

---

[6] Only after it was ordered to do so by the Court (see April 29 Order, ¶2), and after leveraging a delay of more than a month, Reveal finally allowed L-3 to take its deposition on the structure and function of its product, the CT-80.  L-3 obtained testimony at that deposition that established conclusively that all of the asserted claims of the '758 and '393 patents are infringed by the CT-80.

- 9 -

**III.     Reveal Has Not Made a Rule 56(f) Showing of Need for Further Delay.**

Reveal argued (citing Rule 56(f) of the Federal Rules of Civil Procedure) that it needs additional time to take fact discovery before it could respond to L-3's motion. Infringement, however, is determined by comparing the structure or manner of operation of the accused product with the patents' claims. See, e.g., Johnson Worldwide, 175 F.3d at 988. Reveal obviously needs no discovery as to the structure and function of its own product. Nor can Reveal properly require discovery as to the meaning of the asserted patent claims. The Court should construe the claims by reference only to the "intrinsic" evidence of the patent, which consists of the claims themselves, the patent specification, and the written prosecution history of the patent. Vitronics Corp. v. Conceptronics, Inc., 90 F.3d 1576, 1583-84 (Fed. Cir. 1996). Only such evidence as is within the four corners of these documents (all of which Reveal has) will bear on the meaning of the patent claim language. It is thus inconsistent with applicable law for Reveal to claim a need for discovery on this issue.[7]

Indeed, Reveal's motion does not identify a single item of discovery that it would actually need from L-3 to defend against L-3's motion, let alone do so in a sworn affidavit as required by Rule 56(f). See Fed. R. Civ. P. 56(f) ("Should it appear *from the affidavits of a party opposing the motion* that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may … order a continuance to permit … discovery to be had."). Under such circumstances, the motion for a stay must be denied.

---

[7] The Federal Circuit yesterday reaffirmed the primacy of intrinsic evidence to claim construction, in Philips v. AWH Corp., __ F.3d __ (July 12, 2005) (en banc).

- 10 -

In the First Circuit, a party seeking additional time under Rule 56(f) must be specific in explaining to the Court not just what discovery it needs to adequately respond to a summary judgment motion, but how that discovery would alter the outcome of the pending motion.  E.g., Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 4 (1st Cir. 2004) ("[A] petitioning party must offer the trial court more than optimistic surmise. He must give the court reason to believe that undiscovered facts exist and that those facts, if obtained, would help defeat the pending motion.").  In addition, the party must demonstrate a "realistic prospect that the facts can be obtained within a reasonable (additional) time, and will, if obtained, suffice to engender an issue both genuine and material." Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988).

In this case, Reveal has met neither requirement.  Reveal offered no explanation of what additional discovery might be needed.  It filed no affidavit as required by Rule 56(f).  Critically, it made no showing as to how any discovery it might obtain over the next several months would make any difference to the outcome of the summary judgment motion.  Nor, of course, has it shown that it has made reasonable efforts to obtain such discovery and been unable to do so.  Considering that it has not taken a single deposition in the nine months the case has been pending,[8] Reveal could hardly meet that aspect of the test either.

As the First Circuit has explained, "[a party] departs from the plain language of Rule 56(f) at his peril.  When a departure occurs, the alternative proffer must simulate

---

[8] Reveal actually did notice over half a dozen depositions, only to cancel them all at the last minute (no doubt hoping to later argue – as it has now argued – that it needs more discovery).

the rule in important ways. It should be made in written form and in a timely manner.... The statement must be made, if not by affidavit, then in some authoritative manner – say, by the party under penalty of perjury or by written representations of counsel subject to the strictures of Fed.R.Civ.P. 11." Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988).

Reveal has done none of this. The only hint it offers of what it could get from a Rule 56(f) delay is that it says it plans to depose the inventors of the patents-in-suit. But even if the Court were to overlook the dispositive obstacle that Rule 56(f) was not met (notwithstanding First Circuit authority to the contrary), Reveal has not even explained what evidence it hopes to discover by deposing individual inventors of the patents-in-suit, let alone how that evidence would alter the outcome of the pending motion.

Indeed, such evidence cannot alter the outcome here. The testimony of inventors is considered to be particularly irrelevant to the issue of claim construction. Markman 52 F.3d at 985 ("The subjective invent of the inventor when he used a particular term is of little or no probative weight in determining the scope of a claim (except as documented in the prosecution history)."); Vitronics, 90 F.3d at 1584 ("Nor may the inventor's subjective intent as to claim scope, when unexpressed in patent documents, have any effect"); Bell & Howell Document Management Products Co. v. Alteck Systems, 132 F.3d 701, 706 (Fed. Cir. 1997) ("The testimony of an inventor and his attorney concerning claim construction is … entitled to little or no consideration"). In any event, as L-3 pointed out in its summary judgment brief (at 17), the words in the

patents are not so divorced from any plain meaning that extrinsic evidence would be needed to construe the claims.[9]

Finally, Reveal argued that summary judgment motions should not be filed "seriatim." But that is not what L-3 is doing. If the pending motion is granted, and Reveal is found to infringe, the case could effectively be resolved. Indeed, in the case Reveal cites, <u>Golden Trade S.R.L. v. Lee Apparent Co</u>., 1997 WL 373715 (S.D.N.Y. 1997), the problem was that the movant waited too long (until two years after the deadline) to file a summary judgment motion. Here, L-3 has filed the motion promptly in the hope of expediting the final resolution of the action.

---

[9] If Reveal actually could show that a particular deposition was critical to the outcome, then at most the dispositive motion should be delayed long enough for that deposition to be taken. L-3 can make its witnesses available forthwith. (Indeed it did so, but Reveal cancelled their depositions.) There is no need for a four-month delay.

**CONCLUSION**

For the above reasons, L-3 respectfully objects to the magistrate judge's recommendation, and requests that Reveal's motion to stay be DENIED and that Reveal be ordered to respond to L-3's motion for partial summary judgment forthwith.

Respectfully submitted,

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

July 13, 2005                    /s/ James J. Foster
                                 Michael A. Albert, BBO #558566
                                 James J. Foster, BBO #553285
                                 Robert M. Abrahamsen, BBO #636635
                                 WOLF, GREENFIELD & SACKS, P.C.
                                 600 Atlantic Avenue
                                 Boston, Massachusetts 02210
                                 Tel.: 617.646.8000
                                 Fax: 617.646.8646
                                 jfoster@wolfgreenfield.com