UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., ) ) ) ) | |
| Plaintiff, ) ) ) | C.A. No. 04-11884-NG (Magistrate Judge Judith Gail Dein). |
| REVEAL IMAGING TECHNOLOGIES, INC., ) ) ) | |
| Defendant. ) ) | |

### REVEAL'S RESPONSE TO L-3'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Reveal Imaging Technologies, Inc. ("Reveal") submits this memorandum in support of the Magistrate Judge's Report and Recommendation on Plaintiff's Motion for Partial Summary Judgment and on Defendant's Motion to Stay and/or Quash ("Report and Recommendation"), and in opposition to Plaintiff L-3 Communications Security and Detection Systems' ("L-3") objection to the Report and Recommendation.[1]

### BACKGROUND

L-3 commenced this patent infringement action alleging infringement of one patent. Since then, it has twice amended its complaint and now alleges infringement of six (6) patents. Magistrate Judge Dein entered a scheduling order which set forth a period for fact discovery on claim construction, invalidity and infringement issues, with damages discovery deferred. Despite this straightforward order, L-3 then filed a motion to compel damages discovery. That motion was denied.

---

[1] Reveal also refers the Court to its Emergency Motion to Stay and/or Quash Plaintiff's Motion for Partial Summary Judgment on Certain Claims of the '758 and '393 Patents and the exhibits submitted in support of that motion.

Next, L-3 filed a motion for summary judgment on Reveal's invalidity contentions, essentially before any discovery on invalidity. L-3 argued that Reveal's response to L-3's related contention interrogatory was not adequate. Magistrate Judge Dein denied that motion and entered an order for the structured exchange of claim construction, invalidity and infringement contentions over the course of fact discovery and specifically to avoid the type of summary judgment motion filed by L-3. This order was intended to focus the schedule and procedure for discovery to be followed by claim construction and summary judgment motions as appropriate.

In the midst of that process, L-3 then filed the motion for summary judgment of infringement, which is at issue here. In this motion, L-3 argued that its disputed claim construction should be adopted and, based on its claim construction, argued that Reveal infringed two of the patents-in-suit. L3 provided no argument or analysis as to why its claim construction should be adopted. In response to L-3's latest motion, Reveal requested that the Court stay or quash L-3's summary judgment motion and further order that such untimely, seriatum motions not be permitted until after the completion of fact and expert witness discovery.[2]

At the June 28, 2005 hearing held to consider Reveal's emergency motion, both parties agreed that claim construction was central to the determination of L-3's summary judgment motion and acknowledged that claim construction was in dispute. Magistrate Judge Dein then exercised appropriate discretion and determined that the completion of non-damages discovery would best allow the parties to address claim construction issues and discovery should be

---

[2]   The majority approach followed by the district courts is to hold claim construction hearings after the close of discovery. Indeed, by a recent account, less than eight percent of all district courts conduct Markman hearings before discovery has been completed since early claim construction proceedings are inefficient and wasteful of jurisdictions. *See* Andrew T. Zidel, *Patent Claim Construction in the Trial Courts: A Study Showing the Need for Clear Guidance from the Federal Circuit*, 33 SETON HALL L. REV. 711, 740-742, n.251 (2003) (citing *1999 Markman Survey*, ABA SECTION OF INTELLECTUAL PROPERTY LAW IPL NEWSLETTER (Spring 2000); *see also* David H. Binney & Toussaint L. Myricks, *Patent Claim Interpretation After Markman—How Have The Trial Courts Adapted?*, 38 IDEA 155, 163–170 (1997) (describing nature and timing of claim construction hearings).

completed prior to the consideration of any motions for summary judgment. Magistrate Judge Dein has recommended that Reveal's motion to stay or quash be allowed and that L-3's partial motion for summary judgment be denied without prejudice as untimely. Because L-3's motion for summary judgment remains untimely and inappropriate, the Court should adopt Magistrate Judge Dein's recommendations in their entirety.

## ARGUMENT

### L-3'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE STAYED AND/OR QUASHED AS PREMATURE AND IMPROPER

Because the completion of discovery unrelated to damages and the exchange of expert reports will most efficiently allow Reveal and L-3 to address claim construction and related issues, L-3's second motion for summary judgment should be stayed until after the close of fact and expert discovery. Magistrate Judge Dein's Report and Recommendation has provided for precisely that schedule and should be adopted.

