UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

L-3 COMMUNICATIONS, SECURITY AND ) 
DETECTION SYSTEMS, INC., )
 )
                              Plaintiff, )      C.A. No. 04-11884-NG
 )      (Magistrate Judge Judith Gail Dein)
                              v. )
 )
REVEAL IMAGING TECHNOLOGIES, INC., )
 )
                              Defendant. )
_____

## DECLARATION OF IAN R. MARINOFF, ESQ.

I, Ian R. Marinoff, do hereby declare and state as follows based on personal knowledge:

1. I am an attorney in the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., located at One Financial Center in Boston, Massachusetts 02111, which represents defendant Reveal Imaging Technologies, Inc. ("Reveal") in this litigation.

2. I submit this declaration in support of Reveal's Motion to Stay Pending the Reexamination of the Patents-in-Suit.

3. Reveal has filed with the United States Patent and Trademark Office ("PTO") Requests for Reexamination ("Requests for Reexamination"), pursuant to 35 U.S.C. § 301, for each of the six patents-in-suit asserted by plaintiff L-3 Communications Security and Detection Systems ("L-3"). The Requests for Reexamination challenge the validity of all thirty-six (36) patent claims asserted in this litigation.

4. Attached hereto as **Exhibit A** is a true and accurate copy of excerpts from the U.S. House of Representatives Homeland Security Subcommittee hearing, held on March 3, 2005, regarding fiscal year 2006 Transportation Security Administration ("TSA") appropriations.

5.   Attached hereto as **Exhibit B** is a true and accurate copy of excerpts from the testimony of Assistant Secretary David M. Stone of the TSA to the U.S. Senate Committee on Commerce, Science & Transportation, delivered on February 15, 2005, regarding the Administration's fiscal year 2006 budget request for the TSA.

6.   Attached hereto as **Exhibit C** is a true and accurate copy of Request for Reexamination of U.S. Patent No. 5,642,393 (filed on May 27, 2005), excluding various attachments submitted to the PTO in support thereof. The complete submission with attachments was previously served on L-3 and is available to the Court upon request.

7.   Attached hereto as **Exhibit D** is a true and accurate copy of Request for Reexamination of U.S. Patent No. 5,838,758 (filed on June 17, 2005), excluding various attachments submitted to the PTO in support thereof. The complete submission with attachments was previously served on L-3 and is available to the Court upon request.

8.   Attached hereto as **Exhibit E** is a true and accurate copy of Request for Reexamination of U.S. Patent No. 6,721,391 (filed on July 29, 2005), excluding various attachments submitted to the PTO in support thereof. The complete submission with attachments was previously served on L-3 and is available to the Court upon request.

9.   Attached hereto as **Exhibit F** is a true and accurate copy of Request for Reexamination of U.S. Patent No. 5,712,926 (filed on July 29, 2005), excluding various attachments submitted to the PTO in support thereof. The complete submission with attachments was previously served on L-3 and is available to the Court upon request.

10. Attached hereto as **Exhibit G** is a true and accurate copy of Request for Reexamination of U.S. Patent No. 5,905,806 (filed on July 29, 2005), excluding various attachments submitted

to the PTO in support thereof. The complete submission with attachments was previously served on L-3 and is available to the Court upon request.

11. Attached hereto as **Exhibit H** is a true and accurate copy of Request for Reexamination of U.S. Patent No. 6,707,879 (filed on August 1, 2005), excluding various attachments submitted to the PTO in support thereof. The complete submission with attachments was previously served on L-3 and is available to the Court upon request.

12. Attached hereto as **Exhibit I** is a true and accurate copy of the Memorandum and Order on Request for Speedy Trial and Related Matters, entered on March 3, 2005, by the Massachusetts Superior Court in *L-3 Communications Corp. v. Reveal Imaging Technologies, Inc.*, Civ. A. No. 03-5810 BLS (Judge van Gestel).

13. Attached hereto as **Exhibit J** is a true and accurate copy of excerpts from the United States Patent and Trademark Office's "Performance and Accountability Report for Fiscal Year 2004," including Table 13A.

14. Attached hereto as **Exhibit K** is a true and accurate copy of the Memorandum and Orders on Various Motions and Related Matters, entered on December 2, 2004, by the Massachusetts Superior Court in *L-3 Communications Corp. v. Reveal Imaging Technologies, Inc.*, Civ. A. No. 03-5810 BLS (Judge van Gestel).

15. Attached hereto as **Exhibit L** is a true and accurate copy of a transmittal letter from L-3's counsel, Robert M. Abrahamsen, to counsel for Reveal, Michael T. Renaud, that was sent on August 3, 2005.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 4th day of August 2005, in Boston, Massachusetts.

Respectfully submitted,

/s/ Ian R. Marinoff
Ian R. Marinoff

LIT 1535650v1