**EXHIBIT F**

Express Mail Label No. EV 46316   :2 US
Date of Deposit: July 29, 2005

Attorney Docket No. 25960-029

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In Re Patent of | : | Eberhard et al. |
| Patent No. | : | 5,712,926 |
| For | : | X-RAY COMPUTED TOMOGRAPHY (CT) SYSTEM FOR DETECTING THIN OBJECTS |
| Serial No. | : | 08/325,145 |
| Filed | : | October 20, 1994 |
| Issued | : | January 27, 1998 |

Mail Stop Ex Parte Reexam
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### REQUEST FOR REEXAMINATION OF U.S. PATENT NO. 5,712,926

Reexamination under 35 U.S.C. §§ 302-307 and 37 C.F.R. § 1.510 is requested of U.S. Patent No. 5,712,926 (Eberhard), which was filed on October 20, 1994 and which issued January 27, 1998, to Jeffrey W. Eberhard *et al.* As required by 37 C.F.R. § 1.510(b)(4), a copy of the Eberhard patent is attached as Exhibit A. This patent is still enforceable.

Claims of the above-referenced patent are currently being asserted in the following pending litigation: L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging Technologies, Inc., United States District Court for the District of Massachusetts, Civil Action No. 04-11884 NG (Magistrate Judge Judith Gail Dein). The Plaintiff in the litigation, patent owner and the assignee of record of the patent, L-3, has provided its proposed claim construction (meaning) of certain claim terms for the claims of the Eberhard patent asserted in the above-referenced litigation, that is, claims 1-3, 5 and 6. A copy of the proposed L-3 claim construction is attached as Exhibit B.

### I.    Claims for which Reexamination is Requested

Reexamination is requested for claims 1-3, 5 and 6 of Eberhard under 35 U.S.C. §102, on the basis of U.S. Patent No. 5,247,561 (Kotowski) issued to Andreas F. Kotowski on September 21, 1993. Reexamination is also requested for claims 1-3, 5 and 6 of Eberhard under 35 U.S.C.

§103, on the basis of Kotowski in view of U.S Patent No. 5,150,427 (Frazee) issued to David M. Frazee on September 22, 1992. Also, reexamination is requested for claims 1-3, 5 and 6 of Eberhard under 35 U.S.C. §103, on the basis of Kotowski in view of U.S Patent No. 4,991,224 (Takahashi) issued to Kazushige Takahashi on February 5, 1991.

### A. Summary of Kotowski

Kotowski was filed on January 2, 1991 and thus constitutes prior art under 102(b). Kotowski discloses an inspection system for closed containers, such as luggage, which applies x-ray energy to the containers and receives the energy scattered by objects in the containers. The received energy is measured and a three dimensional image of the objects in the containers is constructed. The system may also search for a sufficient volume of material with a mass density indicative of an explosive. The same Kotowski prior art also forms the major basis of a concurrently filed request for Reexamination of U.S. Patent No. 5,605,806, which is a continuation of Eberhard.

### B. Summary of Frazee

Frazee was filed on September 29, 1989 and thus constitutes prior art under 102(b). Frazee discloses a method for editing image data produced from reconstructed tomographic data by creating and editing a bit map with bits corresponding to each data element of the image. The bit map may be altered to track certain editing processes such as connectivity or region growing.

### C. Summary of Takahashi

Takahashi was filed on October 19, 1989 and this constitutes prior art under 102(b). Takahashi discloses an apparatus for labeling three-dimensionally connected components in a three-dimensional image. The apparatus includes a connectivity detection processor which checks connectivity of representative points in adjacent two-dimensional image planes and an editing processor which uses the two-dimensional connectivity information to obtain a three-dimensionally labeled image code.

### D. Prosecution History of the Eberhard Patent

Eberhard was filed on October 20, 1994 with 20 claims. A first Office Action mailed on February 26, 1996 rejected claims 1-7, 9-18 and 20. The Examiner, however, indicated that

2

claims 8 and 19 were in an allowable condition, and that claims 9-11 would also be allowable if rewritten to overcome a rejection under §112. A first amendment and response to the office action was filed on June 26, 1996. Claims 1, 12 and 20 were amended and new dependent claims 21-23 were added. The Final Office Action mailed on September 17, 1996 rejected claims 1-7, 12-18, 20-23. The Examiner, however, indicated that claims 8-11 and 19 were allowable because, according to the Examiner, the prior art does not teach or suggest the steps of:

> "measuring densities of a set of voxels, determining the existence of a contiguous volume of uniform density, comparing the volume of the contiguous region to a first threshold, if the threshold is exceeded calculating the mass of the region from the volume and density and comparing the mass to a second threshold to determine if the object is of sufficient interest (i.e. if the second threshold is exceeded)." (Final OA page 4).

The applicants subsequently filed an Amendment and Request for Reconsideration under 37 CFR §1.116 wherein claims 1-7, 12-18, 20, 22 and 23 were canceled, and claims 8, 9, 19 and 21 were amended. A Notice of Allowability was mailed on April 15, 1997. As will be discussed below, the Requester submits three prior art references not before the Examiner during prosecution that either anticipate, or render obvious, claims 1-3, 5 and 6 of the Eberhard patent.

