IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

## L-3'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR EXPANDED AND EXPEDITED DISCOVERY

Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), requests entry of an Order allowing the parties to engage in any discovery allowed by the Federal Rules of Civil Procedure, and further providing for expedited discovery on all issues pertinent to L-3's motion for a preliminary injunction.

(A copy of a proposed Order is attached for the Court's convenience).

In its Order of March 8, 2005 (D.I. 48, ¶ 1), the Court ordered that:

Discovery of documents and information pertaining to damages, including documents concerning the defendant's sales efforts, private customer lists, communications with potential customers, and non-public financial information, shall be deferred until further order of the court….

In view of the issues presented by L-3's motion for a preliminary injunction, L-3 request that the above restriction be lifted, and that the parties be allowed to engage in any discovery allowed the Federal Rules of Civil Procedure.

One of the things L-3 must show to justify entry of a preliminary injunction is that it will suffer irreparable harm if Reveal is not enjoined from further infringing L-3's patents. As set

924233.1

forth in L-3's memorandum in support of its preliminary injunction motion, L-3 is entitled to a presumption of irreparable harm because it has demonstrated a likelihood of success on the merits on both infringement and validity of certain patent claims. L-3 further supported its motion with a Declaration of an officer of L-3, based on information L-3 has obtained through independent investigation, which further demonstrates that L-3 would, in fact, be subjected to irreparable harm if Reveal is not immediately enjoined.

L-3's evidence of irreparable harm is compelling; however, should Reveal attempt to rebut the presumption and make an evidentiary showing of its own on the issue of irreparable harm, L-3 should be entitled to rebut any such showing. In that context, Reveal has concealed relevant "irreparable harm" information, such as contracts it may be entering into with domestic or foreign airports or agencies, by characterizing it as "damages information" and thereby designating it as off-limits. In particular, L-3 should be entitled to evidence showing the full extent of Reveal's sales and marketing activities in foreign countries. L-3 is further entitled to evidence showing the full extent of Reveal's manufacturing, sales and marketing activities in the United States, including all activities purportedly done "by or for" the U.S. Government and with the U.S. Government's "authorization or consent," along with whatever evidence Reveal claims establishes its immunity from suit under 28 U.S.C. § 1498.

## CONCLUSION

For the above reasons, L-3 requests entry of an Order allowing the parties to engage in any discovery allowed by the Federal Rules of Civil Procedure, and further

- 3 -

providing for expedited discovery on all issues pertinent to L-3's motion for a preliminary injunction.

                                                Respectfully submitted,

                                                L-3 COMMUNICATIONS SECURITY
                                                AND DETECTION SYSTEMS, INC.,

                                                By its attorneys,

August 9, 2005                            /s/ Michael A. Albert_____
                                                Michael A. Albert, BBO #558566
                                                James J. Foster, BBO #553285
                                                Robert M. Abrahamsen, BBO #636635
                                                WOLF, GREENFIELD & SACKS, P.C.
                                                600 Atlantic Avenue
                                                Boston, Massachusetts 02210
                                                Tel.: 617.646.8000
                                                Fax: 617.646.8646
                                                malbert@wolfgreenfield.com