# EXHIBIT A

## Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

One Financial Center
Boston, Massachusetts 02111

Michael T. Renaud

617 542 6000
617 542 2241 *fax*

*Direct dial  617 348 4403*

August 9, 2005

## BY TELEFAX AND OVERNIGHT MAIL

James Foster, Esq.
Wolf, Greenfield and Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02110

Re:    L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging
Technologies, Inc., U.S.D.C. Mass., Civil Action no 04-11884-NG
Failure to Satisfy Meet and Confer Requirements - Follow-up Letter

Dear Jim:

In response to your August 9th letter, I wanted to clarify and correct a few of your comments.

First,  the purpose of the meet and confer is to attempt to limit and resolve disputes. Your simplistic suggestion that the only reason for the meet and confer is to determine if we would agree to the relief requested is not consistent with the purpose of the rule.

Second, in our telephone conversation, you and Bob stated that the reason for your motions was a concern that 1) there are imminent foreign sales and 2) that L-3 is uncertain whether the sale to the TSA is covered by the authorization and consent provisions of section 1498. We informed you (and confirm here) that there are no pending foreign sales.  In addition, we are very surprised that you have a question about the authorization and consent issue as the language in Reveal's contract with the TSA is the same authorization and consent paragraph as in the TSA's contracts with L-3.  If there is any additional information you need to resolve theses issues let us know.

I also wanted to state that these motions appear to raise the same issues that were resolved in prior motions with respect to the 1498 issue and the stay of damages discovery.

*Boston  Washington  Reston  New York  Stamford  Los Angeles  London*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

James Foster, Esq.
August 9, 2005
Page 2

     Please be informed, that if you do file the motions we will seek our fees and costs. Should you have any questions, please contact me.

Sincerely,

Michael T. Renaud

LIT 1536439v1

 **Wolf Greenfield**
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

James J. Foster
jfoster@wolfgreenfield.com
direct dial 617.646.8225

August 9, 2005

**VIA FACSIMILE**

Michael T. Renaud, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky
 and Popeo, P.C.
One Financial Center
Boston, MA 02111

> Re:    L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging
> Technologies, Inc., C.A. No. 04-11884-NG

Dear Mike:

I am writing to respond to your letter today gratuitously arguing your position on the merits of L-3's proposed motions, in the context of the "meet and confer" requirement.

I was not a party to the telephone call regarding deposition scheduling. The call in which I did participate, however, was inaccurately and misleadingly described in your letter. In that call, I conferred with you and your colleague as to each of the three motions L-3 proposed to file and asked if you would consent to the relief requested. In that conference, you stated that you would not agree to any of them. You tried to talk us out of the motion to expand discovery by offering a counterproposal, which we considered and rejected.

From our discussion, it was easy to determine whether an impasse had been reached, which determination is the purpose of the "meet and confer" requirement. Clearly, I thought we had reached an impasse. If you disagree, then please call and we will continue the discussion. Otherwise, we will file the motion.

Sincerely yours,

WOLF, GREENFIELD & SACKS, P.C.

James J. Foster

JJF/psv

# Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

One Financial Center
Boston, Massachusetts 02111

Michael T. Renaud

617 542 6000
617 542 2241 *fax*

*Direct dial 617 348 4403*

August 9, 2005

**BY TELEFAX AND OVERNIGHT MAIL**

James Foster, Esq.
Wolf, Greenfield and Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02110

> Re:  <u>L-3 Communications Security and Detection Systems, Inc. v. Reveal Imaging</u>
> <u>Technologies, Inc., U.S.D.C. Mass., Civil Action no 04-11884-NG</u>
> <u>Failure to Satisfy Meet and Confer Requirements</u>

Dear Jim:

I write this letter as a follow up to our telephone call on Monday afternoon, August 8, 2005. Joe Hameline and I participated on behalf of Reveal Imaging Technologies and you and Bob Abrahamsen participated on behalf of L-3 Communications. We had initiated the call to discuss rescheduling the deposition dates for Craig Dawson and Keith McClelland, two inventors on the patents in suit whose depositions were cancelled at the last minute by L-3 last week. During the telephone call Bob Abrahamsen requested that we meet and confer on motions that L-3 was preparing for filing.

L-3 stated that it wanted to meet and confer on three motions, namely a motion for preliminary injunction, a motion to open discovery on damages and a motion to exceed the page limit for L-3' s motion for a preliminary injunction. L-3 stated that it was moving for a PI and moving to open discovery on damages based on Reveal's 1) imminent foreign sales and 2) L 3's inability to conclude "one way or the other" whether pending sales to the TSA were subject to an authorization and consent from the US government.

We asked during the call for L-3 to identify what documents it would need to resolve its concerns about the authorization and consent by the US government. In response, you refused to identify any documents that would provide insight on this issue and merely stated that Reveal had failed to produce the relevant documents. We offered to discuss the issue and produce documents -- which we understood to be the purpose of the meet and confer. Surprisingly, you stated that there was no further purpose in the discussion on the issue and ended the conversation. We did very directly state that this discussion did not comply with the spirit and intent of the meet and confer requirement and did not satisfy L 3's obligations under the Rules.

On the issue of imminent foreign sales, L-3 similarly refused to meet and confer and would not or could not identify an imminent foreign sale, only that L-3 believed that such sales

*Boston  Washington  Reston  New York  Stamford  Los Angeles  London*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

James Foster, Esq.
August 9, 2005
Page 2

were imminent. When asked to identify a foreign sale, or an imminent foreign sale, L-3 refused to respond and simply stated that since Reveal would not consent to L-3's motions there was nothing more to discuss. Again, we strongly suggested that this response was not consistent with your obligations to meet and confer.

Frankly, this conduct is even more puzzling in this context because your clients are fully aware of essentially every step taken by Reveal. With respect to foreign sales, they are aware that Reveal discussed sales to Singapore, but that L-3 was awarded this contract. Reveal also had discussed a possible sale of its CT80 to the BAA as part of a BAA procurement, but L-3 was awarded the entire procurement by the BAA. With respect to sales to the TSA, L-3 is fully aware of the form contract provisions which govern authorization and consent and that this provision was included in the recent contract for the pilot program issued by the TSA to Reveal. L-3 is also aware that the TSA recently issued a request for bids in the Federal Register for additional EDS machines. No award has been made. In the event that Reveal is awarded this contract, the standard authorization and consent form presumably will also be included in the contract.

The purpose of my lengthy letter is to state unequivocally that L-3 has not complied with its obligation to meet and confer and that Reveal will seek its costs and expenses in connection with the defense of this motion. More to the point, there is no basis to the motions and they should not be filed.

Sincerely,

Michael T. Renaud

LIT 1533949v1