# EXHIBIT C



COMMONWEALTH OF MASSACHUSETTS

| | | |
|---|---|---|
| SUFFOLK, ss. | | SUPERIOR COURT |
| Notice sent | | CIVIL ACTION |
| 3/04/2005 | | NO. 03-5810 BLS |
| M. L. C. F. | | (Judge van Gestel) |
| G. & P. | | |
| A. W. P., III. | L-3 COMMUNICATIONS CORPORATION & others[1] | |
| J. D. L. | | |
| R. J. P. | | |
| W. G. & S. | vs. | |
| H. B. S. & R. | | |
| D. J. B. | REVEAL IMAGING TECHNOLOGIES, INC. & others.[2] | |
| S. G. L. G. | | |
| F. J. C. | | |
| G. F. | MEMORANDUM AND ORDER ON REQUEST | |
| | FOR SPEEDY TRIAL AND RELATED MATTERS | |

(sc)

This matter is before the Court on three somewhat related matters, and ancillary issues in connection therewith. The three principal matters are: assessing L-3's Designation of Trade Secrets under the Court's December 2, 2004 Order; L-3's Motion for Speedy Trial; and L-3's Motion to Amend its Complaint to add PerkinElmer, Inc. as a party plaintiff. The ancillary matters relate to scheduling the next steps in the litigation of this matter.

Trade Secrets.

The Court begins with the trade secret issues. On December 2, 2004, the Court ordered L-3 to designate,

> in affidavit form and under oath, that sets forth with rigorous and focused particularity what, and only what, L-3 Delaware claims to constitute the trade secrets allegedly misappropriated by any of the defendants that are actually incorporated in the CT-80 product and those trade secrets that otherwise form the

---

[1] Originally, L-3 Communications Security and Detections Systems Corporation California; and L-3 Communications Security and Detection Systems Corporation Delaware. By an amended complaint, the sole remaining plaintiff became L-3 Communications Security and Detection Systems Corporation Delaware.

[2] Michael Ellenbogen ("Ellenbogen"), Richard Bijjani ("Bijjani"), James Buckley ("Buckley"), Bruce Lee ("Lee"), John Sanders ("Sanders") and Elan Scheinman ("Scheninman").

basis for this law suit.

The Court advised that:

> The designation must, with clarity that can be understood by a lay person, make clear and distinguish what is protectable from that which is not.

L-3 has now made its designations and the Reveal parties have responded thereto. In their response, the Reveal parties have found acceptable, among others, L-3's Trade Secret Designations #1 and #2.[3] It is a bifurcated trial on these two trade secrets that L-3 seeks by its speedy trial motion.

Because the Court below will address the speedy trial motion, and related proceedings, it will not at this time assay the remaining trade secret designations and the objections thereto.

<u>The motion to amend the complaint.</u>

This is the second time that L-3 has sought to amend the complaint. The proposal is procedurally unusual. What is sought is to add an unrelated entity, PerkinElmer, Inc., as a party plaintiff. PerkinElmer seems anxious to join as a plaintiff, although it has not filed its own motion to intervene.

What is behind this procedural move by L-3 seems apparent. Also on December 2, 2004, this Court issued its Memorandum and Orders on Various Motions and Related Matters. Included therein was a determination that L-3 had no standing to enforce certain of the Reveal individuals' obligations in agreements between those individuals and PerkinElmer. This resulted

---

[3] The Reveal parties seek further information about Trade Secrets #1 and #2 as to whether either of them has actually been incorporated in the CT80 product, has actually been used in the design and development of the CT80 product or, if neither of the first two issues, how the trade secret otherwise forms the basis for this lawsuit. These items, of course, are what the discovery procedures are for.

2

from this Court's conclusion that the acquisition from PerkinElmer of what became L-3 did not include rights under the PerkinElmer agreements.

