UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-11884-NG (Magistrate Judge Judith Gail Dein) |
| v. | ) ) | |
| REVEAL IMAGING TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) ) | |

**REVEAL'S NOTICE OF PATENT OFFICE DECISION TO
ORDER REEXAMINATION OF '758 PATENT**

Reveal Imaging Technologies, Inc. ("Reveal") filed its Motion to Stay Pending Reexamination of the Patents in Suit on August 4, 2005. In that motion, Reveal noted that a decision by the United States Patent and Trademark Office ("PTO") on the first two requests for reexamination were due shortly. On August 5, 2005, the PTO ordered the reexamination of U.S. Patent No. 5,642,393 ("the '393 patent"). Now, the PTO has ordered the reexamination of the next L-3 patent on which reexamination was requested, U.S. Patent No. 5,838,758 ("the '758 patent"). Thus, the requests for reexamination of the first two of the patents-in-suit on which requests for reexamination were filed have been granted. Notably, these are the same two patents asserted by L-3 in its pending motion for a preliminary injunction, and they are now subject to reexamination for invalidity by the PTO.

The PTO found that a "substantial new question of patentability affecting claims 38–40, 43 and 55 of [the '758 patent] is raised by the request for *ex parte* reexamination" in view of the

Steele, Roder and Vinegar prior art references. Consequently, the PTO ordered reexamination of Claims 1-62 of the '758. A copy of the notice from the PTO is attached hereto as Exhibit A.

A decision by the PTO on Reveal's request that it reexamine the other four (4) patents-in-suit is not yet due. Reveal respectfully submits that the fact that the PTO has decided to reexamine both of the first two of the patents at issue in this litigation provides further and compelling support for Reveal's Motion to Stay. Similarly, the PTO's decision to order the reexamination of the '393 and '758 patents based on a substantial question of patentability essentially mandates that L-3's pending preliminary injunction motion be denied. L-3 informed the Court that the validity of these two untested patents "cannot even be challenged." The PTO's recent orders for reexamination demonstrate that the contrary is in fact true.

    Respectfully submitted,

**REVEAL IMAGING TECHNOLOGIES, INC.,**

By its attorneys,

Dated: August 19, 2005

/s/ H. Joseph Hameline
H. Joseph Hameline (BBO# 218710)
A. Jason Mirabito (BBO # 349440)
Michael T. Renaud (BBO # 629783)
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

LIT 1537911v1