**EXHIBIT 4**

Case 1:04-cv-11884-NG    Document 120-5    Filed 09/13/2005    Page 1 of 7

Westlaw.

534 F.2d 244    Page 1
208 Ct.Cl. 678, 534 F.2d 244, 190 U.S.P.Q. 55
**(Cite as: 534 F.2d 244)**

United States Court of Claims.
CARRIER CORPORATION
v.
The UNITED STATES.
No. 267--74.

Jan. 28, 1976.
As Amended on Denial of Rehearing March 26, 1976.

Owner of patent relating to detachable refuse containers brought suit against United States, alleging use of the patented invention in the performance of air force base refuse collection contract. On the Government's motion for partial summary judgment, the Court of Claims, Cowen, Chief Judge, held that it was without jurisdiction of any claims arising out of the air force base refuse collection contract, since any use by government contractor of plaintiff's patented invention in the performance of that contract was not a use 'by' or 'for' the Government within the meaning of statute providing that whenever an invention covered by a United States patent is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture same the owner's remedy shall be by action against the United States in the Court of Claims.

Motion granted.

West Headnotes

**[1] Federal Courts** ⇐1084
170Bk1084 Most Cited Cases
    (Formerly 106k449(3))
Court of Claims was without jurisdiction of any claims arising out of air force base refuse collection contract, since any use by government contractor of plaintiff's patented invention in the performance of that contract was not a use "by" or "for" the Government within the meaning of statute providing that whenever an invention covered by a United States patent is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture same the owner's remedy shall be by action against the United States in the Court of Claims. 28 U.S.C.A. § 1498(a).

**[2] Federal Courts** ⇐1084
170Bk1084 Most Cited Cases
    (Formerly 106k449(3))
As plaintiff's patented invention allegedly used in the performance of air force base refuse collection contract was an apparatus for hoisting a detachable refuse container onto a truck bed for transportation to a dumping site and for placing the container back on the ground after it was emptied, as such device had a usefulness only with respect to the government contractor's duty to pick up and empty refuse containers, and as it had no usefulness at all relative to the Government's function, any use of plaintiff's patented invention was by the contractor, not by the Government, within meaning of statute authorizing an action against the United States in the Court of Claims whenever a patented invention is used or manufactured by or for the United States without license of the owner or lawful right. 28 U.S.C.A. § 1498(a).

**[3] Federal Courts** ⇐1084
170Bk1084 Most Cited Cases
    (Formerly 106k449(3))
Since government contractor, which collected refuse at air force base, had available in the open market detachable containers that would not have infringed plaintiff's patented invention, and since use of equipment covered by the patent was not required by the contract specifications or instructions of the government contracting officer, the Government had not authorized or consented to any infringement of plaintiff's patent, and it thus could not be said, regarding Court of Claims' jurisdiction, that the alleged use of the patented invention was a use for the Government with its authorization or consent. 28 U.S.C.A. § 1498(a).

**[4] Federal Courts** ⇐1084
170Bk1084 Most Cited Cases
    (Formerly 106k449(3))
While air force base refuse collection contract provided that positioning of all containers would be coordinated with contracting officer or technical representative, and that all equipment would become operative only after inspection and acceptance by the contracting officer or technical representative, those provisions alone did not provide a sufficient basis, as respects jurisdiction of the Court of Claims, for finding that the Government authorized or consented to any infringement of plaintiff's patented invention relating to detachable refuse containers. 28 U.S.C.A.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

§ 1498(a).

**[5] Statutes ⚖ 181(1)**
361k181(1) Most Cited Cases
Language of a statute itself is the best indication of the intent of Congress.

**[6] Federal Courts ⚖ 1084**
170Bk1084 Most Cited Cases
    (Formerly 106k449(3))
Since statute which authorizes an action against the United States in the Court of Claims whenever a patented invention is used or manufactured by or for the United States without license of the owner or lawful right expressly provides that any use of a patented invention for the Government must be authorized or consented to, it is plain that the Government can limit its authorization and consent by the inclusion of such a clause in a government contract. 28 U.S.C.A. § 1498(a).

