**EXHIBIT 9**



270 F.Supp. 778
270 F.Supp. 778, 154 U.S.P.Q. 338
(Cite as: 270 F.Supp. 778)

Page 1

270 F.Supp. 778, 154 U.S.P.Q. 338

United States District Court, E.D. Missouri, Eastern Division.
Robley D. EVANS and Elmer Robinson, Plaintiffs,
v.
McDONNELL AIRCRAFT CORPORATION, Defendant.
No. 66 C 404(2).

June 20, 1967.

Action by patentees of the idea of using radioactive isotopes to identify various products by placing radioactive materials therein against aircraft manufacturer for infringement by employing the principle in bucking bars used in manufacture of aircraft. The District Court, Meredith, J., held that aircraft manufacturer's employment of patented idea without license in manufacturing airplanes for government under contracts including authorization and consent clauses fell under statute providing that whenever patented invention is manufactured for United States without license or lawful right, patent owner's remedy shall be by action against United States in Court of Claims, and patentees' exclusive remedy was suit against government in that court, notwithstanding statute providing for concurrent jurisdiction of District Court with Court of Claims over actions involving no more than $10,000 under an Act of Congress.

Motion to dismiss granted.

West Headnotes

[1] Patents 291 287(3)
291k287(3) Most Cited Cases
The purpose of statute providing that whenever patented invention is used or manufactured by or for United States without license or lawful right, patent owner's remedy shall be by action against United States, is to relieve contractors working for government from liability for infringement of patents in manufacturing anything for government and to limit patentee and those claiming through him to suit against government in Court of Claims. 28 U.S.C.A. § 1498.

[2] Patents 291 287(3)
291k287(3) Most Cited Cases
Statute providing that whenever patented invention is used or manufactured by or for United States without license or lawful right, patent owner's remedy shall be by action against United States, was designed to furnish patentees adequate and effective remedy for alleged patent infringement and at same time free government from obstructions raised by involvement of contractors or subcontractors in private litigation. 28 U.S.C.A. § 1498.

[3] Patents 291 287(3)
291k287(3) Most Cited Cases
Authorization and consent of government for contractor's use of patented invention by or for government without license or lawful right is indicated by inclusion of authorization and consent clauses in each contract and exclusion of indemnification provisions in event of infringement. 28 U.S.C.A. § 1498.

[4] Patents 291 287(3)
291k287(3) Most Cited Cases
The government consents to contractor's use or manufacture of patented invention by or for the government without license or lawful right if the government accepts delivery under the contract. 28 U.S.C.A. § 1498.

[5] Patents 291 287(1)
291k287(1) Most Cited Cases
Alleged attempt by aircraft manufacturer to induce nongovernment customers to place orders for certain aircraft, the manufacture of which would have involved infringement of patent, did not violate statute providing that whoever actively induces infringement of a patent shall be liable as an infringer. 35 U.S.C.A. § 271(b).

[6] Federal Courts 170B 1137
170Bk1137 Most Cited Cases
   (Formerly 106k518)
Aircraft manufacturer's employment without license of patented idea in manufacturing airplanes for government under contracts including authorization and consent clauses fell under statute providing that whenever patented invention is used or manufactured for United States without license or lawful right, patent owner's remedy shall be by action against United States in Court of Claims, and patentees' exclusive remedy was suit against government in that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

court, notwithstanding statute providing for concurrent jurisdiction of District Court with Court of Claims over actions involving no more than $10,000 under Act of Congress. 28 U.S.C.A. § § 1346(a), 1498.

**[7] Federal Courts 170B ⚷1139**
170Bk1139 Most Cited Cases
(Formerly 106k518)
Statute giving United States District Courts concurrent jurisdiction with Court of Claims over actions involving no more than $10,000 under Act of Congress substitutes District Court for Congress as agency to determine validity and amount of claims against government, and the purpose is to relieve Congress of pressure of deciding private claims. 28 U.S.C.A. § 1346.

**[8] Federal Courts 170B ⚷1139**
170Bk1139 Most Cited Cases
(Formerly 106k518)
Statute giving United States District Courts concurrent jurisdiction with Court of Claims over actions for no more than $10,000 under Act of Congress was intended to extend remedy to those who had been without remedy rather than to make additional provision for those already provided for elsewhere. 28 U.S.C.A. § 1346.

**[9] Federal Civil Procedure 170A ⚷392**
170Ak392 Most Cited Cases
In view of fact that proper remedy of patent holders, seeking to recover for infringement from manufacturer of aircraft for government under contracts including authorization and consent clauses was to sue United States in Court of Claims, leave to file amended complaint joining government could not be granted; an amended complaint would, in effect, permit substitution of parties without authority, and District Court was not the proper forum. 28 U.S.C.A. § 1498 ; 35 U.S.C.A. § 271.

**Patents 291 ⚷328(2)**
291k328(2) Most Cited Cases
2,378,328. Cited.

## *779 MEMORANDUM

Harold C. Gaebe, Jr., and Thompson, Walther & Shewmaker, St. Louis, Mo., for plaintiffs.
Gravely, Lieder & Woodruff, St. Louis, Mo., for defendant.

MEREDITH, District Judge.
This case is pending on defendant's motion to dismiss under *780 Rule 12(b)(6), F.R.Civ.P., for failure to state a claim upon which relief can be granted.

Plaintiffs Evans and Robinson are residents of Massachusetts and New Hampshire, respectively. Defendant McDonnell Aircraft Corporation is a Missouri corporation, with its principal place of business in St. Louis, Missouri. Plaintiffs bring suit under 35 U.S.C. § 271 for infringement of patent No. 2,378,328 during the period from November 23, 1960, to June 12, 1962, (from six years prior to the date of filing of the suit to the date of expiration of the patent, 35 U.S.C. § 286).

