# EXHIBIT 17

999 F.Supp. 938
999 F.Supp. 938, 47 U.S.P.Q.2d 1372
(Cite as: 999 F.Supp. 938)

Page 1

C

United States District Court,
S.D. Texas,
Galveston Division.
William G. RILES
v.
AMERADA HESS CORPORATION.
No. CIV. A. G-98-013.

March 31, 1998.

The holder of a patent covering a method for installing offshore oil drilling platforms sued an oil company, seeking a declaratory judgment that the company's proposed construction of platforms would violate the patent. The oil company moved to dismiss. The District Court, Kent, J., held that the statute requiring that when an invention covered by a patent is used for the United States in an unlawful manner, the patent owner must sue the United States in the Court of Federal Claims, did not apply.

Motion denied.

West Headnotes

**[1] United States** ⬤—97
393k97 Most Cited Cases
The primary purpose of the statute allowing for a patent infringement suit against the government when an invention alleged to infringe a patent is used for the United States is to allow the government to purchase goods and services for performance of governmental functions without the threat that the work will not be completed because the supplier or contractor is enjoined for patent infringement. 28 U.S.C.A. § 1498(a).

**[2] United States** ⬤—97
393k97 Most Cited Cases
The statute requiring that when an invention covered by a patent is used for the United States in an unlawful manner, the patent owner must sue the United States in the Court of Federal Claims, did not apply to a suit alleging that an oil company infringed a patent on a method for offshore drilling platform installation, even though the infringement occurred in connection with drilling under leases providing a 12.5% royalty to the government. 28 U.S.C.A. § 1498(a).

*938 Russell G. Burwell, Burwell Enos & Baron, Texas City, TX, for William G. Riles, plaintiff.

Jerry R. Selinger, Jenkens and Gilchrist, Dallas, TX, for Amerada Hess Corp., defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

KENT, District Judge.

Plaintiff filed this declaratory judgment action on January 12, 1998, seeking a declaration by this Court that Defendant's offshore drilling plans will infringe Plaintiff's patent. Now before the Court is Defendant's Motion to Dismiss. For the reasons that follow, Defendant's Motion is **DENIED**.

**I. FACTUAL SUMMARY**
In 1987, Plaintiff, a professional engineer involved in the design, fabrication, and construction of offshore platforms, was granted a patent for a new method of offshore platform installation. Plaintiff's patented method uses a pre-installed piling foundation, allowing for potentially millions of dollars of savings in fabrication and installation costs and providing greater potential for salvage and re-use of the offshore platform.

Defendant is a corporation engaged in the exploration, development, production, and sale of crude oil and natural gas. Pursuant to leases awarded to Defendant by the United States Government, Defendant's activities include offshore exploration projects in the "Garden Banks" area of the Outer Continental Shelf. These leases require Defendant to pay the Federal Government a 12.5% royalty *939 in exchange for allowing Defendant to drill these areas. Moreover, the leases expressly require Defendant to conform its activities to those regulations governing oil and gas exploration and those rules and regulations promulgated by the United States Department of the Interior Minerals Management Service ("MMS"). Specifically, according to pertinent regulations, Defendant's design, fabrication, and installation plans are subject to verification and approval by the MMS. Furthermore, according to the leases at issue, Defendant is to "conduct all operations on the leased area in accordance with approved exploration plans, and approved development and production plans as are required by regulations."

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

999 F.Supp. 938
999 F.Supp. 938, 47 U.S.P.Q.2d 1372
(Cite as: 999 F.Supp. 938)

Page 2

In accordance with the relevant leases, Defendant submitted its initial Development and Production Plan and detailed verification plans concerning the design, fabrication, and installation of the offshore platform to the MMS. The plans were approved. On January 12, 1998, Plaintiff filed in this Court a declaratory judgment action against Defendant alleging that Defendant's planned installation of the offshore platforms would infringe Plaintiff's patent. Defendant's move to dismiss pursuant to 28 U.S.C. § 1498(a).

