**EXHIBIT 18**

**Westlaw.**

885 F.2d 854

Page 1

885 F.2d 854, 12 U.S.P.Q.2d 1132, 36 Cont.Cas.Fed. (CCH) P 75,812
**(Cite as: 885 F.2d 854)**

▷

United States Court of Appeals,
Federal Circuit.
TROJAN, INC., Plaintiff-Appellee,
v.
SHAT-R-SHIELD, INC., Defendant-Appellant.
No. 89-1027.

Sept. 12, 1989.

Patentholder sought injunction to preclude infringer from bidding on government contract to supply infringing product. The United States District Court for the Eastern District of Kentucky, Suhrheinrich, J., denied injunctive relief, and patentholder appealed. The Court of Appeals, Nies, Circuit Judge, held that: (1) statute authorizing Claims Court to grant injunctive relief against government on preaward contract claim did not apply, and (2) patentholder could not enjoin bidding on government contract.

Affirmed.

West Headnotes

**[1] Patents** ⬤—317
291k317 Most Cited Cases
Statute authorizing Claims Court to grant injunctive relief in connection with preaward contract claim against United States did not authorize district court to grant injunctive relief in favor of patentholder and against infringer to preclude infringer from bidding on government contract to supply infringing product. 28 U.S.C.A. §§ 1491, 1491(a)(3).

**[2] Patents** ⬤—317
291k317 Most Cited Cases
Patentholder could not obtain injunction to preclude infringer from bidding on government contract to supply infringing product. 28 U.S.C.A. §§ 1498, 1498(a).

**[3] Patents** ⬤—325.11(2.1)
291k325.11(2.1) Most Cited Cases
(Formerly 291k325.11(2))
Patentholder's appeal from denial of its request for injunctive relief to prevent infringer from bidding on government contract to supply infringing product was not frivolous so as to warrant award of appellate attorney fees and costs; although existing precedent was dispositive of appeal, patentholder had attempted to argue that precedent was overbroad and should be narrowed. F.R.A.P.Rule 38, 28 U.S.C.A.

*854 Robert B. Jones, Fitch, Even, Tabin & Flannery, Chicago, Ill., argued, for plaintiff-appellee. With him on the brief, was David A. Crossman.

R. Gale Rhodes, Jr., Evans, Osborne & Kreizman, Red Bank, N.J., and Charles L. Thomason, Wilson, Elser, Moskowitz, Edelman & Dicker, Newark, N.J., argued, for defendant-appellant.

Before NIES, NEWMAN, and MICHEL, Circuit Judges.

NIES, Circuit Judge.

Shat-R-Shield, Inc. (SRS) moved for additional injunctive relief against Trojan, Inc., invoking 28 U.S.C. § 1491(a)(3) (1982), to preclude Trojan specifically from bidding on government contracts under which Trojan would supply lamps which have been held to infringe SRS's United States Patent No. 4,506,189 ('189). See *855 Trojan, Inc. v. Shat-R-Shield, Inc., 703 F.Supp. 609, 8 USPQ2d 1391 (E.D.Ky.1988). [FN1] The district court denied SRS's motion. Trojan, Inc. v. Shat-R-Shield, Inc., No. 85-143, slip op. (E.D.Ky. Sept. 2, 1988) (Suhrheinrich, J.). We affirm.

> FN1. We vacate as improvidently granted the order of March 7, 1989, which consolidated Appeal No. 89-1027 with Appeals No. 88-1528 and 88-1529 (taken from the judgment on the merits). An order refusing to modify an injunction is immediately appealable under 28 U.S.C. § 1292 (1982) and ordinarily receives separate and priority treatment.

I

The entirety of the district court's analysis refusing to enjoin Trojan from bidding on government contracts is as follows:

> The motion for injunctive relief under 28 U.S.C. § 1491(a)(3) be and is hereby denied; however, the Court finds that Shat-R-Shield is entitled to the relief requested, but the Court is constrained to deny Shat-R-Shield's motion for an injunction against Trojan's bidding in view of the decision in W.L. Gore & Associates, Inc. v. Garlock, Inc., 842 F.2d 1275 (Fed.Cir.1988).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip op. at 2.

