UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., ) ) ) ) | |
| Plaintiff, ) ) | C.A. No. 04-11884-NG (Magistrate Judge Judith Gail Dein) |
| v. ) ) | |
| REVEAL IMAGING TECHNOLOGIES, INC., ) ) | |
| Defendant. ) | |

## DECLARATION OF MICHAEL T. RENAUD, ESQ.

I, Michael T. Renaud, do hereby declare and state as follows based on personal knowledge:

1. I am an attorney in the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., located at One Financial Center in Boston, Massachusetts 02111, which represents defendant Reveal Imaging Technologies, Inc. ("Reveal") in this litigation.

2. I submit this declaration in support of Reveal's Motion to Compel L-3 to Produce Overdue Documents, Supplement Interrogatory Responses and Produce Key Witnesses for Deposition As Required Due to Tardy Document Production.

3. During this litigation, Reveal has requested key documents from L-3 Communications Security and Detection Systems ("L-3") regarding the various patents-in-suit, as well as L-3's related products and technology. In response, Reveal has repeatedly been informed that L-3 has produced all responsive materials only to be later told in depositions that entire areas of documents have not been produced. Moreover, if not withheld by L-3 completely, documents have been delivered in "drips and drabs," in some instances just prior to or following related depositions taken by Reveal.

4.	In order to discuss L-3's willingness to supplement its document production and obviate the need for the Court's involvement in this discovery matter, the parties held a "meet and confer" teleconference on August 30, 2005. During this telephone call, L-3's counsel promised that L-3 would supplement its document production by September 7.

5.	At the third party depositions of inventors Jeffrey Eberhard and Meng-Ling Hsiao, which were held on September 2 and 8, 2005, respectively, it became apparent that L-3 had failed to produce all responsive and material documents related to the '806 and '926 patents. In particular, L-3 has failed to produce all documents concerning the structure, features, function and operation of the system developed in response to the FAA contract on the Lockheed Martin Proposal (Proposal No. MMSC-PRO-95074).

6.	Attached hereto as **Exhibit A** is a true and accurate copy of a letter sent from L-3's counsel, Robert Abrahamsen, to Reveal's counsel, Joseph Hameline, on June 13, 2005.

7.	Attached hereto as **Exhibit B** is a true and accurate copy of Reveal's First Request for the Production of Documents that was served on L-3 on January 26, 2005.

8.	Attached hereto as **Exhibit C** is a true and accurate copy of Reveal's Second Request for the Production of Documents that was served on L-3 on April 25, 2005.

9.	Attached hereto as **Exhibit D** is a true and accurate copy of Reveal's Fifth Request for the Production of Documents that was served on L-3 on September 1, 2005.

10.	Attached hereto as **Exhibit E** are true and accurate copies of transcript excerpts from the deposition of Craig Dawson, which was taken in this matter on August 25, 2005.

11.	Attached hereto as **Exhibit F** are true and accurate copies of transcript excerpts from the deposition of Keith M. McClelland, which was taken in this matter on August 23, 2005.

12. Attached hereto as **Exhibit G** is a true and accurate copy of excerpts from: (1) Plaintiff's Highly-Confidential Responses to Defendant's First Set of Interrogatories that were served on Reveal on March 7, 2005; and (2) Plaintiff's Responses to Defendant's Amendment to its First Set of Interrogatories that were served on Reveal on May 12, 2005.

13. Attached hereto as **Exhibit H** is a true and accurate copy of a letter sent from Mr. Hameline to L-3's counsel, James Foster on May 26, 2005.

14. Attached hereto as **Exhibit I** is a true and accurate copy of a letter I sent to Mr. Abrahamsen on June 3, 2005.

15. Attached hereto as **Exhibit J** is a true and accurate copy of a letter I sent to Mr. Abrahamsen on August 22, 2005.

16. Attached hereto as **Exhibit K** is a true and accurate copy of a letter sent from Mr. Hameline to Mr. Abrahamsen on August 25, 2005.

17. Attached hereto as **Exhibit L** is a true and accurate copy of an email I sent to Mr. Foster and Mr. Abrahamsen on August 31, 2005.

18. Attached hereto as **Exhibit M** is a true and accurate copy of Reveal's Fourth Request for the Production of Documents that was served on L-3 on August 31, 2005.

19. Attached hereto as **Exhibit N** is a true and accurate copy of Reveal's Third Request for the Production of Documents that was served on L-3 on August 1, 2005.

20. Attached hereto as **Exhibit O** is a true and accurate copy of a letter sent from Reveal's counsel, Joe Lipchitz, to Mr. Foster, on April 25, 2005.

21. Attached hereto as **Exhibit P** is a true and accurate copy of a letter sent from Mr. Abrahamsen to Mr. Hameline on August 30, 2005.

22.     Attached hereto as **Exhibit Q** is a true and accurate copy of a letter I sent to Mr. Abrahamsen on July 25, 2005.

23.     Attached hereto as **Exhibit R** is a true and accurate copy of a letter I sent to Mr. Abrahamsen on August 1, 2005.

24.     Attached hereto as **Exhibit S** is a true and accurate copy of an email I sent to Mr. Abrahamsen on July 28, 2005.

25.     Attached hereto as **Exhibit T** is a true and accurate copy of an email sent from Mr. Abrahamsen to me on July 29, 2005.

26.     Attached hereto as **Exhibit U** is a true and accurate copy of a letter sent from Mr. Abrahamsen to me on August 3, 2005.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of September 2005, in Boston, Massachusetts.

> Respectfully submitted,
>
> /s/ Michael T. Renaud
> Michael T. Renaud

LIT 1541539v.1