# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., )<br>)<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>REVEAL IMAGING TECHNOLOGIES, INC., )<br>)<br>Defendant. ) | C.A. No. 04-11884-NG<br>(Magistrate Judge Judith Gail Dein) |

### REVEAL IMAGING TECHNOLOGIES, INC.'S
### FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant, Reveal Imaging Technologies, Inc. ("Reveal") requests that plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3") produce the following documents and things for inspection and copying within thirty (30) days of the service of these requests. For purposes of these requests, the following definitions and instructions apply.

### I.   INSTRUCTIONS

1.  The documents and things specified in Section III hereof are to be produced for inspection and copying at the offices of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, or other mutually acceptable location.

2.  You are requested to produce all documents in your custody, possession or control, including all documents that are in the custody, possession or control of your attorneys or agents, regardless of the location of such documents.

3.  If it is claimed that any requested document is protected by the attorney-client privilege and/or the work product doctrine, such document shall be fully identified within the

meaning of the term "identify" in Local Rule 26.5(C)(4) of the United States District Court for the District of Massachusetts.

4. If you object to any Instruction or Definition or to any specific item in the Request for Production set forth below, the precise grounds for your objection(s) shall be stated with particularity.

5. If any document responsive to the Request for Production was, but no longer is, in your possession, custody or control, please identify that document and state whether any such document: (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily; or (d) has been otherwise disposed of, and, in each instance, please explain in detail the circumstances surrounding any such disposition thereof.

6. This Request for Production shall be deemed continuing so as to require an immediate supplemental response if any additional responsive documents are discovered, located, identified or obtained after you complete production of documents responsive to this Request for Production.

7. When you produce documents responsive to the document request, you shall organize and label them to correspond with the categories in the request in compliance with Rule 34 of the Federal Rules of Civil Procedure.

## II.   DEFINITIONS

1. The word "or" shall be all inclusive and shall be taken in the conjunctive as well as the disjunctive and shall mean "and" as well as "or" and it shall be construed to bring the maximum number of documents within the scope of this Request for Production.

2.    As used herein, the terms "Plaintiff," "L-3" "you" and "your" means L-3 Communications Security and Detection Systems, Inc., its officers, employees, agents and representatives, predecessor, successor, parent and subsidiary corporations.

3.    As used herein, the terms "Defendant" and "Reveal" mean Reveal Imaging Technologies, Inc., its officers, employees, agents, representatives, parent, subsidiary, predecessors or successor corporations.

4.    As used herein, the term "'391 Patent" refers to United States Patent No. 6,721,391.

5.    As used herein, the term "'393 Patent" refers to United States Patent No. 5,642,393.

6.    As used herein, the term "'758 Patent" refers to United States Patent No. 5,838,758.

7.    As used herein, the term "Patents In Suit" refers to the '391 Patent, the '393 Patent and the '758 Patent.

8.    As used herein, the term "Covered Product" means all products of L-3 that are covered by any claim of any of the Patents In Suit.

### III. REQUESTS

1.    All documents that support L-3's allegation that Reveal has infringed and/or is infringing the '391 Patent.

2.    All documents that support L-3's allegation that Reveal has infringed and/or is infringing the '393 Patent.

3.    All documents that support L-3's allegation that Reveal has infringed and/or is infringing the '758 Patent.

4.   All documents concerning any test, study, analysis, or examination performed by, or on behalf of, L-3 on Reveal's design, development, or operation of its CT-80.

5.   All documents that support L-3's allegation that Reveal has willfully infringed and/or is willfully infringing any of the Patents in Suit.

6.   All documents concerning the application which issued as the '391 Patent, including all correspondence with the U.S. Patent and Trademark Office.

7.   All documents concerning the conception, development and or design of the subject matter of the '391 Patent, including, but not limited to, drawings, sketches, memoranda, notes, correspondence, status reports, modification reports, development reports, patent disclosures, and notebooks.

8.   All documents identifying the date(s) on which the subject matter disclosed in the '391 Patent was first offered for sale, first sold, first used in public, first disclosed to someone other than L-3, and/or first published.

9.   All foreign or domestic patents and/or applications which are based on a specification substantially the same as that for the '391 Patent, or which make any claim to priority based on the filing date of the application for the '391 Patent.

10.   All documents concerning any foreign or domestic patents or patent applications based on a specification substantially the same as that for the '391 Patent, or which makes any claim to priority based on the filing date of the application for the '391 Patent, including all correspondence with any patent office.

11.   All documents concerning the application which issued as the '393 Patent, including all correspondence with the U.S. Patent and Trademark Office.

12.   All documents concerning the conception, development and or design of the subject matter of the '393 Patent, including, but not limited to, drawings, sketches, memoranda,

4

notes, correspondence, status reports, modification reports, development reports, patent disclosures, and notebooks.

13.     All documents identifying the date(s) on which the subject matter disclosed in the '393 Patent was first offered for sale, first sold, first used in public, first disclosed to someone other than L-3, and/or first published.

14.     All foreign or domestic patents and/or patent applications which are based on a specification substantially the same as that for the '393 Patent, or which make any claim to priority based on the filing date of the application for the '393 Patent.

15.     All documents concerning any foreign and/or domestic patent applications based on a specification substantially the same as that for the '393 Patent, or which makes any claim to priority based on the filing date of the application for the '393 Patent, including all correspondence with any patent office.

