# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.,<br><br>Defendant. | C.A. No. 04-11884-NG<br>(Magistrate Judge Judith Gail Dein) |

## REVEAL IMAGING TECHNOLOGIES, INC.'S
## SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Reveal Imaging Technologies, Inc. ("Reveal") requests that plaintiff, L-3 Communications, Security and Detection Systems, Inc. ("L-3") produce the following documents and things for inspection and copying within thirty (30) days of the service of these requests. For purposes of these requests, the following definitions and instructions apply.

### I.    INSTRUCTIONS

1.    The documents and things specified in Section III hereof are to be produced for inspection and copying at the offices of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, or some other mutually acceptable location.

2.    You are requested to produce all documents in your custody, possession or control, including all documents that are in the custody, possession or control of your attorneys or agents, regardless of the location of such documents.

3.    If it is claimed that any requested document is protected by the attorney-client privilege and/or the work product doctrine, such document shall be fully identified within the

meaning of the term "identify" in Local Rule 26.5(C)(4) of the United States District Court for the District of Massachusetts.

4. If you object to any Instruction or Definition or to any specific item in the Request for Production set forth below, the precise grounds for your objection(s) shall be stated with particularity.

5. If any document responsive to the Request for Production was, but no longer is, in your possession, custody or control, please identify that document and state whether any such document: (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily; or (d) has been otherwise disposed of, and, in each instance, please explain in detail the circumstances surrounding any such disposition thereof.

6. This Request for Production shall be deemed continuing so as to require an immediate supplemental response if any additional responsive documents are discovered, located, identified or obtained after you complete production of documents responsive to this Request for Production.

7. When you produce documents responsive to the document request, you shall organize and label them to correspond with the categories in the request in compliance with Rule 34 of the Federal Rules of Civil Procedure.

## II.    DEFINITIONS

1. The word "or" shall be all inclusive and shall be taken in the conjunctive as well as the disjunctive and shall mean "and" as well as "or" and it shall be construed to bring the maximum number of documents within the scope of this Request for Production.

2

2. As used herein, the terms "Plaintiff," "L-3" "you" and "your" mean L-3 Communications, Security and Detection Systems, Inc., its officers, employees, agents and representatives (including lobbyists), predecessor, successor, parent and subsidiary corporations.

3. As used herein, the terms "Defendant" and "Reveal" mean Reveal Imaging Technologies, Inc., its officers, employees, agents, representatives, parent, subsidiary, predecessors or successor corporations.

4. As used herein, the term "'391 Patent" refers to United States Patent No. 6,721,391 and/or any related U.S. or foreign patents and/or patent applications.

5. As used herein, the term "'393 Patent" refers to United States Patent No. 5,642,393 and/or any related U.S. or foreign patents and/or patent applications.

6. As used herein, the term "'758 Patent" refers to United States Patent No. 5,838,758 and/or any related U.S. or foreign patents and/or patent applications.

7. As used herein, the term "'879 Patent" refers to United States Patent No. 6,707,879 and/or any related U.S. or foreign patents and/or patent applications.

8. As used herein, the term "'926 Patent" refers to United States Patent No. 5,712,926 and/or any related U.S. or foreign patents and/or patent applications.

9. As used herein, the term "'806 Patent" refers to United States Patent No. 5,905,806 and/or any related U.S. or foreign patents and/or patent applications.

10. As used herein, the term "Patents-In-Suit" refers to the '391 Patent, the '393 Patent, the '758 Patent, the '879 Patent, the '926 Patent, and the '806 Patent.

11. As used herein, the term "Covered Product" means all products of L-3 that are covered in whole, or in part, by any claim of any of the Patents-In-Suit or which directly or indirectly practice any of the claims in the Patents-In-Suit.

### III. REQUESTS

1. All documents that support L-3's allegation that Reveal has infringed and/or is infringing the '879 Patent.

2. All documents that support L-3's allegation that Reveal has infringed and/or is infringing the '926 Patent.

3. All documents that support L-3's allegation that Reveal has infringed and/or is infringing the '806 Patent.

4. All documents that support L-3's allegation that Reveal has willfully infringed and/or is willfully infringing any of the Patents-In-Suit.

