# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>　　　　Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>　　　　Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

## PLAINTIFF'S HIGHLY-CONFIDENTIAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), responds to the Reveal's First Set of Interrogatories.

## GENERAL OBJECTIONS

L-3 objects to the four pages of definitions and instructions as unnecessarily prolix, and well as confusing and burdensome. L-3 has prepared its response without regard to those definitions and instructions.

L-3 also asserts as general objections:

(1)　attorney-client privilege;

(2)　work product exemption;

(3)　disclosure of confidential information without a suitable protective order;

(4)　disclosure of information not relevant to any expected claim or defense.

L-3 also objects to the request to supplement its response, other than as required by Rule 26(e).

Highly Confidential

### Interrogatory No. 2

Identify all prior art to the '391, '393 and/or '758 Patents other than the prior art identified in the "References Cited" section of '391 Patent, the "393 Patent, or the '747 Patent, respectively.

### RESPONSE:

L-3 objects to this interrogatory as unduly burdensome and confusing because it is unclear what information should or should not be identified as "prior art." Prior art would include the Magna Charta and the Gutenberg bible, as well as countless other references. In any event, L-3 is producing those documents that it believes would be more relevant "prior art" to the patents, and thus, pursuant to Rule 33(d), directs Reveal to those materials for an answer to this interrogatory.

**REDACTED**

Highly Confidential

**Interrogatory No. 4**

For each of the following events, identify the (i) dates; (ii) location; (iii) person(s) doing and/or participating in the act; and (iv) any and all documents relating to each of the events:

 (a) the conception of each of the claims of the Patents-In-Suit;

 (b) all disclosures of the subject matter of the Patents-In-Suit prior to the filing date of the Patents-In-Suit;

 (c) the actual or constructive reduction to practice of the subject matter of the Patents-In-Suit; and

 (d) the first making, first offer for sale, first sale, first experimentation and/or first public use of the subject matter of the Patents in suit.

**RESPONSE:**

L-3 objects to this interrogatory as unnecessarily cumbersome and as an attempt to evade that provision of rule 33(a) limiting any party to 25 interrogatories, including all discrete subparts. In any event, L-3 has not yet determined whether it will rely on dates of conception or reductions to practice of the claimed inventions that are prior to the patents' filing dates. Non-privileged documents that may constitute evidence of conception upon which L-3 chooses to rely, as well as other information called for by this interrogatory, will be produced pursuant to Rule 33(d).

L-3 did not publicly disclose, publicly use, offer for sale, or sell the subject matter of the asserted claims of the patents more than one year before the effective filing dates of the patents.

863526.1

5

Highly Confidential

### Interrogatory No. 5

Identify each test, experiment, analysis, observation and/or report done by or on behalf of L-3 relating to Reveal's CT-80 machine.

**RESPONSE:**

L-3's attorneys have analyzed the structure and function of the CT-80.

## REDACTED

### Interrogatory No. 7

Identify all prototypes, products and/or any other actual reductions to practice of the subject matter of the Patents-In-Suit.

**RESPONSE:**

L-3 objects to this interrogatory because it is unclear what is meant by "prototypes" and "the subject matter of the Patents-In-Suit." In any event, L-3 identifies

MAR 07 2005 8:13 PM FR WOLF GREENFIELD 6177202441 TO 916175422241#531 P.21

Highly Confidential

the following actual or contemplated products that may be covered by the asserted claims:

VCT-30
VCT-60
MIS Server
CXRS

**REDACTED**

863526.1

7

# REDACTED

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

March 7, 2005

James J. Foster, BBO #553285
Michael A. Albert, BBO #558566
Robert M. Abrahamsen, BBO #636635
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646-8000
Fax: 617.646-8646

As an agent of L-3 Communications Security and Detection Systems, Inc., I declare, under penalty of perjury, that to the best of my knowledge and belief the above answers are true.

Mark Stephen Symick

## CERTIFICATE OF SERVICE

I certify that on March 7, 2005, I served a copy of the attached document on counsel for Defendant, Reveal Imaging Technologies, Inc., via facsimile (617-542-2241) and first class mail, addressed to:

Joseph Lipchitz, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111

_____

863526.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

L-3 COMMUNICATIONS SECURITY AND
DETECTION SYSTEMS, INC.
        Plaintiff,

v.

REVEAL IMAGING TECHNOLOGIES,
INC.

        Defendant.

