# EXHIBIT I

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

One Financial Center
Boston, Massachusetts 02111

Michael T. Renaud

617 542 6000
617 542 2241 *fax*

*Direct dial 617 348 4403*
MTRenaud@mintz.com

June 3, 2005

**BY FACSIMILE (617) 720-2441 AND OVERNIGHT MAIL**

Robert Abrahamsen, Esq.
Wolf Greenfield and Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210

 Re: L-3 Communications Security and Detection Systems, Inc.
    v. Reveal Imaging Technologies, Inc.,
    USDC (MA) C.A. No: 04-11884-NG
    *L-3 Supplemental Discovery and Prosecution Restrictions*

Dear Bob:

 As a follow-up to our telephone conference of yesterday afternoon, we wanted to confirm that the following agreements were reached and issues were raised:

 L-3 agreed that no one with access to confidential or highly confidential documents or information produced or provided by Reveal in the above mentioned lawsuit or the related State action is supervising or participating in the prosecution of any patents for or for the benefit of L-3. You believed that this included L-3 in-house counsel and agreed to confirm this fact.

 You reported that L-3 is working on a further document supplementation pursuant to Reveal's existing request for supplementation, including the following issues;

 You agreed to confer with Jim Foster concerning the production of certain documents related to structure, function and operation of products sold by L-3 or others which are marked with or practice the asserted patents;

 You agreed to take under advisement Reveal's request for copies of the attorney's files and file histories related to all pending patent applications by any inventor of the asserted patents in the field of EDS including, but not limited to, any continuations or related applications;

 Reveal requested confirmation that you would produce inventor notebooks and any documents related to conception and reduction to practice. We noted that Dawson and other L-3 employees who were inventors of the asserted patents had not produced notebooks; and

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

Robert Abrahamsen, Esq.
June 3, 2005
Page 2

    We informed you that third party document production and designation of documents was still in process for inventors Krug and Tortora and that production delays would necessitate moving the scheduled deposition dates until after documents were designated by them and reviewed by us. Consequently, we confirmed that June 8 and June 9 deposition dates for Krug and Tortora would be rescheduled. We did receive your letter stating that you now represent Krug and Tortora which surprised us as neither you nor they had ever mentioned this purported representation.

    We are in receipt of your letter dated today concerning Krug and Tortora. As you know, your firm did not represent either Mr. Krug or Mr. Tortora as of yesterday. In fact, both Krug and Tortora confirmed they were unrepresented as to this matter during prior conversations with Reveal's counsel. Further, during our telephone call with you yesterday you did not express any surprise concerning my direct contact with Krug and Tortora because plainly you did not represent them at the time. It appears that subsequent to our telephone call you or an agent of L-3 solicited Mr. Krug and Mr. Tortora in order to offer representation as to the subpoenas in this matter. While we consider such a tactic contrary to usual practice we will direct future communications to you regarding Krug and Tortora now that you have identified your firm as representing them for the first time.

    Enclosed please find copies of the documents produced by Krug and Tortora and designated pursuant to their instructions.

    If you have a different understanding of our discussions or if any questions please contact me.

Very truly yours,

*Michael T. Renaud /kvc*

Michael T. Renaud