# EXHIBIT K

# MINTZ LEVIN

One Financial Center
Boston, MA 02111
617-542-6000
617-542-2241 fax
www.mintz.com

H. Joseph Hameline | 617 348 1651 | jhameline@mintz.com

August 25, 2005

**BY TELEFAX AND REGULAR MAIL**

Robert Abrahamsen, Esq.
Wolf Greenfield and Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210

    Re:    L-3 Communications Security and Detection Systems, Inc.
             v. Reveal Imaging Technologies, Inc.,
             USDC (MA) C.A. No: 04-11884-NG
             Open Issues re: Requests for Interrogatory Responses and Documents

Dear Bob:

      I write to address a number of outstanding issues related to Reveal's requests to L-3 for interrogatory responses and documents.

Reveal's Interrogatory Responses

      As an initial matter, L-3 has not provided complete and definitive responses to Reveal's Interrogatories, including but not limited to Interrogatories Nos. 2, 4, 5 and 7.

      On July 21, 2005, Reveal requested an unequivocal answer to Defendant's Interrogatory No. 7, which asks for the identification of all products that practice the subject matter of the patents-in-suit. As detailed in our letter of that date, L-3's most recent Response, served on May 12, 2005, and its earlier Response of March 7, 2005, are deficient. These two Responses merely list "actual or contemplated products that may be covered by one or more claims." In a similar request on August 22, 2005, Reveal asked for the patents that cover the Vivid VIS108 and the "Level 2 Operator Workstation." Reveal once again requests the identification of those products that actually practice the patents-in-suit, and for each product, the identity of the specific patent(s) and claim(s) practiced.

      On July 25, 2005, Reveal similarly requested a full and complete answer to Defendant's Interrogatory No. 4. As above, L-3's two Responses to this Interrogatory were incomplete, as L-3 merely stated that it "had not yet determined whether it will rely on dates of conception or reduction to practice of the claimed inventions that are prior to the patents' filing dates" and that "non-privileged documents that may constitute evidence of conception upon which L-3 chooses to rely, as well as other information called for by this interrogatory, will be produced pursuant to Rule 33(d)." As of today, L-3 still has not produced the referenced documents, nor has L-3

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | RESTON | NEW YORK | STAMFORD | LOS ANGELES | LONDON

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

August 25, 2005
Page 2

"determined" what dates for conception and reduction to practice it intends to rely upon. As such, Reveal reiterates its request for the identity of the dates of conception, reduction to practice, and public use for each of the patents-in-suit, and for production of the related documents.

L-3's Responses to Interrogatory No. 2 are also deficient. Reveal asked for the "identity" of all prior art to the patents-in-suit other than those identified in the "References Cited" sections of the patents. L-3's Responses, that "[p]rior art would include the Magna Charta and the Gutenberg bible, as well as countless other references," does not serve to advance this litigation. Please identify, by Bates number, those documents that L-3 considers to be prior art to each of the asserted patents, and produce all remaining documents that L-3 considers to be prior art to the patents-in-suit.

Reveal's Interrogatory No. 5 asked for the "identity of each test, experiment, analysis, observation and/or report done by or on behalf of L-3 relating to Reveal's CT-80 machine." L-3's response, which merely stated that "L-3's attorneys have analyzed the structure and function of the CT-80," is insufficient. Reveal once again requests a definitive answer to Interrogatory No. 5.

Document Requests

Reveal has requested a number of documents which L-3 has yet to produce.

Reveal has repeatedly requested copies of all documents related to or referring to the patents-in-suit, continuations and related patents, patents and patent applications based on a specification substantially similar to any of the patents-in-suit, and patents and patent applications which make a claim to priority based on the filing dates of any of the patents-in-suit. For example, in the Third Request for the Production of Documents, Reveal asked for file histories, prosecuting attorneys' files, patent applications, provisional applications, foreign patents, and foreign patent applications, among other documents. Reveal has also made a specific request for "Appendix A" as referenced in U.S. Patent No. 6,218,943. Further, in our letter of June 28, 2005, Reveal asked for all prosecuting attorneys' files and file histories related to all pending patent applications by any inventor of the asserted patents in the field of EDS. Reveal believes that the requested documents are in the possession, custody and/or control of L-3. As such, please produce the full complement of requested documents without further delay.

