# EXHIBIT M

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-11884-NG (Magistrate Judge Judith Gail Dein) |
| v. | ) | |
| REVEAL IMAGING TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) ) | |

## REVEAL IMAGING TECHNOLOGIES, INC.'S
## FOURTH REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Reveal Imaging Technologies, Inc. ("Reveal") requests that plaintiff, L-3 Communications, Security and Detection Systems, Inc. ("L-3") produce the following documents and things for inspection and copying within thirty (30) days of the service of these requests. For purposes of these requests, the following definitions and instructions apply.

### I.    INSTRUCTIONS

1. The documents and things specified in Section III hereof are to be produced for inspection and copying at the offices of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, or some other mutually acceptable location.

2. You are requested to produce all documents in your custody, possession or control, including all documents that are in the custody, possession or control of your attorneys or agents, regardless of the location of such documents.

3. If it is claimed that any requested document is protected by the attorney-client privilege and/or the work product doctrine, such document shall be fully identified within the

meaning of the term "identify" in Local Rule 26.5(C)(4) of the United States District Court for the District of Massachusetts.

4. If you object to any Instruction or Definition or to any specific item in the Request for Production set forth below, the precise grounds for your objection(s) shall be stated with particularity.

5. If any document responsive to the Request for Production was, but no longer is, in your possession, custody or control, please identify that document and state whether any such document:   (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily; or (d) has been otherwise disposed of, and, in each instance, please explain in detail the circumstances surrounding any such disposition thereof.

6. This Request for Production shall be deemed continuing so as to require an immediate supplemental response if any additional responsive documents are discovered, located, identified or obtained after you complete production of documents responsive to this Request for Production.

7. When you produce documents responsive to the document request, you shall organize and label them to correspond with the categories in the request in compliance with Rule 34 of the Federal Rules of Civil Procedure.

## II.    DEFINITIONS

1. The word "or" shall be all inclusive and shall be taken in the conjunctive as well as the disjunctive and shall mean "and" as well as "or" and it shall be construed to bring the maximum number of documents within the scope of this Request for Production.

2. As used herein, the terms "Plaintiff," "L-3" "you" and "your" mean L-3 Communications, Security and Detection Systems, Inc., its officers, employees, agents

2

and representatives (including lobbyists), predecessor, successor, parent and subsidiary corporations.

3.  As used herein, the terms "Defendant" and "Reveal" mean Reveal Imaging Technologies, Inc., its officers, employees, agents, representatives, parent, subsidiary, predecessors or successor corporations.

4.  As used herein, the term "'391 Patent" refers to United States Patent No.  6,721,391 and/or any related U.S. or foreign patents and/or patent applications.

5.  As used herein, the term "'393 Patent" refers to United States Patent No.  5,642,393 and/or any related U.S. or foreign patents and/or patent applications.

6.  As used herein, the term "'758 Patent" refers to United States Patent No. 5,838,758 and/or any related U.S. or foreign patents and/or patent applications.

7.  As used herein, the term "'879 Patent" refers to United States Patent No. 6,707,879 and/or any related U.S. or foreign patents and/or patent applications.

8.  As used herein, the term "'926 Patent" refers to United States Patent No. 5,712,926 and/or any related U.S. or foreign patents and/or patent applications.

9.  As used herein, the term "'806 Patent" refers to United States Patent No. 5,905,806 and/or any related U.S. or foreign patents and/or patent applications.

10. As used herein, the term "Patents-In-Suit" refers to the '391 Patent, the '393 Patent, the '758 Patent, the '879 Patent, the '926 Patent, and the '806 Patent.

11. As used herein, the term "Covered Product" means all products of L-3 that are covered in whole, or in part, by any claim of any of the Patents-In-Suit or which directly or indirectly practice any of the claims in the Patents-In-Suit.

12. The term "document" is used herein in its customary broad sense to include without limitation the following items, whether printed or reproduced by any process, or written or

3

produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, letters, correspondence, communications, telegrams, e-mails, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, reports, laboratory and research reports and notebooks, engineering notebooks, graphs, charts, plans, drawings, photographs, minutes or recordings of meetings, including directors' meetings, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, data compilations, spreadsheets, source code, flow charts, Internet or website information and other data compilations, including those in electronic form, from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, e-mail, electronically stored data, computer tapes or disks, computer printouts, computer directories, computer files and all material fixed in a tangible medium, including computers, of whatever kind known to or in the possession, custody and/or control of defendant. The term "document" also includes all copies, which are not identical to the original. A draft or non-identical copy is a separate document within the meaning of this term.

### III.    REQUESTS

1. The source code for the Covered Products, including source code that has been certified by the Transportation Safety Administration (TSA).

2. All documents concerning the structure, function, purpose, or use of the Covered Products.

4

3. All documents concerning the configuration, function, purpose, or use of any server, database, or other storage medium employed in the Covered Products or for research and development purposes in which data concerning scanned bags has been stored and subsequently retrieved for analysis.

4. All documents concerning any transactions between Vivid, EG&G, and/or PerkinElmer which relate to the Patents-in-Suit or the Covered Products.

REVEAL IMAGING TECHNOLOGIES, INC.,

By its attorneys,

H. Joseph Hameline (BBO# 218710)
Rosemary M. Allen (BBO #549746)
A. Jason Mirabito (BBO # 349440)
Michael T. Renaud (BBO #629783)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: August 31, 2005

5

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing **Reveal Imaging Technologies, Inc. Fourth Request for the Production of Documents** has been served this day by via facsimile and hand delivery and addressed as follows:

> Robert Abrahamsen, Esq.
> Wolf Greenfield and Sacks, P.C.
> 600 Atlantic Avenue
> Boston, MA 02210

Dated: August 31, 2005

_____
Michael T. Renaud

LIT 1539422v1