# EXHIBIT N

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> REVEAL IMAGING TECHNOLOGIES, INC., <br><br> Defendant. | C.A. No. 04-11884-NG <br> (Magistrate Judge Judith Gail Dein) |

### REVEAL IMAGING TECHNOLOGIES, INC.'S
### THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Reveal Imaging Technologies, Inc. ("Reveal") requests that plaintiff, L-3 Communications, Security and Detection Systems, Inc. ("L-3") produce the following documents and things for inspection and copying within thirty (30) days of the service of these requests. For purposes of these requests, the following definitions and instructions apply.

### I.  INSTRUCTIONS

1. The documents and things specified in Section III hereof are to be produced for inspection and copying at the offices of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, or some other mutually acceptable location.

2. You are requested to produce all documents in your custody, possession or control, including all documents that are in the custody, possession or control of your attorneys or agents, regardless of the location of such documents.

3. If it is claimed that any requested document is protected by the attorney-client privilege and/or the work product doctrine, such document shall be fully identified within the

meaning of the term "identify" in Local Rule 26.5(C)(4) of the United States District Court for the District of Massachusetts.

4. If you object to any Instruction or Definition or to any specific item in the Request for Production set forth below, the precise grounds for your objection(s) shall be stated with particularity.

5. If any document responsive to the Request for Production was, but no longer is, in your possession, custody or control, please identify that document and state whether any such document: (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily; or (d) has been otherwise disposed of, and, in each instance, please explain in detail the circumstances surrounding any such disposition thereof.

6. This Request for Production shall be deemed continuing so as to require an immediate supplemental response if any additional responsive documents are discovered, located, identified or obtained after you complete production of documents responsive to this Request for Production.

7. When you produce documents responsive to the document request, you shall organize and label them to correspond with the categories in the request in compliance with Rule 34 of the Federal Rules of Civil Procedure.

## II.   DEFINITIONS

1. The word "or" shall be all inclusive and shall be taken in the conjunctive as well as the disjunctive and shall mean "and" as well as "or" and it shall be construed to bring the maximum number of documents within the scope of this Request for Production.

2. As used herein, the terms "Plaintiff," "L-3" "you" and "your" mean L-3 Communications, Security and Detection Systems, Inc., its officers, employees, agents

2

and representatives (including lobbyists), predecessor, successor, parent and subsidiary corporations.

3. As used herein, the terms "Defendant" and "Reveal" mean Reveal Imaging Technologies, Inc., its officers, employees, agents, representatives, parent, subsidiary, predecessors or successor corporations.

4. As used herein, the term "'391 Patent" refers to United States Patent No. 6,721,391 and/or any related U.S. or foreign patents and/or patent applications.

5. As used herein, the term "'393 Patent" refers to United States Patent No. 5,642,393 and/or any related U.S. or foreign patents and/or patent applications.

6. As used herein, the term "'758 Patent" refers to United States Patent No. 5,838,758 and/or any related U.S. or foreign patents and/or patent applications.

7. As used herein, the term "'879 Patent" refers to United States Patent No. 6,707,879 and/or any related U.S. or foreign patents and/or patent applications.

8. As used herein, the term "'926 Patent" refers to United States Patent No. 5,712,926 and/or any related U.S. or foreign patents and/or patent applications.

9. As used herein, the term "'806 Patent" refers to United States Patent No. 5,905,806 and/or any related U.S. or foreign patents and/or patent applications.

10. As used herein, the term "Patents-In-Suit" refers to the '391 Patent, the '393 Patent, the '758 Patent, the '879 Patent, the '926 Patent, and the '806 Patent.

11. As used herein, the term "Covered Product" means all products of L-3 that are covered in whole, or in part, by any claim of any of the Patents-In-Suit or which directly or indirectly practice any of the claims in the Patents-In-Suit.

12. The term "document" is used herein in its customary broad sense to include without limitation the following items, whether printed or reproduced by any process, or written or

3

produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, letters, correspondence, communications, telegrams, e-mails, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, reports, laboratory and research reports and notebooks, engineering notebooks, graphs, charts, plans, drawings, photographs, minutes or recordings of meetings, including directors' meetings, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, data compilations, spreadsheets, source code, flow charts, Internet or website information and other data compilations, including those in electronic form, from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, e-mail, electronically stored data, computer tapes or disks, computer printouts, computer directories, computer files and all material fixed in a tangible medium, including computers, of whatever kind known to or in the possession, custody and/or control of defendant. The term "document" also includes all copies, which are not identical to the original. A draft or non-identical copy is a separate document within the meaning of this term.

### III.   REQUESTS

1. All L-3, Vivid, EG&G and PerkinElmer documents related to or referring to the subject matter of the patents-in-suit and/or any prior art to the patents-in-suit.

2. All L-3, Vivid, EG&G, and/or PerkinElmer documents related to or referring to the implementation of baggage screening systems, including but not limited to hold baggage screening (HBS) systems, at the Heathrow Terminal 3 HBS Installation, including but not limited to requests for proposal, responses to same, requests for quotation, responses to same, tender documents, integration specifications, design specifications and installation documents.

