IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br><br>                    Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>                    Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

**L-3'S OPPOSITION TO REVEAL'S MOTION TO COMPEL**

Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), opposes Defendant, Reveal Imaging Technologies, Inc.'s ("Reveal's"), Motion to Compel. L-3 has fully cooperated with Reveal since the start of discovery. At each instance when additional documents were requested, L-3 performed a reasonable search for the requested documents and produced everything that was relevant or responsive. In response to the issues raised in Reveal's Motion to Compel (several of them relating to discovery requests that weren't even due yet)[1], L-3 performed a thorough search of its file server and produced an additional five discs of data corresponding to Reveal's latest requests. In this search, L-3 included every document that could arguably fall under Reveal's requests, to ensure the most complete production possible. These DVDs and CDs contained nearly 15,000 files. L-3 has not withheld any relevant responsive material. There is nothing left to compel.

**I.      DOCUMENTS**

Reveal contended the following materials were not produced:

---

[1] Reveal's Fourth Request for Production of Documents was served on August 31, 2005, and accordingly the responses will be due on September 30, 2005, the same day this Opposition is due. Reveal's Fifth Request for Production of Documents was served on September 1, 2005, and accordingly the responses will be due on October 3, 2005.

942613.1

- Documents related to the structure, features, function or operation of any system identified by L-3 as practicing the subject matter of the patents-in-suit, and the structure, features, function and operation of any system, products or prototypes which L-3 has marked with one or more patents-in-suit or identified as covered by one or more of the patents in suit, including source code. (Rev. Memo. at 8)

The charge is untrue. L-3 has produced technical diagrams, compliance documents, specification documents, training manuals, and many other sorts of technical documents on all of the EDS machines mentioned in Reveal's motion, whether or not they practice the patents-in-suit, including VIS-M, VIS-W, MIS Bridge, MIS Server, Matrix System, VIS108, VCT-30, and MVT.

- L-3, Vivid, EG&G and PerkinElmer documents related or referring to the implementation of its networked baggage screening systems, including Hold Baggage Screening ("HBS") systems at installations that include, but are not limited to: Malaysia Airport, Hong Kong Chek Lap Kok Baggage System, and all Heathrow Installations and upgrades. (Rev. Mem. at 9).

L-3 has produced all of the documents it could locate relating to the installations listed as well as any other installations or proposed installations. In addition to documents relating to the installations at the Malaysia Airport, the Hong Kong Chek Lap Kok airport, and Heathrow airports, L-3 has produced documents relating to installations or proposed installations in dozens of countries, ranging from Denmark to Honduras. These documents include diagrams of the installations, correspondence, powerpoint presentations, and quotations.

- Requests for proposals, responses to requests for proposals, requests for quotations, responses to requests for quotations, offers for sale, tender documents, integration specifications, design specifications, or other descriptions of installations or proposed installations in which HBS were installed.

L-3 has produced all of the documents it could locate responsive to this description. Included in L-3's production were documents relating to the dozens of installations and proposed installations mentioned above, and hundreds of documents including price and service quotations. Reveal specifically sought documents from before 2004 (Rev. Mem. at 8). L-3 has now produced documents that were created in every year between 1994 and 2005.

942613.1                                    2

- L-3, Vivid, EG&G and PerkinElmer technical and marketing documents, including but not limited to all user manuals, operator manuals, maintenance manuals, configuration manuals, ISO documents, product specifications, product requirements, product descriptions and documents concerning the marketing or structure, features, function or operation of the VIS-M, VIS-W, MIS Bridge, MIS Server, Vivid's Matrix System, VIS108, VCT-30 and MVT. (Rev. Mem. at 10).

This item is largely duplicative of the first item above, and L-3 has fully complied by producing any documents that could be identified from a search of its server relating to the identified products. In addition to technical documents, L-3 has also produced the requested marketing materials for these machines, including photographs, videos, print advertising, and brochure sheets. L-3 has not withheld any documents it could locate relating either to the technical or marketing aspects of these machines.

