**EXHIBIT C**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/007,650 | 07/29/2005 | 6721391 | 25960-027 | 6102 |

| | | | EXAMINER |
|---|---|---|---|
| 23628 | 7590 | 09/23/2005 | Erik Kielin |
| WOLF GREENFIELD & SACKS, PC | | | |
| FEDERAL RESERVE PLAZA | | ART UNIT | PAPER NUMBER |
| 600 ATLANTIC AVENUE | | | |
| BOSTON, MA  02210-2211 | | 3992 | |

DATE MAILED: 09/23/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/007,650 | 6721391 |
| | Examiner | Art Unit |
| | Erik Kielin | 3992 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>29 July 2005</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,    b)☒ PTO-1449,    c)☐ Other: _____

1. ☒  The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐  The request for *ex parte* reexamination is DENIED.

   This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.

   In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐ by Treasury check or,

   b) ☐ by credit to Deposit Account No. _____, or

   c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Erik Kielin
Primary Examiner
Art Unit: 3992

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 04-01)            Office Action in *Ex Parte* Reexamination            Part of Paper No. 20050919

Application/Control Number: 90/007,650 Page 2
Art Unit: 3992

### DETAILED ACTION

A substantial new question of patentability affecting claims 1-6 of patent US 6,721,391 B2 to Keith M. McClelland et al., entitled "REMOTE BAGGAGE SCREENING SYSTEM, SOFTWARE, AND METHOD" is raised by the request for *ex parte* reexamination.

The request indicates that Requester considers claims 1-6 unpatentable over each of the following references:

(1) Article by Michael Ellenbogen et al., entitled "Recent Innovations for Deployment of Automated Baggage Screening Systems" in The Second Explosives Detection Technology Symposium and Aviation Security Technology Conference, November 12-15, 1996, pp. 364-375 (*Ellenbogen-1*, hereafter)

(2) Patent US 6,218,943 to Michael Ellenbogen et al. (*Ellenbogen '943*, hereafter)

(3) Patent US 5,761,064 to Tho Le La et al. (*La*, hereafter)

(4) Article by Frank Silva, entitled "Real-Time Radiography Automated X-Ray Inspection Strategies," NEPCON West, 1998 (*Silva*, hereafter)

Each of the following references will be discussed in turn.

### *(1) Ellenbogen-1*

It is agreed that *Ellenbogen-1* raises a substantial new question of patentability as to claims 1-6. In the examiner's statement of reasons for allowance (filed 17 September 2003) of the 10/116,718 application that became the '391 patent, it was stated,

> "The following is an examiner's statement of reasons for allowance: the claims address a computer program for remote baggage screening where information about the baggage is stored[,] linked with a unique item number such that a request triggers retrieval and screening based on analysis of the stored information, and the screening result stored with the information."

As stated in the request at pages 2-3, *Ellenbogen-1* teaches an x-ray system for automated baggage screening using x-ray inspection, including software for directing the following steps:

    obtaining and storing x-ray images of bags;

    linking a unique item identifier with the bag information, so that the bag itself can be directed to the aircraft or to "Level-2" inspection;

    retrieving the information at "Level-2" inspection for review in response to a request, that request being that the bag failed "Level-1" inspection;

Application/Control Number: 90/007,650                                      Page 3
Art Unit: 3992

    analyzing the images from Level-1 inspection to determine a screening result, that screening result being either passing or failing Level-2 inspection; and

    storing the screening result with the information about the bag, in order to direct the conveyor system to send the bag to the aircraft for loading or to "Level-3" inspection.

As noted, the specific combination of features indicated by the examiner of the 10/116,718 application to be absent in the applied and/or cited references, is present in *Ellenbogen-1*. Because the *Ellenbogen-1* reference was not available during the examination of the 10/116,718 application, *Ellenbogen-1* raises a substantial new question of patentability. Furthermore there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not the claims 1-6 are patentable.

### (2) Ellenbogen '943

It is agreed that *Ellenbogen '943* raises a substantial new question of patentability as to claims 1-6.

The substantial new question of patentability based on *Ellenbogen '943* is based solely on a patent already cited in an earlier concluded examination of the patent being reexamined. On November 2, 2002, Public Law 107-273 was enacted. Title III, Subtitle A, Section 13105, part (a) of the Act revised the reexamination statute by adding the following new last sentence to 35 U.S.C. 303(a) and 312(a):

> "The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office."

For any reexamination ordered on or after November 2, 2002, the effective date of the statutory revision, reliance on previously cited/considered art, i.e., "old art," does not necessarily preclude the existence of a substantial new question of patentability (SNQ) that is based exclusively on that old art. Rather, determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis.

In the present instance, there exists a SNQ based solely on *Ellenbogen '943*. A discussion of the specifics now follows:

As with *Ellenbogen-1*, *Ellenbogen '943* teaches an x-ray system for automated baggage screening using x-ray inspection, including software for directing the steps of storing, linking, retrieving, and analyzing in a combination as indicated in the examiner's statement of reasons for allowance. (See, for example, the Abstract and col. 3, line 42 to col. 4, line 4.) Accordingly, the specific combination of features indicated by the examiner of the 10/116,718 application to be absent in the applied and/or cited references, is present in *Ellenbogen '943*.

Application/Control Number: 90/007,650 Page 4
Art Unit: 3992

While *Ellenbogen '943* was present before the examiner during the examination of the 10/166,718 application, the reference was not relied on to reject the claims. When a substantial new question of patentability is raised solely over previously cited art, the Court stated in the sole footnote, in *In re Robert T. Bass*, 314 F.3d 575, 576-77, 65 USPQ2d 1156, 1157 (Fed. Cir. 2002), in pertinent part,

> "37 CFR 1.2 requires that all Office business be transacted in writing. Thus, the Office cannot presume that a prior art reference was previously relied upon or discussed in a prior Office proceeding if there is no basis in the written record to so conclude other than the examiner's initials or a check mark on a PTO 1449 form, or equivalent, submitted with an information disclosure statement. Thus, any specific discussion of prior art must appear on the record of a prior related Office proceeding."

Because no written consideration of *Ellenbogen '943* appears in the record of examination of 10/116,718 application, and teaches each of the features of at least claim 1 of the '391 patent, a substantial new question of patentability exists. Furthermore there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not the claims 1-6 are patentable.

### (3) *La* and (4) *Silva*

The *La* and *Silva* references are considered to be cumulative to *Ellenbogen-1* and *Ellenbogen '943* references.

### Conclusion

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extension of time in reexamination proceedings are provided for in 37 CFR 1.550(c).

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 6,721,391 B2 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

Please mail any communications to:

Attn: Mail Stop "Ex Parte Reexam"
Central Reexamination Unit

Application/Control Number: 90/007,650     Page 5
Art Unit: 3992

Commissioner for Patents
P. O. Box 1450
Alexandria VA   22313-1450

Please FAX any communications to:

(571) 273-9900
Central Reexamination Unit

Please hand-deliver any communications to:

Customer Service Window
Attn:  Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany Street
Alexandria, VA  22314

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.


Signed:

*[signature]*

Erik Kielin
Primary Examiner
Central Reexam Unit 3992
(571) 272-1693

September 21, 2005

Conferees:

R.C.F.