**EXHIBIT D**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/007,654 | 08/01/2005 | 6707879 | 25960-030 | 8584 |

23628    7590    09/23/2005

WOLF GREENFIELD & SACKS, PC
FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MA  02210-2211

| EXAMINER |
|---|
| Erik Kielin |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

DATE MAILED: 09/23/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination | |
|---|---|---|---|
| | 90/007,654 | 6707879 | |
| | Examiner | Art Unit | |
| | Erik Kielin | 3992 | |

--*The MAILING DATE of this communication appears on the cover sheet with the correspondence address*--

The request for *ex parte* reexamination filed <u>01 August 2005</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐ PTO-892,    b)☒ PTO-1449,    c)☐ Other: _____

1. ☒  The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐  The request for *ex parte* reexamination is DENIED.

   This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

   In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐ by Treasury check or,

   b) ☐ by credit to Deposit Account No. _____, or

   c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Erik Kielin
Primary Examiner
Art Unit: 3992

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 04-01)         Office Action in *Ex Parte* Reexamination         Part of Paper No. 20050920

Application/Control Number: 90/007,654    Page 2
Art Unit: 3992

## DETAILED ACTION

A substantial new question of patentability affecting claims 1, 2, 4-6, 21-24, and 28 of patent US 6,707,879 B2 to Keith M. McClelland et al., entitled "REMOTE BAGGAGE SCREENING SYSTEM, SOFTWARE, AND METHOD" is raised by the request for *ex parte* reexamination.

### *References Cited by Requester*

(1) Patent US 6,218,943 to Michael Ellenbogen et al. (*Ellenbogen '943*, hereafter)

(2) Article by Michael Ellenbogen et al., entitled "Recent Innovations for Deployment of Automated Baggage Screening Systems" in The Second Explosives Detection Technology Symposium and Aviation Security Technology Conference, November 12-15, 1996, pp. 364-375 (*Ellenbogen-1*, hereafter)

(3) Introduction to TCP/IP, Microsoft Corporation, Sept. 1998 (*Intro to TCP/IP*, hereafter)

### *Issue Raised by Requester*

(1) The request indicates that Requester considers claims 1, 2, 4-6 unpatentable over the combination of references (1), (2), and (3).

No reasons for allowance were provided during the prosecution of the application (10/116,714) which became the '879 patent. However, Applicant amended the claims in response to the Office action filed 2 December 2002 and after an interview with the examiner to include limitations that appear to have distinguished over the *Peschmann* reference (US 5,367,552) and to have ultimately resulted in issuance of the '879 patent. (See Applicants' Amendment filed 5 May 2005.) In addition to amending the claims, Applicant argued, in the paragraph bridging pages 9-10, that *Peschmann* did not disclose a "server" and that the examiner had given official notice, stating,

> "The Office Action states that Peschmann does not mention a network server but that it would have been obvious to one of ordinary skill in the art that his network must include one. Applicants respectfully disagree with this assertion and request that the Examiner provide a reference disclosing a baggage inspection system including a server, to support the assertion if the Examiner wishes to maintain it."

Notwithstanding that Applicants, themselves, provided such a reference, *Ellenbogen '943*, in Figs. 3 and 4, which shows an x-ray baggage scanner connected to a server and the server to plural workstations, *Ellenbogen '943* was not relied on to reject the claims. Inasmuch as *Peschmann* does not explicitly disclose a server, and Applicants' arguments against the disclosure of the server may have been part and parcel to the allowance of the 10/166,714

Application/Control Number: 90/007,654                                                          Page 3
Art Unit: 3992

application, the disclosure in *Ellenbogen '943* of the server connected to the x-ray baggage scanner, in and of itself, generates a substantial new question of patentability.

*Ellenbogen '943* additionally teaches amended claim 1 limitations of

> a unique item identifier associated with the item under inspection that links the information to the item under inspection (col. 3, lines 53-57 and paragraph bridging cols. 6-7)

and

> a storage medium coupled to the at least one baggage inspection system for storing the information about the item under inspection with the unique item identifier (col. 3, lines 58-67 and paragraph bridging cols. 6-7);

These features --particularly the unique item identifier-- are argued by Applicants to be absent from *Peschmann*. (See Applicants' Amendment filed 5 May 2005, p. 10, middle paragraph.) Accordingly, the disclosure in *Ellenbogen '943* of these additional features generates a substantial new question of patentability.

Note, while *Ellenbogen '943* was present before the examiner during the examination of the 10/166,714 application, the reference was not relied on to reject the claims. When a substantial new question of patentability is raised solely over previously cited art, the Court stated in the sole footnote, in *In re Robert T. Bass*, 314 F.3d 575, 576-77, 65 USPQ2d 1156, 1157 (Fed. Cir. 2002), in pertinent part,

> "37 CFR 1.2 requires that all Office business be transacted in writing. Thus, the Office cannot presume that a prior art reference was previously relied upon or discussed in a prior Office proceeding if there is no basis in the written record to so conclude other than the examiner's initials or a check mark on a PTO 1449 form, or equivalent, submitted with an information disclosure statement. Thus, any specific discussion of prior art must appear on the record of a prior related Office proceeding."

In addition, Requester provides *Ellenbogen-1* to teach amended claim 1 limitation of control of the configuration of the baggage inspection system, a feature left unaddressed by the examiner.

Requester also provides *Intro to TCP/IP* to teach the claims limitations of plural subnets linked to a central server for a network configuration, a feature also argued by Applicants to be absent from the *Peschmann* reference. (See Applicant's Amendment filed 5 May 2005, p. 9, first paragraph.)

Finally, there is a substantial likelihood that a reasonable examiner would consider the teaching of the server connected to the x-ray baggage system important in deciding whether or not at least claim 1 is patentable. Accordingly, each of references (1), (2), and (3), alone or in combination

Application/Control Number: 90/007,654 Page 4
Art Unit: 3992

provides a substantial new question of patentability as to claims 1, 2, and 4-6. All claims will be examined.

(2) The request indicates that Requester also considers claims 21-24, and 28 unpatentable over the combination of references (1) and (2).

For the reasons indicated above, a substantial new question of patentability is also raised by references (1) and (2) alone or in combination.

*Conclusion*

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extension of time in reexamination proceedings are provided for in 37 CFR 1.550(c).

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. US 6,707,879 B2 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

Please mail any communications to:

Attn: Mail Stop "Ex Parte Reexam"
Central Reexamination Unit
Commissioner for Patents
P. O. Box 1450
Alexandria VA   22313-1450

Please FAX any communications to:

(571) 273-9900
Central Reexamination Unit

Please hand-deliver any communications to:

Customer Service Window
Attn:  Central Reexamination Unit

Application/Control Number: 90/007,654                                Page 5
Art Unit: 3992

Randolph Building, Lobby Level
401 Dulany Street
Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.


Signed:

*[signature]*

Erik Kielin
Primary Examiner
Central Reexam Unit 3992
(571) 272-1693

September 21, 2005

Conferees:
R.C.F.