**EXHIBIT E**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/007,648 | 07/29/2005 | 5712926 | 25960-029 | 5837 |

| | | | | |
|---|---|---|---|---|
| 23628 | 7590 | 09/27/2005 | EXAMINER | |
| WOLF GREENFIELD & SACKS, PC | | | David E. Harvey | |
| FEDERAL RESERVE PLAZA | | | | |
| 600 ATLANTIC AVENUE | | | ART UNIT | PAPER NUMBER |
| BOSTON, MA  02210-2211 | | | 3992 | |

DATE MAILED: 09/27/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/007,648 | 5712926 |
| | Examiner | Art Unit | |
| | DAVID E. HARVEY | 3992 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>29 July 2005</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐ PTO-892,    b)☒ PTO-1449,    c)☐ Other: _____

1. ☒    The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐    The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐  by Treasury check or,

b) ☐  by credit to Deposit Account No. _____,  or

c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

DAVID E HARVEY
Primary Examiner
Art Unit: 2614

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 04-01)          Office Action in *Ex Parte* Reexamination          Part of Paper No. 20050925

Application/Control Number: 90/007,648                          Page 2
Art Unit: 3992

## DECISION GRANTING REEXAMINATION

1) A substantial new question of patentability affecting claims 1-3, 5, and 6 of United States

Patent Number 5,712,926 to Eberhard et al. is raised by the present request for reexamination.


2) Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because

the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination

proceeding.  Additionally, 35 U.S.C. 305 requires that reexamination proceedings "will be

conducted with special dispatch" (37 CFR 1.550(a)).  Extension of time in *ex parte*

reexamination proceedings are provided for in 37 CFR 1.550(c).

Application/Control Number: 90/007,648                          Page 3
Art Unit: 3992

## Issues Raised in the Request

**3)** The request indicates that the requester considers independent claim 1 of Eberhard et al. (U.S.

Patent #5,712,926) to be anticipated under Section 102 by U.S. Patent No. 5,247,561 to

Kotowski for the reasons set forth in section "II" of the request [SEE pages 3-5 of said request].

**4)** The request indicates that the requester considers dependent claims 2 and 3 of Eberhard et al.

(U.S. Patent #5,712,926) to be anticipated under Section 102 by U.S. Patent No. 5,247,561 to

Kotowski for the reasons set forth in section "II" of the request [SEE pages 5-6 of said request].

**5)** The request indicates that the requester considers independent claim 5 of Eberhard et al. (U.S.

Patent #5,712,926) to be anticipated under Section 102 by U.S. Patent No. 5,247,561 to

Kotowski for the reasons set forth in section "II" of the request [SEE pages 6-9 of said request].

**6)** The request indicates that the requester considers independent claim 6 of Eberhard et al. (U.S.

Patent #5,712,926) to be anticipated under Section 102 by U.S. Patent No. 5,247,561 to

Kotowski for the reasons set forth in section "II" of the request [SEE pages 9-10 of said request].

**7)** The request indicates that the requester considers independent claim 1 of Eberhard et al. (U.S.

Patent #5,712,926) to be rendered obvious under Section 103 by U.S. Patent No. 5,247,561 to

Application/Control Number: 90/007,648                   Page 4
Art Unit: 3992

Kotowski in view of U.S. Patent No. 5,150,427 to Frazee et al for the reasons set forth in section
"II" of the request [SEE pages 10-14 of said request].

**8)** The request indicates that the requester considers dependent claims 2 and 3 of Eberhard et al.
(U.S. Patent #5,712,926) to be rendered obvious under Section 103 by U.S. Patent No. 5,247,561
to Kotowski in view of U.S. Patent No. 5,150,427 to Frazee et al for the reasons set forth in
section "II" of the request [SEE page 14 of said request].

