IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

**SUPPLEMENTARY MEMORANDUM ON NEW EVIDENCE
IN SUPPORT OF L-3'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), respectfully requests leave to file this supplemental memorandum to inform the Court of newly discovered evidence. Since the Magistrate Judge issued her Report and Recommendation on September 19, 2005 (D.I. 129), two significant developments have occurred. First, the TSA has now twice indicated to L-3 that it has not granted its authorization and consent or otherwise assumed liability for patent infringement. The Magistrate Judge's conclusion that the Government has assumed liability for infringement by Reveal Imaging Technologies, Inc. ("Reveal") is thus contradicted by the facts. Second, Reveal disclosed on October 5, 2005 that it has made an infringing non-immunized sale of four CT-80's. Because of the imminent and irreparable harm that will occur as a result of this sale, Reveal should be enjoined from making that sale as well as all other non-immunized sales.

**I.    A PRELIMINARY INJUNCTION SHOULD BE GRANTED BECAUSE ALL THE EVIDENCE PROVES THAT THE GOVERNMENT HAS NOT GIVEN ITS AUTHORIZATION AND CONSENT OR OTHERWISE ASSUMED LIABILITY FOR PATENT INFRINGEMENT.**

Since the Magistrate Judge issued her Report and Recommendation on L-3's motion, the TSA has twice explicitly confirmed that it has not granted authorization and consent to Reveal in

942613.1

the reduced-sized EDS procurement process. First, on September 27, 2005, after the award was decided, Marc Efron, L-3's outside counsel, called Ross Dembling, a lawyer with the TSA who is working on the EDS procurement. See Exhibit A to D.I. 133, Declaration of Marc Efron, ¶¶ 1-2. Mr. Dembling indicated that he was aware of the instant litigation. Id. ¶ 3. Furthermore, he made clear that the TSA has not granted its authorization and consent for patent infringement. Id. ¶ 4.

On that same day, TSA Contracting Officer Jamie Thompson informed L-3 employee Christine Lindsey that Reveal had been awarded a contract under the RFP and that L-3 would not be awarded a contract. Declaration of Christine Lindsey ¶ 4, attached to this filing as Ex. A. The Contracting Officer is the appointed TSA official with authority for selecting which bidders receive an award, determining contractual terms and conditions, and executing the resulting contract. Id. ¶ 3.

As a general practice, after a procurement contract has been awarded, the TSA offers to hold a separate individual "debriefing" session with those bidders that do not receive an award. Id. ¶ 5. The purpose of the debriefing session is to answer questions about the award, and the process and considerations that led to it. Id.

On October 6, 2005, Christine Lindsey participated in such a debriefing conference with Jamie Thompson regarding the reduced-sized EDS procurement. Id. ¶ 6. Mr. Thompson indicated that L-3's proposal was considered, but that Reveal's proposal was selected. Id. ¶ 7. Mr. Thompson was asked whether the contract awarded to Reveal included an "authorization and consent" clause for patent infringement. Id. ¶ 8. Mr. Thompson responded that the terms of Reveal's contract were identical to those of the published contract in the final FRP, which did not contain an authorization and consent clause. Id.

Mr. Thompson was also asked whether the Government had accepted liability or immunized Reveal for patent infringement. Id. ¶ 9. He responded that the Government had <u>not</u> accepted liability or immunized Reveal for any patent infringement. Id.

Reveal's "authorization and consent" argument relied on the unsupported inference that the Government had "implicitly" waived its sovereign immunity and assumed liability for patent infringement. E.g., D.I. 114 at 5 ("authorization and consent should be implied"); D.I. 118 at 14 (urging the Court to find "implied consent"); D.I. 119 ¶ 33. Any "implicit" authorization argument fails in the face of the clear evidence that the TSA has expressly **not** granted its authorization and consent or otherwise assumed liability for Reveal's patent infringement.

