IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

**SUPPLEMENTAL FILING IN OPPOSITION TO REVEAL'S MOTION TO STAY PENDING REEXAMINATION OF THE SIX PATENTS-IN-SUIT**

L-3 requests leave to submit this supplemental brief to clarify issues that arose at the hearing on Reveal's renewed motion to stay on October 27, 2005, and to notify the Court of two recent court decisions that reinforce the correctness of the Court's denial of a stay in this case.

This case is ready for speedy determination. After the October 27, 2005 hearing, L-3 reviewed the materials that have been produced in discovery, and in order to simplify the summary judgment process, expects to move for summary judgment with respect to only a total of **seven representative claims** from those three patents as to which there are clearly no material facts in dispute. If L-3's motion for summary judgment is granted on **any** one of these claims, then Reveal's liability would be established and a permanent injunction would be awarded. That could obviate the need to pursue the other claims that have been asserted in this action.

Secondly, to clarify a point raised at the hearing, a final judgment from this Court will resolve this case, regardless of what later happens at the Patent Office.

**Recent Holdings**

Two recent cases address the issue at hand. Centillion Data Systems, LLC v. Convergys Corp., 2005 WL 2045786 (S. D. Ind. Aug. 24, 2005), a case exactly on point with the facts here,

was decided subsequent to the time of the original briefing on Reveal's Motion to Stay (D.I. 90). In Centillion, the defendant moved for a stay after it filed a request for reexamination of the patent-in-suit. The court denied the motion, but left open whether the court would revisit the issue later. When the PTO granted the reexamination request, the defendant, as here, filed a renewed motion to stay in light of the granting of the request.

The court reviewed the factors that affect the decision whether to grant a stay pending reexamination and agreed with the plaintiff that the reexamination would not "significantly change the core infringement issues" in the lawsuit and that a stay "would unduly prejudice [the plaintiff's] ability to enforce its patents."[1] The court focused on the timing of the request for reexamination, finding that the "request for a stay may be more of a dilatory tactic than one of necessity," and consequently denied the stay. Likewise in this case, the mere fact that the PTO has now granted all of Reveal's reexamination requests has no effect on the four factor analysis that militated against Reveal's motion in the first instance. Further, there has been no other intervening event that would favor Reveal on any of those factors. In fact, Reveal's dilatory motive is even clearer now that the first phase of discovery is complete.

Similarly, in another just recently issued decision, also quite similar to the facts of this case, a court found that the defendants' tactical use of reexamination proceedings was an **overriding** consideration in denying a stay, and further noted that the defendants' delay in seeking reexamination suggested that the requests were unlikely to result in invalidation of the patent-in-suit:

---

[1] These factors, discussed more fully in L-3's opposition to Reveal's original motion for a stay (D.I. 106) are (1) whether a stay would unfairly prejudice or present a tactical disadvantage to the non-moving party; (2) whether the party seeking the stay is using it as a dilatory tactic; (3) whether the stay will simplify the issues in question; and (4) whether the case has progressed past the initial stages of the lawsuit and discovery has been taken. E.g., Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999). All four factors support denial of a stay, as the Court previously held.

> [T]he request for reexamination appears to be motivated more by a desire for tactical delay than a belief that the prior art cited in the reexamination request is invalidating. If the Defendants had truly believed that this prior art invalidates some or all of the '088 Patent's claims, it seems likely that the Defendants would have requested reexamination one and a half years ago, before spending millions of dollars on litigation. Further, reexamination only deals with invalidity from printed prior art. Unless all claims were invalidated, a result that has a one-in-ten probability, this court would still need to deal with issues concerning other types of prior art, liability, and damages.

Lectrolarm Custom Services, Inc. v. Vicon Industries, Inc., 2005 WL 2175436, at 3 (W.D. Tenn., Sep. 1, 2005).

The court denied the stay, noting that "most significantly, granting [the defendant's] motion to stay would impermissibly permit [the defendant] to abuse the reexamination process. The Defendants were aware of the allegedly invalidating prior art that is central to their request for reexamination long before they actually submitted the request to the PTO. … There is no reason that [the defendant] could not have requested a reexamination months or years earlier. Consequently, staying the case at this point in the litigation would permit [the defendant] to 'abuse the process by applying for reexamination after protracted, expensive discovery or trial preparation.'"

In this case, as in Lectrolarm and Centillion, protracted and expensive discovery has occurred—and is now complete. Reveal has not adduced a scintilla of evidence that its motives are anything other than dilatory. In fact, at the June 28, 2005 hearing on Reveal's first request to stay L-3's first summary judgment motion, notwithstanding the fact that Reveal had already sought reexamination, it represented to the Court that it merely needed more discovery before the merits of the case could be considered in November. See 6/28/05 Tr. at 8 ("**THE COURT: So on your schedule, the summary judgment would be appropriately filed after the response to the expert reports? MR. HAMELINE: Correct.**"). That discovery has now occurred.

