UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) | C.A. No. 04-11884-NG |
| v. | ) | (Magistrate Judge Judith Gail Dein) |
| REVEAL IMAGING TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO AMEND PROTECTIVE ORDER TO PROHIBIT THE
DISCLOSURE OF THIRD-PARTY GENERAL ELECTRIC'S CONFIDENTIAL
INFORMATION AND TESTIMONY TO THE PARTIES' IN-HOUSE LEGAL STAFF

Defendant Reveal Imaging Technologies, Inc. ("Reveal") hereby requests that this Court

amend the current Protective Order in this matter, dated March 18, 2005 (the "March 18

Protective Order"), regarding confidentiality of discovery materials and execute the amended

order (the "Amended Order") enclosed herewith. The proposed Amended Order modifies only

paragraph 7 of the March 18 Protective Order by prohibiting the disclosure to in-house legal staff

of Reveal and Plaintiff L-3 Communications, Security and Detection Systems ("L-3") of

confidential materials and testimony provided by third parties General Electric, GE Healthcare,

GE Global Research, GE InVision, Inc. and GE Transportation, Aircraft Engines (together, the

"GE entities"), in response to subpoenas issued by Reveal. This request is being made to address

solely objections raised by the GE entities in response to document subpoenas served upon them,

and the proposed amendment to the March 18 Protective Order is limited only to discovery

provided by the GE entities.

As further grounds for this request, Reveal states as follows:

-1-

1.      On or about March 18, 2005, this Court executed the March 18 Protective Order, which governs any document or other thing subject to the production or inspection, interrogatory answer, deposition testimony, request for admission, admission, or other information obtained through any means of discovery, or any portion thereof, which has been designated confidential by a party to this lawsuit or any other third party, including cases where a party to this lawsuit asserts a confidentiality interest in any document or other thing that may be produced by a third party. A copy of the March 18 Protective Order is attached hereto as Exhibit A.

2.      The language of the March 18 Protective Order was adopted by the parties from a corresponding protective order entered into by and between the parties in a related case, currently pending in Suffolk Superior Court in Massachusetts entitled L-3 Communications Corporation et. al. v. Reveal Imaging Technologies, Inc., Suffolk Superior Court, Civil Action No. 03-5810 (the "State Court Case"). The claims in the State Court Case do not include the claims and defenses relating to the patents at issue in this matter, nor has Reveal sought the production of documents in the State Court Case from the GE entities.

3.      In April 2005, Reveal issued subpoenas in this matter to Dr. Jeffrey Eberhard and Dr. Meng-Ling Hsiao seeking materials relevant to the claims and defenses asserted in this matter. Dr. Eberhard currently is associated with GE Global Research and until recently, Dr. Hsiao also was associated with GE Global Research. At their depositions in this matter, held on September 2 and September 8, respectively, Drs. Eberhard and Dr. Hsiao were represented by, among others, L-3's counsel.

4.      Prior to the depositions of Drs. Eberhard and Hsiao, counsel for Reveal spent a substantial amount of time with in-house counsel for the GE entities in an effort to have the

documents sought by the subpoenas issued in April be made available to Reveal. During this period, counsel for Reveal was led to believe that Reveal and the GE entities would cooperate so that the requested materials would be made available to Reveal.

5.     During their respective depositions, Drs. Eberhard and Hsiao provided testimony relating to confidential GE technology, systems and products relevant to the claims and defenses in this matter. Prior to this deposition testimony, neither Reveal nor its attorneys were aware of the existence of this GE technology, systems and products, and therefore, the subpoenas issued to Drs. Eberhard and Hsiao in April could not have sought, and did not seek, the production of documents relating specifically to the technologies, systems and products that Drs. Eberhard and Hsiao described during their respective deposition testimony.

6.     In the wake of this deposition testimony, coupled with the fact that these technologies, systems and products predated the patents at issue in this matter, Reveal requested that the GE entities provide materials and documents relevant to these technologies, systems and products. Although the GE entities initially agreed to provide to Reveal materials relevant to the technologies, systems and products to which Drs. Eberhard and Hsiao had testified, the GE entities subsequently indicated that any production of these materials would require the issuance of subpoenas by Reveal to the GE entities.

