AO88  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN _____ DISTRICT OF _____ NEW YORK

L-3 COMMUNICATIONS, SECURITY and
DETECTION SYSTEMS, INC.
V.
REVEAL IMAGING TECHNOLOGIES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  04-11884-NG
DISTRICT OF MASSACHUSETTS

TO:
GE GLOBAL RESEARCH
C/O DON INGRAHAM
ONE RESEARCH CIRCLE
NISKAYUNA, NY 12309

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED

BY FEDERAL EXPRESS

| PLACE Lurie & Krupp, LLP  One McKinley Square  Boston, MA 02109 | OR | Hiscock & Barclay, Attn. F.X. Matt  50 Beaver Street  Albany, NY 12207-2830 | DATE AND TIME  September 30, 2005  9:00 a.m. |
|---|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Thomas E. Lent_  Attorney for Defendant and Counter Claimant | 9/21/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas E. Lent
Lurie & Krupp, LLP
One McKinley Square, Boston, MA 02109    (617) 367-1970

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                    SIGNATURE OF SERVER

                                                            _____
                                                            ADDRESS OF SERVER

                                                            _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.    The term "**and/or**" for the connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of these definitions and subject matters all responses that might otherwise be construed to be outside of its scope.

2.    The term "**and**" and the term "**or**" should, unless the context does not permit such a construction, be construed to mean "and/or."

3.    The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

4.    The terms "**L-3**" and/or "**plaintiff**," as used herein, refer to and include plaintiff L-3 Communications, Security and Detection Systems, Inc., and any and all of its parents or predecessors, subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and other representatives.

5.    The terms "**Reveal**" and/or "**defendant**," as used herein, refer to and include defendant Reveal Imaging Technologies, Inc., and any and all of its parents or predecessors, subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and other representatives.

6.    The term/phrase "**third party**," as used herein, refers to and includes any individual, organization and/or business entity other than the plaintiff or defendant.

7.    The term "**person**," should be interpreted broadly and includes any individual, natural person, corporation, proprietorship, partnership, firm, trust, group, association, joint

venture, company, governmental agency, and/or any other legal or business entity, including governmental bodies and governmental agencies.

8.      The term "**document**" is used herein in its customary broad sense to include without limitation the following items, whether printed or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, letters, correspondence, communications, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, reports, laboratory and research reports and notebooks, engineering notebooks, charts, plans, drawings, photographs, minutes or recordings of meetings, including directors' meetings, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, data compilations, e-mail, source code, electronically stored data, computer tapes or disks, computer printouts, computer directories, computer files and all material fixed in a tangible medium, including computers, of whatever kind known to or in the possession, custody and/or control of defendant.  The term "document" also includes all copies, which are not identical to the original.

9.      The term "**communication**" should be construed in its broadest sense, and includes, but is not limited to, the following: correspondence, memoranda, notes, letters, and/or any record of any transmittal or exchange of information whether orally, in writing, in person, by telephone or otherwise.

10.    The term "**oral communication**" means any utterance to another person, whether in person, by telephone or otherwise, including voice-mail.

11.    The term/phrase "**prior art**," as used herein, shall be interpreted broadly and shall include, but not be limited to the following:

    a.    publications, whether printed or electronic, dated prior to the filing dates of any of the patents-in-suit, that relate to the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, such as books, magazines, trade and professional articles and journals, symposium proceedings, technical papers, and abstracts;

    b.    U.S. patents and patent applications that relate to the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, dated prior to the filing dates of any of the Patents-in-Suit;

    c.    Foreign patents and patent applications that relate to the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, dated prior to the filing dates of any of the Patents-in-Suit; and/or

    d.    any invention or development that relates to the subject matter of the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, whether described in writing or not, existing prior to the filing dates of any of the Patents-in-Suit.

12.    The terms/phrases "**referring to**," "**relating to**" and/or "**concerning**," as used herein, shall be interpreted broadly and shall include, but not be limited to, the following meanings: containing, recording, discussing, mentioning, noting, evidencing,

memorializing, analyzing, describing, commenting upon, pertaining to and/or referring to the matters set forth.

