

**NIXON PEABODY LLP**
ATTORNEYS AT LAW

Omni Plaza, 30 South Pearl Street, Suite 900, Albany, NY 12207      **ANDREW C. ROSE, ESQ.**
Phone: (518) 427-2650 - Fax: (518) 427-2666                          e-mail: acrose@nixonpeabody.com

September 30, 2005

Thomas E. Lent, Esq.
Lurie & Krupp, LLP
One McKinley Square
Boston, Massachusetts 02109

      RE:  L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC. v.
            REVEAL IMAGING TECHNOLOGIES, INC.
            (U.S.D.C. Mass. Case No. 04-119994-NG)

Dear Mr. Lent:

      On behalf of non-parties General Electric ("GE") and GE Global Research ("GEGR"), we write, pursuant to Rule 45(c)(2)(B), to express our objections to the subpoena duces tecum you issued to GEGR on September 21, 2005 on behalf of Reveal Imaging Technologies, Inc. ("Reveal") in the above-referenced case.

      As you know, in April your co-counsel, the Mintz, Levin firm, issued two subpoenas for documents purportedly relevant to this case to two current GE research scientists, Dr. Jeffrey Eberhard and Dr. Meng-Ling Hsiao (who is also a senior manager for the GE Energy Component). Drs. Eberhard and Hsiao are named inventors on two of the patents that are apparently in suit, the "926" and "806" patents. As you must also know, in response to those subpoenas GEGR in-house counsel cooperated with your co-counsel (Michael Renaud, Esq.) in a good faith effort to coordinate a cumbersome search, review and collection of responsive documents. Those documents were produced in June of this year, and thereafter on September 2 and 8, Drs. Eberhard and Hsiao were each deposed for a full 7 hours by Mr. Renaud.

      Thus, to date Reveal has already imposed a substantial burden and cost on a GE non-party by diverting the time and effort of GE's in-house legal staff and a valued researcher and senior manager to respond to the April subpoenas, to provide lengthy deposition testimony on topics presumably relevant to this case[1], and to provide follow-up documentation in the wake of the depositions. In particular, Reveal's approach has easily consumed over 75 employee man-hours with a significant resultant loss of productivity. In addition, GE has been required to engage this firm at additional cost as outside counsel to assist it in representing its

---

[1] In fact, much of the deposition questioning directed to Drs. Eberhard and Hsiao bordered on nuisance in that it called for them to opine on their understanding or definition of scientific terms or concepts quite outside the scope of the patents that bear their names as inventors.

NIXON PEABODY LLP

Thomas E. Lent, Esq.
September 30, 2005
Page 2

---

subpoenaed employees and to coordinate responses to the subpoenas you have now issued to four separate GE business units, in four different jurisdictions throughout the country.

The newly-served subpoenas have apparently been issued in a last minute effort to extract further third-party discovery from GE before an impending October 1st fact discovery cut-off date. Surely, Reveal could have avoided this flurry of late document discovery activity by exploring, earlier in this case, the availability of documents through L-3 or others, rather than troubling GE; an entity not involved in your litigation.

Furthermore, despite the repeated representations by you and your co-counsel that it is your intent to impose "as little burden as possible" on GE, your service of additional scattershot subpoenas suggests otherwise. It suggests an utter disregard, on Reveal's part, for the further burdens it is placing on GE to deploy its resources to interpret requests (as we discussed in our recent phone call), assess the existence and possible repositories of responsive materials and then conduct further searches of potentially diverse locations within GE for documents that may date back in time more than ten years. As a result, I urge you to withdraw your subpoenas in light of the objections described below, which are based on the language of your subpoenas as modified by your September 29, 2005 e-mail.

As an initial matter, I reiterate a point made by GE's In-house Counsel, Buck DeWolf, in his recent conversations with you: any disclosures made by any of GE's business units in response to your subpoenas will be designated "Highly Confidential" and must await the entry of a new protective order in the case. The current, 3/18/05 Protective Order allows disclosure of Highly Confidential materials to certain of L-3's and Reveal's in-house legal staff. We object to any such disclosure of GE-produced materials, and to any disclosure beyond the parties' outside counsel and their employees.

## GENERAL OBJECTIONS

1. GE objects to the Subpoena to the extent that it seeks the production of documents or disclosure of information not relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

2. GE objects to the Subpoena to the extent that it makes requests that are vague and/or ambiguous.

3. GE objects to the "Definitions" included in the Subpoena to the extent that they seek to impose upon GE duties more burdensome than those allowed by the Federal Rules of Civil Procedure.

