IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

**L-3'S OPPOSITION TO REVEAL'S MOTION TO
AMEND ANSWER AND COUNTERCLAIMS**

Reveal's motion to amend its answer to add affirmative defenses and counterclaims should be denied, because Reveal had all the information it needed long ago to add these affirmative defenses, yet failed to do so. Additionally, the new counterclaim does not state a cause of action.

Leave to amend should be denied if there is "undue delay, bad faith or dilatory motive on the part of the movant . . . [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). Reveal's numerous motions to stay (D.I. 83, 134, 139) establish both undue delay and dilatory motive. This latest tactic further evidences Reveal's intent to forestall a decision on the merits. Additionally, the proposed amendments would be futile.

1.

Reveal should not be granted leave to add a counterclaim for "patent misuse" because there is no such cause of action. See Enercon GmbH v. Erdman, 13 Fed. Appx. 651, 652-653 (9th Cir. 2001) (affirming lower court's award of Rule 11 sanctions against party bringing claim for "patent misuse" because "patent misuse is an affirmative defense to a suit for patent infringement, not an independent cause of action") (collecting cases). See also CMI, Inc. v.

Intoximeters, Inc., 918 F.Supp. 1068, 1090 (W.D. Ky. 1995) ("Patent misuse cannot be the basis of a cause of action."). As there is no cause of action for patent misuse, an amendment adding such a counterclaim is futile and should be denied.

2.

The patent misuse affirmative defense is also futile. Reveal's only allegation of patent misuse is that L-3 has asserted invalid claims. Ex. A to D.I. 141 ¶ 56 ("Plaintiff engaged in patent misuse by knowingly pursuing claims for infringement despite knowledge of the invalidity of the asserted claims…"). This allegation, even if true, would not constitute patent misuse. Patent misuse relates to the use of a patent of gain control over unpatented goods, for example, through a tying arrangement. E.g., C.R. Bard, Inc. v. M3 Systems, Inc., 157 F.3d 1340, 1372 (Fed. Cir. 1998) ("Patent misuse relates primarily to a patentee's actions that affect competition in unpatented goods or that otherwise extend the economic effect beyond the scope of the patent grant."); Lockformer Co. v. PPG Industries, Inc., 264 F. Supp. 2d 622, 629 (N.D. Ill. 2003) ("Patent misuse occurs when the patent owner (1) bundles the license of patents together or requires the purchase of a commodity from the owner in the patent license, and (2) the patent owner has market power in the relevant market for the patent or patented product on which the license or sale is conditioned.") (internal quotation marks omitted). If simply suing over an invalid patent established patent misuse, then nearly every patent infringement defendant would assert such a defense along with the standard invalidity defense. The law is clear that invalidity is not, in and of itself, sufficient to establish patent misuse. Id. at 629. Accordingly, Reveal's proposed amended pleading fails to state an affirmative defense of patent misuse.

Moreover, the only consequence of a successful misuse defense is that enforcement of the patent is suspended until the misuse is cured. C.R. Bard, 157 F.3d at 1372-3 ("[A] holding of

misuse renders the patent unenforceable until the misuse is purged; it does not, of itself, invalidate the patent."). If the Court ultimately finds that L-3's claims are not invalid, this defense fails. If the Court finds that L-3's claims are invalid, however, the Court will never reach the issue of patent misuse, since Reveal would have already been relieved of liability. Thus, there is no possible scenario in which the Court will actually reach the patent misuse defense, and it would be futile to add it to the case.

<u>3.</u>

All three of the new affirmative defenses that Reveal seeks to assert could have been asserted in Reveal's original answer on April 13, 2005 (D.I. 71). All of the facts contained in Reveal's allegations of inequitable conduct are contained in the prosecution file histories of the respective patents, which were all publicly available when L-3 filed its complaint on August 30, 2004, nearly fifteen months ago. It is obvious from Reveal's tactics in this action that it subjected all of the patents to close scrutiny long ago, and that this attempt to amend its defenses at this late hour is simply another stalling tactic. Similarly, there is no new information now that was not available at the time of Reveal's original answer to support the patent misuse defense.[1] Courts regularly deny leave to amend pleadings when the facts on which the proposed amendment is based were known at the time of the original pleading. <u>E.g.</u>, <u>In re Stone & Webster, Inc. Securities Litigation</u>, 217 F.R.D. 96 (D. Mass. 2003) (denying motion for leave to amend pleadings where allegedly "newly discovered" facts were "in fact available" earlier), <u>aff'd in pertinent part</u>, 414 F.3d 187, 215 (1st Cir. 2005); <u>Komie v. Buehler Corp.</u>, 449 F.2d 644 (9th Cir. 1971) (affirming denial of leave to amend answer where "proposed amendment was not

---

[1] Reveal's allegations indicate that the patent misuse defense is predicated on L-3's preliminary claim constructions. No case supports the proposition that a patent owner's proposed claim construction in litigation has any bearing on patent misuse, which turns on the wholly unrelated issue of whether the patent owner has attempted to unlawfully extend its patent rights.

based upon any facts which were not known or readily available to the defendants and their counsel" previously). Reveal's attempt to raise these issues fifteen months after the initial complaint was filed only highlights its dilatory motive.

    Reveal's amendments are both futile and untimely. The patent misuse counterclaim fails to state a claim upon which relief can be granted; the patent misuse affirmative defense will fail even if the alleged facts on which it is based turn out to be true, and in any event the defense will never be reached by the Court; and Reveal failed to act on its inequitable conduct defenses despite having all of the information it claims supports its defenses months ago. Accordingly, Reveal's motion to amend should be denied.

                                          Respectfully submitted,

                                          L-3 COMMUNICATIONS SECURITY
                                          AND DETECTION SYSTEMS, INC.,

                                          By its attorneys,

November 4, 2005                           /s/ James J. Foster
                                          Michael A. Albert, BBO # 558566
                                          James J. Foster, BBO # 553285
                                          Robert M. Abrahamsen, BBO # 636635
                                          Adam J. Kessel, BBO # 661211
                                          WOLF, GREENFIELD & SACKS, P.C.
                                          600 Atlantic Avenue
                                          Boston, Massachusetts 02210
                                          Tel.: 617.646.8000
                                          Fax: 617.646.8646
                                          malbert@wolfgreenfield.com