UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., )<br>)<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>REVEAL IMAGING TECHNOLOGIES, INC., )<br>)<br>Defendant. )<br>) | C.A. No. 04-11884-NG<br>(Magistrate Judge Judith Gail Dein) |

**MOTION FOR LEAVE TO FILE**
**SUPPLEMENTAL INVALIDITY REPORT**

Reveal Imaging Technologies, Inc. ("Reveal") hereby requests leave to file a supplemental invalidity report, attached as Exhibit A. As grounds for this motion, Reveal states as follows:

1. Initial expert reports by the party with the burden of proof on the respective issues were exchanged on or about October 18, 2005 and rebuttal reports were exchanged on or about November 7, 2005. Reveal's initial reports focused on the invalidity of the six (6) patents in suit.

2. In its invalidity expert report, Reveal referenced an article published in the Proceedings of the First Symposium on Explosive Detection Technology, November 1991 entitled "*The Evolution of Computed Tomography As An Explosives Detection Modality*," Frederick L. Roder, Ph.D. A copy of that article was produced to L-3 Communications and Detection Systems, Inc. ("L-3") in discovery. In its invalidity expert report, Reveal discussed the

work which was referenced in that article and further described the 1987 work based on a discussion with one of the investigators in the study. The actual study report was also referenced as a footnote in the 1991 Symposium article, but had not been obtained by any party by the date of the first expert report. The parties were fully aware of the existence of the 1987 work and the study as referenced in the 1991 Symposium, but had not unearthed a copy.

3. On October 31, 2005, Reveal finally obtained a copy of that report, entitled "Dual-Energy Computed Tomographic Explosive and Suitcase Characterization Study," Imatron Final Report to the Department of Radiological Sciences, UCLA, under FAA Contract No. DTFA 03-850-C-00037, ("Imatron Study") from the Transportation Security Administration ("TSA") library archives. Reveal had diligently sought a copy of the Imatron Study from former employees of Imatron; from UCLA, from the FAA and from the TSA. Reveal immediately produced a copy of the report to L-3.

4. In its November 7, 2005 rebuttal report, L-3 attempted to distinguish the Imatron Study as prior art.

5. On November 7, 2005, Reveal served a supplemental invalidity report based on the Imatron Study.

6. On November 8, 2005, L-3 sent a letter objecting to the report and stating that it would object to any use of the report unless Reveal filed a motion and obtained leave to serve the report.

7. As a result of this demand, Reveal hereby seeks leave to serve the supplemental expert report. L-3 was fully aware of the 1987 study and in fact attempted to distinguish it as prior art in its rebuttal expert report. Reveal does not object to L-3 serving a rebuttal report in response to Reveal's supplemental report, if L-3 deems it appropriate. The service of the

supplemental report and any response will not delay the proceedings or prejudice L-3.  In addition, the Imatron Study invalidates several of the L-3 patents. Reveal would be significantly prejudiced if it were not allowed to serve and rely on the supplemental expert invalidity the report.

**LOCAL RULE 7.1 CERTIFICATION**

Counsel for L-3  has objected to the supplemental report and requested that Reveal file a motion with the Court seeking leave to serve the report.  See Exhibit B, attached.

Dated:  November 9, 2005

Respectfully submitted,

**REVEAL IMAGING TECHNOLOGIES, INC.,**

By its attorneys,

/s/ H. Joseph Hameline_____
H. Joseph Hameline (BBO# 218710)
A. Jason Mirabito (BBO # 349440)
Michael T. Renaud (BBO # 629783)
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

LIT 1549777v.1