UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 04-11884-NG (Magistrate Judge Judith Gail Dein) |
| REVEAL IMAGING TECHNOLOGIES, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

**[PROPOSED] REPLY MEMORANDUM IN SUPPORT OF
REVEAL'S MOTION TO AMEND ANSWER & COUNTERCLAIM**

Reveal submits this Reply Memorandum in support of its Motion to Amend Answer and Counterclaim. The standard for such amendments is liberal and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Absent an adequate basis to deny Reveal's amendment, it should be allowed. Indeed, nonmovant L-3 "bears the burden of showing why amendment should not be granted." Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986). Since L-3 has not, *and cannot*, meet this burden, and there is no reasonable basis to deny Reveal's request, this motion to amend Reveal's Answer and Counterclaim should be granted.

**A.    Reveal's Amendment Of Answer And Counterclaims Is Not Untimely**

L-3 claims in conclusory fashion that the affirmative defenses and antitrust counterclaim that Reveal seeks to add to this case could have been asserted earlier and, therefore, constitute a "stalling tactic." L-3 initiated this lawsuit last year, and it has approached the Court on two separate occasions in order to amend its Complaint to assert five additional patents against

Reveal. Reveal could certainly not have been expected to scrutinize the prosecution history of, and prepare an infringement defense to, patents that had not even been asserted.

Further, discovery has only recently concluded and information obtained over the final month of discovery is both relevant and material to Reveal's allegations of patent misuse and inequitable conduct. During the final weeks of discovery, Reveal obtained through deposition testimony of L-3's witnesses information that lends support to Reveal's allegation that L-3 committed inequitable conduct in its prosecution of the '879 and '391 patents before the U.S. Patent and Trademark Office. L-3 has not identified any real prejudice as a result of this amendment.

In addition to the recent information obtained by Reveal, the "mere fact that an amendment is offered late in the case is ... not enough to bar it; amendments may be offered at trial, or even after reversal and remand." Senza-Gel Corp., 803 F.2d at 667 (quoting Howey v. United States, 481 F.2d 1187, 1190-91 n.3 (9th Cir. 1973) (in turn quoting 3 J. Moore, Moore's Federal Practice § 15.08, 0.835)). Since Reveal has acted reasonably in seeking to amend its Answer and Counterclaims prior to the close of fact discovery, and since dispositive motions remain to be filed and a trial date remains to be scheduled, the Court should conclude that Reveal's motion to amend is not unduly delayed. Cf. Albertini v. Summit Technical Servs., Inc., 287 F. Supp. 2d 92, 95 (D. Mass. 2003) (allowing just a day before trial defendant's amendment to answer which included two additional affirmative defenses). Accordingly, Reveal's motion to amend should be granted.

**B. L-3's Patent Misuse May Serve As Basis For Antitrust Violation**

L-3's argument that patent misuse may not constitute a stand-alone cause of action is misplaced as Reveal's proposed counterclaim expressly refers to an antitrust claim for patent

misuse.  (See Reveal's Proposed First Amended Answer and Counterclaims, Count IV, Dkt.

Entry No.141.)  This counterclaim expressly alleges that L-3 has misused the patents-in-suit "in

violation of anti-trust law."  (Id. ¶ 136 (emphasis added).)  Further, the counterclaim alleges that

L-3's "manufacturing capabilities constitute market power sufficient to establish an anti-trust

claim for patent misuse."  (Id. ¶ 135. (emphasis added).)  Patent misuse may absolutely be

alleged as an element of an antitrust violation as Reveal has done expressly through this

proposed counterclaim.  See Donald S. Chisum, Chisum on Patents § 19.04[2] ("Use of a patent

to violate the antitrust laws will constitute misuse").

