IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

## L-3'S OPPOSITION TO REVEAL'S MOTION TO AMEND THE PROTECTIVE ORDER

The Court should deny Reveal's motion to amend the protective order. Fact discovery on infringement and validity issues finished more than a month ago. The protective order has already been litigated in two separate proceedings and has been settled for more than nine months. As Reveal itself conceded, there is "no need" to keep from L-3's in-house counsel the materials in question. Not only are GE's interests adequately protected by the existing protective order, but the materials in question could not be used to L-3's competitive advantage. In any event, Reveal does not have standing to raise GE's alleged confidentiality concerns. If Reveal needed the documents at issue, it should have moved to compel GE to produce them prior to the discovery deadline, rather than seeking an amendment to the protective order after the deadline.

### I.

Fact discovery on infringement and validity issues has ended. From the time this case was filed in August 2004, Reveal has consistently sought to delay resolution, by moving on several occasions for a stay and arguing for later deadlines in the case schedule. On February 8, 2005, this Court ordered that the parties complete all fact discovery unrelated to damages before September 15, 2005. (D.I. 44). On April 29, 2005, the Court pushed that date back to October 1,

2005. (D.I. 77). Reveal waited until September 21, 2005 to serve four broad subpoenas on GE entities all over the country. Reveal then waited over a month past the close of discovery to file this motion. The case is ripe for summary judgment, not for taking up issues that Reveal should have raised for the Court to resolve before the close of discovery. L-3 would be prejudiced by the introduction of a large volume of new documents at this stage of the case.

## II.

This motion does not arrive on a blank slate. The scope of the protective order has been litigated in both this suit and a parallel state court action and has been settled for over nine months. In September 2004, the parties agreed that all discovery from the state court action could be used in this suit, subject to the same protective order that Judge van Gestel had entered in that suit. (D.I. 4). In February 2005, Reveal argued that the protective order that had been used in the state court proceeding should be modified to bar L-3's in-house counsel from viewing certain confidential documents. (D.I. 39). Reveal's argument was rejected. Now, nine months later, <u>after</u> the close of fact discovery, Reveal seeks to reopen this well settled issue yet again.

## III.

The material Reveal seeks from GE could not be used for competitive advantage by L-3. The technologies at issue are at least ten, and in most cases fifteen or more, years old and do not relate to current products, products in development, or valuable trade secrets. Moreover, the documents sought are all technical in nature. L-3's in-house counsel is not involved in the technical design aspects of any products. Further, the protective order prohibits L-3's in-house counsel from using any confidential documents for purposes unrelated to the litigation. Reveal <u>conceded</u> that the modification of the protective order is unnecessary. D.I. 145 ¶ 17 ("…Reveal

does not see the need to keep confidential material provided by the GE entities from in-house legal staff…") Thus, Reveal could, prior to the close of discovery, have moved to compel GE to produce the subpoenaed documents, but did not do so. It is not appropriate, however, to deny L-3 its right to have in-house counsel participate in this case simply because GE refuses to comply with Reveal's subpoena. This is in addition to the fact that Reveal delayed over a month past the end of discovery to take any action at all.

L-3's in-house counsel has been intimately involved at every stage of this litigation.[1] Denying access would interfere with L-3's right to counsel of its choosing where there is no risk of competitive harm to GE. **Reveal has not even alleged that any competitive harm to GE is possible**, much less likely, from the disclosure of its documents to L-3's in-house counsel. Even if there were a legitimate confidentiality interest, it is GE, not Reveal, that would have standing to assert it. See In re Westinghouse Elec. Corp. Uranium Contracts Litigation, 76 F.R.D. 47, 59 (D.C. Pa. 1977).

Finally, it is well established that a protective order denying in-house counsel access to confidential documents should only be granted when "an unacceptable opportunity for inadvertent disclosure exists," which "must be determined…by the facts on a counsel-by-counsel basis, and cannot be determined solely by giving controlling weight to the classification of counsel as in-house rather than retained." U.S. Steel Corp. v. U.S., 730 F.2d 1465, 1468 (Fed. Cir. 1984). In this case, there are no facts in the record that suggest that "an unacceptable opportunity for inadvertent disclosure exists," and in fact all of the evidence points in the

---

[1] Because Reveal has no in-house counsel, its retained counsel performs the same duties that inside counsel otherwise would. Yet under the proposed amendment to the protective order, Reveal's counsel would have unrestricted access to the documents in question.

957960.2

opposite direction. As the Court may recall, the existing Protective Order requires in-house counsel to travel to outside counsel's office to review confidential documents. (D.I. 56 at 6-7).

## Conclusion

For the above stated reasons, Reveal's motion should be denied.

                Respectfully submitted,

                L-3 COMMUNICATIONS SECURITY
                AND DETECTION SYSTEMS, INC.,

                By its attorneys,

November 18, 2005           ____/s/ James J. Foster_____
                Michael A. Albert, BBO # 558566
                James J. Foster, BBO # 553285
                Robert M. Abrahamsen, BBO # 636635
                Adam J. Kessel, BBO # 661211
                WOLF, GREENFIELD & SACKS, P.C.
                600 Atlantic Avenue
                Boston, Massachusetts 02210
                Tel.: 617.646.8000
                Fax: 617.646.8646
                malbert@wolfgreenfield.com