IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

## L-3'S OPPOSITION TO REVEAL'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL INVALIDITY REPORT

Reveal's attempt to supplement its invalidity report and introduce new documents more than a month after the close of discovery is yet another example of the dilatory tactics it has employed throughout this case. The report is both untimely and unfairly prejudicial to L-3. Accordingly, the Court should deny Reveal's motion for leave.

On April 29, 2005, the Court established a case schedule through the end of expert reports. (D.I. 77). Under the Court's order, fact discovery closed on October 1, 2005. The party with the burden of proof was required to serve all expert reports on or before October 17, 2005. Rebuttal reports were due on or before November 4, 2005. Reveal thus had <u>at least</u> six months to gather whatever documents it thought necessary to provide to its experts for its reports. Instead, it did not "unearth" a copy of a document it had known about from the start of discovery until <u>after</u> fact discovery was closed and the deadline for all expert reports had passed.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure states that a party relying on expert witness testimony must provide the other party with a written report containing, among other things, "a complete statement of all opinions to be expressed and the bases and reasons therefore; [and] the data or other information considered by the witness in forming the opinions;

[and] any exhibits to be used as a summary of or support for the opinions." These disclosures "shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). See Minebea Co., Ltd. v. Papst, 231 F.R.D. 3, 5-6 (D.D.C. 2005).

Reveal subverts the purpose of Rule 26(a)(2) by attempting to introduce new testimony **and** new documents after the Court-ordered deadline. See Coles v. Perry, 217 F.R.D. 1, 4 (D.D.C. 2003) (noting that "the very purpose of the rule is nullified" when an expert "supplements" his report by addressing new matter after discovery has ended); Papst, 231 F.R.D. at 6 ("The Rule also prevents experts from "lying in wait" to express new opinions at the last minute, thereby denying the opposing party the opportunity to … closely examine the expert's new testimony."). Reveal apparently intends to rely on the 1987 Imatron study in an argument concerning the validity of L-3's patents. Because fact discovery on infringement and invalidity is now over, L-3 is precluded from taking discovery on pertinent details about the Imatron report.

For example, under 35 U.S.C. § 102(b), prior art references are only relevant to validity if they were "published" more than one year prior to the application date of the patent at issue. To determine whether a reference was "published" prior to the critical date is a factual determination that often requires contextual evidence. E.g., TypeRight Keyboard Corp. v. Microsoft Corp, 374 F.3d 1151, 1158 (Fed. Cir. 2004) (reversing summary judgment of invalidity due to the existence of disputed facts with respect to the "publication" of prior art document). Similarly, prior use of an invention is only applicable to the validity inquiry if the use was "public" or the invention was "on sale," which is a highly fact-specific determination. E.g., Manville Sales Corp. v. Paramount Systems, Inc., 917 F.2d 544, 549 (Fed. Cir. 1990) ("In order to determine whether an invention was on sale or in public use, we must consider how the totality of the circumstances comports with the policies underlying the on sale and public use bars."). L-3 is now precluded from taking

discovery on these issues because the deadline has passed. That Reveal does not object to L-3 serving yet another rebuttal expert report (Reveal Mot. at 2) is irrelevant because many of the issues raised by Reveal's untimely submission are <u>factual</u> in nature. L-3 will thus be prejudiced if Reveal's motion is allowed.[1]

Furthermore, Reveal's conclusory statement in its brief that it "diligently" sought to obtain a copy of the document on which it bases its supplemental report (Reveal Mot. at 2) is vague and unsupported by any evidence. Reveal does not state, for example, what efforts were made to obtain the report or when those efforts might have been made. Absent detailed testimony regarding Reveal's prior search for the study in question, it is impossible to evaluate its claims. In any event, fact discovery is now over. Reveal had at least six months from the time of the scheduling order to address this issue, and should have moved for an extension <u>prior to October 1</u> if it needed additional time. <u>See</u> <u>Ortiz-Rivera v. Municipal Government of Toa Alta</u>, 214 F.R.D. 51, 55 (D.P.R. 2003) ("Whether [the expert reports] were late by one week or greater is not the issue. … [A]ny rationale that Plaintiffs may have for the delay in filing the expert reports could have been better substantiated if Plaintiffs had attempted to request an extension of time. However, Plaintiffs did not take even those most minimal of efforts.").

A motion for leave to file a supplemental expert report should be denied where the supplemental report represents "a substantial "refinement" of the original report, containing new or different material and providing additional information to support specific elements of [that party's] case." <u>Pabst</u>, 231 F.R.D. at 6. Reveal's proposed supplemental report represents far more than a "substantial refinement" of its original report, as it discussed new art and new

---

[1] It would not be appropriate to reopen fact discovery. Both parties are prepared to submit summary judgment motions in the coming weeks. Reveal should not be permitted to further delay the case schedule by its untimely report.

960746.1                                - 3 -

publications. Reveal should not be permitted to disregard the discovery schedule and prejudice L-3 by introducing this report now.

## Conclusion

For the above stated reasons, Reveal's motion should be denied.

Respectfully submitted,

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

November 23, 2005

_____/s/ James J. Foster_____
Michael A. Albert, BBO # 558566
James J. Foster, BBO # 553285
Robert M. Abrahamsen, BBO # 636635
Adam J. Kessel, BBO # 661211
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646.8000
Fax: 617.646.8646
malbert@wolfgreenfield.com