UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) ) | NO. 04-11884-NG |
| REVEAL IMAGING TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER ON
<u>REVEAL'S MOTION TO AMEND ANSWER AND COUNTERCLAIM</u>**

November 29, 2005

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff L-3 Communications Security and Detection Systems, Inc. ("L-3") has brought an action alleging that the defendant Reveal Imaging Technologies, Inc. ("Reveal") has infringed on six patents held by L-3 relating to its products which screen packages for explosives. Suit was originally filed on August 30, 2004 and since then L-3 has filed two amended complaints, the last one having been filed on March 30, 2005. Discovery has been fast-paced and virtually every aspect of this case has been hotly contested. Fact discovery as to liability is completed and the parties are preparing to engage in expert discovery and a summary judgment practice on the issue of liability.

Presently before this court is Reveal's Motion to Amend Answer & Counterclaim (Docket No. 141). By this Motion, Reveal is seeking to add two affirmative defenses –

its "Sixth Affirmative Defense" alleging the L-3's "'879 Patent is unenforceable by virtue of inequitable conduct committed by Plaintiff in connection with the prosecution of the application for the '879 Patent" and its "Seventh Affirmative Defense" alleging that L-3's "'391 and '879 Patents are unenforceable by virtue of inequitable conduct committed by Plaintiff in the prosecution of these Patents." Proposed Amended Answer (attached to Reveal's Motion) at ¶¶ 41, 48. A proposed "Eighth Affirmative Defense" alleging that all of L-3's six patents "are unenforceable due to patent misuse" has been withdrawn. See Proposed Amended Answer at ¶ 56; Reveal's Reply Mem. (Docket No. 151) at 4-5. By its Motion to Amend, Reveal is also seeking to add a fourth counterclaim, entitled "Anti-Trust Claim for Patent Misuse."

    L-3 opposes the Motion to Amend on the grounds that it is untimely and that a claim for patent misuse is an affirmative defense and cannot be brought as a separate claim. As detailed herein, this court finds the amendments timely. Furthermore, the counterclaim is not a counterclaim for patent misuse, but is a claim of an anti-trust violation premised on patent misuse. Consequently, the motion to amend is ALLOWED.

## II.  STATEMENT OF FACTS

    L-3 brought an action on August 30, 2004 alleging that Reveal was infringing on its patent. The complaint originally related to one patent. It was amended to add two patents in September 2004 and to add three more patents in March 2005. As detailed in the chart below, except for the original patent, the patents were not of new vintage and should have been known to L-3 when it filed its original complaint. Nevertheless, the

court allowed the amendment because discovery was still ongoing and it was most efficient to have all the patents addressed in one litigation. Thus, the patents at issue in this litigation are as follows:

| Pleading | Patent No. | Date Patent Issued |
|---|---|---|
| Complaint (Filed 8/30/04) | 6,721,391 (the '391 patent) | 4/13/04 |
| Amended Complaint (Filed 9/22/04) | 5,642,393 (the '393 patent) | 6/24/97 |
|  | 5,838,758 (the '758 patent) | 11/17/98 |
| 2nd Amended Complaint (Filed 3/30/05) | 6,707,879 (the '879 patent) | 3/16/04 |
|  | 5,905,806 (the '806 patent) | 5/18/99 |
|  | 5,712,926 (the '926 patent) | 1/27/98 |

As of its response to the Second Amended Complaint, Reveal had raised five affirmative defenses: (1) it does not infringe any valid and enforceable claim asserted in any of the patents; (2) it has not induced and does not contribute to the infringement of any valid and enforceable claim in any of the patents; (3) one or more of the patents may be invalid; (4) the claims are barred in whole or in part by 28 U.S.C. § 1498; and (5) an injunction would violate public policy.  Reveal had also filed three counterclaims – (1)

3

seeking a declaration of non-infringement; (2) asserting that this is an exceptional case entitling Reveal to attorneys' fees; and (3) claiming that L-3 violated the Sherman Anti-Trust Act, 15 U.S.C. § 2.

## The Proposed Amendments

By its Motion to Amend, Reveal is seeking to add an affirmative defense that the '879 patent is unenforceable because of L-3's allegedly inequitable conduct in connection with the prosecution of the application for that patent.  Specifically, but without limitation, Reveal contends that L-3 wrongfully failed to disclose the existence of U.S. Patent No. 5,974,111 to the United States Patent and Trademark Office ("USPTO") in connection with the prosecution of the application for the '879 patent.  Consequently, Reveal contends that "[t]he '879 Patent is unenforceable as a result of the statements, misstatements, and omissions made during the prosecution of the '879 Patent."  Proposed Sixth Affirmative Defense at ¶¶ 41-47.

