
**Wolf Greenfield**
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

James J. Foster
jfoster@wolfgreenfield.com
direct dial 617.646.8225

December 16, 2005

**BY ELECTRONIC FILING**

Magistrate Judge Judith G. Dein
United States District Court
  for the District of Massachusetts
Suite 6410
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

    Re:    <u>L-3 Communications Security and Detection System, Inc. v. Reveal Imaging Technologies, Inc.</u>, C.A. No. 04-11884-NG

Dear Judge Dein:

    I am writing on behalf of plaintiff, L-3 Communications Security and Detection System, Inc. ("L-3"), to seek expedited handling of a discovery dispute that has arisen in this case.[1] This dispute concerns the production of documents relating to the expert report of Norbert Pelc, an expert designated by Reveal Imaging Technologies, Inc. ("Reveal") in this case. The issue is of particular urgency because expert discovery is scheduled to end today under the Court's 11/29/05 Scheduling Order.

    At Professor Pelc's deposition on December 9, 2005, he testified that attorneys from Mintz, Levin (Reveal's counsel) prepared the first draft of both of his reports. He also testified that there were subsequent drafts, and that he engaged in communication with Reveal's counsel relating to the reports. He testified, for example, that Reveal's counsel had suggested a particular invalidity argument that he rejected and deleted from the report. Although he had been subpoenaed to bring those documents to the deposition, he did not do so. Instead, he testified that he had deleted from his computer electronic correspondence both to and from Reveal's counsel as well as all prior drafts of his reports.

    During Professor Pelc's deposition, L-3 asked Reveal to voluntarily produce copies from Mintz, Levin's computer systems of the draft reports and emails that had been deleted from Professor Pelc's computer. Reveal refused. L-3 also asked Reveal if it would produce those

---

[1] Paragraph 4 of the Discovery and Scheduling Order entered on December 10, 2004, provided:
    The parties recognize the narrow time frame for completing discovery and have agreed that they will expedite such discovery and the resolution of any discovery disputes. If such a dispute arises and is not quickly resolved directly between the parties, either party may bring the dispute to the attention of this Court, by letter, for expedited handling, by telephone or in-person conference at the Court's discretion.



Magistrate Judge Judith G. Dein
December 16, 2005
Page 2

documents prior to the end of the deposition if Mintz, Levin were served with a subpoena. Reveal indicated that it would not.

On December 13, the second business day after the deposition, L-3 subpoenaed Mintz, Levin for a deposition, at which that firm was required to produce "[a]ll correspondence, including both written and email correspondence (including all attachments), between Mintz, Levin and Norman J. Pelc, relating to Pelc's retention, services, and opinions in the Federal lawsuit between L-3 and Reveal."[2] Mintz, Levin's deposition pursuant to Fed. R. Civ. P. 30(b)(6) was to be on the topic of "[t]ransmission, storage, retention, or deletion of any and all email (including attachments) between Mintz, Levin and Norman J. Pelc relating to Pelc's retention, services, and opinions in the Federal lawsuit between L-3 and Reveal."

Because of today's deadline, L-3 noticed the deposition and production of documents for Thursday, December 15 at 9:00 am. Mintz, Levin did not produce any documents at that time or even attend the deposition, nor did it move for a protective order.

After Mintz, Levin did not show up for its noticed deposition, L-3 served another notice of deposition and request for documents, this one directed to Reveal. This notice was hand served on Reveal on Thursday, December 15, and requested that Reveal produce the same documents and designate a witness on the same topic discussed above. The document production and deposition were noticed for 11:00 am today.

Shortly before 11:00 am, Reveal called L-3, stating that it would not be attending this deposition either.

The Federal Rules require disclosure of drafts of expert reports and communications with experts. E.g., Suskind v. Home Depot Corp., 2001 WL 92183, D. Mass. (Jan. 2, 2001) (noting that the "present weight of the caselaw tends to be in favor of allowing discovery of core attorney work product materials which have been considered by an expert," collecting cases, ordering production of materials provided by counsel to expert); Fibermark, Inc. v. Merrimac Paper Co., Inc., Dkt. Entry #31, No. 01-11159-DPW (D. Mass. 2002); Manufacturing Admin.

---

[2] The subpoena was also sent by email to Mintz, Levin the day before. L-3 also attempted to hand serve the subpoena on Mintz, Levin on December 12; however, the process server who attempted hand delivery was refused entry to Mintz, Levin's offices. Despite phone calls to four Mintz, Levin attorneys who work on this case, L-3's counsel was unable to reach anyone at Mintz, Levin to arrange for L-3's process server to enter Mintz, Levin's reception area to deliver the subpoena.



Magistrate Judge Judith G. Dein
December 16, 2005
Page 3


and Management Systems, Inc. v. ICT Group, Inc., 212 F.R.D. 110, 115-117 (E.D.N.Y. 2002) (Young, C.J. of D. Mass., sitting by designation) ("[T]he text of Rule 26 mandates disclosure of work product given to a testifying expert. ... [P]rotecting communications between attorneys and experts significantly obstructs an important goal. ... To escape the wide swath of discovery's net, therefore, an attorney can simply choose not to communicate such work product to a testifying expert.") accord Lugosch v. Congel, 219 F.R.D. 220, 249-250 (N.D.N.Y. 2003). That Professor Pelc may have intentionally deleted his own copy of these documents does not excuse Reveal of the obligation to produce copies of these documents under its control.

We also note that Reveal's counsel failed to show up for two duly noticed depositions without moving for a protective order. L-3 incurred the time and expense of preparing for those depositions. A court reporter was present for both depositions. The Federal Rules require a deponent to either attend the noticed deposition or move for a protective order. "[A] party cannot unilaterally decide that he or she is not going to attend a duly-noticed deposition without at least applying for a protective order before the time set for the deposition." East Boston Ecumenical Community v. Mastrorillo, 133 F.R.D. 2, 4 (D. Mass. 1990). See also Robert Billet Promotions, Inc. v. IMI Cornelius, Inc., 1995 WL 672385, 2 (E.D. Pa. Nov. 8, 1995) ("Once a deposition is properly noticed, a party who opposes the deposition and cannot amicably resolve the dispute must either attend the deposition or file for a protective order from the court ... A party cannot, as defendants have done here, fail to attend a properly-noticed deposition without a court order.") (collecting cases).

We thus request relief from the Court from Reveal's failure to comply with the Federal Rules and its discovery obligations. Either of two forms of relief would be appropriate under these circumstances: (1) the Court could order Reveal to produce the requested documents immediately and attend its deposition, and to permit L-3 to redepose Professor Pelc, at Reveal's expense, on matters raised by those withheld documents; or (2) the Court could preclude Professor Pelc from testifying in this case.

Respectfully,

WOLF, GREENFIELD & SACKS, P.C.

/s/ James J. Foster
James J. Foster

JJF/AJK