IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br>        Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>        Defendant. | Civil Action No. 04-11884 NG<br>(Magistrate Judge Judith Gail Dein) |

## SECOND REQUEST FOR DOCUMENTS AND THINGS TO REVEAL IMAGING TECHNOLOGIES, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, L-3 Communications Security and Detection Systems, Inc. ("L-3"), requests the following from Defendant, Reveal Imaging Technologies, Inc. ("Reveal"), which are required to be produced only if the Court modifies its Order of December 10, 2004 so as to allow such discovery:

### Request No. 1

Documents or things concerning any of U.S. Patent Nos. 5,642,393; 5,838,758; and 6,721,391 ("the Patents"), or any product or process described or claimed in any of the Patents.

### Request No. 2

Documents or things concerning any contention that any of the Patents is invalid.

830171.1

## Request No. 3

Documents or things concerning any contention that any of the Patents is not infringed.

## Request No. 4

Documents or things concerning any contention that any of the Patents is unenforceable.

## Request No. 5

Documents or things that Reveal contends support its defense of immunity under 28 U.S.C. §1498.

## Request No. 6

Documents sufficient to identify and describe the structure and operation of each explosive detection system made, used, imported, sold, or offered for sale by Reveal or a person or entity acting on Reveal's behalf since Reveal's inception ("the Reveal Systems").

## Request No. 7

Agreements with the FAA, TSA, or any other entity concerning the Reveal Systems or methods performed by those systems.

## Request No. 8

Communications with customers or potential customers, including government entities, concerning the Reveal Systems or methods performed by those systems, any of the Patents, or this lawsuit.

### Request No. 9

Communications with actual or potential distributors concerning any Reveal System or method performed by those systems.

### Request No. 10

Communications with Reveal's investors concerning the Reveal Systems or methods performed by those systems, any of the Patents, or this lawsuit.

### Request No. 11

Documents concerning the design and operation of the Reveal Systems, including sketches, drafts, models, prototypes, drawings, or any other document or thing made during the process of developing the Reveal Systems.

### Request No. 12

Documents concerning the research or development of, or experimental work or testing on, the Reveal Systems.

### Request No. 13

Documents concerning the marketing or advertising of the Reveal Systems.

### Request No. 14

Papers, publications, presentations, or other writings prepared by Reveal concerning the Reveal Systems or methods performed by those systems.

### Request No. 15

Catalogs or brochures listing or describing the Reveal Systems or methods performed by those systems.

### Request No. 16

Documents that describe or characterize the design, features, performance characteristics, or other attributes of any of the Reveal Systems or methods performed by those systems.

### Request No. 17

Documents and things concerning any evaluations of any of the Reveal Systems or methods performed by those systems, including comparisons of any such products or methods with L-3's products or methods, the Patents, or any other products, methods, or patents, and any records of reverse engineering.

### Request No. 18

Documents sufficient to show the monthly sales in units and dollars of the Reveal Systems.

### Request No. 19

Documents sufficient to show the costs and the profits associated with the manufacture and sale of the Reveal Systems.

### Request No. 20

If Reveal is going to rely upon an opinion of counsel in response to a contention of willful infringement, then all documents that constitute or relate to any opinions of counsel concerning whether or not Reveal may be liable for infringement of the Patents and all documents that were referenced or prepared in connection with the development of any such opinion, and documents supporting, negating, or otherwise concerning a contention that any infringement of the Patents was not willful.

**Request No. 21**

Documents that refer to L-3 or any of its predecessor companies.

**Request No. 22**

Documents and things concerning any explosive detection system sold by L-3, including the eXaminer 3DX 6000, the VCT30, the MVT, the VIS108, and the VDS108.

**Request No. 23**

Documents concerning the preparation and prosecution of any patent application concerning any of the Reveal Systems or methods performed by those systems or any part of those systems, including United States and foreign prosecution files, correspondence with foreign prosecuting attorneys or agents, and correspondence with any foreign patent office.

**Request No. 24**

Documents sufficient to show the organizational structure of Reveal since its inception, concerning research, development, manufacture, marketing, patenting, or licensing of Reveal Systems or methods performed by those systems.

**Request No. 25**

Internal management and consultant reports, studies, prospectuses, correspondence, and presentation outlines related to business, financial, and marketing planning and budgeting for the Reveal Systems.

**Request No. 26**

Industry data, such as revenues, growth, market shares, competition, trends, related to the industry relevant to explosive detection systems from outside sources such as trade associations, industry analysts, periodicals, magazines.

**Request No. 27**

Documents and things concerning Reveal's awareness of the existence of the Patents, including the dates upon which Reveal first learned of each of the Patents, the possibility of a contention of infringement of that patent by Reveal or its customers, and the actions, if any, taken by Reveal in response to such knowledge.

**Request No. 28**

Documents and things concerning any attempt by Reveal to design around or avoid any of the Patents.

**Request No. 29**

Documents and things concerning any steps taken by Reveal before offering for sale, making, using, selling, or importing into the United States any of the Reveal Systems to ensure that Reveal did not infringe any of the Patents or any other patents, including any prior art searches.

**Request No. 30**

Agreements to which Reveal is or was a party involving or concerning any patent.

**Request No. 31**

Documents and things concerning any royalty rate that would be reasonable for a license granting the right to make, use, or sell any of the Reveal Systems or methods performed by those systems, a license to any of the Patents, or a license to any other patents that might be construed to cover the Reveal Systems or methods performed by those systems.

**Request No. 32**

Documents or things sufficient to show the identities and locations of all manufacturers of the Reveal Systems.

**Request No. 33**

Documents or things sufficient to identity the date and location of manufacture of each Reveal System.

**Request No. 34**

Documents or things sufficient to show all locations at which each Reveal System has been located, and the manner in which each Reveal System was used at each such location.

                                            L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS, INC.,

By its attorneys,

January 14, 2005

James J. Foster, BBO #553285
Michael A. Albert, BBO #558566
Robert M. Abrahamsen, BBO #636635
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646-8000
Fax: 617.646-8646

## CERTIFICATE OF SERVICE

I certify that on January 14, 2005, I served a copy of the attached Second Request for Documents and Things to Reveal on counsel for Defendant, Reveal Imaging Technologies, Inc., via first-class mail, addressed to:

Rosemary Allen, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111