UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS, SECURITY AND DETECTION SYSTEMS, INC., <br> Plaintiff, <br><br> v. <br><br> REVEAL IMAGING TECHNOLOGIES, INC., <br> Defendant. | C.A. No. 04-11884-NG <br> (Magistrate Judge Judith Gail Dein) |

## REVEAL'S OPPOSITION TO L-3'S MOTION TO COMPEL
## THE PRODUCTION OF DOCUMENTS AND DEPOSITIONS

### Introduction

In the final three days of the expert witness discovery period, plaintiff L-3 Communications Security And Detection Systems, Inc. ("L-3") served subpoenas duces tecum on Reveal Imaging Technologies, Inc. ("Reveal") and its counsel, Mintz Levin Cohn Ferris Glovsky & Popeo, PC ("Mintz Levin"), demanding the production of documents and depositions within twenty-four (24) hours (and on the same day that other properly noticed depositions in this litigation were proceeding). L-3 now calls these "duly-noticed depositions". L-3's flagrant and deliberate contravention of the Rules of Civil Procedure provides ample ground upon which to deny L-3's motion to compel, quash the subpoenas L-3 now seeks to enforce and grant appropriate fees and costs.

L-3's subpoena upon Mintz Levin and its 30(b)(6) subpoena upon Reveal both sought the same thing: that Mintz Levin mine its computer archives for drafts of expert reports by one of its experts, Dr. Norbert Pelc. In his deposition, Dr. Pelc testified he had edited over or deleted

drafts on his computer as a matter of course and well before the service of any subpoena. L-3 responded by serving on Reveal and Mintz Levin the subpoenas that are the subject of this opposition in the final hours of expert discovery.

Putting aside the impropriety of the timing of L-3's maneuver, the substance of L-3's position is undermined by its own experts' failures to produce draft reports or correspondence in response to subpoenas timely served. L-3's experts explain this in the same manner as Dr. Pelc. L-3's response is to demand that Reveal's counsel now search its computer archives for drafts of Dr. Pelc's reports after Dr. Pelc has already traveled from California to Boston for a deposition in which L-3's counsel asked no substantive questions about his reports.[1] L-3 also seeks an order forcing Dr. Pelc to return to Boston to answer the questions that L-3 decided not to pose in the first instance. L-3 seeks such relief even while its experts, Drs. Horn and Lanza, provided the same response to document subpoenas timely served on them [2]

Reveal respectfully requests that this Court deny L-3's motion to compel, quash these oppressive and unreasonable subpoenas and grant appropriate fees and costs.

### Factual Background

The initial expert reports were exchanged on October 18 and rebuttal reports were exchanged on November 7. The parties scheduled expert witness depositions from December 7 though December 15, 2005. Expert witness discovery was scheduled to close on December 16, 2005.

---

[1] Reveal's counsel has informed L-3's counsel, most recently as part of the conference required by Local Rules 7.1 and 37.1, that Reveal's counsel reviewed and does not possess these drafts in either hard copy or on their accessible e-mail systems.

[2] This is the third time L-3 has subpoenaed Reveal's attorneys during the course of the state and federal lawsuits L-3 has brought against Reveal. Like its prior attempts to haul Reveal's attorneys into the fray of this litigation, this one too should fail.

2

Reveal's expert, Dr. Pelc was deposed in Boston on Friday, December 9, 2005. Reveal agreed to produce him in Boston to accommodate L-3. L-3 served a subpoena on Dr. Pelc seeking drafts of his expert reports as well as materials relied on by him in preparing his reports. In turn, Reveal served an identical subpoena on Dr. Horn and Dr. Lanza. (Service on the experts themselves was necessary because L-3's counsel refused to accept service on behalf of L-3's experts).

