IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS, INC.<br><br>      Plaintiff,<br><br>v.<br><br>REVEAL IMAGING TECHNOLOGIES, INC.<br><br>      Defendant. | CIVIL ACTION NO. 04-1188 NG |

REPLY DECLARATION OF JAMES J. FOSTER IN SUPPORT OF
MOTION TO COMPEL AND FOR SANCTIONS

1)   I am trial counsel for L-3.  I submit this Reply Declaration under penalty of perjury in support of L-3's motion to compel and for sanctions.

2)   Pages 3-4 of L-3's motion listed several authorities supporting the proposition that drafts of expert reports and communications with experts are discoverable.  Reveal's opposition to the motion tacitly conceded the point.

3)   To discover these documents, we served upon Norbert Pelc, Reveal's expert witness, a subpoena, which required him to produce copies on December 5, prior to his deposition in California on Friday, December 9, 2005. After discussion with Reveal, the location of the deposition was switched to Boston, and he was required to produce the subpoenaed materials at the deposition.

4)   Professor Pelc appeared on December 9, but without the subpoenaed documents.

973168.1

5) He gave as his explanation that he had destroyed his copies of e-mails with Reveal (including drafts of his reports) to avoid confusion and because Stanford University, where he works, "yells" at him.[1]

6) We immediately asked Reveal, at the deposition, to voluntarily produce its copies of those documents, so that those documents could be inspected before completion of the deposition and, if appropriate, used to question the witness. Reveal was unwilling to do so.

7) Faced with Reveal's intransigence, we needed to invoke the Court's assistance to compel production. As a procedural matter, however, we could not seek relief without first (a) serving papers that would require production of Reveal's copies of the destroyed documents and then (b) making a record of Reveal's refusal to make that required production. To cover all bases, we served a notice of deposition (with a request to bring the documents) for Reveal and a third party subpoena duces tecum on Mintz Levin.

8) Normally, timing would not have been an issue. We had only just learned of the destruction by Pelc, however, and the Court had set a December 16, 2005 cutoff to complete this discovery. If we had set return dates after December 16, Reveal would have objected that we were seeking discovery after the cutoff. For this reason, we set short return dates. We did not intend to inconvenience Mintz Levin or Reveal (nor did we), since we already knew that

---

[1] We have not raised on this motion the question of whether Professor Pelc's destruction of those documents was proper.

they were not going to provide the requested discovery, whatever the noticed dates.[2]

9) Reveal's opposition to the motion was disingenuously cast in terms of the unreasonableness of scheduling a deposition on one or two days' notice. As outlined above, however, if Reveal or Mintz would have been willing to comply, the dates themselves were negotiable. The times and dates in the notice were selected simply to tee up the real issue for resolution by the Court.

10) We urgently request this Court's intervention. Here, Reveal did not disclose that its expert witness had destroyed discoverable documents until December 9. We were entitled to those documents. Reveal has (or had) copies of these documents, which it refuses to produce.[3] We therefore request that the Court order immediate production of all such documents and that Pelc be made available for further deposition, if necessary, entirely at Reveal's expense.

Dated: January 4, 2006                               /s/ James J. Foster
                                                     James J. Foster

---

[2] If convenience had really been the issue, we would have agreed to different, later dates (subject, of course, to the Court's approval).

[3] An ominous unsworn footnote on page 2 of Reveal's opposition suggested that Reveal may have destroyed its copies of these documents, as well. If so, then we would insist on discovery to enable us to prepare an appropriate sanctions motion.