#### A. Claim Construction Should Precede Any Infringement or Invalidity Analysis

As recognized by the Court in the hearing on L-3's first motion for summary judgment, claim construction typically precedes any analysis of infringement or invalidity. *See Smith & Nephew, Inc. v. Surgical Solutions, Inc.*, 353 F. Supp. 2d 135, 140 (D. Mass. 2004) ("[summary judgment] motions will not become ripe for consideration until after a Markman ruling"); *see also Westvaco Corp. v. Viva Magnetics, Ltd.*, No. 00CIV.9399, 2002 WL 31052870, at *2-3 (S.D.N.Y. Sept. 13, 2002) (denying motion for summary judgment and deferring patent claim construction until after sufficient discovery to "narrow and/or frame with greater certainty the claims in dispute, and focus the litigation"). Magistrate Judge Dein recognized the prudence in this approach and concluded that the parties should "fully address the claim construction issues .

. . prior to the court's consideration of any motions for summary judgment [of infringement or invalidity]."

In its brief in support of its latest motion for partial summary judgment, L-3 *admits* that claim construction must precede any analysis of invalidity or infringement. L-3's Mem. in Support of Summ. J. at 15, Dkt. Entry No. 81 [hereinafter L-3's Mem.]. Nonetheless, despite the state of the law and the Court's prior orders directing the timing of discovery and claim construction in this case, L-3 filed its second motion for summary judgment fully aware that discovery is not complete and that claim construction has not yet occurred. In place of the Court's claim constructions, L-3 unabashedly and without argument adopts its own disputed constructions, without any discussion, argument, *or even reference* to Reveal's conflicting claim constructions. Indeed, L-3 unilaterally applies its own claim constructions and blithely contends that there is no dispute of material fact where they most certainly exist.

The parties have significant differences in claim construction, a fact that goes conspicuously *unmentioned* in both L-3's brief offered in support of its summary judgment motion and its subsequent objections to the Report and Recommendation. Under Reveal's claim construction, there is no patent infringement. *See* Reveal's Claim Constructions submitted with its Motion to Stay and/or Quash. However, L-3 attempts to avoid any claim construction, any analysis of the patent specification or the prosecution history or other means, including expert witness testimony, to determine the appropriate claim constructions. Magistrate Judge Dein has considered the merits of L-3's request and exercised discretion in deferring claim construction and summary judgment motions until after the completion of fact and expert discovery. L-3's third attempt at circumventing the Court's Scheduling Orders should be rejected.

### B. Judicial Economy Favors Conducting Claim Construction After Completing Fact and Expert Discovery

Although Markman hearings have been conducted at various stages in litigation, judicial economy favors conducting claim construction *after* the completion of fact and expert discovery, not at this early stage as L-3 now suggests. *See*, *e.g.*, *Toter Inc. v. City of Visalia*, 44 U.S.P.Q.2d 1312, 1314-15 (E.D. Cal. 1997); *Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 911 F. Supp. 76, 79 (E.D.N.Y. 1996); *see also* William F. Lee & Anita K. Krug, *Still Adjusting to Markman: A Prescription for the Timing of Claim Construction Hearings*, 13 HARV. J.L. & TECH. 55, 86 (1999) ("When all of these factors are placed in the analysis, ***there is generally one 'right' time for a Markman hearing: after all discovery has been completed.***") (emphasis added). It is in part for this reason that very few district courts actually conduct claim construction before discovery has been completed. *See* footnote 2. The inefficiencies of pre-discovery and early discovery claim construction clearly outweigh the purported benefits.

### C. L-3's Summary Judgment Motion Lacks Necessary Support

L-3's motion is also deficient because it lacks the necessary support on central issues. Rule 56 requires L-3 to provide appropriate support by way of affidavit or otherwise for a motion for summary judgment. It is noteworthy that not a single affidavit is proffered in support of L-3's motion for partial summary judgment. Yet, L-3's brief discusses at length certain key technologies that are at issue in this lawsuit and employs descriptions of the technology and disputed terminology that are pertinent to the asserted patent claims without offering any background, support or authentication whatsoever by one skilled in the art. By its own admission, for instance, there are no supporting affidavits in connection with L-3's discussion and description of the section entitled "X-Ray Inspection Systems" in its initial motion. Some of the core issues in dispute are completely ignored in L-3's summary discussion because "L-3

believes there will be no dispute." L-3's Mem. at 3 n.2. As demonstrated by Reveal's claim construction contentions, that statement is false.

### D. Rule 56(f) Allows the Court to Deny Application for Summary Judgment In Order to Permit Reveal An Opportunity to Discovery Essential Facts

Since Reveal has not filed its opposition to L-3's motion for partial summary judgment, L-3's objection that Reveal has not properly asserted a Rule 56(f) objection is premature. Further, Magistrate Judge Dein acknowledged at the Hearing that Reveal was not relying on a Rule 56(f)-based opposition in moving to stay and/or quash L-3's motion for partial summary judgment because it was seeking to stay or quash the motion. Reveal was not defending against the motion.