## II. Explanation of the Pertinence and Manner of Applying the Cited Prior Art to Every Claim for which Reexamination is Requested based on prior art

Claims 1-3, and 5 of the Eberhard patent are considered to be anticipated under 35 U.S.C. § 102 on the basis of the Kotowski patent. Each of the elements of claims 1-3, and 5 are set forth below with an explanation as to how the Kotowski meets all of the recited elements:

| U.S. 5,712,926 (Eberhard) Claim 1 | §102 Prior Art (Kotowski) |
|---|---|
| "A method of detecting an explosive comprising the steps of: " | Kotowski discloses a method of detecting explosives. "The processor may also search for, and raise an alarm if it detects, a sufficient volume of material with a mass density indicative of an explosive." (Abstract).<br><br>"In a preferred embodiment, the processor may search the density image for regions whose density is substantially between about 1.2 and 1.8 $g/cm^3$." (Kotowski Col. 6 lines 31-34).<br><br>"If a sufficient volume (or a sufficient mass) of material with a mass |

3

| U.S. 5,712,926 (Eberhard) Claim 1 | §102 Prior Art (Kotowski) |
|---|---|
| | density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski Col. 6 lines 34-38). |
| "scanning a three-dimensional volume to determine the density of each of a plurality of voxels representing the three-dimensional volume;" | Kotowski discloses that "the processor 208 may compute a density of the first slice 111 (and also each successive slice 111) one scattering volume 201 at a time." (Kotowski Col. 5 lines 39-41, emphasis added).<br><br>See Kotowski FIG. 2, a detailed view of an incident x-ray beam and a sensor for scattered energy (i.e.. a scattering volume is a voxel).<br><br>Thus, Kotowski determines the density of each voxel (i.e. scattering volume) in a three-dimensional volume.  Further, Kotowski also discusses alternative configurations for accommodating a three-dimensional objection:  "[f]or example, the x-ray source 109 and the sensors might be swept in an arc around the container 101." (Kotowski Col. 7 lines 17-19). |
| "connecting and labeling voxels of the plurality of voxels which have similar densities;" | Kotowski discloses that "[i]t would be clear to one of ordinary skill in the art, after perusal of the specification, drawings and claims herein, that the processor 208 may also examine the density image which it computes, so as to automatically determine if there are any explosives within the container 101. In a preferred embodiment, the processor may search the density image for regions whose density is substantially between about 1.2 and 1.8 g/cm$^3$.  If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski Col. 6 lines 25-39, emphasis).<br><br>Thus, Kotowski discloses connecting and labeling voxels of the plurality of voxels which have similar densities because constructing a density image from a collection of voxels was known in the art. |
| "determining the volume of each contiguous region of voxels having similar densities; " | "In a preferred embodiment, the processor may search the density image for regions whose density is substantially between about 1.2 and 1.8 g/cm$^3$." (Kotowski, Col. 6 lines 31-34).<br><br>"If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses determining the volume of each contiguous |

4

| U.S. 5,712,926 (Eberhard) Claim 1 | §102 Prior Art (Kotowski) |
|---|---|
| | region of voxels having similar densities. |
| "comparing the volume of each such contiguous region to a first threshold and identifying each such contiguous region which exceeds the first threshold as a suspect region;" | "If a sufficient <u>volume</u> (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses comparing the volume of each such contiguous region to a first threshold and identifying each such contiguous region which exceeds the first threshold as a suspect region. |
| "determining the mass of each suspect region; and" | "If a sufficient volume (or a sufficient <u>mass</u>) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses determining the mass of each suspect region. |
| "comparing the mass of each suspect region to a second threshold and identifying each suspect region which exceeds the second threshold as a region potentially containing an explosive" | "If a sufficient <u>volume</u> (<u>or</u> a sufficient <u>mass</u>) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses comparing the mass of each suspect region to a second threshold and identifying each suspect region which exceeds the second threshold as a region potentially containing an explosive because either the volume or the mass may be compared to a threshold. In that volume and mass are different units of measurement, Kotowski discloses two different thresholds (e.g., comparing the mass of a region to a second threshold). |

Therefore, based on the above discussion, claim 1 is not patentable because it is anticipated by Kotowski under 35 U.S.C. §102.

| U.S. 5,712,926 (Eberhard) Claim 2 | §102 Prior Art (Kotowski) |
|---|---|

| U.S. 5,712,926 (Eberhard) Claim 2 | §102 Prior Art (Kotowski) |
|---|---|
| 2. A method as set forth in claim 1 further comprising the step of: after step (f), further inspecting the three-dimensional volume to confirm the presence of an explosive. | "If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an <u>explosive</u>, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an <u>operator may perform a more detailed inspection</u>." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses further inspecting the three-dimensional volume to confirm the presence of an explosive because the "operator may perform a more detailed inspection." |