L-3's attempt to cure that situation, and to thereby avoid this Court's ruling, is to have PerkinElmer join the fray and seek to enforce those agreements on its own or, in some way not wholly clear, on behalf of L-3. This Court, before it expended a great deal of time and effort on the many and complicated issues decided on December 2, 2004, warned L-3 about attempting an amendment to the complaint after finding out that it had lost an issue on summary judgment.

On April 27, 2004, the Court issued the following order:

> In this posture, the plaintiffs say they want to defer the motion to amend until after the Court acts on the pending motion [partial summary judgment].
>
> The Court has quite a different reaction to the situation. It is enormously busy and has little time to hear, consider and decide motions while the parties whose position is being challenged sit back and wait for the results and then file a motion to amend or correct the problems. That is not a good, or fair, use of limited Court resources.
>
> ORDER
>
> The Court advises that it will take no action on the pending motion for partial summary judgment until the plaintiffs have either (1) filed their motion to amend the complaint, or (2) filed a statement with the Court that they do not intend to file such a motion. If such a statement of non-filing is filed, the Court advises that it will not allow an amendment of the complaint after it decides the partial summary judgment motion. Further, if a motion to amend is filed it will be acted upon before, not after, the pending summary judgment motion is decided, and the motion papers may be updated so that they address the complaint as amended.

After the April 27, 2004 order, L-3 did amend its complaint. That amendment, however, did not bring into this case the issue of joining PerkinElmer so that PerkinElmer could seek, on its own or on behalf of L-3, to advocate for the PerkinElmer agreements against the Reveal individuals. While the situation is somewhat different than that facing the Court last spring, this

3

recent effort to avoid the results of the Court's work by now bringing PerkinElmer to the dance is not looked upon favorably.

Adding a party to a case, particularly a large corporate entity like PerkinElmer, always adds complexity and delay. This case is already a monument to over-litigation. PerkinElmer's arrival will only exacerbate that situation. Further, although L-3 denies it, the joining of PerkinElmer cannot really be helpful in getting even a portion of this case to a speedy trial.

If PerkinElmer really believes that it has contractual rights that are being violated by any of the Reveal parties it is free to pursue those rights in an appropriate court. It should not, however, do so here, particularly when that effort will result in delaying this case's progress and in forcing this Court to again assess the effect to yet another party of the PerkinElmer agreements.

Speedy trial.

The Reveal parties are not in opposition to an expedited resolution of the issues involved in Trade Secrets #1 and #2. They suggest that after some discovery the matters may be resolvable by dispositive motions rather than a trial. L-3 seeks a trial in June or July. The Reveal parties are suggesting hearing of summary judgment motions in the fall. This Court's calendar, and the constitutionally mandated retirement of this particular judge,[4] are factors that must go into the mix.

---

[4] See Pt. II, c. 3, art. 1 of the Massachusetts Constitution, as approved by referendum of November 7, 1972, insofar as it applies to this Court.

4

## ORDER

For the foregoing reasons, the following orders are issued:

1. The Court will take no action on those trade secret designations and the opposition thereto, except for accepting Trade Secrets #1 and #2 as being adequate to proceed forward upon;

2. The plaintiff's motion to amend the complaint again, this time to add PerkinElmer, Inc. as a party plaintiff, is <u>DENIED</u>;

3. Resolution of the <u>issues relating to Trade Secrets #1 and #2</u> shall proceed on the following schedule:

    A. All discovery relating to L-3's Trade Secrets #1 and #2, including expert discovery if any, shall be completed by July 8, 2005. This means that all interrogatories and expert interrogatories will be served so that they can be answered, all documents requested so that they can be produced and all depositions noticed so that they can be completed by that date.

    B. Any Rule 56 or other dispositive motions shall be served, pursuant Superior Court Rule 9A, no later than July 29, 2005, responded to no later than August 26, 2005, filed by September 2, 2005 and argued on September 7, 2005 at 2:00 p.m.

    C. A date for a pre-trial conference, if necessary, will be established after decision on any dispositive motions.

DATED:    March 3, 2005

*Allan van Gestel*
Justice of the Superior Court