**Patents ⚖ 328(2)**
291k328(2) Most Cited Cases
3,144,149, 3,229,622. Cited.
*245 Robert S. Swecker, Washington, D.C., attorney of record, for plaintiff. Donald F. Daley, Syracuse, N.Y., and Regis E. Slutter, Washington, D.C., of counsel.

Thomas J. Scott, Jr., Arlington, Va., with whom was Asst. Atty. Gen. Rex E. Lee, *246 Washington, D.C., for defendant. Robert G. Hilton, Washington, D.C., of counsel.

Before COWEN, Chief Judge, DURFEE, Senior Judge, DAVIS, SKELTON, KASHIWA, KUNZIG, and BENNETT, Judges.

COWEN, Chief Judge.

This case, before the court on defendant's motion for partial summary judgment, requires us to determine whether the alleged use of plaintiff's patented invention in the performance of a refuse collection contract was a use by or for the Government within the meaning of 28 U.S.C. s 1498(a).[FN1] Although this is, surprisingly, a case of first impression in this court, [FN2] the legal issues presented have arisen in a number of patent infringement cases in other courts.[FN3]

> FN1. 28 U.S.C. s 1498(a) provides in pertinent part that:
> 'Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture.
> 'For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.'

> FN2. The court, however, has considered, in another context, the defense of lack of authorization or consent to patent infringement by a Government contractor. See Allgrunn v. United States, 67 Ct.Cl. 1, 44-- 48 (1928), cert. denied, 302 U.S. 725, 58 S.Ct. 46, 82 L.Ed. 560 (1937), (interpreting the Act of Oct. 6, 1917, ch. 95, 40 Stat. 394).

> FN3. See, e.g., Croll-Reynolds Co. v. Perini-Leavell-Jones-Vinell, 399 F.2d 913 (5th Cir. 1968), cert. denied, 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969); Bereslavsky v. Esso Standard Oil Co., 175 F.2d 148 (4th Cir. 1949); Molinaro v. Watkins-Johnson CEI Div., 359 F.Supp. 467 (D.Md.1973). See generally Raubitschek, Authorization and Consent-Another View, 56 J.Pat.Off.Soc'y 634 (1974); TeSelle, Authorization or Consent to Infringe Patents in Production for the Government, 26 Geo.Wash.L.Rev. 583 (1958).

Plaintiff, Carrier Corporation, is successor in interest to Dempster Brothers, Inc., and is owner by assignment of patents relating to certain features of refuse compactors and containers. Although the Government's motion for partial summary judgment is addressed solely to alleged infringement of plaintiff's patents resulting from the use of certain refuse handling equipment in the performance of a service contract awarded by the Department of the Air Force for the collection and removal of refuse at Andrews Air Force Base, resolution of the legal issues presented by the parties will simplify the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

remainder of the case which involves a number of other contracts awarded under substantially similar circumstances.

Under the Andrews contract, the contractor, Associated Refuse and Compaction Services, Inc. (Associated Refuse), was required, among other things, to furnish and install certain equipment, including refuse compactors and containers of specified size, at various locations on the base, and to remove at regular intervals all refuse collected in the containers. Since some of the facilities on the base were large enough to use efficiently stationary refuse compactors which compress solid waste into detachable containers, use of such equipment was expressly provided for by the terms of the contract.

Plaintiff originally claimed that it was entitled to compensation under 28 U.S.C. s 1498(a), because the refuse compactors and detachable containers utilized by Associated Refuse in the performance of the Andrews contract incorporated the subject matter of two of plaintiff's patents--No. 3,229,622, which relates to the refuse compactors, and No. 3,144,149, which relates to the detachable containers. However, since plaintiff has apparently withdrawn all claims involving the former patent, we need only consider plaintiff's allegations regarding the detachable containers.