Plaintiffs patented the idea of using radioactive isotopes to identify various products by placing radioactive materials (in such quantities and of such types as are harmless to humans) in the products in order to identify them for various purposes and distinguish them from superficially similar products.

Defendant, manufacturer of airplanes, has employed the principle in 'bucking bars', tools used in the riveting process and often put in inaccessible or out-of-the way places. Inadvertent failure to remove these tools can cause disasters in flight. Defendant guards against such mishaps by placing a capsule of radioactive materials in these bars, thereby enabling a workman equipped with a 'Geiger counter' to check the plane for the presence of such bars prior to its leaving the factory.

Section 271, 35 U.S.C., provides:

'(a) Except as otherwise provided in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent.'

Defendant's officers state on affidavits that all planes manufactured during the relevant period were manufactured for the United States Government under contracts which included 'Authorization and Consent' clauses, and that if defendant's use of radioactive materials in bucking bars infringed plaintiffs' patent, plaintiffs' sole and exclusive remedy is suit against the United States Government in the Court of Claims, citing 28 U.S.C. § 1498, which provides:

'Whenever an invention described in and covered by a patent of the United States is used or manufactured

270 F.Supp. 778                                                                                         Page 3
270 F.Supp. 778, 154 U.S.P.Q. 338
**(Cite as: 270 F.Supp. 778)**

by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

'For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.'

[1] [2] The purpose of this section is to relieve contractors working for the United States Government from liability for infringement of patents in manufacturing anything for the government and to limit patentee, and those claiming through him, to suit against the United States Government in the Court of Claims. Consolidated Vacuum Corp. v. Machine Dynamics, Inc., 230 F.Supp. 70 (S.D.Cal.1964); Bereslavsky v. Esso Standard Oil Co., 175 F.2d 148 (4th Cir. 1949). The section was designed to furnish patentees an adequate and effective remedy for alleged patent infringement, and, at the same time, to free the government from obstructions raised by involvement of its contractors or subcontractors in private litigation. Dearborn Chemical Co. v. Arvey Corp., 114 F.Supp. 369 (N.D.Ill.1953); Systron-Donner Corp. v. Palomar Scientific Corp., 239 F.Supp. 148 (N.D.Cal.1965); Richmond Screw Anchor Co. v. United States, 275 U.S. 331, 48 S.Ct. 194, 72 L.Ed. 303 (1928).

If the purposes of this section are to be carried out, the use of radioactive capsules to indicate the presence of tools *781 must be seen as 'use * * * for the Government.'

[3] [4] The authorization and consent of the Government is indicated by the inclusion of Authorization and Consent clauses in each contract and exclusion of indemnification provisions in the event of infringement. In addition, it has been held that the Government consents, if it has not done so before, by accepting delivery under the contract. Stelma, Inc. v. Bridge Electronics Co., 300 F.2d 761 (3rd Cir. 1962).

[5] Plaintiffs' allegation that 'there was an attempt to induce non-government customers to place orders for certain aircraft', the manufacture of which would have involved infringement of the patent by defendant, does not state a cause of action for violation of 35 U.S.C. § 271(b). That section provides: 'Whoever actively induces infringement of a patent shall be liable as an infringer.' The section is clearly applicable to a situation in which A induces B to infringe C's patent. It does not provide for punishment of attempts to induce, nor for punishment when no actual infringement resulted.

[6] Plaintiffs' argument for jurisdiction in the United States District Court based on 28 U.S.C. § 1346(a) (providing for concurrent jurisdiction with the Court of Claims when action is brought under an Act of Congress and the amount involved is not greater than $10,000, which plaintiffs state it is not) is inapposite. Where an alleged infringing device is used pursuant to a government contract, the alleged violation clearly falls under the provisions of 28 U.S.C. § 1498, and patentee's exclusive remedy is suit against the government in the Court of Claims. Stelma, Inc., supra; Roberts v. Herbert Cooper Co., 236 F.Supp. 428 (M.D.Pa.1959); Consolidated Vacuum Corp., supra; Dearborn Chemical Co., supra; Bereslavsky, supra.

[7] [8] Section 1346 substitutes the district courts for Congress as the agency to determine the validity and amount of claims against the government. Its purpose was to relieve Congress of the pressure of deciding private claims. United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951). It was intended to extend a remedy to those who had been without a remedy, rather than to make additional provision for those already provided for elsewhere. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

These statements of purpose, and the cases holding that suit under 28 U.S.C. § 1498 is patentee's sole and exclusive remedy in the circumstances of the instant case, clearly indicate that this Court does not have concurrent jurisdiction of this case. Plaintiffs' proper remedy was to bring suit against the United States Government in the United States Court of Claims.

[9] In view of these findings, plaintiffs' alternative request for leave to file an amended complaint joining the Government must be denied because (1) an amended complaint would, in effect, permit substitution of parties, and the Federal Rules of Civil Procedure make no provision permitting substitution under the circumstances of this case, and (2) this Court is not the proper forum for hearing this complaint, and, therefore, lacks jurisdiction. For

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

270 F.Supp. 778                                                                                           Page 4
270 F.Supp. 778, 154 U.S.P.Q. 338
**(Cite as: 270 F.Supp. 778)**

these reasons, the motion to dismiss will be granted.

D.C.Mo. 1967
Evans v. McDonnell Aircraft Corp.
270 F.Supp. 778, 154 U.S.P.Q. 338

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.