## II. ANALYSIS
### A. *Section 1498(a)*.

The sole issue before the Court is whether 28 U.S.C. § 1498(a) requires Plaintiff to sue the Federal Government, rather than Defendant, for patent infringement. [FN1] Section 1498(a) provides in relevant part:

> FN1. Defendant seeks dismissal either pursuant to Federal Rule 12(b)(1) (jurisdictional defects) or, alternatively, pursuant to Federal Rule 12(b)(1)(failure to state a claim upon which relief can be granted). There is some disagreement among the Circuits regarding whether § 1498(a) is a jurisdictional statute, *see, e.g., Croll-Reynolds, Co. v. Perini-Leavell-Jones-Vinell,* 399 F.2d 913, 915 (5th Cir.1968), or whether it simply serves as an affirmative defense, *see, e.g., Manville Sales Corp. v. Paramount Systems, Inc.,* 917 F.2d 544, 554-55 (Fed.Cir.1990). The Court understands that the two Federal Rules at issue involve the manipulation of different quantums of proof. *Compare* Fed.R.Civ.P. 12(b)(1) (when, as here, proof goes beyond the pleadings, party bringing case has the burden of establishing subject matter jurisdiction without the benefit of having allegations contained in complaint taken as true), *with* Fed.R.Civ.P. 12(b)(6) (when proof goes beyond the pleadings, summary judgment standard is used and allegations in complaint are viewed in a light most favorable to plaintiff and plaintiff avoids summary judgment simply by raising genuine issue of material fact). In this case, because both parties have no material dispute regarding the surrounding factual circumstances, this Court need not determine which Rule controls.

(a) Whenever an invention described in and covered by a patent of the United States is *used or manufactured by or for the United States* without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the Claims Court for the recovery of his reasonable and entire compensation for such use and manufacture.

For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation *for the Government and with authorization or consent of the Government, shall be construed as use or manufacture for the United States.*

28 U.S.C. § 1498(a) (emphasis added). Section 1498 operates to relieve a contractor of liability in those situations where the contractor uses or manufactures an infringing invention for the United States. *See, e.g., Robishaw Engineering Inc. v. United States,* 891 F.Supp. 1134, 1140 (E.D.Va.1995). [FN2] From the clear terms of § 1498(a), because Defendant allegedly *used* the infringing invention, to prevail here, the Court must find that: (1) Defendant used the patented invention for the Government's benefit, and (2) the Government gave authorization or consent for such use. *See* 28 U.S.C. § 1498(a); *see also Robishaw,* 891 F.Supp. at 1140. Furthermore, if § 1498(a) applies in this case as Defendant alleges, this Court must dismiss Plaintiff's claims, and Plaintiff must seek remedy in the United States Court of Claims.

> FN2. It is clear that the facts of this case do not implicate the "manufactured by" language found in the statute.

*940 *B. Is Plaintiff's Patent Being Used FOR the Government?*

Defendant argues that the Federal Government benefits from Defendant's use of Plaintiff's patent because the leases, pursuant to which Defendant is drilling, provide for the payment of production royalties to the Government. Defendant further argues that, not only does the Government receive financial benefit from the leases, but also the Federal Government's national interests are served through Defendant's drilling activities. As proof of these national interests, Defendant points to Congressional statements made when adopting the Outer Continental Shelf Lands Act:

the outer Continental Shelf is a vital national

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

resource reserve, held by the Federal Government for the public, *which should be made available for expeditious and orderly development ...* in a manner consistent with the maintenance of competition and other national needs.

43 U.S.C. § 1332(3)(emphasis added). Apparently, Defendant's argument essentially boils down to this: Because the Federal Government receives some benefit from the leases, and because Defendant allegedly used Plaintiff's patent pursuant to the leases, Defendant's action were conducted *for the Government.* The Court finds Defendant's assertion unpersuasive.