SRS urges that the district court correctly found that 28 U.S.C. § 1491(a)(3) entitled SRS to the relief requested but erred in holding that the decision of this court in *W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 842 F.2d 1275, 6 USPQ2d 1277 (Fed.Cir.1988), precluded such relief. We disagree on both points raised by SRS.

II

A. *Section 1491(a)(3) Is Inapplicable*

Section 1491(a) provides, in pertinent part:

**§ 1491. Claims against the United States generally; ...**

(a)(1) The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded ... upon any express or implied contract with the United States....

....

(3) To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. In exercising this jurisdiction, the court shall give due regard to the interests of national defense and national security.

[1] SRS argues that section 1491(a)(3) permits a district court to grant "complete relief," including injunctive relief against an infringer's bidding activity, when the product at issue is not crucial to the national defense and relief is sought before a contract is awarded. We disagree. As an initial matter, section 1491 is limited by its terms to the United States Claims Court. That limitation is appropriate because a district court already had comparable authority before that section was enacted. *See, e.g., Wheelabrator Corp. v. Chafee*, 319 F.Supp. 87 (D.D.C.1970), *rev'd on merits*, 455 F.2d 1306 (D.C.Cir.1971); *A.G. Schoonmaker Co. v. Resor*, 319 F.Supp. 933 (D.D.C.1970), *rev'd & remanded on merits*, 445 F.2d 726 (D.C.Cir.1971). Moreover, neither court can exercise the type of injunctive power authorized by section 1491(a)(3) in patent infringement litigation. Whether in the Claims Court or a district court, the equitable power to grant an injunction as referenced in section 1491(a)(3) is applicable only in the context of a suit on a contract claim against the United States.

The phrase "on any contract claim" in section 1491(a)(3) "establishes and limits the types of cases within the court's jurisdiction in which the [remedial] power may be exercised." *United States v. John C. Grimberg Co.*, 702 F.2d 1362, 1365 (Fed.Cir.1983). Subsection 1491(a)(3) gives the court the power to grant a particular remedy, such as equitable relief, only when the claim in suit is of a particular nature, i.e., a "contract claim," as distinguished from the other types of claims against the government listed in subsection 1491(a)(1). *Id.* at 1366 & n. 6.

*856 Moreover, the section limits the contract claim to one "brought before the contract is awarded." That ambiguous language becomes meaningful when it is understood that a bidder on a government contract has an implied contract with the government, assuring that the government will fairly and honestly consider its bid "before the [express] contract is awarded." *See id.* at 1368-69 n. 11; *Keco Indus., Inc. v. United States*, 192 Ct.Cl. 773, 428 F.2d 1233 (1970). SRS is not asserting breach of an implied contract to have an SRS bid fairly considered. SRS's claim is against Trojan, not the government.

Similarly, the relief SRS seeks is an injunction against Trojan, not the government. The legislative history for section 1491 makes clear, however, that Congress intended to confer jurisdiction on the Claims Court to award injunctive relief against the government in the preaward stage of the procurement process. Such authority was meant to prevent "arbitrary or capricious action *by the contracting officials* which would deny qualified firms the opportunity to compete fairly for the procurement award." S.Rep. No. 275, 97th Cong., 1st Sess. 23 (1981) (emphasis added), *reprinted in* 1982 U.S.Code Cong. & Admin.News 11, 33; *see also John C. Grimberg Co.*, 702 F.2d at 1372. The district court's statement that SRS was entitled to the "relief requested" under section 1491(a)(3) was legal error, but harmless in view of its ultimate ruling.

In sum, the type of equitable power granted by section 1491(a)(3) has no applicability to patent infringement litigation.