16.     All documents concerning the application which issued as the '758 Patent, including all correspondence with the U.S. Patent and Trademark Office.

17.     All documents concerning the conception, development and or design of the subject matter of the '758 Patent, including, but not limited to, drawings, sketches, memoranda, notes, correspondence, status reports, modification reports, development reports, patent disclosures, and notebooks.

18.     All documents identifying the date(s) on which the subject matter disclosed in the '758 Patent was first offered for sale, first sold, first used in public, first disclosed to someone other than L-3, and/or first published.

19.     All foreign or domestic patents and/or patent applications which are based on a specification substantially the same as that for the '758 Patent, or which make any claim to priority based on the filing date of the application for the '758 Patent.

5

20. All documents concerning any foreign or domestic patents and/or patent applications which are based on a specification substantially the same as that for the '758 Patent, or which makes any claim to priority based on the filing date of the application for the '758 Patent, including all correspondence with any patent office.

21. All documents concerning any communication between L-3 and anyone else regarding any of the Patents In Suit.

22. All press releases regarding any or all of the Patents In Suit.

23. All prior art to the '391 Patent other than the prior art identified in the "References Cited" section of the '391 Patent.

24. All prior art to the '393 Patent other than the prior art identified in the "References Cited" section of the '393 Patent.

25. All prior art to the '758 Patent other than the prior art identified in the "References Cited" section of the '758 Patent.

26. All documents concerning any study, investigation, or search conducted by L-3 or on L-3's behalf related to the validity or enforceability of any of the Patents In Suit.

27. All documents concerning the conception, development and or design of any Covered Product manufactured or sold by L-3, including, but not limited to, drawings, sketches, memoranda, notes, correspondence, status reports, modification reports, development reports, patent disclosures, notebooks, testing protocols, test results, test reports and engineering reports.

28. All documents concerning the past, current and future marketing of any Covered Product manufactured or sold by L-3, including but not limited to advertisements, sales information, sales projections, marketing information, marketing plans, business plans, brochures, product literature, product specifications, product descriptions, press releases, and promotional materials.

29. All documents concerning the sales of any Covered Product manufactured or sold by L-3, including but not limited to price lists, prices quotes, price summaries, sales reports, sales summaries, invoices, purchase orders, and shipping records.

30. All documents concerning the market share of L-3 for each of the Covered Products.

31. All documents comprising or concerning customer lists for sales of any Covered Product.

32. All documents concerning revenues and profits from sales of any Covered Product manufactured or sold by L-3, including but not limited to financial summaries, profit and loss statements, revenue projections, revenue summaries, profit and loss projections, cost summaries, costing reports, and cost projections.

33. All documents concerning costs of production and sale of any Covered Product by L-3, including but not limited to invoices, bills of costs, statements, cost reports, memoranda and correspondence.

34. All United States and foreign patents and patent applications, other than the Patents In Suit, of L-3, the claim(s) of which cover any feature of a Covered Product.

35. All documents concerning the prosecution of any U.S. or foreign patent(s) and/or patent application(s) of L-3 pertaining to a Covered Product.

36. All documents concerning any test, study, analysis, or examination performed by, or on behalf of, L-3 on any Covered Product.

37. All documents concerning communications to any third party with respect to potential infringement or infringement analysis or licensing of the Patents In Suit.

38. All documents concerning the state of the art relevant to the Patents In Suit

7

39. All documents concerning the definition, understanding or construction of any of the words, terms or phrases in the Patents In Suit.

40. All documents concerning Reveal and/or the CT-80, including without limitation, all communications with any third party, including the United States Government, concerning or referencing Reveal and/or the CT-80.

41. All claim charts comparing the CT-80 with any or all of the Patents In Suit.

42. All documents concerning demographics of customers and/or potential customers for EDS machines.

43. All documents concerning criteria used by customers to judge or compare EDS machines.

44. All documents concerning any comparison of the CT-80 and any EDS machine manufactured or sold by L-3.

45. All documents concerning comments by customers as to the operation or performance of any EDS machine manufactured or sold by L-3.

46. All financial statements of L-3 including annual reports, profit and loss statements, budgets, and federal and state tax returns, for the years 2002 to the present.

47. All documents concerning licenses, assignments, covenants not to sue and/or other agreements relating to any EDS machine, or any part of such machine, to which L-3 is a party.

48. All documents concerning payments by L-3 or received by L-3 under any license, assignment, covenant not to sue and/or other agreement relating to any EDS machine or any part of such machine.

49. All organization charts or diagrams of L-3 since 2000.

50. All documents concerning the damages that Plaintiff claims to have suffered as a result of Reveal's actions alleged in the Amended Complaint.

51. All documents which disclose or concern, on a product-by-product basis, the profit (loss) made by Plaintiff on the sales of each of the Covered Products.

52. All documents concerning any lawsuit brought by L-3 against any person or entity other than Reveal asserting infringement of one or all of the Patents In Suit.

                                REVEAL IMAGING TECHNOLOGIES, INC.,

                                By its attorneys,

                                _____
                                Rosemary M. Allen (BBO #549746)
                                A. Jason Mirabito (BBO # 349440)
                                Joseph D. Lipchitz (BBO #632637)
                                Mintz, Levin, Cohn, Ferris, Glovsky
                                  and Popeo, P.C.
                                One Financial Center
                                Boston, MA 02111
                                (617) 542-6000

Dated: January 26, 2005

LIT 1499356v2

9