5. All documents concerning the application which issued as the '879 Patent, including all correspondence with the U.S. Patent and Trademark Office.

6. All documents concerning the conception, development and/or design of the subject matter of the '879 Patent, including, but not limited to, drawings, sketches, memoranda, notes, correspondence, status reports, modification reports, development reports, patent disclosures, and notebooks.

7. All documents identifying the date(s) on which the subject matter disclosed in the '879 Patent was first offered for sale, first sold, first used in public, first disclosed to someone other than L-3, and/or first published.

8. All documents related to L-3 products practicing any claim of the '879 Patent, including, but not limited to flow charts, schematics, drawings, specifications, tests, reports, technical manuals and training manuals.

9. All foreign or domestic patents and/or applications which are based on a specification substantially the same as that for the '879 Patent, or which make any claim to priority based on the filing date of the application for the '879 Patent.

10. All documents concerning any foreign or domestic patents or patent applications based on a specification substantially the same as that for the '879 Patent, or which makes any claim to priority based on the filing date of the application for the '879 Patent, including all correspondence with any patent office.

11. All documents concerning the application which issued as the '926 Patent, including all correspondence with the U.S. Patent and Trademark Office.

12. All documents concerning the conception, development and/or design of the subject matter of the '926 Patent, including, but not limited to, drawings, sketches, memoranda, notes, correspondence, status reports, modification reports, development reports, patent disclosures, and notebooks.

13. All documents identifying the date(s) on which the subject matter disclosed in the '926 Patent was first offered for sale, first sold, first used in public, first disclosed to someone other than L-3, and/or first published.

14. All documents related to L-3 products practicing any claim of the '926 Patent, including, but not limited to flow charts, schematics, drawings, specifications, tests, reports, technical manuals and training manuals.

15. All foreign or domestic patents and/or patent applications which are based on a specification substantially the same as that for the '926 Patent, or which make any claim to priority based on the filing date of the application for the '926 Patent.

16. All documents concerning any foreign and/or domestic patent applications based on a specification substantially the same as that for the '926 Patent, or which makes any claim to

5

priority based on the filing date of the application for the '926 Patent, including all correspondence with any patent office.

17. All documents concerning the application which issued as the '806 Patent, including all correspondence with the U.S. Patent and Trademark Office.

18. All documents concerning the conception, development and or design of the subject matter of the '806 Patent, including, but not limited to, drawings, sketches, memoranda, notes, correspondence, status reports, modification reports, development reports, patent disclosures, and notebooks.

19. All documents identifying the date(s) on which the subject matter disclosed in the '806 Patent was first offered for sale, first sold, first used in public, first disclosed to someone other than L-3, and/or first published.

20. All documents related to L-3 products practicing any claim of the '806 Patent, including, but not limited to flow charts, schematics, drawings, specifications, tests, reports, technical manuals and training manuals.

21. All foreign or domestic patents and/or patent applications which are based on a specification substantially the same as that for the '806 Patent, or which make any claim to priority based on the filing date of the application for the '806 Patent.

22. All documents concerning any foreign or domestic patents and/or patent applications which are based on a specification substantially the same as that for the '806 Patent, or which makes any claim to priority based on the filing date of the application for the '806 Patent, including all correspondence with any patent office.

23. All documents concerning any communication between L-3 and anyone else regarding any of the Patents-In-Suit.

24. All press releases regarding any or all of the Patents-In-Suit.

6

25. All prior art to the '879 Patent other than the prior art identified in the "References Cited" section of the '879 Patent and documents related to prior art, including any documents that characterize the prior art.

26. All prior art to the '926 Patent other than the prior art identified in the "References Cited" section of the '926 Patent and documents related to prior art, including any documents that characterize the prior art.

27. All prior art to the '806 Patent other than the prior art identified in the "References Cited" section of the '806 Patent and documents related to prior art, including any documents that characterize the prior art..