Civil Action No. 04-11884 NG
(Magistrate Judge Judith Gail Dein)

## PLAINTIFF'S RESPONSES TO DEFENDANT'S AMENDMENT TO ITS FIRST SET OF INTERROGATORIES

Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), responds to Reveal's amendment to its first set of interrogatories.

## GENERAL OBJECTIONS

L-3 objects to the four pages of definitions and instructions as unnecessarily prolix, and well as confusing and burdensome. L-3 has prepared its response without regard to those definitions and instructions.

L-3 also asserts as general objections:

(1)    attorney-client privilege;

(2)    work product exemption;

(3)    disclosure of information not relevant to any expected claim or defense.

L-3 also objects to the request to supplement its response, other than as required by Rule 26(e).

In addition, until such time as the Court allows "damages discovery" to proceed, L-3 objects to the interrogatories to the extent they require L-3 to divulge information concerning any activities involving products or methods covered by the asserted patents that took place after the filing dates of the patents.

L-3 also objects to those interrogatories that call for information relevant only to Reveal's antitrust counterclaim as premature and unduly burdensome at this stage in the litigation.

The above are in addition to the specific objections below to individual interrogatories, and, for simplicity, are incorporated without repetition in the responses below.

### Amendment to Interrogatory No. 2

Identify all prior art to the '879, '926 and/or '806 Patents other than the prior art identified in the "References Cited" section of the '879 Patent, the '926 Patent, or the '806 Patent, respectively.

### RESPONSE:

L-3 objects to this interrogatory as unduly burdensome and confusing because it is unclear what information should or should not be identified as "prior art." Prior art would include the Magna Charta and the Gutenberg bible, as well as countless other references. In any event, L-3 is producing those documents that it believes would be more relevant "prior art" to the patents, and thus, pursuant to Rule 33(d), directs Reveal to those materials for an answer to this interrogatory.

### Amendment to Interrogatory No. 3

892964.1

2

# REDACTED

### Amendment to Interrogatory No. 4

For each of the following events, identify the (i) dates, (ii) location; (iii) person(s) doing and/or participating in the act; and (iv) any and all documents relating to each of the events:

    (a)    the conception of each of the claims of the Patents-in-Suit;

    (b)    all disclosures of the subject matter of the Patents-in-Suit prior to the filing date of the Patents-in-Suit;

(c) the actual or constructive reduction to practice of the subject matter of the Patents-In-Suit, and

(d) the first making, first offer for sale, first sale, first experimentation and/or first public use of the subject matter of the Patents-In-Suit.

**RESPONSE:**

L-3 objects to this interrogatory as unnecessarily cumbersome and as an attempt to evade that provision of rule 33(a) limiting any party to 25 interrogatories, including all discrete subparts. In any event, L-3 has not yet determined whether it will rely on dates of conception or reductions to practice of the claimed inventions that are prior to the patents' filing dates. Non-privileged documents that may constitute evidence of conception upon which L-3 chooses to rely, as well as other information called for by this interrogatory, will be produced pursuant to Rule 33(d).

L-3 did not publicly disclose, publicly use, offer for sale, or sell the subject matter of the asserted claims of the patents more than one year before the effective filing dates of the patents.

**REDACTED**

**REDACTED**

### Amendment to Interrogatory No. 7

Identify all prototypes, products and/or any other actual reductions to practice of the subject matter of the Patents-In-Suit, with specific reference to each claim practiced by each such prototype, product and/or other actual reduction to practice.

### RESPONSE:

L-3 identifies the following actual or contemplated products that may be covered by one or more of the claims:

VCT-30
VCT-30+
VCT-60
MIS Server
RRITA Business Method
Remote Expert
CXRS
eXaminer 3DX 6000
eXaminer 3DX 6500

**REDACTED**

892964.1

5

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

May 12, 2005

*[signature]*

James J. Foster, BBO #553285
Michael A. Albert, BBO #558566
Robert M. Abrahamsen, BBO #636635
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646-8000
Fax: 617.646-8646

As an agent of L-3 Communications Security and Detection Systems, Inc., I declare, under penalty of perjury, that to the best of my knowledge and belief the above answers are true.

*[signature]*

Mark Stephen Syrnick

892964.1

9

## CERTIFICATE OF SERVICE

I certify that on May 12, 2005, I served a copy of the attached document on counsel for Defendant, Reveal Imaging Technologies, Inc., via facsimile (617-542-2241) and first class mail, addressed to:

Rosemary Allen, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111

_____

B92964.1