Reveal has also requested documents related to or referring to the marking of any product(s) with the number(s) of any of the patents-in-suit, in accordance with 35 U.S.C. § 287(a), including but not limited to the circumstances of such marking, the identity of all such product(s) so marked, the number(s) of the patent(s), the dates such marking allegedly occurred, and the identity of any products covered by the patents-in-suit sold without such marking. Please produce these documents without further delay.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

August 25, 2005
Page 3

In its Third Request for the Production of Documents, and our letter of July 25, 2005, Reveal requested the production of all Vivid, EG&G, and PerkinElmer documents related to or referring to the subject matter of the patents-in-suit and any prior art to the patents-in-suit. In addition, Reveal has requested all L-3, Vivid, EG&G and PerkinElmer documents related to or referring to the implementation of baggage screening systems, including but not limited to hold baggage screening (HBS) systems at the following installations, including but not limited to requests for proposal, responses to same, requests for quotation, responses to same, tender documents, integration specifications, design specifications, and installation documents:

- All Heathrow Installations and Upgrades;

- Birmingham Eurohub HBS;

- Edinburgh Phase 1 & Major Redevelopment;

- Glasgow lines 1, 2 & 3;

- Honk Kong Chek Lap Kok Baggage System;

- Five-level installation at Glasgow Airport;

- Landvetter Airport

- Malaysia Airport

- Nuremberg Airport; and

- any and all other installations in which a Vivid Matrix System was installed.

In the recent depositions, it became apparent that some or all of the elements of the '391 Patent have been practiced by certain L-3 systems and devices. In particular, the Vivid Matrix System which networks, among other things, the mainframe x-ray inspection device and the Level 2 and Level 3 workstations in conjunction with these devices (including the VIS M, VIS 108 and MVT) practices all the claims in the '391 Patent. The products include the MIS Bridge and the MIS Server. In those depositions, the L-3 witnesses stated that there exist numerous manuals and other documents which describe those functions. These include, among others, operator manuals, service manuals, supervisor manuals, functional description manuals, technical description documents, product development manuals, software design and release notes, etc. These documents have not been produced. You have known for some time that these are key documents and have continued to stonewall and evade our requests.

In addition, the related marketing materials and responses to Tenders or RFPs which describe these systems and devices have not been produced. Similarly, the documents

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

August 25, 2005
Page 4

concerning actual installations have not been produced. As you know, the dates of these documents are important in this context so we request the relevant documents (and revisions) for 1996 through the present, as well as any networking proposals submitted previously (including, in particular at *Manchester* in the U.K).

We also request the documents concerning the RRITA system or proposal.

Reveal has also requested all documents related to or referring to Imatron, including but not limited to Imatron Electron Beam Tomography (EBT) scanners, including the CTX 5000. While L-3 has produced a handful of documents related to these requests, L-3 has yet to produce the full complement of responsive documents. As such, please produce these documents without further delay.

Reveal has also requested all documents related to or referring to L-3's assertion of ownership of the patents-in-suit, including but not limited to assignments, licenses, and covenants not-to-sue. In addition, Reveal has requested all documents concerning the transaction between Vivid, EGLG and PerkinElmer. Reveal again requests the immediate production of these and all related documents.

Further, we are awaiting L-3's response to Reveal's letter of August 10, 2005, in which Reveal identified a number of documents that we believe were inappropriately designated. Despite the fact that Reveal sent copies of these documents to L-3 on that very same day, they have not been reproduced with the correct designations, nor has L-3 explained why these documents were designated originally. Reveal reiterates its request that these documents, and all other documents that have been wrongly designated, be redesignated and reproduced without further delay.

While Reveal and L-3 have previously held telephone conferences on these issues, we will attempt a final meet and confer on these topics on Monday, August 29, at 2 P.M, if L-3 is unwilling to supplement its document production and responses by that date. Please contact me at your earliest convenience.

Very truly yours,

H. Joseph Hameline