3. All L-3, Vivid, EG&G, and/or PerkinElmer documents related to or referring to the implementation of baggage screening systems, including but not limited to hold baggage screening (HBS) systems, at the Heathrow Shelterspan Upgrade Installation, including but not limited to requests for proposal, responses to same, requests for quotation, responses to same, tender documents, integration specifications, design specifications and installation documents.

4. All L-3, Vivid, EG&G, and/or PerkinElmer documents related to or referring to the implementation of baggage screening systems, including but not limited to hold baggage screening (HBS) systems, at the Birmingham Eurohub HBS Installation, including but not limited to requests for proposal, responses to same, requests for quotation, responses to same, tender documents, integration specifications, design specifications and installation documents.

5. All L-3, Vivid, EG&G, and/or PerkinElmer documents related to or referring to the implementation of baggage screening systems, including but not limited to hold baggage screening (HBS) systems, at the Edinburgh Phase 1 & Major Redevelopment Installation, including but not limited to requests for proposal, responses to same, requests for quotation, responses to same, tender documents, integration specifications, design specifications and installation documents.

6. All L-3, Vivid, EG&G, and/or PerkinElmer documents related to or referring to the implementation of baggage screening systems, including but not limited to hold baggage screening (HBS) systems, at the Glasgow lines 1, 2 & 3 Installation, including but not limited to requests for proposal, responses to same, requests for quotation, responses to same, tender documents, integration specifications, design specifications and installation documents.

7. All L-3, Vivid, EG&G, and/or PerkinElmer documents related to or referring to the implementation of baggage screening systems, including but not limited to hold baggage screening (HBS) systems, at the Honk Kong Chek Lap Kok Baggage System Installation, including but not limited to requests for proposal, responses to same, requests for quotation, responses to same, tender documents, integration specifications, design specifications and installation documents.

8. All L-3, Vivid, EG&G, and/or PerkinElmer documents related to or referring to the implementation of baggage screening systems, including but not limited to hold baggage screening (HBS) systems, at the hold baggage screening (HBS) five-level installation at Glasgow Airport, including but not limited to requests for proposal, responses to same, requests for quotation, responses to same, tender documents, integration specifications, design specifications and installation documents.

9. All L-3, Vivid, EG&G, and/or PerkinElmer documents related to or referring to the implementation of baggage screening systems, including but not limited to hold baggage screening (HBS) systems, at any and all other installations of "covered products" not listed in Requests No. 2 through 8, above, including but not limited to requests for proposal, responses to same, requests for quotation, responses to same, tender documents, integration specifications, design specifications and installation documents.

10. All L-3, Vivid, EG&G, and/or PerkinElmer documents, including airport integration specifications, related to or referring to the Level 1 and 2 screening equipment developed by the British Airport Authority (BAA) and/or Vivid Technologies.

11. All L-3, Vivid, EG&G, and/or PerkinElmer documents related to or referring to the airport integration specifications for baggage screening equipment as developed by the British Airport Authority (BAA) and/or Vivid Technologies.

12. All L-3, Vivid, EG&G, and/or PerkinElmer documents related to or referring to the Patents-in-Suit or any prior art to the Patents-in-Suit that refer to or mention British Airport Authority (BAA).

13. All L-3, Vivid, EG&G, and/or PerkinElmer documents related to or referring to any communication and/or correspondence between L-3, Vivid, EG&G, PerkinElmer and/or British Airport Authority (BAA) related to or referring to the Patents-in-Suit or any prior art to the Patents-in-Suit.

14. All L-3, Vivid, EG&G, and/or PerkinElmer documents related to or referring to hold baggage screening at Nuremberg Airport and/or Smiths Heimann.

15. All documents (including but not limited to advertisements, sales information, marketing information, marketing specifications, brochures, product literature, product specifications, product lists, product descriptions, press releases and/or promotional materials) related to or referring to the marking of any actual or contemplated product(s) as identified in Plaintiff's Response to Defendant's Interrogatory No. 7, with the number(s) of any of the Patents-in-Suit, in accordance with 35 U.S.C. § 287(a), including but not limited to the circumstances of such marking, the identity of all such product(s) so marked, the number(s) of the patent(s), the dates such marking allegedly occurred, and the identity of any such product(s) sold without such marking.

16. All documents related to or referring to International Air Transport Association (IATA) symposiums and/or exhibitions concerning baggage screening, including but not limited to the IATA AVSEC World Security Conference in Sydney in 1996, and in Atlanta in 1995.

17. All IATA, Airports Counsel International (ACI) and/or European Civil Aviation Conference (ECAC) documents related to or referring to baggage screening systems, including but not limited to hold baggage screening (HBS) systems, including but not limited to publications, proceedings, manuals, standards, recommendations and/or reports, including but not limited to the IATA Security Manual.

18. All documents related to or referring to Imatron, including but not limited to Imatron Electron Beam Tomography (EBT) scanners.

19. All documents related to or referring to InVision explosive detection systems, including but not limited to the InVision CTX series of explosive detection systems.