- Documents related to the structure, features, function and operation of any system proposed or developed in connection with Lockheed Martin's September 8, 1995 Proposal to the Federal Aviation Administration (Proposal No. MMSC-PRO-95074) for the "Development of a High-Speed Computed Tomography Explosive Detection System" (GE01286), including the structure, features, function and operation of any GECRD technology or system pertaining to XIM and VIVA systems, or image processing or mentioned in the Lockheed Martin September 8, 1995 Proposal.

L-3 has produced all relevant Lockheed Martin documents it has located that were generated before the filing date of the '926 and '806 patents.

Reveal also demanded documents relating to L-3's eXaminer systems. (Rev. Mem. at 11). Although these systems were more recent than the '926 and '806 patents, and thus of no relevance to any possible issue in this case, L-3 has nonetheless produced hundreds of documents relating to the eXaminer, including documents relating to the eXaminer 3DX 6000 system mentioned in Reveal's motion. These included both technical and marketing documents.

## II.   INTERROGATORIES

Reveal's arguments relating to L-3's interrogatory responses were without merit.

First, Reveal contended that L-3 has not sufficiently answered its Interrogatory demanding that L-3 "[i]dentify all prior art" to three of the patents in suit. L-3 responded by

942613.1                                                    3

producing those documents that it believes would constitute the more relevant prior art to its patents. This response was perfectly consistent with the Fed. R. Civ. P. 33(d), which allows a party to produce documents in lieu of a narrative answer to an interrogatory where the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served. L-3 has produced all the documents it believes are responsive to this Interrogatory, and thus has satisfied its obligations.

Next, Reveal contended that L-3 has not provided an adequate response to Interrogatory No. 4. Reveal conceded, however, that it received a letter on August 30 (Renaud Decl., Exhibit P) providing requested information with respect to conception and reduction of practice. Since receiving that letter, Reveal has taken the depositions of various named inventors of the patents-in-suit, thus having ample opportunity to obtain any additional information with respect to the events of conception and reduction of practice, as well as the other information requested. It is not clear, at this point, what information Reveal is still looking for that it has not had opportunity to obtain.

Next, Reveal contended that L-3's response to its Interrogatory asking L-3 to "[i]dentify each test, experiment, analysis, observation and/or report done by or on behalf of L-3 relating to Reveal's CT-80 machine" was "hardly a complete answer to the interrogatory posed." L-3's response was that its attorneys have analyzed the CT-80. That was a complete answer. Any details of L-3's attorneys' analysis of the CT-80 would obviously be protected work product.

With respect to Interrogatory No. 7, Reveal contended that L-3's response was incomplete. The answer quoted in the memorandum, however, did not include certain amendments that were added in May 2005, listing additional products. Further, Reveal contended there was a difference between identifying products that practice the "subject matter"

942613.1                                      4

of the patents-in-suit and those that practice the patent claims. L-3 does not understand what the distinction is, but, in any event, the response was intended to apply to either.

### III. WITNESSES

In its motion, Reveal nominally requested that it be entitled to re-depose witnesses as to which it did not earlier have documents. The request seems premature, since the period for discovery has not yet ended. Nor has Reveal made any request to L-3 to re-depose any particular individual whose deposition has already taken. As noted earlier, L-3 believes that it has produced all relevant documents and in sufficient time to allow their use in depositions.

### CONCLUSION

Because L-3 has produced any relevant and responsive documents that it could find after several searches, and has answered Reveal's interrogatories appropriately under the Federal Rules, Reveal's Motion should be denied.

Respectfully submitted,

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

October 3, 2005

\_\_\_\_/s/ James J. Foster_____
Michael A. Albert, BBO # 558566
James J. Foster, BBO # 553285
Robert M. Abrahamsen, BBO # 636635
Adam J. Kessel, BBO # 661211
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646.8000
Fax: 617.646.8646
malbert@wolfgreenfield.com