**9)** The request indicates that the requester considers independent claim 5 of Eberhard et al. (U.S.
Patent #5,712,926) to be rendered obvious under Section 103 by U.S. Patent No. 5,247,561 to
Kotowski in view of U.S. Patent No. 5,150,427 to Frazee et al for the reasons set forth in section
"II" of the request [SEE pages 15-18 of said request].

**10)** The request indicates that the requester considers dependent claim 6 of Eberhard et al. (U.S.
Patent #5,712,926) to be rendered obvious under Section 103 by U.S. Patent No. 5,247,561 to
Kotowski in view of U.S. Patent No. 5,150,427 to Frazee et al for the reasons set forth in section
"II" of the request [SEE pages 18-19 of said request].

**11)** The request indicates that the requester considers dependent claim 6 of Eberhard et al. (U.S.
Patent #5,712,926) to be rendered obvious under Section 103 by U.S. Patent No. 5,247,561 to
Kotowski, in view of U.S. Patent No. 5,150,427 to Frazee et al and US Patent #4,991,224 to

Application/Control Number: 90/007,648                    Page 5
Art Unit: 3992

Takahashi et al., for the reasons set forth in section "II" of the request [SEE pages 20-21 of said request].

Application/Control Number: 90/007,648                                   Page 6
Art Unit: 3992

## Question of Patentability

**12)** The request indicates that the requester considers independent claim 1 of Eberhard et al.

(U.S. Patent #5,712,926) to be anticipated under Section 102(b) by U.S. Patent No. 5,247,561 to

Kotowski, for the following reasons:

A) That Kotowski describes a method of detecting an explosive [NOTE: the abstract;

lines 31-38 of column 6; etc,...], wherein the method comprises the steps of:

1) Scanning a three dimensional volume to determine the density of each of a

plurality of voxels representing the three-dimensional volume [Note: lines 39-41

of column 5; figure 2; lines 17-19 of column 7; etc,...];

2) Connecting and labeling voxels of the plurality of voxels which have similar

densities [NOTE: lines 25-39 of column 6; etc,...];

4) Determining the volume of each contiguous region of voxels having similar

densities [NOTE: lines 31-38 of column 6; etc,...];

Application/Control Number: 90/007,648                    Page 7
Art Unit: 3992

5) Comparing the volume of each such contiguous region to a first threshold and

identifying each such contiguous region which exceeds the first threshold as a

suspect region [NOTE: lines 34-38 of column 6; etc,...];

6) Determining the mass of each suspect region [NOTE: lines 34-38 of column 6;

etc,...]; and

7) Comparing the mass of each suspect region to a second threshold and

identifying each suspect region that exceeds the second threshold as a region

potentially containing an explosive [NOTE: lines 34-38 of column 6; etc,...].

*[Wherein a claim chart comparing the limitations of claim 1 to the Kotowski applied*

*art is provided on pages 3-5 of said request].*

It is agreed that consideration of the **Kotowski** reference raises a substantial new

question of patentability as to claim 1 of the Eberhard et al. patent (#5,712,926).

The reference is not cumulative with respect to the prior art of record cited in the

patented file. Further, there is a substantial likelihood that a reasonable examiner

would consider the teachings of the reference important in deciding whether or

not claim 1 of Eberhard et al. [#5,712,926] is patentable.

Application/Control Number: 90/007,648                    Page 8
Art Unit: 3992

**13)** The request indicates that the requester considers dependent claims 2 and 3 of Eberhard et al.

(U.S. Patent #5,712,926) to be anticipated under Section 102(b) by U.S. Patent No. 5,247,561 to

Kotowski, for the reasons explained for claim 1 above and, additionally, for following reasons:

   **A)** That, with respect to claim 2, Kotowski describes the method of detecting an

   explosive further comprising the step of:

      1) Further inspecting the three-dimensional volume to confirm the presence of an

      explosive [NOTE: lines 34-38 of column 6; etc,...].

   **B)** That, with respect to claim 3, Kotowski describes the method of detecting an

   explosive further comprising the step of:

      1) Further "manually" inspecting the three-dimensional volume to confirm the

      presence of an explosive [NOTE: lines 34-38 of column 6; etc,...].