As discussed at length in L-3's Objections (D.I. 133 at 15-17), granting Reveal immunity under 28 U.S.C. § 1498 in the absence of any express or implied authorization and consent on the part of the Government will expose L-3 to the risk of an uncompensated eminent domain taking of L-3's patent rights with no remedy in any court. See <u>McConnell v. Federal Election Commision</u>, 540 U.S. 93, 180 (2003); <u>Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank</u>, 527 U.S. 627, 642 (1999). The fact that the Government has now twice made clear that it has not granted immunity under § 1498 permits only one conclusion: that this Court has jurisdiction over **all** of Reveal's infringing activities. Accordingly, Reveal's motion for a preliminary injunction should be granted.[1]

II.  **A PRELIMINARY INJUNCTION SHOULD ALSO ISSUE AGAINST FOREIGN SALES THAT REVEAL ACKNOWLEDGES CANNOT BE IMMUNIZED.**

Reveal has also recently produced new evidence that it has (1) bid on two public tenders with its infringing CT-80 and (2) made a sale of CT-80's to a Mexican customer. See Attached

---

[1] The Magistrate Judge's denial of L-3's Motion rested exclusively on its finding that § 1498 applies to this contract. See D.I. 129 at 2 ("[T]his court concludes that § 1498 is applicable to the TSA contract. Therefore, this court recommends to the District Judge to whom this case is assigned that L-3's motion for a preliminary injunction (Docket No. 94) be DENIED.").

Exs. B and C. Reveal did not notify L-3 of its offers for sale in the Bahamas and Mexico until Friday, September 16, 2005 (Ex. B), well after this Motion had been extensively briefed and the Magistrate Judge had held a hearing on the matter. The Magistrate Judge's Report was issued Monday, September 19, 2005, the following business day. Moreover, Reveal did not disclose it had actually made an infringing sale to a Mexican airport operator until October 5, 2005. (Ex. C).

    L-3 has repeatedly argued that Reveal's "silver bullet" theory of immunization, while deficient even with respect to Government sales, as discussed above, cannot possibly apply to sales to entities other than the Government. See Applera Corporation v. MJ Research, Inc., 311 F.Supp.2d 293, 299 (D. Conn. 2004) (noting that § 1498 applies only when a "governmental grant or contract...[provides] the Government's authorization or consent to be sued."). Reveal has not offered any argument to the contrary, nor could it, as the language of 28 U.S.C. § 1498 plainly applies only to work done "by or for" the United States.

    Moreover, L-3's preliminary injunction papers make clear that foreign sales will result in the same irreparable harm as domestic sales: price erosion, market entrenchment, permanently lost customers, and lost revenue from support, maintenance, and follow-on sales that will be impossible to calculate. See Declaration of Allen R. Barber (D.I. 99). It is well recognized that this sort of harm justifies preliminary relief in a patent infringement case. E.g., B. F. Goodrich Flight Systems v. Insight Instruments, 22 U.S.P.Q.2d 1832, 1844 (S.D. Ohio 1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (finding irreparable harm through erosion of customer confidence and the loss of customers who purchased infringing products because "Once you lose a customer, he's gone forever").

    Now that a foreign sale has actually occurred and at least one other offer is outstanding, the need for a preliminary injunction is even more urgent. Accordingly, the Court should enjoin

Reveal from these making these infringing sales, as well as all other sales that cannot possibly fall within the scope of 28 U.S.C. § 1498.

## CONCLUSION

The new evidence that the TSA has disavowed responsibility for Reveal's infringement and the disclosure that Reveal is making foreign sales should be considered by this Court in reviewing the recommendation of the Magistrate Judge. Based on all the evidence, a preliminary injunction should be entered.

Respectfully submitted,

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

October 12, 2005        ____/s/ James J. Foster_____
Michael A. Albert, BBO # 558566
James J. Foster, BBO # 553285
Robert M. Abrahamsen, BBO # 636635
Adam J. Kessel, BBO # 661211
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646.8000
Fax: 617.646.8646
malbert@wolfgreenfield.com