At the time it made that representation, Reveal had already filed two of its reexamination requests and was in the process of completing the four others. The cases are clear that stays should be denied in the face of this sort of tactical maneuvering. E.g., Remington Arms Co. v. Modern Muzzleloading, Inc., 1998 WL 1037920 (M.D.N.C. Dec. 17, 1998) ("Parties should not be permitted to abuse the process by applying for reexamination after protracted, expensive discovery or trial preparation."); Freeman v. Minn. Mining & Mfg. Co., 661 F. Supp. 886, 888 (D. Del. 1987) ("To allow [the defendant] to now use the reexamination process to get this case stayed would be to allow a defendant to use the reexamination as a mere dilatory tactic.").

**A Stay Would Cause Further Harm Due to Foreign Sales**

Moreover, now that Reveal has consummated an infringing sale in Mexico and admits to aggressive marketing and proposals efforts elsewhere (see Exs. B and C to D.I. 137), L-3 will suffer irreparable harm if a stay is granted, at least in the absence of a preliminary injunction to preserve the status quo. If staying the case was inappropriate before this sale was made (as the Court correctly held), it is even more so now.

**The PTO Proceedings Will Neither Resolve  Nor Simplify the Case**

Contrary to Reveal's representations at the October 27, 2005 hearing and in its papers, a stay will not simplify this case. The case will be **more** complicated if it is stayed until after the reexamination. Although discovery is now over, if the case is stayed, Reveal would argue at the end of the reexamination that discovery would need to be reopened with respect to the reexamination proceeding itself. Reveal would also likely present the Court with a host of new legal arguments based on the Patent Office reexamination proceedings. E.g., Laitram Corp. v. NEC Corp., 952 F.2d 1357, 1364 (Fed. Cir. 1991) (denying defendant's motion for summary judgment relating to whether reexamination proceeding resulted in substantive change of claims

at issue).  There is also no doubt that Reveal could—and would—repeat all the same invalidity arguments it made to the Patent Office over again in court, since it will not be bound by the Patent Office's decision.  See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1428 (Fed. Cir. 1988).

More to the point, a final judgment by this Court will not be affected by subsequent Patent Office actions.[2]  Notably, the Supreme Court just last week refused to stay an injunction in a patent infringement case involving the BlackBerry wireless email device technology despite a Patent Office reexamination action rejecting the claims of the patents-in-suit, just as the Federal Circuit had done a few days prior.  Mark Heinzl, U.S. Supreme Court Denies RIM's Emergency Appeal, Wall Street Journal, Oct. 27, 2005, at B8.  See also Viskase Corp. v. American Nat. Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001) (affirming district court's refusal to reopen case after final judgment in light of subsequent Patent Office proceedings).  Given the length of time complete reexamination (including appeals) of the patents-in-suit is likely to take, this case should be fully resolved well before any final decision by the Patent Office.

In short,. L-3 is prepared to simplify the issues in this case by filing, after November 10 (consistent with the Court's scheduling order), a summary judgment motion limited to seven representative claims that will demonstrate that Reveal infringes the patents-in-suit.  The recently decided cases discussed above make clear that Reveal's motion for reconsideration continues to be without basis in law, and should be denied.

---

[2] The Patent Office, however, will take notice of this Court's decisions.  If the Court finds the patents-in-suit invalid, the Patent Office will end the reexamination, and the matter will be fully concluded.  MPEP § 2286 ("If all of the claims in the reexamination proceeding are finally held invalid or unenforceable, the reexamination will be vacated by the TC Director as no longer containing a substantial new question of patentability and the reexamination will be concluded").  If the Court upholds the patents, the Patent Office will take notice of that decision.  Id. ("Where the reexamination proceeding is currently pending and the court decision issues, or the Office becomes aware of a court decision relating to a pending reexamination proceeding, the order to reexamine is reviewed to see if a substantial new question of patentability is still present.")

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC., |
|  | By its attorneys, |
| October 31, 2005 | ____/s/ Michael A. Albert_____<br>Michael A. Albert, BBO # 558566<br>James J. Foster, BBO # 553285<br>Robert M. Abrahamsen, BBO # 636635<br>Adam J. Kessel, BBO # 661211<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Avenue<br>Boston, Massachusetts 02210<br>Tel.: 617.646.8000<br>Fax: 617.646.8646<br>malbert@wolfgreenfield.com |