7.     On or about September 21, 2005, Reveal served subpoenas upon the GE entities requesting the production of relevant documents and materials from the GE entities, including materials relating specifically to the technologies, systems and products that Drs. Eberhard and Hsiao had testified about during their respective depositions. Copies of the subpoenas served upon the GE entities are attached hereto as Exhibit B. Throughout the last several weeks,

counsel for Reveal has spent a substantial amount of time with counsel for the GE entities in an effort to have the requested documents made available to Reveal with as little burden to the GE entities as possible. These efforts have included, among other things, providing the GE entities with specific examples of documents sought by the subpoenas, narrowing the scope of the documents sought by the subpoenas, indicating likely repositories of responsive materials based upon information obtained by Reveal through discovery in this matter, and limiting the time frame for responsive materials.

8.    During this process, counsel for GE has indicated that relevant materials responsive to the subpoenas contain confidential information. Specifically, the materials provided by the GE entities may include, without limitation, information that may contain trade secrets, business plans, non-public product information and other potentially proprietary information. At the GE entities' requests, counsel for Reveal provided a copy of the March 18 Protective Order to GE in-house counsel as well as their outside counsel.

9.    By letters dated September 30, 2005, the GE entities objected to the document subpoenas. Copies of the letters dated September 30, 2005 on behalf of the GE entities are attached as Exhibit C. Specifically, counsel for the GE entities indicated that the GE entities would not provide relevant materials to Reveal unless the March 18 Protective Order provided additional protection for its confidential information by specifically prohibiting disclosure of the GE entities' confidential material to L-3's and Reveal's in-house legal staff. See Exhibit C.

10.    By letter dated October 7, 2005, counsel for Reveal addressed the issues regarding the document subpoenas raised by the GE entities. A copy of the October 7 letter is attached hereto as Exhibit D. In its continuing effort to obtain the documents and materials from the GE

entities and to resolve the issues regarding the document subpoenas, Reveal again provided the

GE entities with specific examples of documents sought by the subpoenas, further narrowed the

scope of the documents sought by the subpoenas, indicated likely repositories of responsive

materials based upon information obtained by Reveal through discovery in this matter, and

limited the time frame for responsive materials.

11.    Reveal also agreed to the GE entities's request to amend the March 18 Protective

Order so that any production of confidential information made by the GE entities in response to

the subpoenas would prohibit the disclosure of GE-produced materials to the parties' in-house

legal staff, but rather limit any such production to the parties' outside counsel and other

designated individuals.

12.    On or about October 26, 2005, Reveal and the GE entities agreed to the following

language that would only modify paragraph 7 of the March 18 Protective Order by prohibiting

the disclosure of confidential material provided by the GE entities – third parties in this matter –

to the parties' in-house legal staff:

> Except as otherwise agreed in writing by General Electric, GE
> Healthcare, GE InVision, Inc., GE Global Research and GE
> Transportation, Aircraft Engines (together, the "GE entities"),
> Material and testimony provided by the GE entities pursuant to
> subpoena and designated "CONFIDENTIAL" or "HIGHLY
> CONFIDENTIAL" may be disclosed only to those listed in
> subparagraphs a, d, e, f, g, h and i above, and not to those listed in
> subparagraphs b and c above.  Material and testimony provided by
> the GE entities pursuant to subpoena and designated
> "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be
> disclosed to persons listed in subparagraphs e only upon prior
> written consent by the GE entities, and subject to the satisfaction of
> conditions set forth herein.

See Proposed Amended Protective Order, ¶ 7 at p. 7.

13.     On or about November 2, 2005, however, L-3's outside counsel stated that L-3 would oppose any request made by Reveal to this Court to amend the March 18 Protective Order that would prohibit the disclosure of the GE entities' confidential material to L-3's in-house legal staff. L-3, however, provided no further explanation regarding its highly unusual position and continued insistence that its in-house legal staff be entitled to disclosure of a third-party's confidential material.