13.    The term/phrase "**the '391 Patent**" refers to United States Patent No. 6,721,391 entitled "Remote Baggage Screening System, Software and Method," attached as Schedule B.

14.    The term/phrase "**the '393 Patent**" refers to United States Patent No. 5,642,393 entitled "Detecting Contraband By Employing Interactive Multiprobe Tomography," attached as Schedule C.

15.    The term/phrase "**the '758 Patent**" refers to United States Patent No. 5,838,758 entitled "Device And Method For Inspection Of Baggage And Other Objects," attached as Schedule D.

16.    The term/phrase "**the '926 Patent**" refers to United States Patent No. 5,712,926 entitled "X-Ray Computed Tomography (CT) System For Detecting Thin Objects," attached as Schedule E.

17.    The term/phrase "**the '806 Patent**" refers to United States Patent No. 5,905,806 entitled "X-Ray Computed Tomograpy (CT) System For Detecting Thin Objects," attached as Schedule F.

18.    The term/phrase "**the '879 Patent**" refers to United States Patent No. 6,707,879 entitled "Remote Baggage Screening System, Software and Method," attached as Schedule G.

19.    The term/phrase "**Patents-in-Suit**" refers to the '391 Patent, the '393 Patent, the '758 Patent, the '926 Patent, the '806 Patent, and the '879 Patent.

4

## REQUESTS FOR DOCUMENTS

1.    Communications with L-3 relating to or referring to the Patents-in-Suit, such as e-mails, letters, faxes, minutes, and/or transcriptions of meetings.

2.    Documents created prior to August 1989 sufficient to describe the use of ScoutView and/or Scanogram methods for prescreening an item followed by a CT scan.

3.    Documents created prior to September 2000 sufficient to describe any networked storage and retrieval system used in analysis of x-ray data which stores x-ray images or data, links the information with a unique identifier, retrieves the information in response to a request for the analysis of the information and stores the information with the results of the analysis.

4.    Documents sufficient to describe the method for connecting contiguous voxels of a similar property.

LIT 1541221v.1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN                    DISTRICT OF    WISCONSIN

L-3 COMMUNICATIONS, SECURITY and
DETECTION SYSTEMS, INC.
                    V.                    **SUBPOENA IN A CIVIL CASE**

REVEAL IMAGING TECHNOLOGIES, INC.

Case Number:[1] 04-11884-NG
DISTRICT OF MASSACHUSETTS

TO:  GE HEALTHCARE
     ATTN: CARL HORTON
     3000 N. GRANDVIEW BLVD.
     WAUKESHA, WI 53188

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED

BY FEDERAL EXPRESS

| PLACE Lurie & Krupp, LLP<br>One McKinley Square<br>Boston, MA 02109 | DATE AND TIME<br>September 30, 2005<br>9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Thomas E. Lent*  Attorney for Defendant and Counter Claimant | 9/21/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas E. Lent
Lurie & Krupp, LLP
One McKinley Square, Boston, MA 02109        (617) 367-1970

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.  The term "**and/or**" for the connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of these definitions and subject matters all responses that might otherwise be construed to be outside of its scope.

2.  The term "**and**" and the term "**or**" should, unless the context does not permit such a construction, be construed to mean "and/or."

3.  The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

4.  The terms "**L-3**" and/or "**plaintiff**," as used herein, refer to and include plaintiff L-3 Communications, Security and Detection Systems, Inc., and any and all of its parents or predecessors, subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and other representatives.

5.  The terms "**Reveal**" and/or "**defendant**," as used herein, refer to and include defendant Reveal Imaging Technologies, Inc., and any and all of its parents or predecessors, subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and other representatives.

6.  The term/phrase "**third party**," as used herein, refers to and includes any individual, organization and/or business entity other than the plaintiff or defendant.

7.  The term "**person**," should be interpreted broadly and includes any individual, natural person, corporation, proprietorship, partnership, firm, trust, group, association, joint

venture, company, governmental agency, and/or any other legal or business entity, including governmental bodies and governmental agencies.