4. GE objects to the Subpoena to the extent that it seeks documents or information protected by the attorney-client privilege or work-product doctrine or any other applicable privilege, protection or rule of confidentiality.

5. GE objects to the Subpoena to the extent that it seeks private, privileged and confidential commercial, financial, trade secret and/or proprietary information. GE further

**NIXON PEABODY LLP**

Thomas E. Lent, Esq.
September 30, 2005
Page 3

---

objects to the Subpoena to the extent that it calls for the production of any information, documents and things that GE received or obtained from a third party under a non-disclosure agreement or any other obligation in the nature of a non-disclosure agreement.

  6. GE objects to the Subpoena to the extent that it fails to allow reasonable time for compliance.

  7. GE objects to the Subpoena to the extent that it is overly broad, unduly burdensome, and/or oppressive.

  8. GE objects to the subpoena to the extent that its requests are repetitive, overlapping, and/or duplicative of other requests.

  9. GE objects to the subpoena to the extent that it requires GE and/or other parties to draw legal conclusions, interpret legal terms, concepts and/or principles.

  10. The fact that GE objects and/or responds to an individual request shall not be interpreted as implying that responsive documents exist or that GE acknowledges the propriety of the request.

  11. GE reserves all rights available to it under Fed. R. Civ. P. 45 or other applicable laws, not specifically recited herein.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1:** Communications with L-3 relating to or referring to the Patents-in-Suit, such as e-mails, letters, faxes, minutes, and/or transcriptions of meetings.

  **RESPONSE TO NO. 1:** GE objects to this request because it is overly broad and places on GE research scientists or other personnel the undue burden and cost of document identification, collection and production while diverting them from their regular and important functions for GE. Without waiving these objections, GEGR states that it believes that all responsive and non-privileged documents have either been produced or are available from L-3.

**REQUEST NO. 2:** Documents created prior to August 1989 sufficient to described the use of ScoutView and/or Scanogram methods for prescreening an item followed by a CT scan.

  **RESPONSE TO NO. 2:** GE objects to this request because it is vague, ambiguous, overly broad, and places on GE research scientists or other personnel the undue burden and cost of document identification, collection and production while diverting them from their regular and important functions for GE. GE further objects to this request on the ground that it seeks information equally available

NIXON PEABODY LLP

Thomas E. Lent, Esq.
September 30, 2005
Page 4

---

from other sources, including public sources that would not require a subpoena or impose the third-party burdens of a subpoena.

**REQUEST NO. 3: Documents created prior to September 2000 sufficient to describe any networked storage and retrieval system used in analysis of x-ray data which stores x-ray images or data, links the information with a unique identifier, retrieves the information in response to a request for the analysis of the information and stores the information with the results of the analysis.**

> **RESPONSE TO NO. 3:** GE objects to this request because it is vague, ambiguous, overly broad, and places on GE research scientists or other personnel the undue burden and cost of document identification, collection and production while diverting them from their regular and important functions for GE. GE also objects to this request on the ground that it purports to impose on GE the overbroad and undue obligation to search for and produce documents on "any" system used by anyone, at any time that was created prior to 2000, and conceivably to produce the hard drives of any such systems with displays and analysis combinations. GE further objects to this request to the extent that it seeks the production of trade secret, proprietary or confidential research, development or commercial information. Finally, GE objects to this request to the extent that it seeks information that is equally available from other sources.

**REQUEST NO. 4: Documents sufficient to describe the method for connecting contiguous voxels of a similar property.**

> **RESPONSE TO NO. 4:** GE objects to this request because it is too broadly limited in time, is overly broad, is vague and ambiguous, is not reasonably calculated to lead to the discovery of relevant and admissible evidence, and places on GE research scientists or other personnel the undue burden and cost of document identification, collection and production while diverting them from their regular and important functions for GE. GE further objects to this request to the extent that it calls for the production of information equally available from other sources (including public sources), or calls upon GE to draw legal conclusions, interpret legal terms, concepts and/or principles in order to frame a response. Without waiving these objections, GEGR states that it believes it has produced all responsive documents.

Very truly yours,

NIXON PEABODY LLP

*(signature)*
Andrew C. Rose, Esq.