In Senza-Gel Corp., 803 F.2d 661, the Federal Circuit explained that patent misuse can,

in fact, be both an affirmative defense and the basis for an affirmative cause of action:

> The parties thus fail to distinguish between patent misuse as a defensive shield
> and patent misuse as an offensive sword. In both cases, the patentee's act is the
> same. That act may serve, as here, as a defense to a charge of patent infringement.
> That act may also serve as an element in a complaint charging antitrust violation.
> Thus, as the Supreme Court has said, the patentee's act may constitute patent
> misuse without rising to the level of an antitrust violation. *Zenith Radio Corp. v.*
> *Hazeltine Research, Inc.,* 395 U.S. 100, 140, 89 S.Ct. 1562, 1585, 23 L.Ed.2d
> 129, 161 USPQ 577, 593 (1969).

Senza-Gel, 803 F.2d at 668.  Neither of the two cases L-3 cites in its opposition brief for the

position that Reveal's counterclaim is improper contradict the Federal Circuit's clear statement

that patent misuse may underlie an antitrust allegation. In the CMI case, the district court

discusses a Massachusetts district court decision, Transitron Electronic Corp. v. Hughes Aircraft

Co., that supports Reveal's position.  See CMI, Inc. v. Intoximeters, Inc., 918 F. Supp. 1068,

1090 (W.D. Ky. 1995) (quoting Transitron Elec. Corp., 487 F. Supp. 885, 893 (D. Mass. 1980)).

The Transitron court expressly found: "A patentee may commit patent misuse in improper

exploitation of the patent either by violating the antitrust laws or extending the patent beyond its

lawful scope."  Id.  In light of the above, L-3's argument that Reveal's counterclaim does not

state a claim upon which relief can be granted fails. Reveal's proposed counterclaim sets forth a scenario of bad faith litigation by L-3 which, if proven, would entitle Reveal to relief on a cognizable antitrust theory.   See Transwitch Corp. v. Galazar Networks, Inc., 377 F. Supp. 2d 284, 290 (D. Mass. 2005) (citing Hatch v. Department for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001)).

Furthermore, L-3 can claim no prejudice as to this additional counterclaim since Reveal's allegation of an antitrust violation is not being made for the first time. Indeed, in its existing Answer, Reveal alleged that L-3's conduct has been in violation of the Sherman Anti-Trust Act, 15 U.S.C. § 2.  (See Reveal's Proposed First Amended Answer and Counterclaims, Count III, Dkt. Entry No.141.)  Specifically, Reveal alleged that L-3 has attempted to monopolize the relevant market for explosive detection systems by bringing an objectively meritless claim for willful patent infringement against Reveal.  (See id. ¶ 107.)  To the extent that the existing counterclaim overlaps with the proposed claim for an antitrust violation based on patent misuse, Reveal restates its allegation so that L-3 is undeniably given fair notice of the claim and the grounds upon which the claim rests.  See Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (notice pleading requires that complaint give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests).

Finally, as to the proposed affirmative defense of patent misuse (Eighth Affirmative Defense), Reveal agrees to withdraw this particular count from its proposed amendment. With the proposed antitrust counterclaim for patent misuse, Reveal's allegation of L-3's misconduct through bad faith litigation will be included in this lawsuit. Further, as noted by L-3, if the Court finds that the patents-in-suit are invalid, there will be no reason to address any of Reveal's affirmative defenses as Reveal would already be relieved of liability.  (See L-3's Opp'n at 3.)

4

As discussed above, Reveal's proposed First Amended Answer and Counterclaims is neither futile nor prejudicial to L-3, nor brought in bad faith or with a dilatory motive. Therefore, Reveal requests that its motion to amend be allowed.

Respectfully submitted,

**REVEAL IMAGING TECHNOLOGIES, INC.,**

By its attorneys,

Dated: November 15, 2005

    /s/ H. Joseph Hameline
H. Joseph Hameline (BBO# 218710)
A. Jason Mirabito (BBO # 349440)
Michael T. Renaud (BBO # 629783)
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

LIT 1549756v.2

5