By its proposed Seventh Affirmative Defense, Reveal contends that the '391 and '879 patents are unenforceable due to L-3's allegedly inequitable conduct in the prosecution of the applications for both these patents.  According to Reveal, these two patents share a common patent application and virtually identical specifications. Proposed Seventh Affirmative Defense at ¶ 48.  Specifically, but without limitation, Reveal contends that L-3 failed to disclose its own networked baggage screening system and related material to the USPTO, but instead limited its disclosure to its stand-alone baggage screening device.  Id. at ¶ 50.  However, it is a networked baggage screening

system which forms the basis of L-3's complaint. <u>Id.</u> at ¶ 51. In addition, Reveal contends that L-3 failed to disclose a number of elements in the claims in connection with the prosecution of the '879 patent application. <u>Id.</u> at ¶¶ 52-53. Thus, according to Reveal, "[t]he '391 and '879 Patents are unenforceable as a result of the statements, misstatements, and omissions made during prosecution of the '391 and '879 Patents." <u>Id.</u> at ¶ 55.

Finally, Reveal is seeking to add a counterclaim entitled "Count IV – Anti-Trust Claim for Patent Misuse." This claim incorporates prior factual allegations of the counterclaims, including a lengthy section alleging facts in support of Count III – a claim alleging violations of the Sherman Anti-Trust Act. <u>Counterclaims</u> at ¶¶ 73-131. Some understanding of Count III is necessary to understand the proposed Count IV, so these previously pleaded factual allegations will be reviewed briefly herein.

The crux of Reveal's existing anti-trust claim is that L-3's claims of patent infringement "are objectively baseless, and were brought for the purpose of preventing Reveal from entering into the market as a manufacturer and seller of explosive detection systems ("EDS") certified by the United States government for baggage inspection in U.S. airports." <u>Id.</u> at ¶ 73. As evidence of wrongdoing, Reveal cites to litigation brought by L-3 against Reveal in the Massachusetts Superior Court , the instant litigation and other lawsuits brought by L-3 against other competitors. Such conduct, according to Reveal, was undertaken by L-3 in an attempt to monopolize the relevant market for EDS

in the United States as well as abroad, and to drive Reveal out of business. See id. at ¶¶123-31.

In its proposed amendment, Reveal alleges that L-3's "manufacturing capabilities constitute market power sufficient to establish an anti-trust claim for patent misuse" and that Reveal, along with GE and L-3 were the only manufacturers of EDS machines with the governmental certification needed to allow their machines to be purchased by the United States government. Id. at ¶¶ 133-35. The crux of the new counterclaim is found in ¶ 136, where Reveal alleges as follows:

> On information and belief, Plaintiff has misused the '391, '393, '758, '879, '926 and '806 Patents by asserting infringement of the Patent in suit which it knows to be invalid and/or unenforceable and is a purposeful business decision by Plaintiff to improperly prohibit Reveal from selling its CT-80 EDS machines in violation of anti-trust law.

Reveal then goes on to state that it is entitled to recover attorneys' fees in this case. Id. at ¶ 137.

### III. ANALYSIS

#### A. Standard of Review

Reveal has sought leave to amend its answer and counterclaim pursuant to Fed. R. Civ. P. 15(a). The decision whether to grant leave to amend is discretionary with the trial court. Larocca v. Borden, Inc., 276 F.3d 22, 32 (1st Cir. 2002); Sheehan v. City of Gloucester, 321 F.3d 21, 26 (1st Cir. 2003). "Leave to amend under Rule 15 'is freely given when justice so requires' absent an adequate basis to deny amendment such as

futility, bad faith, undue delay or a dilatory motive." Transwitch Corp. v. Galazar Networks, Inc., 377 F. Supp. 2d 284, 290 (D. Mass. 2005) and cases cited. The "futility" assessment is governed by the standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6). Consequently, an "'amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.'" Id. (quoting Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001)). In the instant case, L-3 contends that the amendments are untimely and that the proposed counterclaim is futile. This court does not agree.

     **B.**    **Timeliness of the Amendment**

L-3 contends that all of the new affirmative defenses could have been asserted in Reveal's original answer, which was filed on April 13, 2005, and that "[a]ll of the facts contained in Reveal's allegations of inequitable conduct are contained in the prosecution file histories of the respective patents, which were all publicly available when L-3 filed its complaint on August 30, 2004, nearly fifteen months ago . . . . Similarly, there is no new information now that was not available at the time of Reveal's original answer to support the patent misuse defense." L-3's Opp. (Docket No. 146) at 3. Reveal contends that it gained some of the information relevant to these defenses during recently conducted discovery, and that, in any event, there would be no prejudice to L-3 in allowing the amendment. See Reveal's Reply Mem. (Docket No. 151) at 1-2.

This court finds the proposed amendments to be timely. As an initial matter, the '879 patent, which is at the core of the proposed affirmative defenses, was not added to this litigation until the filing of the Second Amended Complaint on March 30, 2005. There would have been no reason for Reveal to have been in a position to assert a defense concerning the prosecution of the application for that patent before then. Moreover, as evidenced by the fact that L-3 did not include its claims for three of the patents in its initial, or even in its first amended complaint, the mere fact that information should have been known to a party before a pleading was filed does not prevent the later pleading of relevant claims.