The parties produced, either with the expert reports or at the depositions, the materials relied on by the experts. L-3's expert, Dr. Horn, did not produce any drafts of his expert report. He testified that he shared his drafts with L-3's counsel and then destroyed the drafts when a new version of the report was created. **Exhibit A --** Horn Dep. 10-11, 17-18. L-3's expert Dr. Lanza testified in generally the same manner. Dr. Lanza also testified he received the documents related to this case and commenced his work on October 7, 2005. **Exhibit B --** Lanza Dep. 14-16. Dr. Lanza did produce a few pages of typewritten notes dated October 16, 2005 which contained the barest of his conclusion on claim construction. **Exhibit C --** Lanza Dep. Ex. 2A. His sixteen (16) page, single spaced report was then signed and served on October 18, 2005. **Exhibit B --** Lanza Dep. 15-17. Dr. Lanza then claims he wrote the sixteen (16) page single spaced report in two (2) days, a truly incredible feat, which included an exchange of drafts with L-3's counsel. **Exhibit B --** Lanza Dep. 23-25. During his testimony, this exchange of drafts then became essentially one draft, which was e-mailed to L-3's counsel, but no drafts other than the bare conclusions set forth in Ex. 2A were produced. **Exhibit B --** Lanza Dep. 25-28. Dr. Lanza also did not produce any drafts of his rebuttal report. **Exhibit B --** Lanza Dep. 30-32.

Reveal's expert, Dr. Pelc, testified that he prepared the first draft of certain parts of his initial report, and that he prepared the first draft of his rebuttal report. **Exhibit D --** Pelc Dep.

3

20-22. He also testified that his practice is not to retain drafts of articles or reports. **Exhibit D -- Pelc Dep. 12.** Dr. Pelc did produce at his deposition the then current draft of his response to L-3's rebuttal expert reports. **Exhibit D -- Pelc Dep. 53-54.** During Dr. Pelc's deposition, L-3 asked if Reveal's counsel would check his e-mail for any drafts of Dr. Pelc's report. **Exhibit D -- Pelc Dep. 46-47.** Reveal's counsel agreed to accommodate and expedite the process, and did so at the lunch break, but did not find any drafts. **Exhibit D -- Pelc Dep. 53-58.**

On Wednesday, December 14, 2005, during the deposition of a Reveal employee, L-3 then served upon Reveal's counsel a subpoena demanding that Mintz Levin produce all emails and draft reports exchanged between Mintz Levin and Dr. Pelc and appear for a deposition *the next morning*.[3] **See Exhibit E.** In essence, L-3 sought to have Mintz Levin mine its computer archives for any drafts of Dr. Pelc's reports. Upon receipt of this subpoena, Reveal's counsel objected in person and then in writing.[4] **See Exhibit F.** In any event, L-3 knew that Reveal's counsel was scheduled to depose L-3's expert, Dr. Lanza, the next day, and therefore the subpoena was utterly unreasonable.

In light of Mintz Levin's objection, L-3 took a different tack the very next day. On December 15, 2005, L-3 served a 30(b)(6) notice of deposition and a subpoena on Reveal (by serving Reveal's counsel at a deposition) seeking production of the same documents at a deposition to be taken the following morning. **See Exhibit G.** Reveal's counsel was engaged in the deposition of Dr. Lanza until late in the day on December 15.

---

[3] Reveal understands that on December 12, 2005 L-3's attorneys sought to serve its subpoena upon Mintz Levin by sending a paralegal, unannounced, to the offices of Mintz Levin. The building's security personnel appropriately denied this person access to Mintz Levin's offices after failing to reach by telephone any of the attorneys the paralegal sought.

[4] In addition to the objection to the subpoena that Reveal's counsel made upon service on December 14, 2005, and in writing, Reveal's counsel also objected to the subpoena that evening during a telephone conversation with L-3's counsel.

On December 16, 2005, in accordance with the procedures dictated by Rules 45(c) and 34(b), Mintz Levin and Reveal objected in separate letters sent to L-3's counsel to both of these subpoenas. **See Exhibits H and I.** Mintz Levin objected to the subpoena it received under Rule 45(c)(2)(B) on the grounds that: (1) fact discovery had ended on October 1, 2005; (2) the timeframe for production and deposition imposed by the subpoena -- approximately twenty-four (24) hours -- constituted an undue burden; (3) the demand was redundant insofar as it sought materials also described in the Rule 30(b)(6) notice served upon Reveal; and (4) the demand for documents and deposition of attorneys is generally "disfavored," as explained in Judge van Gestel's denial of as prior L-3 attempt to compel Mintz Levin to produce its documents and to haul Mintz Levin attorneys into depositions. **See Exhibit J.**

Reveal objected on similar grounds to the 30(b)(6) notice, pursuant to the protections provided in Rules 30 and 34. Specifically, Reveal asserted that the Notice was: (1) untimely, since fact discovery had closed October 1, 2005; (2) inappropriate since L-3 has already deposed Reveal twice; (3) in violation of Rule 30(b)(5) and Rule 34(b), which allow thirty (30) days to respond to a request for production; and (4) patently improper and unreasonable since the Notice required document production and depositions within twenty-four (24) hours.