Pursuant to Federal Rule of Civil Procedure 56(f), the Court may deny L-3's motion for partial summary judgment to allow Reveal the opportunity to discover "facts essential to justify [its] opposition." Fed. R. Civ. P. 56(f); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (noting "Rule 56(f)'s provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition"); *Burlington No. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) ("Where, however, a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery . . . district courts should grant any Rule 56(f) motion fairly freely.").

The Scheduling Order entered by the Court employs a logical (and commonly used) approach to directing discovery in patent infringement cases by: (1) ordering Reveal and L-3 to exchange proffered claim constructions early in the litigation; and (2) based on those claim constructions, allowing the parties to take discovery on issues relating to construction, validity and infringement. Reveal intends to depose the inventors of the patents in suit after it obtains

their documents.  This inventor discovery and other discovery (e.g., expert discovery, L-3's answers to interrogatories, Rule 30(b)(6) deposition of L-3's witnesses is relevant on the scope and interpretation of their patents.  *See Hoechst Celanese Corp. v. BP Chems. Ltd.,* 78 F.3d 1575, 1580 (Fed. Cir. 1996) (inventor's testimony considered as "enlarging [Federal Circuit's] understanding of the technology and the usage of the disputed terms").  Reveal has subpoenaed documents from third party including third party inventors.  Reveal intends to depose some of these parties after reviewing the documents produced by them.  As to two of these inventors, who were producing the requested documents to Reveal in response to the subpoena, L-3 apparently solicited the inventors and then informed Reveal that its counsel now represented those inventors and demanded that Reveal return the documents for its review. L-3 also recently intercepted documents being produced to Reveal by two other inventors and is "reviewing" those documents.

Reveal should be allowed to take depositions of the inventors as well as the depositions of L-3's employees and experts.  Despite L-3's argument to the contrary, the Court has established a clear and rational schedule for discovery.  Consistent with the policy set forth in Rule 56(f), Reveal should be permitted to proceed with discovery during the period designated by the Court, prior to any motion practice on summary judgment issues.

### E. Seriatim Motions for Summary Judgment Are Improper and Disfavored

Lastly, seriatim motions for summary judgment should be and are disfavored.  *See*, *e.g.*, *Golden Trade S.R.L. v. Lee Apparel Co.*, 1997 WL 373715, at *1 (S.D.N.Y. June 25, 1997) (and cases cited therein).  Such seriatim motions are disruptive of the Court's schedule, do not serve judicial economy and, as here, as particularly inappropriate when intended by L-3 to increase the cost and difficulty of defending against the asserted claims.

While L-3 attempts to distinguish this case from *Golden Trade*, and others cited therein, its effort misses a critical point emphasized by the district court. The issue in *Golden Trade* was not simply as L-3 states, "that the movant waited too long" to file a summary judgment motion. L-3's Objections to Report & Recommendation at 13, Dkt. Entry No. 88. Rather, as L-3 has done in this case, the movant in *Golden Trade* made a tactical decision to raise particular claims on summary judgment while later seeking to move for summary judgment for a second time on an entirely different basis altogether. *Golden Trade*, 1997 WL 373715, at *1. The *Golden Trade* court was particularly concerned that permitting such tactical summary judgment motion practice would "make a mockery of the orderly resolution of disputes" and it therefore denied the defendants' request for leave to file the additional summary judgment motion. *Id.* Similarly, L-3 should be required to follow the reasonable process set forth by the Court's Scheduling Order and <u>not</u> file seriatim motions for summary judgment.

## **CONCLUSION**

For the foregoing reasons, Reveal respectfully requests that the Court adopt Magistrate Judge Dein's Report and Recommendation. Alternatively, if the Court decides that a hearing on

the merits of L3's motion is timely and appropriate, Reveal requests a reasonable opportunity to file a memorandum in opposition to that motion.

          Respectfully submitted,

          **REVEAL IMAGING TECHNOLOGIES, INC.,**

          By its attorneys,

Dated: July 26, 2005          /s/ H. Joseph Hameline
          H. Joseph Hameline (BBO# 218710)
          A. Jason Mirabito (BBO # 349440)
          Michael T. Renaud (BBO # 629783)
          Mintz, Levin, Cohn, Ferris, Glovsky
            and Popeo, P.C.
          One Financial Center
          Boston, MA 02111
          (617) 542-6000

LIT 1533070v1