Therefore, based on the above discussion, claim 2 is not patentable because it is anticipated by Kotowski under 35 U.S.C. §102.

| U.S. 5,712,926 (Eberhard) Claim 3 | §102 Prior Art (Kotowski) |
|---|---|
| A method as set forth in claim 2, wherein the further inspection includes manual inspection. | "If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an <u>explosive</u>, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an <u>operator may perform a more detailed inspection</u>." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses a further manual inspection because a "more detailed inspection" may include a manual inspection. |

Therefore, based on the above discussion, claim 3 is not patentable because it is anticipated by Kotowski under 35 U.S.C. §102.

| U.S. 5,712,926 (Eberhard) Claim 5 | §102 Prior Art (Kotowski) |
|---|---|

| U.S. 5,712,926 (Eberhard) Claim 5 | §102 Prior Art (Kotowski) |
|---|---|
| An apparatus to detect an explosive, comprising: | Kotowski discloses an apparatus to detect explosives. "The processor may also search for, and raise an alarm if it detects, a sufficient volume of material with a mass density indicative of an explosive." (Abstract). "In a preferred embodiment, the processor may search the density image for regions whose density is substantially between about 1.2 and 1.8 g/cm$^3$." (Kotowski Col. 6 lines 31-34). "If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski Col. 6 lines 34-38). |
| (a) a scanner to scan a three-dimensional volume to determine the density of each of a plurality of voxels representing the three-dimensional volume; and | Kotowski discloses that "the processor 208 may compute a density of the first slice 111 (and also each successive slice 111) one scattering volume 201 at a time." (Kotowski Col. 5 lines 39-41, emphasis added). See Kotowski FIG. 2, a detailed view of an incident x-ray beam and a sensor for scattered energy (i.e.. a scattering volume is a voxel). Thus, Kotowski determines the density of each voxel (i.e. scattering volume) in a three-dimensional volume. Further, Kotowski also discusses alternative configurations for accommodating a three-dimensional objection: "[f]or example, the x-ray source 109 and the sensors might be swept in an arc around the container 101." (Kotowski, Col. 7 lines 17-19). |
| (b) a processor which includes | Kotowski discloses a method of detecting explosives. "The processor may also search for, and raise an alarm if it detects, a sufficient volume of material with a mass density indicative of an explosive." (Abstract). |

| U.S. 5,712,926 (Eberhard) Claim 5 | §102 Prior Art (Kotowski) |
|---|---|
| (1) a contiguity identification module to connect and label voxels of the plurality of voxels which have similar densities; and | Kotowski discloses that "[i]t would be clear to one of ordinary skill in the art, after perusal of the specification, drawings and claims herein, that the processor 208 may also examine the density image which it computes, so as to automatically determine if there are any explosives within the container 101. In a preferred embodiment, the processor may search the density image for regions whose density is substantially between about 1.2 and 1.8 g/cm$^3$. If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." ('561 Col. 6 lines 25-39).<br><br>Thus, Kotowski discloses a contiguity identification module to connect and label voxels of the plurality of voxels which have similar densities because constructing an density image from a collection of voxels was known in the art. |
| (2) an object identification module to | "[t]he processor may also examine the density image which it computes, so as to automatically determine if there are any explosives within the container." (Kotowski, Col. 6 lines 27-30). |
| (i) determine the volume of each contiguous region of voxels having similar densities; | "In a preferred embodiment, the processor may search the density image for regions whose density is substantially between about 1.2 and 1.8 g/cm$^3$." (Kotowski, Col. 6 lines 31-34).<br><br>"If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses an apparatus to determine the volume of each contiguous region of voxels having similar densities. |

8

| U.S. 5,712,926 (Eberhard) Claim 5 | §102 Prior Art (Kotowski) |
|---|---|
| (ii) compare the volume of each such contiguous region to a first threshold and to identify each such contiguous region which exceeds the first threshold as a suspect region; | "If a sufficient <u>volume</u> (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses comparing the volume of each such contiguous region to a first threshold and identifying each such contiguous region which exceeds the first threshold as a suspect region. |
| (iii) determine the mass of each suspect region; and | "If a sufficient volume (or a sufficient <u>mass</u>) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses determining the mass of each suspect region. |
| (iv) compare the mass of each suspect region to a second threshold and to identify each suspect region which exceeds the second threshold as a region potentially containing an explosive. | "If a sufficient <u>volume</u> (<u>or</u> a sufficient <u>mass</u>) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses comparing the mass of each suspect region to a second threshold and identifying each suspect region which exceeds the second threshold as a region potentially containing an explosive because either the volume or the mass may be compared to a threshold. In that volume and mass are different units of measurement, Kotowski discloses two different thresholds (e.g., comparing the mass of a region to a second threshold). |

Therefore, based on the above discussion, claim 5 is not patentable because it is anticipated by Kotowski under 35 U.S.C. §102.

| U.S. 5,712,926 (Eberhard) Claim 6 | §102 Prior Art (Kotowski) |
|---|---|
| A method as set forth in claim 1, | "[T]he processor 208 may also examine the density image which it computes, so as to automatically determine if there are any explosives |