[1] In order to have jurisdiction of an action brought under 28 U.S.C. s 1498(a), this court must be satisfied that the use *247 complained of is a use by or for the Government within the meaning of that section. Defendant, in support of its motion, contends that this court is without jurisdiction of any claims arising out of the Andrews contract, because any use by Associated Refuse of plaintiff's patented invention in the performance of that contract was not a use by or for the Government within the meaning of Section 1498(a). Since we find that we are in agreement with this contention, we grant defendant's motion for partial summary judgment.

[2] The patented invention allegedly used in the performance of the Andrews contract is an apparatus for hoisting a detachable refuse container onto a truck bed for transportation to a dumping site and for placing the container back on the ground after it has been emptied. Obviously, such a device had a usefulness only with respect to Associated Refuse's duty to regularly pick up and empty all refuse containers at the base. It has no usefulness at all in relation to the function performed by the Government--i.e., the placing of refuse into the compactors and the activation of the devices electrically to compress the refuse into the detachable containers. Accordingly, we find that if there was any use of plaintiff's patented invention, such use was by the contractor and not by the Government.

A more difficult question, however, is whether the alleged use of plaintiff's patented invention was a use for the Government with its authorization or consent. Defendant contends that it expressly withheld its authorization and consent and, therefore, that any use of plaintiff's invention was not a use for the Government within the meaning of Section 1498(a). Defendant bases this contention on the inclusion in the Andrews contract of a standard clause which limits the Government's authorization and consent to:

> all use and manufacture, in the performance of this contract * * * of any invention described in and covered by a patent of the United States (i) embodied in the structure or composition of any article the delivery of which is accepted by the Government under this contract, or (ii) utilized in the machinery, tools, or methods the use of which necessarily results from compliance by the Contractor or the using subcontractor with (a) specifications or written provisions now or hereafter forming a part of this contract, or (b) specific written instructions given by the Contracting Officer directing the manner of performance.[FN4]

> FN4. See ASPR s 9--102.1, 32 C.F.R. s 9.102--1. The terms of this clause are considerably more narrow than the other standard clause used in defense contracts. See ASPR s 9--102.2, 32 C.F.R. s 9.102--2. That clause, which was designed for use in contracts calling for experimental, developmental, or research work, provides as follows:
> 'The Government hereby gives its authorization and consent for all use and manufacture of any invention described in and covered by a patent of the United States in the performance of this contract or any part hereof or any amendment hereto or any subcontract hereunder (including any lower-tier subcontract).'
> Thus, to fall within the terms of this clause, the alleged use need only be in the performance of the contract.

Defendant contends that since neither the contract specifications nor any specific written instructions from the contracting officer required Associated

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

534 F.2d 244 Page 4
208 Ct.Cl. 678, 534 F.2d 244, 190 U.S.P.Q. 55
**(Cite as: 534 F.2d 244)**

Refuse to use a particular type of equipment, the Government has not authorized or consented to any infringement of plaintiff's patent in the performance of the Andrews contract.[FN5] We agree.

> FN5. The portion of the authorization and consent clause that provides that the Government authorizes and consents to infringement of any patent 'embodied in the structure or composition of any article the delivery of which is accepted by the Government' is applicable to hardware and other goods procured by and delivered to the Government for its own use, generally through supply contracts. Since the contract at issue is for services, the quoted portion of the clause is clearly inapposite.

The specifications of the contract require only that the detachable containers be 'steel refuse containers that are fully enclosed and fireproof as specifically manufactured for refuse collection purposes.' Technical Provision (TP) 3--05d. No structure *248 or performance characteristics are required. Mr. Legrant Campbell, who, as technical representative of the contracting officer, was primarily responsible for administration of the contract, states unequivocally in an uncontroverted affidavit that 'at no time was the particular equipment to be used in performance of the contract specified or required.' Of similar thrust is the affidavit of Mr. Carroll David Case, the president of Associated Refuse, who states that '(n)either the written specification attached to the basic contract nor (the) Government technical representative who administered the performance of this contract ever specified any preference for a particular type of machine. The only requirement was that the devices furnished be capable of compacting refuse and that the containers be hauled away at specific intervals.'