[1][2] The primary purpose of § 1498(a) is to allow the United States Government to purchase goods and services for performance of Governmental functions without the threat that the work will not be completed because the supplier or contractor is enjoined for patent infringement. *See Windsurfing Intern., Inc. v. Ostermann,* 534 F.Supp. 581, 587-88 (S.D.N.Y.1982). To interpret § 1498(a) in the manner asserted by Defendant is to convert a Governmental waiver of sovereign immunity into a Government insurance plan for the torts of its agents. This Court rejects this reading. Although it is true that the Federal Government receives a 12.5% royalty from Defendant's drilling activities, Defendant itself receives the remaining royalty. Clearly, Defendant did not agree to drill *for* the Government simply because the Government receives some monetary benefit as a byproduct of the activity. [FN3] Moreover, although it is clear that the use of patented inventions in furtherance and fulfillment of a stated Government policy may result in a finding that the use is for the Government's benefit, in this case, the policy Defendant points to does not provide that the Government has an interest in exploring and developing these lands; instead, the policy states that the lands should be made publicly available. Thus, although the lease may satisfy Congressional statements of national policy, the actual activities taken pursuant to the lease primarily serves the interests of Defendant itself.

> FN3. A contractor making Government widgets pursuant to a contract which infringe a patent would be making widgets *for* the Government.

Moreover, in determining whether the use of a patented invention is for the Government's benefit, the Court must look at the purpose of the action. *See TVI Energy Corp. v. Blane,* 806 F.2d 1057, 1060 (Fed.Cir.1986). Defendant does not argue, and the Court does not find, that the purpose of Defendant's actions was to further Government interests. In addition, the Court may also look to whether the United States has an actual interest in the type of device selected to be used or manufactured for the Government. *See Windsurfing Intern.,* 534 F.Supp. at 586. The facts of this case reveal that the leases at issue do not require Defendant to drill in a certain manner, nor does the Government require or condition approval of the drilling plan on particular procedures for installation of the drilling platform. [FN4] The Government simply makes the land available and receives a royalty for doing so.

> FN4. Of course, the Federal Government is very concerned about the environmental implications of offshore drilling, but from the evidence presented, has little concern whether the lessor can accomplish the task in a way that saves the lessor money.

The Court understands that the case authority interpreting § 1498(a) is sparse; moreover, the Court observes that any such existing authority is in utter disarray. The Court's holding today is based in logic and a *941 common sense reading of § 1498(a). *See Lykes Bros. S.S. Co. v. United States,* 206 Ct.Cl. 354, 513 F.2d 1342, 1349 (1975)(declaring that the language of the statute at issue is the best indication of Congressional intent). When the Government authorizes an "action" by a third party, it is not therefore liable for *any* infringement the third party may choose to undertake within the sphere of the authorized activity. Rather, § 1498(a) stands for the more limited proposition waiving immunity for third-party infringements that are actually done for the United States Government, and of course, authorized or consented to by the Government. The Court need not today examine a litany of situations and decide which scenarios involve action taken *for the Government.* Instead, the Court bases its holding on the facts before it--that is, when a lessor drills on Government land and the Government receives a royalty from these drilling operations, such action is not undertaken "for the Government" as that phrase was intended in § 1498(a), even if the Government derives some benefit from the drilling. Because the Government is simply not liable for inducing Defendant's alleged infringement of Plaintiff's patent, § 1498(a) is not applicable and Plaintiff's case will proceed in this forum.

This Court concludes that Plaintiff's patent is not being used by Defendant *for* the Federal Government; therefore, the analysis ends here, and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the Court need not address the myriad of arguments proffered by both parties concerning whether the Government authorized or consented to the use of the patent. The Court notes, however, that even though the Federal Government authorized the various plans submitted by Defendant, the Government did not authorize, either explicitly or implicitly, Defendant's alleged infringement. Today's holding is consistent with *Carrier Corp. v. United States*, 208 Ct.Cl. 678, 534 F.2d 244, 249-50 (1976)(Cowen, C.J.)(holding that contractor's infringing use of the plaintiff's patent was not use "for" the Government and was not authorized nor consented to by the Government). The Court also finds persuasive statements made by Judge Godbold in concurrence in *Croll-Reynolds Co. v. Perini-Leavell-Jones-Vinell*, 399 F.2d 913, 916 (5th Cir.1968)(concurring opinion) ("That equipment is constructed by a contractor for use in the performance of a Government contract, and is so used, do not alone constitute 'use' for the Government within the meaning of [ § 1498(a)]."). Defendant's Motion is **DENIED.**

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit as may be appropriate, in due course.

**IT IS SO ORDERED.**

999 F.Supp. 938, 47 U.S.P.Q.2d 1372

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.