B. *Section 1498(a) Precludes an Injunction*

[2] The district court held that it could not enjoin Trojan from bidding on government contracts in view of this court's decision in *Garlock*, 842 F.2d 1275, 1282, 6 USPQ2d 1277, 1284, which unequivocally held that 28 U.S.C. § 1498(a) (1982) precludes such injunctive relief. [FN2] We agree with that conclusion of the district court and its consequent

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

holding that SRS's motion had to be denied.

> FN2. Section 1498(a) provides:
> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Claims Court for the recovery of his reasonable and entire compensation for such use and manufacture.

In *Garlock,* this court held that it was unnecessary to modify an injunction to allow an infringer "to bid on and participate in the sale to the government of [infringing] products." *Id.* at 1282, 6 USPQ2d at 1283. A supplier or potential supplier of an infringing product *for the government* is "immune" from injunctive relief barring manufacture, sale, or bidding to supply such a product. *Id.* at 1281-82, 6 USPQ2d at 1284. Because section 1498 "is paramount," injunctive relief is always subject to the condition that a patent owner's "only recourse" when an infringer is dealing with the government is to "sue the United States in the United States Claims Court for its *entire* compensation." *Id.* at 1283, 6 USPQ2d at 1284. Section 1498(a) would be emasculated if a patent holder could enjoin bidding to supply infringing products. As we explained in *Garlock:*

> The patentee takes his patent from the United States subject to the government's eminent domain rights to obtain what it needs from manufacturers and to use the same. The government has graciously consented, in the same statute, to be sued in the Claims Court for reasonable and entire compensation, for what would be infringement if by a private person. The same principles apply to injunctions which are nothing more than the giving of the aid of the courts to the enforcement of the patentee's right to exclude. Though injunctions may seem to say that making for and selling to the government is [sic, are] forbidden, injunctions based on patent rights cannot in reality do that because of § 1498(a).

*Id.* In short, a patent owner may not use its patent to cut the government off from *857 sources of supply, either at the bid stage or during performance of a government contract.

SRS seeks to avoid or restrict the above holding on the ground that *Garlock* did not mention the injunctive authority of section 1491(a)(3), so that a "new issue" is raised. Per SRS, that issue involves the complex, statutory interplay between section 1498(a) and section 1491(a)(3), and urges that section 1491(a)(3) should be held to restrict the scope of section 1498(a). Although this court did not specifically address section 1491(a)(3) in *Garlock,* it did address the interplay between section 1498(a) and injunctive relief in connection with bidding on a government contract, specifically holding that an infringer could not be enjoined from bidding. As stated therein, section "1498 is paramount when the making is for or the selling is to the United States Government and the injunction is necessarily subject to that condition whether it says so or not." *Id.* In view of our holding that section 1491(a)(3) is inapplicable to an infringement suit between private parties, SRS's argument that the *Garlock* decision should be modified is rejected.

### C. *SRS's Appeal Is Not Frivolous*

[3] Characterizing SRS's appeal as "frivolous," Trojan requests an award of attorney fees and costs in opposing this appeal as part of sanctions under Fed.R.App.P. 38. [FN3] Although this court has recognized that "[t]he definition of what constitutes a frivolous civil appeal is difficult," *Connell v. Sears, Roebuck & Co.,* 722 F.2d 1542, 1554, 220 USPQ 193, 203 (Fed.Cir.1983), under the circumstances present here we do not find SRS's appeal frivolous. Trojan contends that SRS "does not even pretend to distinguish this case from *Gore v. Garlock*." [FN4] We disagree. SRS specifically notes *Garlock* in its briefs on appeal, contends correctly that the opinion never mentions section 1491(a)(3), and argues that we should refine the holding in that case, which it regards as overly broad. Although we unequivocally find SRS's argument without merit, we reject Trojan's view that SRS's appeal is frivolous.