28. All documents concerning any study, investigation, or search conducted by L-3 or on L-3's behalf related to the validity or enforceability of any of the Patents-In-Suit.

29. All documents concerning the conception, development and/or design of any Covered Product manufactured or sold by L-3, including, but not limited to, drawings, sketches, memoranda, notes, correspondence, status reports, modification reports, development reports, patent disclosures, notebooks, testing protocols, test results, test reports and engineering reports.

30. All documents concerning the past, current and future marketing of any Covered Product manufactured or sold by L-3, including but not limited to advertisements, sales information, sales projections, marketing information, marketing plans, business plans, brochures, product literature, product specifications, product descriptions, press releases, and promotional materials.

31. All documents concerning the sales of any Covered Product manufactured or sold by L-3, including but not limited to price lists, prices quotes, price summaries, sales reports, sales summaries, invoices, purchase orders, and shipping records.

32. All documents concerning the market share of L-3 for each of the Covered Products.

33. All documents referring or relating to the marking of any Covered Product, with any of the patent numbers of any of the Patents in Suit.

34. All documents comprising or concerning customer lists for sales of any Covered Product.

35. All documents concerning revenues and profits from sales of any Covered Product manufactured or sold by L-3, including but not limited to financial summaries, profit and loss statements, revenue projections, revenue summaries, profit and loss projections, cost summaries, costing reports, and cost projections.

36. All documents concerning costs of production and sale of any Covered Product by L-3, including but not limited to invoices, bills of costs, statements, cost reports, memoranda and correspondence.

37. All United States and foreign patents and patent applications, other than the Patents-In-Suit, of L-3, the claim(s) of which cover any feature of a Covered Product.

38. All documents concerning the prosecution of any U.S. or foreign patent(s) and/or patent application(s) of L-3 pertaining to a Covered Product.

39. All documents concerning any test, study, analysis, or examination performed by, or on behalf of, L-3 on any Covered Product.

40. All documents concerning communications to any third party with respect to potential infringement or infringement analysis or licensing of the Patents-In-Suit.

41. All documents concerning the state of the art relevant to the Patents-In-Suit.

42. All documents concerning the definition, understanding or construction of any of the words, terms or phrases in the Patents-In-Suit.

43. All claim charts or any other documents showing a one-to-one correspondence between any claims of any of the Patents in Suit comparing the CT-80 with any or all of the Patents-In-Suit.

44. All documents concerning the damages that Plaintiff claims to have suffered as a result of Reveal's actions alleged in the Second Amended Complaint.

45. All documents which disclose or concern, on a product-by-product basis, the profit (loss) made by Plaintiff on the sales of each of the Covered Products.

46. All documents concerning any lawsuit brought by L-3 against any person or entity other than Reveal asserting infringement of one or all of the Patents-In-Suit.

47. All documents concerning any communication between L-3 (including, but not limited to, its officers, employees, agents, representatives, and lobbyists) and any representative or employee of the United States government or any other third party regarding Reveal.

48. All documents concerning any communication between L-3 (including, but not limited to, its officers, employees, agents, representatives, and lobbyists) and any representative or employee of the United States government or any other third party regarding the CT-80 or any other Reveal product.

49. All documents concerning any communication between L-3 (including, but not limited to, its officers, employees, agents, representatives, and lobbyists) and any representative or employee of the United States government or any other third party regarding the Patents-In-Suit.

50. All documents concerning any communication between L-3 (including, but not limited to, its officers, employees, agents, representatives, and lobbyists) and any representative or employee of the United States government or any other third party regarding any litigation between Reveal and L-3.

**REVEAL IMAGING TECHNOLOGIES, INC.,**

By its attorneys,

*/s/ Joseph D. Lipchitz*

H. Joseph Hameline (BBO# 218710)
Rosemary M. Allen (BBO #549740)
A. Jason Mirabito (BBO # 349440)
Joseph D. Lipchitz (BBO #632637)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
 AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: April 25, 2005

LIT 1516246v2

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on: 4/25/05

*/s/ Joe Lipchitz*