20. All documents relating or referring to the relationship between L-3 and InVision and/or General Electric concerning the Patents-in-Suit.

21. All documents related to or referring to L-3's assertion of ownership of the Patents-in-Suit, including but not limited to assignments, licenses, covenants not-to-sue, and/or other agreements.

22. All prosecuting attorney's files for the application that issued as the '391 Patent, and any related U.S. or foreign patents and/or patent applications.

23. All prosecuting attorney's files for the application that issued as the '393 Patent, and any related U.S. or foreign patents and/or patent applications.

24. All prosecuting attorney's files for the application that issued as the '758 Patent, and any related U.S. or foreign patents and/or patent applications.

25. All prosecuting attorney's files for the application that issued as the '879 Patent, and any related U.S. or foreign patents and/or patent applications.

26. All prosecuting attorney's files for the application that issued as the '926 Patent, and any related U.S. or foreign patents and/or patent applications.

27. All prosecuting attorney's files for the application that issued as the '806 Patent, and any related U.S. or foreign patents and/or patent applications.

28. All prosecuting attorney's files for any foreign or domestic patents or patent applications based on a specification substantially the same as that for the '391 Patent, or which makes any claim to priority based on the filing date of the application for the '391 Patent.

29. All prosecuting attorney's files for any foreign or domestic patents or patent applications based on a specification substantially the same as that for the '393 Patent, or which makes any claim to priority based on the filing date of the application for the '393 Patent.

30. All prosecuting attorney's files for any foreign or domestic patents or patent applications based on a specification substantially the same as that for the '758 Patent, or which makes any claim to priority based on the filing date of the application for the '758 Patent.

31. All prosecuting attorney's files for any foreign or domestic patents or patent applications based on a specification substantially the same as that for the '879 Patent, or which makes any claim to priority based on the filing date of the application for the '879 Patent.

32. All prosecuting attorney's files for any foreign or domestic patents or patent applications based on a specification substantially the same as that for the '926 Patent, or which makes any claim to priority based on the filing date of the application for the '926 Patent.

33. All prosecuting attorney's files for any foreign or domestic patents or patent applications based on a specification substantially the same as that for the '806 Patent, or which makes any claim to priority based on the filing date of the application for the '806 Patent.

34. All documents related to any L-3 products or any other products practicing any claim of the Patents-in-Suit including, but not limited to, source code, source code check-ins, flow charts, schematics, drawings, specifications, tests, reports, technical manuals and training manuals.

35. All foreign or domestic patent applications or patents related to any of the Patents-in-Suit including all continuation, continuation-in-part, and divisional applications, and all documents related to these applications, including but not limited to all documents relating to any claim of any of the Patents-in-Suit.

36. All documents which include statements concerning any of the Patents-in-Suit including but not limited to SEC filings, white papers, memoranda, or any other document related to the Patents in Suit provided to a third party.

37. All prosecuting attorney's files for any U.S. or foreign patent(s) and/or patent application(s) of L-3 pertaining to a Covered Product.

38. All documents which support L-3's contention of what constitutes someone of ordinary skill in the art.

39. All documents related to any inventors of the Patents in Suit and the Covered Product and/or the allegation in the Second Amended Complaint of later amended complaints and/or any claim in the Patents in Suit.

40. All documents evidencing ownership, assignment, license or any other right of any kind related to any of the Patents in Suit.

41. All prototypes, design concepts, mock-ups, or models of a product using or including subject matter disclosed or claimed in any of the Patents in Suit designed, manufactured, tested, licensed or used by L-3 or of any product sold by or on behalf of L-3 that competes with any Reveal product, and all related documents, including, but not limited to, drawings, sketches, memoranda, notes, correspondence, status reports, modification reports, development reports,

patent disclosures, notebooks, testing protocols, test results, test reports, or engineering reports.

42. All documents referring or relating to L-3's policies, procedures, and practices with regard to the retention and destruction of documents, including electronically stored documents.

43. All documents related to covenants not to sue, technology transfer, or licenses entered into by L-3 or for the benefit of L-3 including patent licensing agreements, software licensing agreements, or any other agreement related to any of the Patents in Suit.

44. All documents on which L-3 intends to rely in support of any of allegations made in the Second Amended Complaint or later filed complaint, including, but not limited to, any documents which support its claim for infringement by Reveal.

45. All documents relied upon by L-3 expert witnesses in this case in forming or providing any opinions related to this matter.

46. All documents identified by L-3 in any of its answers to any of Reveal's interrogatories.

**REVEAL IMAGING TECHNOLOGIES, INC.,**

By its attorneys,

_____
H. Joseph Hameline (BBO# 218710)
Rosemary M. Allen (BBO #549746)
A. Jason Mirabito (BBO # 349440)
Michael T. Renaud (BBO #629783)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
  AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: August 1, 2005

LIT 1533523v1

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing **Reveal Imaging Technologies, Inc. Third Request For The Production Of Documents** has been served this day by via facsimile and overnight mail and addressed as follows:

Robert Abrahamsen, Esq.
Wolf Greenfield and Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210

Dated: August 1, 2005

_____
Michael T. Renaud

LIT 1532989v.1