   *[Wherein a claim chart comparing the limitations of claims 2 and 3 to the Kotowski*

   *prior art is provided on page 6 of said request].*

**It is agreed that consideration of the _Kotowski_ reference raises a substantial new**

**question of patentability as to claims 2 and 3 of the Eberhard et al. patent**

Application/Control Number: 90/007,648                    Page 9
Art Unit: 3992

(#5,712,926). The reference is not cumulative with respect to the prior art of

record cited in the patented file. Further, there is a substantial likelihood that a

reasonable examiner would consider the teachings of the reference important in

deciding whether or not claims 2 and 3 of Eberhard et al. [#5,712,926] are

patentable.

**14)** The request indicates that the requester considers independent claim 5 of Eberhard et al.

(U.S. Patent #5,712,926) to be anticipated under Section 102(b) by U.S. Patent No. 5,247,561 to

Kotowski, for the following reasons:

    **A)** That Kotowski describes an apparatus for detecting an explosive [NOTE: the abstract;

    lines 31-38 of column 6; etc,...], wherein the apparatus comprises:

        1) A scanner for scanning a three dimensional volume to determine the density of

        each of a plurality of voxels representing the three-dimensional volume [Note:

        lines 39-41 of column 5; figure 2; lines 17-19 of column 7; etc,...];

        2) A processor (@ 208) that includes:

Application/Control Number: 90/007,648                    Page 10
Art Unit: 3992

a) A contiguity identification module to connect and label voxels of the

plurality of voxels which have similar densities [NOTE: lines 25-39 of

column 6; etc,...];

b) An object identification module for:

1. Determining the volume of each contiguous region of voxels

having similar densities [NOTE: lines 31-38 of column 6; etc,...];

2. Comparing the volume of each such contiguous region to a first

threshold and identifying each such contiguous region that exceeds

the first threshold as a suspect region [NOTE: lines 34-38 of

column 6; etc,...];

3. Determining the mass of each suspect region [NOTE: lines 34-

38 of column 6; etc,...]; and

4. Comparing the mass of each suspect region to a second

threshold and identifying each suspect region which exceeds the

second threshold as a region potentially containing an explosive

[NOTE: lines 34-38 of column 6; etc,...].

Application/Control Number: 90/007,648                    Page 11
Art Unit: 3992

> *[Wherein a claim chart comparing the limitations of claim 5 to the Kotowski*
>
> *prior art is provided on pages 7-9 of said request].*

**It is agreed that consideration of the _Kotowski_ reference raises a substantial new question of patentability as to claim 5 of the <u>Eberhard et al.</u> patent (#5,712,926). The reference is not cumulative with respect to the prior art of record cited in the patented file. Further, there is a substantial likelihood that a reasonable examiner would consider the teachings of the reference important in deciding whether or not claim 5 of <u>Eberhard et al.</u> [#5,712,926] is patentable.**

<u>15)</u> The request indicates that the requester considers dependent claim 6 of <u>Eberhard et al.</u> (U.S. Patent #5,712,926) to be anticipated under Section 102(b) by U.S. Patent No. 5,247,561 to <u>Kotowski</u>, for the reasons explained for claim 1 above and, additionally, for following reasons:

A) That, with respect to claim 6, <u>Kotowski</u> describes the method of detecting an explosive further comprising the step of:

1) Employing differences between the density of a given voxel and voxels in planes above and below the given voxel to evaluate the contiguity of the voxels [NOTE: lines 28-39 of column 6; lines 48-56 of column 5; etc,... ].

Application/Control Number: 90/007,648                    Page 12
Art Unit: 3992

> *[Wherein a claim chart comparing the limitations of claim 6 to the Kotowski*
>
> *prior art is provided on pages 9 and 10 of said request].*

It is agreed that consideration of the *Kotowski* reference raises a substantial new question of patentability as to claim 6 of the Eberhard et al. patent (#5,712,926). The reference is not cumulative with respect to the prior art of record cited in the patented file. Further, there is a substantial likelihood that a reasonable examiner would consider the teachings of the reference important in deciding whether or not claim 6 of Eberhard et al. [#5,712,926] are patentable.