14.     For several months, and throughout the discovery period, Reveal has attempted to obtain materials and documents from the GE entities that are directly relevant to the claims and defenses in this matter. Reveal believes that the materials and documents provided by the GE entities in response to the document subpoenas also will be greatly beneficial and assist in the preparation of the supplemental expert reports, which currently are scheduled to be submitted to the Court on or before November 7, 2005. As a result, L-3's purported opposition to the request of the GE entities and Reveal's proposed Amended Protective Order is simply an apparent attempt by L-3 to further delay the completion of discovery in this matter, delay the production of relevant materials from the GE entities until the deadline for the submission of expert reports has lapsed, cause significant and unnecessary expense to Reveal and deflect Reveal's, as well as this Court's, attention from resolving the claims and defenses in this matter.

15.     The March 18 Protective Order can be modified only by this Court. See March 18 Protective Order, ¶ 18. The proposed Amended Order enclosed herewith modifies only paragraph 7 of the March 18 Protective Order by including a further limitation as to whom the materials and testimony provided by the GE entities in response to subpoenas may be disclosed. The GE entities are not parties to this lawsuit. As stated above, however, Reveal anticipates that

the materials provided by the GE entities may include, among other things, potentially proprietary information, and therefore, a further limitation as to whom the GE materials may be disclosed is warranted. Therefore, approval of the Amended Order by the Court will ensure that the parties and third parties who may be shown confidential information provided by the GE entities and notified of the Order will be bound to treat the information confidentially as set forth in the Amended Order.

16.    Reveal's intent for this Amended Order is to allow the parties to use confidential materials and testimony provided by the GE entities, subject to the Court's protection, to frame issues for summary judgment and/or trial in a more coherent fashion, thus ultimately promoting judicial economy.

17.    While Reveal does not see the need to keep confidential material provided by the GE entities from in-house legal staff, Reveal nevertheless is willing to accept this limitation requested by the GE entities in order to obtain the requested materials at issue, and to avoid further delay in their production and further expense to the parties. Reveal, therefore, requests that this Court modify the March 18 Protective Order as it relates only to the confidential materials and testimony provided by the GE entities in response to the subpoenas.

WHEREFORE, Reveal requests that its motion to approve the Amended Order be allowed.

Respectfully submitted,

**REVEAL IMAGING TECHNOLOGIES, INC.**

By its attorneys,

/s/ Thomas E. Lent
Thomas E. Lent (BBO# 644970)
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
Tel: 617-367-1970

H. Joseph Hameline (BBO# 218710)
A. Jason Mirabito (BBO# 349440)
Michael T. Renaud (BBO# 629783)
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, MA 02111
Tel: 617-542-6000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

L-3 COMMUNICATIONS, SECURITY AND )
DETECTION SYSTEMS, INC., )
                                      )
                      Plaintiff, )      C.A. No. 04-11884-NG
       v. )      (Magistrate Judge Judith Gail Dein)
                                        )
REVEAL IMAGING TECHNOLOGIES, INC., )
                                        )
                      Defendant. )

### CERTIFICATE OF COMPLIANCE
### (Local Rule 7.1(A)(2)

      I, Thomas E. Lent, attorney for the Defendant Reveal Imaging Technologies, Inc.

("Reveal") in the above captioned action, hereby certify that on November 2, 2005, I conferred

with counsel for the Plaintiff and have attempted in good faith to resolve or narrow the issues

presented in Defendant's Motion to Amend the Protective Order, filed today, November 4, 2005.

                               Respectfully submitted,

                               REVEAL IMAGING TECHNOLOGIES, INC.

                               By its attorneys,

                               /s/ Thomas E. Lent
                               Thomas E. Lent (BBO #644970)
                               Lurie & Krupp, LLP
                               One McKinley Square
                               Boston, MA 02109
                               Tel: 617-367-1970

Dated:  November 4, 2005