8. The term "**document**" is used herein in its customary broad sense to include without limitation the following items, whether printed or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, letters, correspondence, communications, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, reports, laboratory and research reports and notebooks, engineering notebooks, charts, plans, drawings, photographs, minutes or recordings of meetings, including directors' meetings, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, data compilations, e-mail, source code, electronically stored data, computer tapes or disks, computer printouts, computer directories, computer files and all material fixed in a tangible medium, including computers, of whatever kind known to or in the possession, custody and/or control of defendant. The term "document" also includes all copies, which are not identical to the original.

9. The term "**communication**" should be construed in its broadest sense, and includes, but is not limited to, the following: correspondence, memoranda, notes, letters, and/or any record of any transmittal or exchange of information whether orally, in writing, in person, by telephone or otherwise.

10.    The term "**oral communication**" means any utterance to another person, whether in person, by telephone or otherwise, including voice-mail.

11.    The term/phrase "**prior art**," as used herein, shall be interpreted broadly and shall include, but not be limited to the following:

    a.    publications, whether printed or electronic, dated prior to the filing dates of any of the patents-in-suit, that relate to the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, such as books, magazines, trade and professional articles and journals, symposium proceedings, technical papers, and abstracts;

    b.    U.S. patents and patent applications that relate to the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, dated prior to the filing dates of any of the Patents-in-Suit;

    c.    Foreign patents and patent applications that relate to the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, dated prior to the filing dates of any of the Patents-in-Suit; and/or

    d.    any invention or development that relates to the subject matter of the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, whether described in writing or not, existing prior to the filing dates of any of the Patents-in-Suit.

12.    The terms/phrases "**referring to**," "**relating to**" and/or "**concerning,**" as used herein, shall be interpreted broadly and shall include, but not be limited to, the following meanings:    containing,    recording,    discussing,    mentioning,    noting,    evidencing,

3

memorializing, analyzing, describing, commenting upon, pertaining to and/or referring to the matters set forth.

13.    The term/phrase "**the '391 Patent**" refers to United States Patent No. 6,721,391 entitled "Remote Baggage Screening System, Software and Method," attached as Schedule B.

14.    The term/phrase "**the '393 Patent**" refers to United States Patent No. 5,642,393 entitled "Detecting Contraband By Employing Interactive Multiprobe Tomography," attached as Schedule C.

15.    The term/phrase "**the '758 Patent**" refers to United States Patent No. 5,838,758 entitled "Device And Method For Inspection Of Baggage And Other Objects," attached as Schedule D.

16.    The term/phrase "**the '926 Patent**" refers to United States Patent No. 5,712,926 entitled "X-Ray Computed Tomography (CT) System For Detecting Thin Objects," attached as Schedule E.

17.    The term/phrase "**the '806 Patent**" refers to United States Patent No. 5,905,806 entitled "X-Ray Computed Tomograpy (CT) System For Detecting Thin Objects," attached as Schedule F.

18.    The term/phrase "**the '879 Patent**" refers to United States Patent No. 6,707,879 entitled "Remote Baggage Screening System, Software and Method," attached as Schedule G.

19.    The term/phrase "**Patents-in-Suit**" refers to the '391 Patent, the '393 Patent, the '758 Patent, the '926 Patent, the '806 Patent, and the '879 Patent.

## REQUESTS FOR DOCUMENTS

1.    Communications with L-3 relating to or referring to the Patents-in-Suit, such as e-mails, letters, faxes, minutes, and/or transcriptions of meetings.

2.    Documents created prior to August 1989 sufficient to describe the use of ScoutView and/or Scanogram methods for prescreening an item followed by a CT scan.

3.    Documents created prior to September 2000 sufficient to describe the Picture Archiving and Communication System (PACS), or other systems for the storage of X-Ray images and data, linking that information with a unique identifier, retrieving the information for analysis and storing the information with the result of the analysis.

4.    Documents sufficient to describe methods for three-dimensional image processing, including three-dimensional volumetric analysis, and/or used in connecting and labeling voxels of similar value.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN            DISTRICT OF    CALIFORNIA

L-3 COMMUNICATIONS, SECURITY and
DETECTION SYSTEMS, INC.                    **SUBPOENA IN A CIVIL CASE**
                V.
REVEAL IMAGING TECHNOLOGIES, INC.