ACR/ema
cc: Robert M. Abrahamsen, Esq.



# NIXON PEABODY LLP
ATTORNEYS AT LAW

Omni Plaza, 30 South Pearl Street, Suite 900, Albany, NY 12207  **ANDREW C. ROSE, ESQ.**
Phone: (518) 427-2650 - Fax: (518) 427-2666  e-mail: acrose@nixonpeabody.com

September 30, 2005

Thomas E. Lent, Esq.
Lurie & Krupp, LLP
One McKinley Square
Boston, Massachusetts 02109

      RE:  L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC. v.
            REVEAL IMAGING TECHNOLOGIES, INC.
            (U.S.D.C. Mass. Case No. 04-119994-NG)

Dear Mr. Lent:

      On behalf of non-parties General Electric ("GE") and GE Healthcare, we write pursuant to Rule 45(c)(2)(B), to express our objections to the subpoena duces tecum you issued to GE Healthcare on September 21, 2005 on behalf of Reveal Imaging Technologies, Inc. ("Reveal") in the above-referenced case.

      As you know, in April your co-counsel, the Mintz, Levin firm, issued two subpoenas for documents purportedly relevant to this case to two current GE Global Research ("GEGR") scientists, Dr. Jeffrey Eberhard and Dr. Meng-Ling Hsiao (who is also a senior manager for the GE Energy Component). Drs. Eberhard and Hsiao are named inventors on two of the patents that are apparently in suit, the "926" and "806" patents. As you must also know, in response to those subpoenas GEGR in-house counsel cooperated with your co-counsel (Michael Renaud, Esq.) in a good faith effort to coordinate a cumbersome search, review and collection of responsive documents. Those documents were produced in June of this year, and thereafter on September 2 and 8, Drs. Eberhard and Hsiao were each deposed for a full 7 hours by Mr. Renaud.

      Thus, to date Reveal has already imposed a substantial burden and cost on a GE non-party by diverting the time and effort of GE's in-house legal staff and a valued researcher and senior manager to respond to the April subpoenas, to provide lengthy deposition testimony on topics presumably relevant to this case[1], and to provide follow-up documentation in the wake of the depositions. In particular, Reveal's approach has easily consumed over 75 employee man-hours with a significant resultant loss of productivity. In addition, GE has been required to engage this firm at additional cost as outside counsel to assist it in representing its

---

[1]    In fact, much of the deposition questioning directed to Drs. Eberhard and Hsiao bordered on nuisance in that it called for them to opine on their understanding or definition of scientific terms or concepts quite outside the scope of the patents that bear their names as inventors.

C/M: 36463/7 - 51709.1

**NIXON PEABODY LLP**

Thomas E. Lent, Esq.
September 30, 2005
Page 2

---

subpoenaed employees and to coordinate responses to the subpoenas you have now issued to four separate GE business units, in four different jurisdictions throughout the country.

The newly-served subpoenas have apparently been issued in a last minute effort to extract further third-party discovery from GE before an impending October 1st fact discovery cut-off date. Surely, Reveal could have avoided this flurry of late document discovery activity by exploring, earlier in this case, the availability of documents through L-3 or others, rather than troubling GE; an entity not involved in your litigation.

Furthermore, despite the repeated representations by you and your co-counsel that it is your intent to impose "as little burden as possible" on GE, your service of additional scattershot subpoenas suggests otherwise. It suggests an utter disregard, on Reveal's part, for the further burdens it is placing on GE to deploy its resources to interpret your requests (as we discussed in our recent phone call), assess the existence and possible repositories of responsive materials and then conduct further searches of potentially diverse locations within GE for documents that may date back in time more than ten years. As a result, I urge you to withdraw your subpoenas in light of the objections described below, which are based on the language of your subpoenas as modified by your September 29, 2005 e-mail.

As an initial matter, I reiterate a point made by GE's In-house Counsel, Buck DeWolf, in his recent conversations with you: any disclosures made by any of GE's business units in response to your subpoenas will be designated "Highly Confidential" and must await the entry of a new protective order in the case. The current, 3/18/05 Protective Order allows disclosure of Highly Confidential materials to certain of L-3's and Reveal's in-house legal staff. We object to any such disclosure of GE-produced materials, and to any disclosure beyond the parties' outside counsel and their employees.