Most importantly, the addition of the proposed affirmative defenses will not affect the case schedule. As detailed more fully below, the proposed anti-trust counterclaim also will not affect the progress of this case. The prosecution file histories have been thoroughly examined in connection with the existing claims. Similarly, the motives of L-3 in bringing this and other litigation, as well as the merits of its infringement claims, have been thoroughly explored in connection with the existing claims and counterclaims. Neither party has asserted that the proposed amendments will require additional discovery. While L-3 contends that Reveal's "attempt to amend its defenses at this late hour is simply another stalling tactic," this claim does not find support in the record. See L-3's Opp. at 3. Consequently, this court concludes that the proposed amendment is timely.

    **C.**    **Futility**

L-3's principal objection to the proposed amendments is that "patent misuse" is an affirmative defense and cannot serve as the basis for a counterclaim, and that the wrongful conduct which Reveal has alleged does not constitute patent misuse. While this court agrees that "patent misuse" on its own is an affirmative defense, in this case Reveal has properly asserted such conduct as another basis for its contention that L-3 has violated the anti-trust laws.

"Patent misuse" "relates generally to the use of patent rights to obtain or to coerce an unfair commercial advantage. Patent misuse relates primarily to a patentee's actions that affect competition in unpatented goods or that otherwise extend the economic effect beyond the scope of the patent grant." C.R. Bard, Inc. v. M3 Systems, Inc., 157 F.3d 1340, 1372 (Fed. Cir. 1998). The same conduct may either constitute a defense to a patent infringement claim, or "may also serve as an element in a complaint charging antitrust violation." Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 668 (Fed. Cir. 1986). See also C.R. Bard, 157 F.3d at 1373 (conduct evidencing an attempt to enforce patents against goods known not be infringing appropriately presented as part of anti-trust claim).

The defense of patent misuse, while closely related to an anti-trust claim, is not identical. As the court held in Transitron Electronic Corp. v. Hughes Aircraft Co.:

> Patent misuse is generally set up as a defense to an infringement suit. It is similar to an allegation of a patent antitrust violation in that it asserts the patentee is wrongfully attempting to enforce the patent, either because the patent was fraudulently obtained or because the enforcement methods are unlawfully competitive. Patent misuse requires a lesser showing than a Sherman Act violation in that a licensee who asserts it need prove neither anticompetitive effects,

9

> nor individual harm. Patent misuse may be shown from the totality of a licensor's conduct and business practices. Thus, patent misuse may be seen as having a less stringent standing requirement and a lesser burden of proof than an antitrust claim.

Transitron, 487 F. Supp. 885, 892 (D. Mass. 1980), aff'd, 649 F.2d 871 (1st Cir. 1981) (internal citations omitted).

Where patent misuse does not rise to the level of an anti-trust violation, it is not an independent cause of action, but rather "an equitable defense, analogous to the clean hands defense, against an infringement action." Id. at 893. In such circumstances, misuse of a patent "suspends the owner's right to recover for infringement of a patent" and "the owner's right to recover for infringement is reinstated once the offensive practice has been abandoned and its effects have been purged." Id. (internal citations omitted). See also CMI, Inc. v. Intoximeters, Inc., 918 F. Supp. 1068, 1090 (W.D. Ky. 1995) (patent misuse is an affirmative defense to a claim of patent infringement). However, the same wrongful conduct may serve as an element of an anti-trust action. In such circumstances, it constitutes an independent claim.

A patentee may violate the anti-trust laws "either in obtaining the patent by means of fraud on the Patent Office or in unlawfully enforcing its patent." Transitron, 487 F. Supp. at 891. "To make out a Sherman Act violation by fraud on the Patent Office, a plaintiff must first prove fraud, and then must prove all the other elements of an antitrust offense, including an agreement under Section 1 (conspiracy) or monopolistic intent, definition of the relevant market and exclusionary market power under section 2." Id.

The "fraud" element may be the conduct which constitutes patent misuse. In the instant case, Reveal has pleaded all of the necessary elements in its proposed anti-trust counterclaim. Thus, the proposed anti-trust counterclaim is properly asserted as an independent claim.

Finally, L-3 contends that "Reveal's only allegations of patent misuse is that L-3 has asserted invalid claims" and that this does not constitute patent misuse which "relates to the use of a patent to gain control over unpatented goods, for example, through a tying arrangement." L-3's Opp. at 2. Admittedly, "the classic grounds of patent misuse" include "tying or enforced package licensing or price restraints or extended royalty terms." C.R. Bard, 157 F.3d at 1373. Nevertheless, "[a] patentee may commit patent misuse in improper exploitation of the patent either by violating the antitrust laws or extending the patent beyond its lawful scope." Transitron, 487 F. Supp. at 893. Litigation brought as part of a plan to preserve a monopoly or to violate the antitrust laws may also constitute an antitrust violation. Id. at 892 and cases cited. The allegations of Reveal's proposed counterclaim go beyond a contention that L-3 just asserted invalid claims in its patent litigation. At this juncture, Reveal's allegations are sufficient to state an anti-trust violation in its new counterclaim.

## IV.  CONCLUSION

For all the reasons detailed herein, Reveal's Motion to Amend Answer & Counterclaim (Docket No. 141) is ALLOWED.

                                            / s / Judith Gail Dein
                                            Judith Gail Dein
                                            United States Magistrate Judge