L-3 further asserts in its motion to compel that the documents it seeks pursuant to the 30(b)(6) subpoena of Reveal are covered by Document Request No. 2 of its documents requests served January 14, 2005.[5] Document Request No. 2 seeks, "[d]ocuments or things concerning any contention that any of the Patents is invalid." In addition to the fact that this request on its face is impermissibly broad, L-3 cannot now, more than ten (10) weeks after fact discovery closed, assert that Reveal has failed to produce documents in response to this request. Further, these documents simply did not exist during fact discovery.

---

[5] L-3 omitted this contention from its December 16, 2005 letter to the Court

## Argument

L-3's service of subpoenas upon Mintz Levin and Reveal demanding that both parties produce documents and sit for depositions within twenty-four (24) hours of service violates Rules 30, 34 and 45. L-3 has already received all documents that Dr. Pelc relied upon. And Mintz Levin has already searched its e-mail files, but did not find any draft reports. An extensive search of deleted or edited electronic attorneys' files at this juncture, based on requests filed on the last day of discovery, is simply unreasonable, unduly burdensome, plainly oppressive and is an abuse of the powers granted attorneys to serve subpoenas. Therefore, L-3's motion to compel the production of documents and depositions pursuant to these subpoenas should be denied, the subpoenas should be quashed and Reveal and Mintz Levin should be granted fees and costs for having to respond to improper subpoenas and this motion to compel.

### A.   L-3's Third Party Subpoena Served On Mintz Levin Is Unreasonable, Unduly Burdensome And Oppressive, And Should Be Quashed

Rule 45(b) authorizes attorneys to issue third-party subpoenas and permits them to require production of designated relevant documents, subject to the protections provided in Rules 30(b) and 45(c). *See United States v. Am. Optical Co.,* 39 F.R.D. 580 (N.D. Cal. 1966). Specifically, Rule 45(c)(1) states,

> A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, *which may include, but is not limited to, lost earnings and a reasonable attorney's fee.*

(Emphasis added). In addition, Rule 45(c)(2)(B) allows the party served fourteen (14) days to "serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises."

6

Rule 45(c)(3)(A)(i) and (iv) state that a court *shall* quash or modify a subpoena if it "fails to allow reasonable time for compliance" or "subjects a person to undue burden." Indeed, the subpoena should not be enforced if "the subpoena is unreasonable, oppressive, annoying or embarrassing." *Am. Optical Co.,* 39 F.R.D. at 583 (citing *Covey Oil Co. v. Continental Oil Co,.* 340 F.2d 993, 997 (10th Cir. 1965), *cert. denied,* 380 U.S. 964 (1965); *Boeing Airplane Co. v. Coggeshall,* 280 F.2d 654, 658-59 (7th Cir. 1960)). L-3's gamesmanship -- serving a subpoena demanding documents and depositions within twenty-four (24) hours, while other depositions were proceeding -- is a clear abuse of the discovery process. Therefore, this subpoena should be quashed.

In a case involving facts similar to these the court in *United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27 (D.D.C. 2004) found "particularly stunning," not to mention solid grounds to quash a subpoena, the fact that the defendant's counsel "served [opposing counsel] with subpoenas three business days, or less, before the scheduled depositions. Needless to say, notice of three business days, especially to busy litigators who need to prepare to testify . . . does not constitute 'reasonable notice.' The violation of Rule 30(b)(1) . . . is clear." 312 F. Supp. 2d at 36-37, 38. The court continued: "These flagrant violations of the Federal Rules, this Court's Local Rules, and this Court's Case Management Orders -- to say nothing of common courtesy and civility -- is astounding." *Id.* at 38. In light of the serving party's misconduct, the court in *Philip Morris* quashed the subpoena.