9

| U.S. 5,712,926 (Eberhard) Claim 6 | §102 Prior Art (Kotowski) |
|---|---|
| wherein in step (b) differences between a density of a given voxel and densities of voxels in planes above and below said given voxel, are employed to evaluate contiguity of said plurality of voxels. | within the container 101. In a preferred embodiment, the processor may search the density image for regions whose density is substantially between about 1.2 and 1.8 g/cm$^3$. If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." ('Kotowski, Col. 6 lines 28-39).<br><br>"[T]he processor need not compute the density image of the container from the front. For example, the computation may begin at the end (after the container 101 has completely passed the x-ray beam 103), or from a side, or from <u>any exposed spot</u>, and may <u>proceed iteratively</u> to compute the scattering effect for each scattering volume 201 within the container 101. Moreover, more than one method may be used, and the different results checked against each other." (Kotowski, Col. 5 lines 48-56, emphasis added).<br><br>Thus, Kotowski discloses connecting and labeling voxels of the plurality of voxels which have similar density, wherein differences between a density of a given voxel and densities of voxels in planes above and below said given voxel, are employed to evaluate contiguity of said plurality of voxels because the density image in Kotowski may begin from any exposed spot and proceed iteratively to each scattering volume in the container. Further, Kotowski suggests that more than one methos may be used to determine the density image. |

Therefore, based on the above discussion, claim 6 is not patentable because it is anticipated by Kotowski under 35 U.S.C. §102.

Furthermore, and to the extent that the Examiner determines that Kotowski does not anticipate claims 1-3, 5 and 6, these claims are obvious under 35 U.S.C. §103 on the basis of Kotowski in view of Frazee. Each of the elements of claims 1-3, 5 and 6 are set forth below with an explanation as to how the Kotowski and Frazee meet all of the recited elements:

| U.S. 5,712,926 (Eberhard) Claim 1 | §103 Prior Art (Kotowski and Frazee) |
|---|---|

10

| U.S. 5,712,926 (Eberhard) Claim 1 | §103 Prior Art (Kotowski and Frazee) |
|---|---|
| "A method of detecting an explosive comprising the steps of: " | Kotowski discloses a method of detecting explosives. "The processor may also search for, and raise an alarm if it detects, a sufficient volume of material with a mass density indicative of an explosive." (Kotowski Abstract). "In a preferred embodiment, the processor may search the density image for regions whose density is substantially between about 1.2 and 1.8 g/cm$^3$." (Kotowski Col. 6 lines 31-34). "If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski Col. 6 lines 34-38). |
| "scanning a three-dimensional volume to determine the density of each of a plurality of voxels representing the three-dimensional volume;" | Kotowski discloses that "the processor 208 may compute a density of the first slice 111 (and also each successive slice 111) <u>one scattering volume 201 at a time.</u>" (Kotowski Col. 5 lines 39-41, emphasis added). See Kotowski FIG. 2, a detailed view of an incident x-ray beam and a sensor for scattered energy (i.e. a scattering volume is a voxel). Thus, Kotowski determines the density of each voxel (i.e. scattering volume) in a three-dimensional volume. Further, Kotowski also discusses alternative configurations for accommodating a three-dimensional objection: "[f]or example, the x-ray source 109 and the sensors might be swept in an arc around the container 101." (Kotowski Col. 7 lines 17-19). |
| "connecting and labeling voxels of the plurality of voxels which have similar densities;" | Kotowski discloses that "[i]t would be clear to one of ordinary skill in the art, after perusal of the specification, drawings and claims herein, that the processor 208 may also examine the density image which it computes, so as to automatically determine if there are any explosives within the container 101. In a preferred embodiment, the processor may search the density image for regions whose density is substantially between about 1.2 and 1.8 g/cm$^3$. If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski Col. 6 lines 25-39). The art of 3D mapping and thresholding was well known at the time of Kotowski. It is common knowledge that x-ray based medical imaging provides established methods to detect suspicious volumes in 3D objects. Therefore, a skilled person would have sufficient prompt to consider prior |