[3] During the term of the Andrews contract, Associated Refuse's standard inventory included only detachable containers of the type plaintiff accuses of infringing its patent. During this entire period, however, detachable containers were available in the open market which could have been purchased and used, and which would not have infringed plaintiff's patent. In view of the general availability of noninfringing equipment, and the fact that use of equipment covered by plaintiff's patent was not required by the contract specifications or within instructions of the contracting officer, we find that the Government has not authorized or consented to any infringement of plaintiff's patent.

[4] It is true, as plaintiff states, that the contract provides that:
> TP 3--03a: Positioning of all containers will be coordinated with the Contracting Officer or the Technical Representative.
> TP 3--05a: All equipment for use in accordance with the provisions of this Section shall become operative only after inspection and acceptance by the Contracting Officer or the Technical Representative.

These provisions alone, however, do not provide a sufficient basis for a finding that the Government authorized or consented to any infringement of plaintiff's patented invention. The first, TP 3--03a, appears to be intended merely to give the Government some control over the physical positioning of the containers on the base. The second, TP 3--05a, does provide that all equipment 'shall become operative only after inspection and acceptance by the Contracting Officer or the Technical Representative.' However, it is clear that the inspection and acceptance comtemplated by that provision are only of a general nature and are intended merely to insure that the equipment complies with the contract specifications--i.e., that the containers are steel refuse containers of specified size and the compactors are capable of compacting refuse. In his affidavit, Mr. Campbell states that his primary duty, under the terms of the contract, including TP 3--05, was merely 'to insure that all the services required under the contract were performed, namely that the trash containers were picked up, cleaned and replaced according to the required schedule' and '(t)hat he had no knowledge of the structure of the devices used.' Under these circumstances, we cannot conclude that the mere inclusion of these provisions in the contract and the contractor's use of the allegedly infringing equipment, constitute sufficient evidence to establish the Government's authorization and consent. To hold otherwise would, in effect, mean that in every instance where the Government desires to avoid potential liability under Section 1498(a), it would be required to conduct a detailed and time-consuming investigation to determine whether the equipment the contractor selects for his own convenience infringes any outstanding patents.

[5][6] Plaintiff attempts to avoid the effect of the authorization and consent clause by contending that the statute does not authorize the Government to limit its authorization and consent by the inclusion of such a clause in a contract. This contention, however, is

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

contrary to Section 1498(a), which provides that:
> For the purposes of this section, the use or manufacture of an invention described *249 in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.[FN6]

> FN6. 28 U.S.C. s 1498(a). The authorization and consent requirement, embodied in this provision, was judicially recognized as early as 1924 in Wood v. Atlantic Gulf & Pac. Co. 296 F. 718, 722--23 (S.D.Ala.1924), but was not a specific statutory requirement prior to 1942. See Royalty Adjustment Act of 1942, Ch. 634, s 6, 56 Stat. 1014; Act of Oct. 31, 1951, ch. 655, s 50(c), 65 Stat. 727 (substantially incorporating Section 6 of the Royalty Adjustment Act into 28 U.S.C. s 1498(a)).

There is, unfortunately, no legislative history to aid us in interpreting this provision.[FN7] However, as we have frequently held, the language of the statute itself is the best indication of the intent of Congress. See Lykes Bros. S.S. Co. v. United States, 206 Ct.Cl. 354, 368, 513 F.2d 1342, 1349 (1975). Since Section 1498(a) expressly provides that any use of a patented invention for the Government must be authorized or consented to, it is plain that the Government can limit its authorization and consent as it did in this instance.