> FN3. Rule 38 provides:
> If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.
> In *Asberry v. United States Postal Service,* 692 F.2d 1378, 1382, 215 USPQ 921, 921 (Fed.Cir.1982), this court warned that it would impose sanctions under Rule 38 when a frivolous appeal was filed.

> FN4. Indeed, failure to distinguish precedent in any meaningful way has been grounds for sanctions. *See, e.g., Toepfer v. Department of Transp., F.A.A.,* 792 F.2d 1102, 1102 (Fed.Cir.1986).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-11884-NG   Document 120-19   Filed 09/13/2005   Page 5 of 5
885 F.2d 854
885 F.2d 854, 12 U.S.P.Q.2d 1132, 36 Cont.Cas.Fed. (CCH) P 75,812
(Cite as: 885 F.2d 854)

Page 4

III

In sum, we hold that section 1491(a)(3) is inapplicable to a patent infringement suit. Because we agree with the district court that section 1498(a) precludes an injunction against an infringer's bidding to supply the government with infringing devices, we affirm. Finally, Trojan's request for attorney fees is denied. Trojan, as the prevailing party, shall receive its costs.

AFFIRMED.

NEWMAN, Circuit Judge, concurring.

I join the panel opinion as to sections A and C of Part II. I concur in the result reached in section B, but write separately because I believe the panel majority's statements with respect to 28 U.S.C. § 1498(a) are unduly broad, as well as unnecessary to the result.

28 U.S.C. § 1498(a) is an eminent domain law. *Leesona Corp. v. United States*, 220 Ct.Cl. 234, 599 F.2d 958, 966 (1979). Its application to all possible cases wherein patents may be infringed by or on behalf of the government, whether or not grounded in "public use" within the meaning of the fifth amendment, has not been tested in the courts. Further, this aspect is not at issue. No challenge to "essential governmental exigency or public necessity", in the Court's words in *Cramp & Sons v. Curtis Turbine Co.*, 246 U.S. 28, 41, 38 S.Ct. 271, 274, 62 L.Ed. 560 (1917), is raised by Shat-R-Shield.

The original legislative premise was to assure a remedy to patentees. Act of June 25, 1910, ch. 423, 36 Stat. 851 (amended *858 1918); H.R.Rep. No. 1288, 61st Cong., 2d Sess., at 1 (1910); *Cramp, supra*, at 37, 41, 38 S.Ct. at 272, 274. Congress did not discuss the possible additional cost to the government, as would flow, for example, from the government's purchase of the lamps from Trojan while paying "reasonable and entire compensation" to Shat-R-Shield. It is clear from the legislative history that Section 1498(a) was not enacted to enable cheaper procurement. See the statement of the sponsor that the 1918 amendment was "necessary and urgent" as it would "expedite the manufacture of war materials." *Leesona*, 599 F.2d at 967 (quoting 56 Cong.Rec. 7961 (1918) (remarks of Rep. Padgett)). Further, even in 1910 Congress was concerned about the effect on inventors and innovation of such takings. Thus, until the issue is presented for adjudication it is inappropriate to imply, even in dictum, that Section 1498(a) is of unlimited scope.

The question before this panel is simply answered in the 1918 amendment, enacted for the express purpose of insulating from suit those who supply such infringing goods to the government, by providing that "entire" compensation shall come from the government. Naval Appropriations Act of July 1, 1918, ch. 114, 40 Stat. 705. This legislative purpose has been upheld in, e.g., *Richmond Screw Anchor Co. v. United States*, 275 U.S. 331, 345, 48 S.Ct. 194, 197-98, 72 L.Ed. 303 (1928); *W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1282, 6 USPQ2d 1277, 1283 (Fed.Cir.1988). Applying Section 1498(a) in accordance with its terms, I would affirm the district court's refusal to enjoin Trojan from offering the infringing lamps to the Department of Defense.

885 F.2d 854, 12 U.S.P.Q.2d 1132, 36 Cont.Cas.Fed. (CCH) P 75,812

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.