Application/Control Number: 90/007,648                    Page 13
Art Unit: 3992

**16)** The request indicates that the requester considers independent claim 1 of Eberhard et al.

(U.S. Patent #5,712,926) to be rendered obvious under Section 103 by U.S. Patent No. 5,247,561

to Kotowski in view of US Patent No. 5,150,427 to Frazee for the following reasons:

> **A)** That Kotowski describes a method of detecting an explosive [NOTE: the abstract;
> lines 31-38 of column 6; etc,...], wherein the method comprises the steps of:

>> 1) Scanning a three dimensional volume to determine the density of each of a
>> plurality of voxels representing the three-dimensional volume [Note: lines 39-41
>> of column 5; figure 2; lines 17-19 of column 7; etc,...];

>> 2) Connecting and labeling voxels of the plurality of voxels which have similar
>> densities [NOTE: lines 25-39 of column 6; etc,...];

>> 4) Determining the volume of each contiguous region of voxels having similar
>> densities [NOTE: lines 31-38 of column 6; etc,...];

>> 5) Comparing the volume of each such contiguous region to a first threshold and
>> identifying each such contiguous region which exceeds the first threshold as a
>> suspect region [NOTE: lines 34-38 of column 6; etc,...];

Application/Control Number: 90/007,648                    Page 14
Art Unit: 3992

6) Determining the mass of each suspect region [NOTE: lines 34-38 of column 6;
etc,...]; and

7) Comparing the mass of each suspect region to a second threshold and
identifying each suspect region that exceeds the second threshold as a region
potentially containing an explosive [NOTE: lines 34-38 of column 6; etc,...].

**B)** That Frazee describes a process to connect and label voxels with similar densities to
identify regions  [NOTE: lines 17-30 of column 2; lines 49-53 of column 2; etc,...].

**C)** That it would have been obvious to use the process described by Frazee to perform the
required detection of contiguity that is required in Kotowski being that Frazee evidences
the state of the art on which the Kotowski is based and/or relies.

*[Wherein a claim chart comparing the limitations of claim 1 to the Kotowski and Frazee*
*prior art is provided on pages 10-14 of said request].*

**It is agreed that consideration of the *Kotowski* and *Frazee* references raises a**
**substantial new question of patentability as to claim 1 of the Eberhard et al.**
**patent (#5,712,926). The references are not cumulative with respect to the prior art**
**of record cited in the patented file.  Further, there is a substantial likelihood that a**

Application/Control Number: 90/007,648                    Page 15
Art Unit: 3992

**reasonable examiner would consider the teachings of the references important in**

**deciding whether or not claim 1 of Eberhard et al. [#5,712,926] is patentable.**

<u>17)</u> The request indicates that the requester considers dependent claims 2 and 3 of <u>Eberhard et al.</u>

(U.S. Patent #5,712,926) to be rendered obvious under Section 103 by U.S. Patent No. 5,247,561

to <u>Kotowski</u> in view of US Patent #5,150,427 to <u>Frazee</u> for the reasons explained for claim 1

above and, additionally, for following reasons:

   **A)** That, with respect to claim 2, <u>Kotowski</u> describes the method of detecting an

   explosive further comprising the step of:

      1) Further inspecting the three-dimensional volume to confirm the presence of an

      explosive [NOTE: lines 34-38 of column 6; etc,…].

   **B)** That, with respect to claim 3, <u>Kotowski</u> describes the method of detecting an

   explosive further comprising the step of:

      1) Further "manually" inspecting the three-dimensional volume to confirm the

      presence of an explosive [NOTE: lines 34-38 of column 6; etc,…].