Case Number:[1] 04-11884-NG
DISTRICT OF MASSACHUSETTS

TO:  GE InVISION, INC.
     ATTN: TIM BIXLER
     7151 GATEWAY BOULEVARD
     NEWARK, CA 94560

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
   in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):

SEE ATTACHED

BY FEDERAL EXPRESS

| PLACE  Lurie & Krupp, LLP | DATE AND TIME |
|---|---|
| One McKinley Square | September 30, 2005 |
| Boston, MA 02109 | 9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Thomas E. Lent_ Attorney for Defendant and Counter Claimant | 9/21/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas E. Lent
Lurie & Krupp, LLP
One McKinley Square, Boston, MA 02109    (617) 367-1970

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                            SIGNATURE OF SERVER

                                                                          _____
                                                                          ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.    The term **"and/or"** for the connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of these definitions and subject matters all responses that might otherwise be construed to be outside of its scope.

2.    The term **"and"** and the term **"or"** should, unless the context does not permit such a construction, be construed to mean "and/or."

3.    The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

4.    The terms **"L-3"** and/or **"plaintiff,"** as used herein, refer to and include plaintiff L-3 Communications, Security and Detection Systems, Inc., and any and all of its parents or predecessors, subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and other representatives.

5.    The terms **"Reveal"** and/or **"defendant,"** as used herein, refer to and include defendant Reveal Imaging Technologies, Inc., and any and all of its parents or predecessors, subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and other representatives.

6.    The term/phrase **"third party,"** as used herein, refers to and includes any individual, organization and/or business entity other than the plaintiff or defendant.

7.    The term **"person,"** should be interpreted broadly and includes any individual, natural person, corporation, proprietorship, partnership, firm, trust, group, association, joint

venture, company, governmental agency, and/or any other legal or business entity, including governmental bodies and governmental agencies.

8.   The term "**document**" is used herein in its customary broad sense to include without limitation the following items, whether printed or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, letters, correspondence, communications, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, reports, laboratory and research reports and notebooks, engineering notebooks, charts, plans, drawings, photographs, minutes or recordings of meetings, including directors' meetings, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, data compilations, e-mail, source code, electronically stored data, computer tapes or disks, computer printouts, computer directories, computer files and all material fixed in a tangible medium, including computers, of whatever kind known to or in the possession, custody and/or control of defendant.  The term "document" also includes all copies, which are not identical to the original.

9.   The term "**communication**" should be construed in its broadest sense, and includes, but is not limited to, the following: correspondence, memoranda, notes, letters, and/or any record of any transmittal or exchange of information whether orally, in writing, in person, by telephone or otherwise.

10.    The term "**oral communication**" means any utterance to another person, whether in person, by telephone or otherwise, including voice-mail.

11.    The term/phrase "**prior art**," as used herein, shall be interpreted broadly and shall include, but not be limited to the following:

    a.    publications, whether printed or electronic, dated prior to the filing dates of any of the patents-in-suit, that relate to the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, such as books, magazines, trade and professional articles and journals, symposium proceedings, technical papers, and abstracts;

    b.    U.S. patents and patent applications that relate to the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, dated prior to the filing dates of any of the Patents-in-Suit;

    c.    Foreign patents and patent applications that relate to the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, dated prior to the filing dates of any of the Patents-in-Suit; and/or

    d.    any invention or development that relates to the subject matter of the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, whether described in writing or not, existing prior to the filing dates of any of the Patents-in-Suit.

12.    The terms/phrases "**referring to**," "**relating to**" and/or "**concerning,**" as used herein, shall be interpreted broadly and shall include, but not be limited to, the following meanings:  containing,  recording,  discussing,  mentioning,  noting,  evidencing,

3

memorializing, analyzing, describing, commenting upon, pertaining to and/or referring to the matters set forth.

13.    The term/phrase "**the '391 Patent**" refers to United States Patent No. 6,721,391 entitled "Remote Baggage Screening System, Software and Method," attached as Schedule B.

14.    The term/phrase "**the '393 Patent**" refers to United States Patent No. 5,642,393 entitled "Detecting Contraband By Employing Interactive Multiprobe Tomography," attached as Schedule C.