## GENERAL OBJECTIONS

1. GE objects to the Subpoena to the extent that it seeks the production of documents or disclosure of information not relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

2. GE objects to the Subpoena to the extent that it makes requests that are vague and/or ambiguous.

3. GE objects to the "Definitions" included in the Subpoena to the extent that they seek to impose upon GE duties more burdensome than those allowed by the Federal Rules of Civil Procedure.

4. GE objects to the Subpoena to the extent that it seeks documents or information protected by the attorney-client privilege or work-product doctrine or any other applicable privilege, protection or rule of confidentiality.

5. GE objects to the Subpoena to the extent that it seeks private, privileged and confidential commercial, financial, trade secret and/or proprietary information. GE further

**NIXON PEABODY LLP**

Thomas E. Lent, Esq.
September 30, 2005
Page 3

---

objects to the Subpoena to the extent that it calls for the production of any information, documents and things that GE received or obtained from a third party under a non-disclosure agreement or any other obligation in the nature of a non-disclosure agreement.

6. GE objects to the Subpoena to the extent that it fails to allow reasonable time for compliance.

7. GE objects to the Subpoena to the extent that it is overly broad, unduly burdensome, and/or oppressive.

8. GE objects to the subpoena to the extent that its requests are repetitive, overlapping, and/or duplicative of other requests.

9. GE objects to the subpoena to the extent that it requires GE and/or other parties to draw legal conclusions, interpret legal terms, concepts and/or principles.

10. The fact that GE objects and/or responds to an individual request shall not be interpreted as implying that responsive documents exist or that GE acknowledges the propriety of the request.

11. GE reserves all rights available to it under Fed. R. Civ. P. 45 or other applicable laws, not specifically recited herein.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1:** Communications with L-3 relating to or referring to the Patents-in-Suit, such as e-mails, letters, faxes, minutes, and/or transcriptions of meetings.

> **RESPONSE TO NO. 1:** GE objects to this request because it is overly broad and places on GE research scientists or other personnel the undue burden and cost of document identification, collection and production while diverting them from their regular and important functions for GE.

**REQUEST NO. 2:** Documents created prior to August 1989 sufficient to described the use of ScoutView and/or Scanogram methods for prescreening an item followed by a CT scan.

> **RESPONSE TO NO. 2:** GE objects to this request because it is vague, ambiguous, overly broad, and places on GE research scientists or other personnel the undue burden and cost of document identification, collection and production while diverting them from their regular and important functions for GE. GE also objects to this request on the ground that it seeks information equally available from other sources, including public sources that would not require a subpoena or impose the third-party burdens of a subpoena.

**NIXON PEABODY LLP**

Thomas E. Lent, Esq.
September 30, 2005
Page 4

---

**REQUEST NO. 3:** Documents created prior to September 2000 sufficient to describe the Picture Archiving and Communication System (PACS), or other systems for the storage of X-Ray images and data, linking that information with a unique identifier, retrieving the information for analysis and storing the information with the result of the analysis.

> **RESPONSE TO NO. 3:** GE objects to this request because it is vague, ambiguous, overly broad, and places on GE research scientists or other personnel the undue burden and cost of document identification, collection and production while diverting them from their regular and important functions for GE. GE further objects to this request on the ground that it purports to impose on GE the overbroad and undue obligation to search for and produce documents on "any other" system used by anyone, at any time that was created prior to 2000, and conceivably to produce the hard drives of any such systems with displays and analysis combinations. GE further objects to this request to the extent that it seeks the production of trade secret, proprietary or confidential research, development or commercial information. Finally, GE objects to this request to the extent that it seeks information that is equally available from other sources.

**REQUEST NO. 4:** Documents sufficient to describe methods for three-dimensional image processing, including three-dimensional volumetric analysis, and/or used in connecting and labeling voxels of similar value.

> **RESPONSE TO NO. 4:** GE objects to this request because it is too broadly limited in time, is overly broad, is vague and ambiguous, is not reasonably calculated to lead to the discovery of relevant and admissible evidence, and places on GE research scientists or other personnel the undue burden and cost of document identification, collection and production while diverting them from their regular and important functions for GE. GE further objects to this request to the extent that it calls for the production of information equally available from other sources (including public sources), or calls upon GE to draw legal conclusions, interpret legal terms, concepts and/or principles in order to frame a response.

Very truly yours,

NIXON PEABODY LLP

*/s/ Andrew C. Rose/*
Andrew C. Rose, Esq.