Here, L-3 provided Mintz Levin with even less time and, underscoring L-3's improper intentions, L-3 knew that Reveal's counsel would be deposing L-3's expert the next day, the same day it demanded that Reveal's counsel appear for a deposition. L-3's conduct is, as the *Philip Morris* court stated, "particularly stunning" and "astounding." Reveal's counsel sought to

7

accommodate this last minute request by searching e-mail files, but did not locate any drafts. L-3's requests that Mintz Levin perform a full computer search of its computer archives for drafts of documents at the last minute, however, are simply unreasonable. Therefore, this Court should deny L-3's motion to compel, should quash this blatantly improper subpoena and should grant fees and costs for having to respond to the subpoena and motion to compel.

**B.  L-3's 30(b)(6) Subpoena Of Reveal Violates Rules 30 and 34, Is Unreasonable And Unduly Burdensome, And Should Therefore Be Quashed.**

L-3's service upon Reveal of a 30(b)(6) subpoena duces tecum more than two moths after discovery closed, demanding compliance within twenty-four (24) hours, and then moving two business days later to compel production of documents and a deposition is an unreasonable course of conduct under any analysis, and flies in the face of the Rules of Civil Procedure. L-3's motion to compel should be denied, the subpoena it seeks to enforce should be quashed and the Court should grant reasonable fees and costs.

The clear language of the applicable rules dooms L-3's demand. Rule 30(b)(1) requires that "reasonable notice" be provided to any witnesses served with a subpoena, and Rule 30(b)(5) states that if a party serves upon another party a deposition subpoena that also requests production of documents, "[t]he procedure of Rule 34 shall apply to the request." Rule 34(b) requires that "the request shall specify a reasonable time, place and manner of making the inspection and performing the related acts," and, absent a court order or agreement of the parties, "[t]he party upon whom the request is served shall serve a written response within 30 days after the service of he request." Federal courts repeatedly recognize that a party's non-compliance with this thirty (30) day rule, not to mention patently unreasonable document production and deposition demands, is sufficient to quash a subpoena duces tecum. Here, L-3 took such non-

8

compliance to the extreme, demanding documents and a deposition from Reveal within twenty-four (24) hours.

In quashing a party's document and deposition subpoena that granted the opposing party twelve (12) days to respond -- a far more lenient subpoena than the one issued by L-3 in this instance -- the court in *Epling v. UCB Films, Inc.*, 2000 WL 1466216 (D. Kan. Aug. 7, 2000) recognized that "[i]t is well-settled that Fed.R.Civ.P. 30(b)(5) provides that any deposition notice which is served on a 'party deponent' and which requests documents to be produced at the deposition must comply with the thirty-day notice requirement set forth in Fed.R.Civ.P. 34." 2000 WL 1466216 *8. "A party may not unilaterally shorten that response period by noticing a deposition and requesting document production at that deposition." *Id.*

In *Reynolds v. Driscoll Machinery, Inc.*, 1989 WL 140028 (E.D. Pa. Nov. 14, 1989), the court deemed "plainly oppressive" a 30(b)(6) notice that had been served with forty-eight (48) hours notice. The document requests in *Reynolds* were ambiguous, while in this instance the documents sought will take time and significant resources to resurrect, if they exist at all, but the thrust of the court's decision was clear: such short notice for 30(b)(6) depositions is not allowed. The court held, "I conclude that to require, on forty-eight hours notice, (1) the designation . . . of appropriate witnesses and (2) the production . . . of ambiguous categories of documents, would be plainly oppressive." *Id.* at *1.

Like the Mintz Levin subpoena, this third 30(b)(6) deposition notice served more than two months after fact discovery closed and demanding compliance within twenty-four (24) hours is patently improper and abusive. This court should therefore deny L-3's motion to compel compliance, quash this subpoena and grant appropriate fees and costs.

9

## Conclusion

Reveal respectfully requests, for all the reasons stated above, that this Court (1) deny L-3's motion to compel the production of documents and depositions, (2) quash both the third party subpoena served on Mintz Levin and the 30(b)(6) subpoena served on Reveal, and (3) grant appropriate fees and costs for having to respond to these improper subpoenas and motion to compel.

Respectfully submitted,

**REVEAL IMAGING TECHNOLOGIES, INC.**,

By its attorneys,

Dated: December 29, 2005

/s/ H. Joseph Hameline
H. Joseph Hameline (BBO # 218710)
A. Jason Mirabito (BBO # 349440)
Michael T. Renaud (BBO # 629783)
Mintz, Levin, Cohn, Ferris, Glovsky
 and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

LIT 1554412v.1