11

| U.S. 5,712,926 (Eberhard) Claim 1 | §103 Prior Art (Kotowski and Frazee) |
|---|---|
| | art from the field of medical imaging when looking for details of how to detect suspicious volumes in a piece of luggage. More specifically, the relationship between medical imaging and baggage inspection is further identified within the specification of the Eberhard patent. "General background on CT scanning, hardware, and signal processing may be found in... *Image Reconstruction From projections*, Gabor T. Herman (Academic press 1980). The entire contents of these publications are incorporated herein by reference." (Eberhard, Col. 3 lines 43-53). The Gabor T. Herman reference is devoted to the fundamentals of image reconstruction in the medical field (Herman, Preface). For at least these reasons, a skilled person would look to the techniques of image construction available in the field of medical imaging to calculate a density image in a baggage inspection system.<br><br>Therefore, it would have been obvious to one skilled in the art at the time of Kotowski to look to the field of medical image reconstruction to create the density image disclosed in Kotowski.<br><br>Frazee discloses a process to connect and label voxels with similar densities: "The first substep, extraction of the object of interest from the rest of the tomographic data, is typically performed by <u>differentiating between</u> tissue <u>densities</u> as reflected in the signal intensities associated with each voxel. For example, the signal intensity associated with bone, in an x-ray CT, is substantially different from the signal intensity associated with the surrounding softer tissue and may be used as a surface defining criterion. By establishing a suitable <u>threshold</u>, a simple comparison of the signal intensity of each voxel with the threshold readily distinguishes those voxels associated with the bone rather than the soft tissue." (Frazee, Col. 2 lines 17-30, emphasis added)<br><br>"A voxel is connected to the seed if and only if (1) the voxel is a neighbor (i.e., adjacent to the seed, in a predefined direction) or a neighbor of another connected voxel, and (2) the voxel shares a specified property (e.g., <u>falling within the same threshold range</u>) with the seed voxel." (Frazee, Col. 2 lines 49-53).<br><br>Thus, it would have been obvious to utilize the technique of Frazee with Kotowski. As a result, Kotowski in view of Frazee discloses a density image known in the art, such as by connecting and labeling voxels of the plurality of voxels which have similar densities (i.e. within the same threshold range). |
| "determining the | "In a preferred embodiment, the processor may search the density image |

| U.S. 5,712,926 (Eberhard) Claim 1 | §103 Prior Art (Kotowski and Frazee) |
|---|---|
| volume of each contiguous region of voxels having similar densities; " | for regions whose density is substantially between about 1.2 and 1.8 g/cm$^3$." (Kotowski, Col. 6 lines 31-34).<br><br>"If a sufficient <u>volume</u> (or a sufficient mass) of material with a mass <u>density</u> indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses determining the volume of each contiguous region of voxels having similar densities. |
| "comparing the volume of each such contiguous region to a first threshold and identifying each such contiguous region which exceeds the first threshold as a suspect region;" | "If a sufficient <u>volume</u> (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses comparing the volume of each such contiguous region to a first threshold and identifying each such contiguous region which exceeds the first threshold as a suspect region. |
| "determining the mass of each suspect region; and" | "If a sufficient volume (or a sufficient <u>mass</u>) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses determining the mass of each suspect region. |
| "comparing the mass of each suspect region to a second threshold and identifying each suspect region which exceeds the second threshold as a region potentially containing an explosive" | "If a sufficient <u>volume</u> (<u>or</u> a sufficient <u>mass</u>) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses comparing the mass of each suspect region to a second threshold and identifying each suspect region which exceeds the second threshold as a region potentially containing an explosive because either the volume or the mass may be compared to a threshold. In that volume and mass are different units of measurement, Kotowski discloses |

13

| U.S. 5,712,926 (Eberhard) Claim 1 | §103 Prior Art (Kotowski and Frazee) |
|---|---|
| | two different thresholds (e.g., comparing the mass of a region to a second threshold). |

Therefore, based on the above discussion, claim 1 is not patentable because it is obvious under 35 U.S.C. §103 in view of Kotowski and Frazee.

| U.S. 5,712,926 (Eberhard) Claim 2 | §103 Prior Art (Kotowski) |
|---|---|
| 2. A method as set forth in claim 1 further comprising the step of: after step (f), further inspecting the three-dimensional volume to confirm the presence of an explosive. | "If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an <u>explosive</u>, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an <u>operator may perform a more detailed inspection</u>." (Kotowski, Col. 6 lines 34-38, emphasis added). <br><br> Thus, Kotowski discloses further inspecting the three-dimensional volume to confirm the presence of an explosive because the "operator may perform a more detailed inspection." |

Therefore, based on the above discussion, claim 2 is not patentable because it is obvious under 35 U.S.C. §103 in view of Kotowski.

| U.S. 5,712,926 (Eberhard) Claim 3 | §103 Prior Art (Kotowski) |
|---|---|
| A method as set forth in claim 2, wherein the further inspection includes manual inspection. | "If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an <u>explosive</u>, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an <u>operator may perform a more detailed inspection</u>." (Kotowski, Col. 6 lines 34-38, emphasis added). <br><br> Thus, Kotowski discloses a further manual inspection because a "more detailed inspection" may include a manual inspection. |

Therefore, based on the above discussion, claim 3 is not patentable because it is obvious under 35 U.S.C. §103 in view of Kotowski.