> FN7. See TeSelle, supra note 3, at 591--92.

Plaintiff relies heavily upon the Fifth Circuit's decision in Croll-Reynolds Co. v. Perini-Leavell-Jones-Vinell, 399 F.2d 913 (5th Cir. 1968), cert denied, 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969). The defendants in that case were engaged in the construction for the United States of a portion of a dam across the Rio Grande River. The construction contract required that all concrete be cooled prior to pouring, but did not specify that the cooling be done by any particular method or process. The defendants installed cooling equipment at the site, as contemplated by the terms of the contract, and the contracting officer approved and paid for it. Plaintiffs, asserting that the defendants were using their patented method for cooling concrete, brought an action in the Federal district court seeking an injunction and damages. The district judge dismissed the action on the ground that the use of the cooling equipment was for the Government with its authorization and consent and, therefore, that the plaintiffs' sole remedy was in the Court of Claims. His decision was affirmed by the Fifth Circuit.

Although the contract in Croll-Reynolds contained the same authorization and consent clause that is in issue here, the court nevertheless found that the approval of and payment for the cooling equipment was conclusive evidence of the Government's authorization and consent. 399 F.2d at 915. At first blush this decision would appear to be in conflict with ours, but we consider Croll-Reynolds to be distinguishable factually. For example, the cooling equipment utilized by the defendants in Croll-Reynolds was specially assembled for the dam project. 399 F.2d at 915 (Godbold, J., concurring). In this case, however, the refuse equipment was taken from the contractor's general inventory, which was used to service both public and private clients. The defendants in Croll-Reynolds also were apparently paid in full for the cost of constructing the cooling facility and equipment. See 399 F.2d at 914--15 & n. 3. Thus it appears that the Government, in effect, purchased the equipment. In this case, it is undisputed that the Government was paying Associated Refuse for its services--i.e., the collection and removal of refuse--and not for the refuse equipment itself. Despite these significant factual distinctions, we recognize that there are statements in the opinion of the Fifth Circuit which may be considered to be in conflict with this opinion. To the extent that this is true, we decline to follow Croll-Reynolds. However, we agree with the following statement in the concurring opinion of Judge Godbold: 'That equipment is constructed by a contractor for use in the performance of a government contract, and is so used, do not alone constitute 'use' for the government within the meaning of 28 U.S.C.A. s 1498.' 399 F.2d at 916.

*250 In view of the provisions of the contract and the undisputed facts before us, we hold that the service Associated Refuse performed at Andrews Air Force Base is not the type of activity that Congress, by enacting Section 1498(a), intended to cloak with immunity from injunction.[FN8] Plaintiff argues, nonetheless, that an injunction which would prevent Associated Refuse from using the patented equipment would interfere with the Government's need to dispose of its refuse. This argument, however, fails to take into account the fact that, if enjoined, Associated Refuse could complete the contract with alternative non-infringing equipment.

> FN8. See Richmond Screw Anchor Co. v.

534 F.2d 244
208 Ct.Cl. 678, 534 F.2d 244, 190 U.S.P.Q. 55
**(Cite as: 534 F.2d 244)**

Page 6

United States, 275 U.S. 331, 342--43, 345, 48 S.Ct. 194, 72 L.Ed. 303 (1928); Bereslavsky v. Esso Standard Oil Co., 175 F.2d 148 (4th Cir. 1949); TeSelle, supra note 3, at 585--89.

For the foregoing reasons, we conclude that plaintiff is not entitled to recover from the Government for any use under the Andrews contract of patent No. 3,144,149. Accordingly, it is ordered that defendant's motion for partial summary judgment is granted and plaintiff's petition dismissed to the extent that it seeks compensation for use by or for the Government of plaintiff's patented invention in the performance of the Andrews contract.

208 Ct.Cl. 678, 534 F.2d 244, 190 U.S.P.Q. 55

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.