Application/Control Number: 90/007,648                    Page 16
Art Unit: 3992

> *[Wherein a claim chart comparing the limitations of claims 2 and 3 to the <u>Kotowski</u>*
>
> *prior art is provided on page 14 of said request].*

**It is agreed that consideration of the _Kotowski_ and _Frazee_ references raises a
substantial new question of patentability as to claims 2 and 3 of the <u>Eberhard et
al.</u> patent (#5,712,926). The references are not cumulative with respect to the prior
art of record cited in the patented file. Further, there is a substantial likelihood
that a reasonable examiner would consider the teachings of the references
important in deciding whether or not claims 2 and 3 of <u>Eberhard et al.</u> [#5,712,926]
are patentable.**

<u>**18)**</u> The request indicates that the requester considers independent claim 5 of <u>Eberhard et al.</u>
(U.S. Patent #5,712,926) to be rendered obvious under Section 103 by U.S. Patent No. 5,247,561
to <u>Kotowski</u> in view of US Patent #5,150,427 for the following reasons:

   **A)** That <u>Kotowski</u> describes an apparatus for detecting an explosive [NOTE: the abstract;
   lines 31-38 of column 6; etc,...], wherein the apparatus comprises:

Application/Control Number: 90/007,648                    Page 17
Art Unit: 3992

    1) A scanner for scanning a three dimensional volume to determine the density of

each of a plurality of voxels representing the three-dimensional volume [Note:

lines 39-41 of column 5; figure 2; lines 17-19 of column 7; etc,...];

    2) A processor (@ 208) that includes:

        a) A contiguity identification module to connect and label voxels of the

plurality of voxels which have similar densities [NOTE: lines 25-39 of

column 6; etc,...];

        b) An object identification module for:

            1. Determining the volume of each contiguous region of voxels

having similar densities [NOTE: lines 31-38 of column 6; etc,...];

            2. Comparing the volume of each such contiguous region to a first

threshold and identifying each such contiguous region that exceeds

the first threshold as a suspect region [NOTE: lines 34-38 of

column 6; etc,...];

Application/Control Number: 90/007,648                    Page 18
Art Unit: 3992

3. Determining the mass of each suspect region [NOTE: lines 34-38 of column 6; etc,...]; and

4. Comparing the mass of each suspect region to a second threshold and identifying each suspect region which exceeds the second threshold as a region potentially containing an explosive [NOTE: lines 34-38 of column 6; etc,...].

B) That Frazee describes a process to connect and label voxels with similar densities to identify regions [NOTE: lines 17-30 of column 2; lines 49-53 of column 2; etc,...].

C) That it would have been obvious to use the process described by Frazee to perform the required detection of contiguity that is required in Kotowski being that Frazee evidences the state of the art on which the Kotowski is based and/or relies.

*[Wherein a claim chart comparing the limitations of claim 5 to the Kotowski and Frazee prior art is provided on pages 15-18 of said request].*

**It is agreed that consideration of the *Kotowski* and *Frazee* references raises a substantial new question of patentability as to claim 5 of the Eberhard et al. patent (#5,712,926). The references are not cumulative with respect to the prior art**

Application/Control Number: 90/007,648                    Page 19
Art Unit: 3992

**of record cited in the patented file.  Further, there is a substantial likelihood that a reasonable examiner would consider the teachings of the references important in deciding whether or not claim 5 of Eberhard et al. [#5,712,926] is patentable.**

<u>19)</u> The request indicates that the requester considers dependent claim 6 of Eberhard et al. (U.S. Patent #5,712,926) to be rendered obvious under Section 103 by U.S. Patent No. 5,247,561 to Kotowski in view of US Patent #5,150,427 to Frazee for the reasons explained for claim 1 above and, additionally, for following reasons:

    **A)** That, with respect to claim 6, <u>Kotowski</u> and <u>Frazee</u> describe the method of detecting an explosive further comprising the step of:

        1) Employing differences between the density of a given voxel and voxels in planes above and below the given voxel to evaluate the contiguity of the voxels [NOTE: lines 28-39 of column 6 and lines 48-56 of column 5 of Kotowski; lines 25-30 and 49-53 of column 2 of Frazee; etc,...].