15.    The term/phrase "**the '758 Patent**" refers to United States Patent No. 5,838,758 entitled "Device And Method For Inspection Of Baggage And Other Objects," attached as Schedule D.

16.    The term/phrase "**the '926 Patent**" refers to United States Patent No. 5,712,926 entitled "X-Ray Computed Tomography (CT) System For Detecting Thin Objects," attached as Schedule E.

17.    The term/phrase "**the '806 Patent**" refers to United States Patent No. 5,905,806 entitled "X-Ray Computed Tomograpy (CT) System For Detecting Thin Objects," attached as Schedule F.

18.    The term/phrase "**the '879 Patent**" refers to United States Patent No. 6,707,879 entitled "Remote Baggage Screening System, Software and Method," attached as Schedule G.

19.    The term/phrase "**Patents-in-Suit**" refers to the '391 Patent, the '393 Patent, the '758 Patent, the '926 Patent, the '806 Patent, and the '879 Patent.

## REQUESTS FOR DOCUMENTS

1.    Communications with L-3 relating to or referring to the Patents-in-Suit, such as e-mails, letters, faxes, minutes, and/or transcriptions of meetings.

2.    Documents created prior to August 1989 sufficient to describe the use of ScoutView and/or Scanogram methods and application for prescreening an item followed by a CT scan.

3.    Documents created prior to September 2000 sufficient to describe the Picture Archiving and Communication System (PACS) or other systems, for the storage and retrieval of X-Ray images and data linking the information with a unique identifier, retrieving the information for analysis and storing the information with the results of the analysis.

4.    Documents created prior to September 1995 sufficient to describe any Imatron Incorporated system, or technology, including Imatron Electron Beam Tomography (EBT) scanners, which performed a prescan or prescreen and a subsequent x-ray scan.

5.    Documents sufficient to describe the method for connecting contiguous voxels of a similar property.

TRA 2072606v.1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN | DISTRICT OF | OHIO

L-3 COMMUNICATIONS, SECURITY and
DETECTION SYSTEMS, INC.
V.
REVEAL IMAGING TECHNOLOGIES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  04-118884-NG
DISTRICT OF MASSACHUSETTS

TO: GE TRANSPORTATION AIRCRAFT ENGINES
     ATTN: ANDREW HESS
     1 NEUMANN WAY
     CINCINNATI, OH 45215-6301

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED

BY FEDERAL EXPRESS

| PLACE Lurie & Krupp, LLP<br>One McKinley Square<br>Boston, MA 02109 | DATE AND TIME<br>September 30, 2005<br>9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Thomos E. Lent* Attorney for Defendant and Counter Claimant | 9/20/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas E. Lent
Lurie & Krupp, LLP
One McKinley Square, Boston, MA 02109     (617) 367-1970

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

---

### PROOF OF SERVICE

| | DATE 9-21-2005 2:47pm | PLACE 1 Neumann Way Cincinnati, OH 45215 |
|---|---|---|

SERVED
Andrew Hess GE Transportation Aircraft Engines        by hand

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

|  | Process Serve |
|---|---|
| Annette Workman | |
| SERVED BY (PRINT NAME) | TITLE |

---

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    9-21-05
               DATE

Sigued before me  21st day of Sept, 2005
Patricia Wesselman

PATRICIA A. WESSELMAN
Notary Public, State of Ohio
My Commission Expires April 2004
                          June 26, 2006

SIGNATURE OF SERVER

4771 Glendale Milford Road
ADDRESS OF SERVER

Cincinnati, OH    45424

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.    The term "**and/or**" for the connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of these definitions and subject matters all responses that might otherwise be construed to be outside of its scope.

2.    The term "**and**" and the term "**or**" should, unless the context does not permit such a construction, be construed to mean "and/or."

3.    The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

4.    The terms "**L-3**" and/or "**plaintiff**," as used herein, refer to and include plaintiff L-3 Communications, Security and Detection Systems, Inc., and any and all of its parents or predecessors, subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and other representatives.

5.    The terms "**Reveal**" and/or "**defendant**," as used herein, refer to and include defendant Reveal Imaging Technologies, Inc., and any and all of its parents or predecessors, subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and other representatives.