ACR/ema
cc: Robert M. Abrahamsen, Esq.



# NIXON PEABODY LLP
ATTORNEYS AT LAW

Omni Plaza, 30 South Pearl Street, Suite 900, Albany, NY 12207  
Phone: (518) 427-2650 - Fax: (518) 427-2666

**ANDREW C. ROSE, ESQ.**  
e-mail: acrose@nixonpeabody.com

September 30, 2005

Thomas E. Lent, Esq.  
Lurie & Krupp, LLP  
One McKinley Square  
Boston, Massachusetts  02109

RE: L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC. v. REVEAL IMAGING TECHNOLOGIES, INC.  
(U.S.D.C. Mass.  Case No. 04-119994-NG)

Dear Mr. Lent:

On behalf of non-parties General Electric ("GE") and GE InVision, Inc., we write pursuant to Rule 45(c)(2)(B), to express our objections to the subpoena duces tecum you issued to GE InVision on September 21, 2005 on behalf of Reveal Imaging Technologies, Inc. ("Reveal") in the above-referenced case.

As you know, in April your co-counsel, the Mintz, Levin firm, issued two subpoenas for documents purportedly relevant to this case to two current GE Global Research ("GEGR") scientists, Dr. Jeffrey Eberhard and Dr. Meng-Ling Hsiao (who is also a senior manager for the GE Energy Component).  Drs. Eberhard and Hsiao are named inventors on two of the patents that are apparently in suit, the "926" and "806" patents.  As you must also know, in response to those subpoenas GEGR in-house counsel cooperated with your co-counsel (Michael Renaud, Esq.) in a good faith effort to coordinate a cumbersome search, review and collection of responsive documents.  Those documents were produced in June of this year, and thereafter on September 2 and 8, Drs. Eberhard and Hsiao were each deposed for a full 7 hours by Mr. Renaud.

Thus, to date Reveal has already imposed a substantial burden and cost on a GE non-party by diverting the time and effort of GE's in-house legal staff and a valued researcher and senior manager to respond to the April subpoenas, to provide lengthy deposition testimony on topics presumably relevant to this case[1], and to provide follow-up documentation in the wake of the depositions.  In particular, Reveal's approach has easily consumed over 75 employee

---

[1]  In fact, much of the deposition questioning directed to Drs. Eberhard and Hsiao bordered on nuisance in that it called for them to opine on their understanding or definition of scientific terms or concepts quite outside the scope of the patents that bear their names as inventors.

**NIXON PEABODY LLP**

Thomas E. Lent, Esq.
September 30, 2005
Page 2

---

man-hours with a significant resultant loss of productivity. In addition, GE has been required to engage this firm at additional cost as outside counsel to assist it in representing its subpoenaed employees and to coordinate responses to the subpoenas you have now issued to four separate GE business units, in four different jurisdictions throughout the country.

The newly-served subpoenas have apparently been issued in a last minute effort to extract further third-party discovery from GE before an impending October 1st fact discovery cut-off date. Surely, Reveal could have avoided this flurry of late document discovery activity by exploring, earlier in this case, the availability of documents through L-3 or others, rather than troubling GE; an entity not involved in your litigation.

Furthermore, despite the repeated representations by you and your co-counsel that it is your intent to impose "as little burden as possible" on GE, your service of additional scattershot subpoenas suggests otherwise. It suggests an utter disregard, on Reveal's part, for the further burdens it is placing on GE to deploy its resources to interpret your requests (as we discussed in our recent phone call), assess the existence and possible repositories of responsive materials and then conduct further searches of potentially diverse locations within GE for documents that may date back in time more than ten years. As a result, I urge you to withdraw your subpoenas in light of the objections described below, which are based on the language of your subpoenas as modified by your September 29, 2005 e-mail.

As an initial matter, I reiterate a point made by GE's In-house Counsel, Buck DeWolf, in his recent conversations with you: any disclosures made by any of GE's business units in response to your subpoenas will be designated "Highly Confidential" and must await the entry of a new protective order in the case. The current, 3/18/05 Protective Order allows disclosure of Highly Confidential materials to certain of L-3's and Reveal's in-house legal staff. We object to any such disclosure of GE-produced materials, and to any disclosure beyond the parties' outside counsel and their employees.