| U.S. 5,712,926 (Eberhard) Claim 5 | §103 Prior Art (Kotowski and Frazee) |
|---|---|
| An apparatus to detect an explosive, comprising: | Kotowski discloses an apparatus to detect explosives. "The processor may also search for, and raise an alarm if it detects, a sufficient volume of material with a mass density indicative of an explosive." (Kotowski Abstract).<br><br>"In a preferred embodiment, the processor may search the density image for regions whose density is substantially between about 1.2 and 1.8 $g/cm^3$." (Kotowski Col. 6 lines 31-34).<br><br>"If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski Col. 6 lines 34-38). |
| (a) a scanner to scan a three-dimensional volume to determine the density of each of a plurality of voxels representing the three-dimensional volume; and | Kotowski discloses that "the processor 208 may compute a density of the first slice 111 (and also each successive slice 111) one scattering volume 201 at a time." (Kotowski Col. 5 lines 39-41, emphasis added).<br><br>See Kotowski FIG. 2, a detailed view of an incident x-ray beam and a sensor for scattered energy (i.e. a scattering volume is a voxel).<br><br>Thus, Kotowski determines the density of each voxel (i.e. scattering volume) in a three-dimensional volume. Further, Kotowski also discusses alternative configurations for accommodating a three-dimensional objection: "[f]or example, the x-ray source 109 and the sensors might be swept in an arc around the container 101." (Kotowski, Col. 7 lines 17-19). |
| (b) a processor which includes | Kotowski discloses a method of detecting explosives. "The processor may also search for, and raise an alarm if it detects, a sufficient volume of material with a mass density indicative of an explosive." (Kotowski Abstract). |
| (1) a contiguity identification module to connect and label voxels of the plurality of voxels which have similar densities; and | Kotowski discloses that "[i]t would be clear to one of ordinary skill in the art, after perusal of the specification, drawings and claims herein, that the processor 208 may also examine the density image which it computes, so as to automatically determine if there are any explosives within the container 101. In a preferred embodiment, the processor may search the density image for regions whose density is substantially between about 1.2 and 1.8 $g/cm^3$. If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an |

15

| U.S. 5,712,926 (Eberhard) Claim 5 | §103 Prior Art (Kotowski and Frazee) |
|---|---|
| | operator may perform a more detailed inspection." (Kotowski Col. 6 lines 25-39).<br><br>The art of 3D mapping and thresholding was well known at the time of Kotowski. It is common knowledge that x-ray based medical imaging provides established methods to detect suspicious volumes in 3D objects. Therefore, a skilled person would have sufficient prompt to consider prior art from the field of medical imaging when looking for details of how to detect suspicious volumes in a piece of luggage. More specifically, the relationship between medical imaging and baggage inspection is further identified within the specification of the Eberhard patent. "General background on CT scanning, hardware, and signal processing may be found in… *Image Reconstruction From projections*, Gabor T. Herman (Academic press 1980). The entire contents of these publications are incorporated herein by reference." (Eberhard, Col. 3 lines 43-53). The Gabor T. Herman reference is devoted to the fundamentals of image reconstruction in the medical field (Herman, Preface). For at least these reasons, a skilled person would look to the techniques of image construction available in the field of medical imaging to calculate a density image in a baggage inspection system.<br><br>Therefore, it would have been obvious to one skilled in the art at the time of Kotowski to look to the field of medical image reconstruction to create the density image disclosed in Kotowski.<br><br>Frazee discloses a process to connect and label voxels with similar densities: "The first substep, extraction of the object of interest from the rest of the tomographic data, is typically performed by <u>differentiating between</u> tissue <u>densities</u> as reflected in the signal intensities associated with each voxel. For example, the signal intensity associated with bone, in an x-ray CT, is substantially different from the signal intensity associated with the surrounding softer tissue and may be used as a surface defining criterion. By establishing a suitable <u>threshold,</u> a simple comparison of the signal intensity of each voxel with the threshold readily distinguishes those voxels associated with the bone rather than the soft tissue." (Frazee Col. 2 lines 17-30, emphasis added)<br><br>"A voxel is connected to the seed if and only if (1) the voxel is a neighbor (i.e., adjacent to the seed, in a predefined direction) or a neighbor of another connected voxel, and (2) the voxel shares a specified property (e.g., <u>falling within the same threshold range</u>) with the seed voxel." (Frazee Col. 2 lines 49-53). |

| U.S. 5,712,926 (Eberhard) Claim 5 | §103 Prior Art (Kotowski and Frazee) |
|---|---|
| | Thus, it would have been obvious to utilize the technique of Frazee with Kotowski. As a result, Kotowski in view of Frazee discloses a contiguity identification module to connect and label voxels of the plurality of voxels which have similar densities (i.e. within the same threshold range). |
| (2) an object identification module to | "[t]he processor may also examine the density image which it computes, so as to automatically determine if there are any explosives within the container." (Kotowski, Col. 6 lines 27-30). |
| (i) determine the volume of each contiguous region of voxels having similar densities; | "In a preferred embodiment, the processor may search the density image for regions whose density is substantially between about 1.2 and 1.8 g/cm$^3$." (Kotowski, Col. 6 lines 31-34).<br><br>"If a sufficient <u>volume</u> (or a sufficient mass) of material with a mass <u>density</u> indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses an apparatus to determine the volume of each contiguous region of voxels having similar densities. |
| (ii) compare the volume of each such contiguous region to a first threshold and to identify each such contiguous region which exceeds the first threshold as a suspect region; | "If a sufficient <u>volume</u> (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses comparing the volume of each such contiguous region to a first threshold and identifying each such contiguous region which exceeds the first threshold as a suspect region. |
| (iii) determine the mass of each suspect region; and | "If a sufficient volume (or a sufficient <u>mass</u>) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses determining the mass of each suspect region. |
| (iv) compare the mass of each | "If a sufficient <u>volume</u> (<u>or</u> a sufficient <u>mass</u>) of material with a mass density indicative of an explosive, the processor 208 may indicate an |