    *[Wherein a claim chart comparing the limitations of claim 6 to the <u>Kotowski</u> and <u>Frazee</u> prior art is provided on pages 18 and 19 of said request].*

Application/Control Number: 90/007,648                                    Page 20
Art Unit: 3992

**It is agreed that consideration of the _Kotowski_ and Frazee references raises a**

**substantial new question of patentability as to claim 6 of the Eberhard et al.**

**patent (#5,712,926). The reference is not cumulative with respect to the prior art of**

**record cited in the patented file. Further, there is a substantial likelihood that a**

**reasonable examiner would consider the teachings of the reference important in**

**deciding whether or not claim 6 of Eberhard et al. [#5,712,926] are patentable.**


20) The request indicates that the requester considers dependent claim 6 of Eberhard et al. (U.S.

Patent #5,712,926) to be rendered obvious under Section 103 by U.S. Patent No. 5,247,561 to

Kotowski in view of US Patent #5,150,427 to Frazee and US patent #4,991,224 to Takahashi for

the reasons explained for claim 1 above and, additionally, for following reasons:


> **A)** That, with respect to claim 6, Kotowski, Frazee, and Takahashi describe the method of
>
> detecting an explosive further comprising the step of:
>
>> 1) Employing differences between the density of a given voxel and voxels in
>>
>> planes above and below the given voxel to evaluate the contiguity of the voxels
>>
>> [NOTE: lines 28-39 of column 6 and lines 48-56 of column 5 of Kotowski; lines
>>
>> 25-30 and 49-53 of column 2 of Frazee; lines 49-52 of Takahashi; etc,...].
>
> _[Wherein a claim chart comparing the limitations of claim 6 to the Kotowski, Frazee,_
>
> _and Takahashi prior art is provided on pages 20 and 21 of said request]._

Application/Control Number: 90/007,648                    Page 21
Art Unit: 3992

It is agreed that consideration of the *Kotowski*, *Frazee*, and *Takahashi* references raises a substantial new question of patentability as to claim 6 of the Eberhard et al. patent (#5,712,926). The references are not cumulative with respect to the prior art of record cited in the patented file.  Further, there is a substantial likelihood that a reasonable examiner would consider the teachings of the references important in deciding whether or not claim 6 of Eberhard et al. [#5,712,926] is patentable.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Application/Control Number: 90/007,648                Page 22
Art Unit: 3992


19) All of the references cited by the requester are deemed to

raise substantial new questions of patentability that have not

been decided during the examination of the Eberhard et al

[#5,712,926] patent.  Accordingly, the request for reexamination

is granted.


20) All claims will be reexamined.


21) The patent owner is reminded of the continuing

responsibility under 37 CFR 1.565(a), to apprise the Office of

any litigation activity, or other prior or concurrent

proceeding, involving Patent No. 5,905,806 throughout the course

of this reexamination proceeding.  See MPEP §§ 2207, 2282 and

2286.


***************************************************************

Application/Control Number: 90/007,648                    Page 23
Art Unit: 3992


**22) All** correspondence relating to this ex *parte* reexamination proceeding should be directed:

By U.S. Postal Service Mail:

> Mail Stop *Ex Parte* Reexam
> Central Reexamination Unit
> Office of Patent Legal Administration
> United States Patent & Trademark Office
> P.O. Box 1450
> Alexandria, VA 22313-1450

By FAX to:        (571) 273-9900
                  Central Reexamination Unit


By hand:          Customer Service Window
                  Randolph Building
                  401 Dulany Street
                  Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the examiner, or as
to the to the status of this proceeding, should be directed to the Central Reexamination Unit at
telephone number (571) 272-7705.

David E. Harvey
Primary Examiner
(571) 272-7345

Conferee

Conferee
SPRE 3992