6.    The term/phrase "**third party**," as used herein, refers to and includes any individual, organization and/or business entity other than the plaintiff or defendant.

7.    The term "**person**," should be interpreted broadly and includes any individual, natural person, corporation, proprietorship, partnership, firm, trust, group, association, joint

venture, company, governmental agency, and/or any other legal or business entity, including governmental bodies and governmental agencies.

8.  The term "**document**" is used herein in its customary broad sense to include without limitation the following items, whether printed or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, letters, correspondence, communications, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, reports, laboratory and research reports and notebooks, engineering notebooks, charts, plans, drawings, photographs, minutes or recordings of meetings, including directors' meetings, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, data compilations, e-mail, source code, electronically stored data, computer tapes or disks, computer printouts, computer directories, computer files and all material fixed in a tangible medium, including computers, of whatever kind known to or in the possession, custody and/or control of defendant. The term "document" also includes all copies, which are not identical to the original.

9.  The term "**communication**" should be construed in its broadest sense, and includes, but is not limited to, the following: correspondence, memoranda, notes, letters, and/or any record of any transmittal or exchange of information whether orally, in writing, in person, by telephone or otherwise.

10.    The term "**oral communication**" means any utterance to another person, whether in person, by telephone or otherwise, including voice-mail.

11.    The term/phrase "**prior art**," as used herein, shall be interpreted broadly and shall include, but not be limited to the following:

    a.    publications, whether printed or electronic, dated prior to the filing dates of any of the patents-in-suit, that relate to the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, such as books, magazines, trade and professional articles and journals, symposium proceedings, technical papers, and abstracts;

    b.    U.S. patents and patent applications that relate to the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, dated prior to the filing dates of any of the Patents-in-Suit;

    c.    Foreign patents and patent applications that relate to the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, dated prior to the filing dates of any of the Patents-in-Suit; and/or

    d.    any invention or development that relates to the subject matter of the subject matter of the inventions claimed or disclosed in any of the Patents-in-Suit, whether described in writing or not, existing prior to the filing dates of any of the Patents-in-Suit.

12.    The terms/phrases "**referring to**," "**relating to**" and/or "**concerning**," as used herein, shall be interpreted broadly and shall include, but not be limited to, the following meanings: containing, recording, discussing, mentioning, noting, evidencing,

memorializing, analyzing, describing, commenting upon, pertaining to and/or referring to the matters set forth.

13.    The term/phrase "**the '391 Patent**" refers to United States Patent No. 6,721,391 entitled "Remote Baggage Screening System, Software and Method," attached as Schedule B.

14.    The term/phrase "**the '393 Patent**" refers to United States Patent No. 5,642,393 entitled "Detecting Contraband By Employing Interactive Multiprobe Tomography," attached as Schedule C.

15.    The term/phrase "**the '758 Patent**" refers to United States Patent No. 5,838,758 entitled "Device And Method For Inspection Of Baggage And Other Objects," attached as Schedule D.

16.    The term/phrase "**the '926 Patent**" refers to United States Patent No. 5,712,926 entitled "X-Ray Computed Tomography (CT) System For Detecting Thin Objects," attached as Schedule E.

17.    The term/phrase "**the '806 Patent**" refers to United States Patent No. 5,905,806 entitled "X-Ray Computed Tomograpy (CT) System For Detecting Thin Objects," attached as Schedule F.

18.    The term/phrase "**the '879 Patent**" refers to United States Patent No. 6,707,879 entitled "Remote Baggage Screening System, Software and Method," attached as Schedule G.

19.    The term/phrase "**Patents-in-Suit**" refers to the '391 Patent, the '393 Patent, the '758 Patent, the '926 Patent, the '806 Patent, and the '879 Patent.

## REQUESTS FOR DOCUMENTS

1.    Communications with L-3 relating to or referring to the Patents-in-Suit, such as e-mails, letters, faxes, minutes, and/or transcriptions of meetings.

2.    Documents concerning the X-Ray inspection module (XIM) turbine blade inspection system.

3.    Documents sufficient to describe the relevant structure, function or operation of products which practice United States Patent No. 4,803,639 (Steele).