## GENERAL OBJECTIONS

1. GE objects to the Subpoena to the extent that it seeks the production of documents or disclosure of information not relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

2. GE objects to the Subpoena to the extent that it makes requests that are vague and/or ambiguous.

3. GE objects to the "Definitions" included in the Subpoena to the extent that they seek to impose upon GE duties more burdensome than those allowed by the Federal Rules of Civil Procedure.

4. GE objects to the Subpoena to the extent that it seeks documents or information protected by the attorney-client privilege or work-product doctrine or any other applicable privilege, protection or rule of confidentiality.

**NIXON PEABODY LLP**

Thomas E. Lent, Esq.
September 30, 2005
Page 3

---

5. GE objects to the Subpoena to the extent that it seeks private, privileged and confidential commercial, financial, trade secret and/or proprietary information. GE further objects to the Subpoena to the extent that it calls for the production of any information, documents and things that GE received or obtained from a third party under a non-disclosure agreement or any other obligation in the nature of a non-disclosure agreement.

6. GE objects to the Subpoena to the extent that it fails to allow reasonable time for compliance.

7. GE objects to the Subpoena to the extent that it is overly broad, unduly burdensome, and/or oppressive.

8. GE objects to the subpoena to the extent that its requests are repetitive, overlapping, and/or duplicative of other requests.

9. GE objects to the subpoena to the extent that it requires GE and/or other parties to draw legal conclusions, interpret legal terms, concepts and/or principles.

10. The fact that GE objects and/or responds to an individual request shall not be interpreted as implying that responsive documents exist or that GE acknowledges the propriety of the request.

11. GE reserves all rights available to it under Fed. R. Civ. P. 45 or other applicable laws, not specifically recited herein.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1:** Communications with L-3 relating to or referring to the Patents-in-Suit, such as e-mails, letters, faxes, minutes, and/or transcriptions of meetings.

> **RESPONSE TO NO. 1:** GE objects to this request because it is overly broad and places on GE research scientists or other personnel the undue burden and cost of document identification, collection and production while diverting them from their regular and important functions for GE.

**REQUEST NO. 2:** Documents created prior to August 1989 sufficient to described the use of ScoutView and/or Scanogram methods for prescreening an item followed by a CT scan.

> **RESPONSE TO NO. 2:** GE objects to this request because it is vague, ambiguous, overly broad, and places on GE research scientists or other personnel the undue burden and cost of document identification, collection and production while diverting them from their regular and important functions for GE. GE further objects to this request on the ground that it seeks information equally available

A51710.1

**NIXON PEABODY LLP**

Thomas E. Lent, Esq.
September 30, 2005
Page 4

---

from other sources, including public sources, that would not require a subpoena or impose the third-party burdens of a subpoena.

**REQUEST NO. 3:** Documents created prior to September 2000 sufficient to describe the Picturing Archiving and Communication System (PACS), or other systems, for the storage and retrieval of X-Ray images and data linking that information with a unique identifier, retrieving the information for analysis and storing the information with the result of the analysis.

**RESPONSE TO NO. 3:** GE objects to this request because it is vague, ambiguous, overly broad, and places on GE research scientists or other personnel the undue burden and cost of document identification, collection and production while diverting them from their regular and important functions for GE. GE further objects to this request on the ground that it purports to impose on GE the overbroad and undue obligation to search for and produce documents on "any other" system used by anyone, at any time that was created prior to 2000, and conceivably to produce the hard drives of any such systems with displays and analysis combinations. GE further objects to this request to the extent that it seeks the production of trade secret, proprietary or confidential research, development or commercial information. Finally, GE objects to this request to the extent that it seeks information that is equally available from other sources.

**REQUEST NO. 4:** Documents created prior to September 1995 sufficient to describe any Imatron Incorporated system, or technology, including Imatron Electron Beam Tomography (EBT) scanners, which performed a prescan or prescreen and a subsequent x-ray scan.

**RESPONSE TO NO. 4:** GE objects to this request because it is overly broad, and places on GE research scientists and other personnel the undue burden and cost of document identification, collection and production of documents over ten years old while diverting them from their regular and important functions for GE. GE further objects to this request to the extent that it calls for the production of any trade secret, proprietary or confidential research, development or commercial information.