17

| U.S. 5,712,926 (Eberhard) Claim 5 | §103 Prior Art (Kotowski and Frazee) |
|---|---|
| suspect region to a second threshold and to identify each suspect region which exceeds the second threshold as a region potentially containing an explosive. | alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." (Kotowski, Col. 6 lines 34-38, emphasis added).<br><br>Thus, Kotowski discloses comparing the mass of each suspect region to a second threshold and identifying each suspect region which exceeds the second threshold as a region potentially containing an explosive because either the volume or the mass may be compared to a threshold. In that volume and mass are different units of measurement, Kotowski discloses two different thresholds (e.g., comparing the mass of a region to a second threshold). |

Therefore, based on the above discussion, claim 5 is not patentable because it is obvious under 35 U.S.C. §103 in view of Kotowski and Frazee.

| U.S. 5,712,926 (Eberhard) Claim 6 | §103 Prior Art (Kotowski and Frazee) |
|---|---|
| A method as set forth in claim 1, wherein in step (b) differences between a density of a given voxel and densities of voxels in planes above and below said given voxel, are employed to evaluate contiguity of said plurality of voxels. | "[T]he processor 208 may also examine the density image which it computes, so as to automatically determine if there are any explosives within the container 101. In a preferred embodiment, the processor may search the density image for regions whose density is substantially between about 1.2 and 1.8 g/cm$^3$. If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." ('Kotowski, Col. 6 lines 28-39).<br><br>The art of 3D mapping and thresholding was well known at the time of Kotowski. It is common knowledge that x-ray based medical imaging provides established methods to detect suspicious volumes in 3D objects. Therefore, a skilled person would have sufficient prompt to consider prior art from the field of medical imaging when looking for details of how to detect suspicious volumes in a piece of luggage. More specifically, the relationship between medical imaging and baggage inspection is further identified within the specification of the Eberhard patent. "General background on CT scanning, hardware, and signal processing may be found in... *Image Reconstruction From projections*, Gabor T. Herman (Academic press 1980). The entire contents of these publications are |

| U.S. 5,712,926 (Eberhard) Claim 6 | §103 Prior Art (Kotowski and Frazee) |
|---|---|
|  | incorporated herein by reference." (Eberhard, Col. 3 lines 43-53). The Gabor T. Herman reference is devoted to the fundamentals of image reconstruction in the medical field (Herman, Preface). For at least these reasons, a skilled person would look to the techniques of image construction available in the field of medical imaging to calculate a density image in a baggage inspection system. |
|  | Therefore, it would have been obvious to one skilled in the art at the time of Kotowski to look to the field of medical image reconstruction to create the density image disclosed in Kotowski. |
|  | Frazee discloses determining the differences between a density of a given voxel and densities of voxels in planes above and below said given voxel, are employed to evaluate contiguity of said plurality of voxels: "By establishing a suitable threshold, a simple comparison of the signal intensity of each voxel with the threshold readily distinguishes those voxels associated with the bone rather than the soft tissue." (Frazee, Col. 2 lines 25-30, emphasis added). |
|  | "A voxel is connected to the seed if and only if (1) the voxel is a neighbor (i.e., adjacent to the seed, in a predefined direction) or a neighbor of another connected voxel, and (2) the voxel shares a specified property (e.g., falling within the same threshold range) with the seed voxel." (Frazee, Col. 2 lines 49-53). |
|  | Thus, it would have been obvious to utilize the technique of Frazee with Kotowski. As a result, Kotowski in view of Frazee discloses the density of a given voxel and densities of voxels in planes above and below said given voxel, are employed to evaluate contiguity of said plurality of voxels because they incorporate the 3D thresholding and mapping techniques known in the art. |

Therefore, based on the above discussion, claim 6 is not patentable because it is obvious under 35 U.S.C. §103 in view of Kotowski and Frazee.

Furthermore, and to the extent that the Examiner determines that claim 6 is not obvious in view of Kotowski and Frazee, claim 6 of the Eberhard patent is obvious under 35 U.S.C. §103 on the basis of Kotowski in view of Frazee, and in further view of Takahashi. Claim 6 is set forth below with an explanation as to how the Kotowski, Frazee and Takahashi meet all of the recited