**REQUEST NO. 5:** Documents sufficient to describe the method for connecting contiguous voxels of a similar property.

**RESPONSE TO NO. 5:** GE objects to this request because it is not limited in time, is overly broad, is vague and ambiguous, is not reasonably calculated to lead to the discovery of relevant and admissible evidence, and places on GE research scientists or other personnel the undue burden and cost of document identification, collection and production while diverting them from their regular

A51710.1

**NIXON PEABODY LLP**

Thomas E. Lent, Esq.
September 30, 2005
Page 5

---

      and important functions for GE. GE further objects to this request to the extent that it calls for the production of information equally available from other sources (including public sources), or calls upon GE to draw legal conclusions, interpret legal terms, concepts and/or principles in order to frame a response.

                    Very truly yours,

                    NIXON PEABODY LLP

                    Andrew C. Rose, Esq.

ACR/ema
cc: Robert M. Abrahamsen, Esq.

A51710.1



# NIXON PEABODY LLP
ATTORNEYS AT LAW

Omni Plaza, 30 South Pearl Street, Suite 900, Albany, NY 12207
Phone: (518) 427-2650 - Fax: (518) 427-2666

**ANDREW C. ROSE, ESQ.**
e-mail: acrose@nixonpeabody.com

September 30, 2005

Thomas E. Lent, Esq.
Lurie & Krupp, LLP
One McKinley Square
Boston, Massachusetts 02109

RE: L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC. v. REVEAL IMAGING TECHNOLOGIES, INC.
(U.S.D.C. Mass. Case No. 04-119994-NG)

Dear Mr. Lent:

On behalf of non-parties General Electric ("GE") and GE Transportation, Aircraft Engines, we write, pursuant to Rule 45(c)(2)(B), to express our objections to the subpoena duces tecum you issued to GE Aircraft Engines on September 21, 2005 on behalf of Reveal Imaging Technologies, Inc. ("Reveal") in the above-referenced case.

As you know, in April your co-counsel, the Mintz, Levin firm, issued two subpoenas for documents purportedly relevant to this case to two current GE Global Research ("GEGR") scientists, Dr. Jeffrey Eberhard and Dr. Meng-Ling Hsiao (who is also a senior manager for the GE Energy Component). Drs. Eberhard and Hsiao are named inventors on two of the patents that are apparently in suit, the "926" and "806" patents. As you must also know, in response to those subpoenas GEGR in-house counsel cooperated with your co-counsel (Michael Renaud, Esq.) in a good faith effort to coordinate a cumbersome search, review and collection of responsive documents. Those documents were produced in June of this year, and thereafter on September 2 and 8, Drs. Eberhard and Hsiao were each deposed for a full 7 hours by Mr. Renaud.

Thus, to date Reveal has already imposed a substantial burden and cost on a GE non-party by diverting the time and effort of GE's in-house legal staff and a valued researcher and senior manager to respond to the April subpoenas, to provide lengthy deposition testimony on topics presumably relevant to this case[1], and to provide follow-up documentation in the wake of the depositions. In particular, Reveal's approach has easily consumed over 75 employee

---

[1] In fact, much of the deposition questioning directed to Drs. Eberhard and Hsiao bordered on nuisance in that it called for them to opine on their understanding or definition of scientific terms or concepts quite outside the scope of the patents that bear their names as inventors.

**NIXON PEABODY LLP**

Thomas E. Lent, Esq.
September 30, 2005
Page 2

_____

man-hours with a significant resultant loss of productivity. In addition, GE has been required to engage this firm at additional cost as outside counsel to assist it in representing its subpoenaed employees and to coordinate responses to the subpoenas you have now issued to four separate GE business units, in four different jurisdictions throughout the country.

The newly-served subpoenas have apparently been issued in a last minute effort to extract further third-party discovery from GE before an impending October 1st fact discovery cut-off date. Surely, Reveal could have avoided this flurry of late document discovery activity by exploring, earlier in this case, the availability of documents through L-3 or others, rather than troubling GE; an entity not involved in your litigation.

Furthermore, despite the repeated representations by you and your co-counsel that it is your intent to impose "as little burden as possible" on GE, your service of additional scattershot subpoenas suggests otherwise. It suggests an utter disregard, on Reveal's part, for the further burdens it is placing on GE to deploy its resources to interpret your requests (as we discussed in our recent phone call), assess the existence and possible repositories of responsive materials and then conduct further searches of potentially diverse locations within GE for documents that may date back in time more than thirty years. As a result, I urge you to withdraw your subpoenas in light of the objections described below, which are based on the language of your subpoenas as modified by your September 29, 2005 e-mail.