19

elements:

| U.S. 5,712,926 (Eberhard) Claim 6 | §103 Prior Art (Kotowski, Frazee and Takahashi) |
|---|---|
| A method as set forth in claim 1, wherein in step (b) differences between a density of a given voxel and densities of voxels in planes above and below said given voxel, are employed to evaluate contiguity of said plurality of voxels. | "[T]he processor 208 may also examine the density image which it computes, so as to automatically determine if there are any explosives within the container 101. In a preferred embodiment, the processor may search the density image for regions whose density is substantially between about 1.2 and 1.8 g/cm$^3$. If a sufficient volume (or a sufficient mass) of material with a mass density indicative of an explosive, the processor 208 may indicate an alarm to that effect (such as by a light or buzzer), so that an operator may perform a more detailed inspection." ('Kotowski, Col. 6 lines 28-39).<br><br>The art of 3D mapping and thresholding was well known at the time of Kotowski. It is common knowledge that x-ray based medical imaging provides established methods to detect suspicious volumes in 3D objects. Therefore, a skilled person would have sufficient prompt to consider prior art from the field of medical imaging when looking for details of how to detect suspicious volumes in a piece of luggage. More specifically, the relationship between medical imaging and baggage inspection is further identified within the specification of the Eberhard patent. "General background on CT scanning, hardware, and signal processing may be found in... *Image Reconstruction From projections*, Gabor T. Herman (Academic press 1980). The entire contents of these publications are incorporated herein by reference." (Eberhard, Col. 3 lines 43-53). The Gabor T. Herman reference is devoted to the fundamentals of image reconstruction in the medical field (Herman, Preface). For at least these reasons, a skilled person would look to the techniques of image construction available in the field of medical imaging to calculate a density image in a baggage inspection system.<br><br>Therefore, it would have been obvious to one skilled in the art at the time of Kotowski to look to the field of medical image reconstruction to create the density image disclosed in Kotowski.<br><br>Frazee discloses determining the differences between a density of a given voxel and densities of voxels in planes above and below said given voxel, are employed to evaluate contiguity of said plurality of voxels: "By establishing a suitable threshold, a simple comparison of the signal intensity of each voxel with the threshold readily distinguishes those voxels associated with the bone rather than the soft tissue." (Frazee, Col. 2 lines 25-30, emphasis added).<br><br>"A voxel is connected to the seed if and only if (1) the voxel is a neighbor |

| U.S. 5,712,926 (Eberhard) Claim 6 | §103 Prior Art (Kotowski, Frazee and Takahashi) |
| --- | --- |
| | (i.e., adjacent to the seed, in a predefined direction) or a neighbor of another connected voxel, and (2) the voxel shares a specified property (e.g., falling within the same threshold range) with the seed voxel." (Frazee, Col. 2 lines 49-53). The Requester respectfully asserts that determining whether voxels share a specified property (as disclosed in Frazee) inherently includes evaluating the differences of a property between voxels (as suggested by Eberhard).

Further, the art of 3D mapping and region growing at the time of Kotowski includes the techniques disclosed, for example, by Takahashi. Takahashi discloses that voxels in the plane above and the plane below can be used to evaluate contiguity. "Each pixel is also three-dimensionally checked to determine if it is connected to pixels identified with other connected components" (Takahashi, Col. 1 lines 49-52).

Thus, it would have been obvious to utilize the techniques of Frazee and Takahashi with Kotowski. As a result, Kotowski in view of Frazee and Takahashi discloses the density of a given voxel and densities of voxels in planes above and below said given voxel, are employed to evaluate contiguity of said plurality of voxels because they incorporate the 3D thresholding and mapping techniques known in the art. |

Therefore, based on the above discussion, claim 6 is not patentable because it is obvious under 35 U.S.C. §103 in view of Kotowski, Frazee and Takahashi.

### III.    Statement of Substantial New Questions of Patentability

The Kotowski, Frazee and Takahashi patents were not of record in the file history of the Eberhard patent. Claims 1-3, 5 and 6 in the Eberhard patent are anticipated by Kotowski under 35 U.S.C. §102. Claims 1-3, 5 and 6 in the Eberhard patent are anticipated by, or obvious on the basis of Kotowski in view of Frazee under 35 U.S.C. §102 and §103 respectfully. Further, claim 6 is obvious under 35 U.S.C. §103 on the basis of Kotowski in view of Frazee and Takahashi.

For at least these reasons, a substantial new question of patentability is raised.

Respectfully Submitted,

T.J. Clark, Esq. (Reg. No. 54,039)
Attorney for Requester
c/o MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY AND POPEO, P.C.
Telephone  617/542-6000
Facsimile   617/542-2241
**Customer No. 30623**

Dated:  July 29, 2005

22

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this request has been served in its entirety on the patent owner as provided in 37 CFR. 1.33(c). The name and address of the parties served, the date of service, and the method of service are:

1) Randy J. Pritzger, Esq.

WOLF GREENFIELD & SACKS, P.C.

FEDERAL RESERVE PLAZA

600 ATLANTIC AVENUE

BOSTON MA 02210

Date of Service:  July 29, 2005

Method of Service:  First Class Mail

Respectfully submitted,

T.J. Clark
Reg. No. 54,039
Mintz, Levin, Cohn, Ferris, Glovsky
   and Popeo P.C.
1 Financial Center
Boston, MA 02111

Dated: July 29, 2005

TRA2053084

23