As an initial matter, I reiterate a point made by GE's In-house Counsel, Buck DeWolf, in his recent conversations with you: any disclosures made by any of GE's business units in response to your subpoenas will be designated "Highly Confidential" and must await the entry of a new protective order in the case. The current, 3/18/05 Protective Order allows disclosure of Highly Confidential materials to certain of L-3's and Reveal's in-house legal staff. We object to any such disclosure of GE-produced materials, and to any disclosure beyond the parties' outside counsel and their employees.

## GENERAL OBJECTIONS

1. GE objects to the Subpoena to the extent that it seeks the production of documents or disclosure of information not relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

2. GE objects to the Subpoena to the extent that it makes requests that are vague and/or ambiguous.

3. GE objects to the "Definitions" included in the Subpoena to the extent that they seek to impose upon GE duties more burdensome than those allowed by the Federal Rules of Civil Procedure.

4. GE objects to the Subpoena to the extent that it seeks documents or information protected by the attorney-client privilege or work-product doctrine or any other applicable privilege, protection or rule of confidentiality.

**NIXON PEABODY LLP**

Thomas E. Lent, Esq.
September 30, 2005
Page 3

---

     5.    GE objects to the Subpoena to the extent that it seeks private, privileged and confidential commercial, financial, trade secret and/or proprietary information. GE further objects to the Subpoena to the extent that it calls for the production of any information, documents and things that GE received or obtained from a third party under a non-disclosure agreement or any other obligation in the nature of a non-disclosure agreement.

     6.    GE objects to the Subpoena to the extent that it fails to allow reasonable time for compliance.

     7.    GE objects to the Subpoena to the extent that it is overly broad, unduly burdensome, and/or oppressive.

     8.    GE objects to the subpoena to the extent that its requests are repetitive, overlapping, and/or duplicative of other requests.

     9.    GE objects to the subpoena to the extent that it requires GE and/or other parties to draw legal conclusions, interpret legal terms, concepts and/or principles.

     10.    The fact that GE objects and/or responds to an individual request shall not be interpreted as implying that responsive documents exist or that GE acknowledges the propriety of the request.

     11.    GE reserves all rights available to it under Fed. R. Civ. P. 45 or other applicable laws, not specifically recited herein.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1: Communications with L-3 relating to or referring to the Patents-in-Suit, such as e-mails, letters, faxes, minutes, and/or transcriptions of meetings.**

> **RESPONSE TO NO. 1:** GE objects to this request because it is overly broad and places on GE research scientists and other personnel the undue burden and cost of document identification, collection and production while diverting them from their regular and important functions for GE. Without waiving this objection, GE Aircraft believes that it is in possession of no responsive documents.

**REQUEST NO. 2: Documents concerning the X-Ray inspection module (XIM) turbine blade inspection system.**

> **RESPONSE TO NO. 2:** GE objects to this request because it is not limited in time, is vague and ambiguous with respect to its use of the term "concerning," does not define or limit the XIM on which it seeks information, and calls for the production of voluminous documentation that is not relevant to the L-3 vs. Reveal dispute and that exists at multiple locations within GE. This request, thus places on GE engineers and other personnel the undue burden and cost of

NIXON PEABODY LLP

Thomas E. Lent, Esq.
September 30, 2005
Page 4

---

document identification, collection and production while diverting them from their regular and important functions for GE. GE further objects to this request to the extent that it calls for the production of trade secret, proprietary or confidential research, development or commercial information.

**Request No. 3:** Documents sufficient to describe the relevant structure, function or operation of products which practice United States Patent No. 4,803,639 (Steele).

**RESPONSE TO NO. 3:** GE objects to this request on the grounds that it is not limited in time, is vague and ambiguous with respect to its use of the term "relevant," does not define or limit the "products" on which it seeks information and further places on GE engineers and other personnel the undue burden and cost of document identification, collection and production while diverting them from their regular and important functions for GE. GE further objects to this request on the ground that it calls upon GE to draw legal conclusions, interpret legal terms, concepts and/or principles in order to frame a response, and/or calls for the production of proprietary, confidential or trade secret information.

Very truly yours,

NIXON PEABODY LLP

_____
Andrew C. Rose, Esq.

ACR/ema
cc : Robert M. Abrahamsen, Esq.