
**Wolf Greenfield**
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

Michael A. Albert
malbert@wolfgreenfield.com
direct dial 617.646.8240

April 18, 2006

Honorable Nancy Gertner
Honorable Judith G. Dein
United States District Court, District of Massachusetts
One Courthouse Way
Boston, MA 02210

Re: Civil Action No. 04-11884-NG – Response to Reveal's April 14, 2006 Letter

Dear Judges Gertner and Dein:

Reveal's April 14, 2006 letter (D.I. # 212) is misleading and the testimony in the accompanying Affidavit of Fredrick L. Roder, Ph.D is contradicted by very document that Affidavit cites – the Imatron Report itself. L-3 therefore submits this brief response.

Admitting that he cannot recall the actual date when the Final Report was completed, Dr. Roder nevertheless assures the Court that "[i]n light of the period when the work was performed (Summer 1987), the Final Report would have been completed and submitted to UCLA at least by the end of 1987, and definitely no later than mid-1988." (Roder Affidavit, ¶ 4).

That statement is plainly false: The Imatron Report itself refers in at least two places to certain events **that had occurred in 1990**. See Imatron Report (Ex. 17 to the 12/12/05 Declaration of H. Joseph Hameline (D.I. # 178)) at 9 nn. 2, 3 (twice citing "Private Communication, **1990**") (emphasis added). Neither Dr. Roder nor Reveal even attempts to explain how a document prepared "no later than mid-1988" could possibly twice cite material from 1990.

Likewise, Dr. Roder's assertion that the Imatron work and report were "not considered to be and were not stamped Proprietary or For Official Use Only" is irrelevant. The question at issue is not how the authors *designated* the Imatron Report, but instead whether it was "sufficiently accessible to the public interested in the art" prior to the '758 patent's filing date. In re Cronyn, 890 F.2d 1158, 1160 (Fed. Cir. 1989). The Roder Affidavit offers no such evidence. In the Cronyn case itself, for example, the Federal Circuit held that several undergraduate theses did not qualify as printed publications even though the manuscripts had been submitted to a handful of faculty members and deposited in the school library. The decision turned on the fact that, as here, the theses "had not been cataloged or indexed in a meaningful way." Id. at 1161. The Roder Affidavit does not even address this. Whether or not it was "designated confidential" is irrelevant to this inquiry.



Response to Reveal's April 14, 2006 Letter
Page 2 of 2

      Finally, Reveal claims that L-3 had never disputed the date or public availability of the Imatron report prior to its March 13, 2006 rebuttal letter. Again false: On January 12, 2006, L-3 filed its Memorandum in Opposition to Reveal's Motion for Partial Summary Judgment (D.I. # 195) and explained that there were "factual disputes...about... whether the Imatron Report would qualify as a printed publication under 35 U.S.C. § 102(a) or...under the criteria set forth in In re Cronyn, 890 F.2d 1158, 1160 (Fed. Cir. 1989). (D.I. # 195 at 10). On the cited page of the Cronyn decision, the Federal Circuit explained that "*before the critical date* the reference must have been *sufficiently accessible* to the public interested in the art." 890 F.3d at 1160 (emphasis added). L-3's rebuttal letter was thus not the first time L-3 disputed the date and public availability of the Imatron Report. L-3 had highlighted this dispute in its original opposition, as well as in the accompanying fact statement (D.I. # 196) (e.g. ¶ 58: "[E]ven assuming the report was submitted to the U.S. Government during the relevant time period, there is no evidence that the U.S. Government allowed the public access to the report prior to the August 10, 1990 effective filing date of the '758 patent . . . . There is not clear and convincing evidence that it was available at a time early enough to be considered prior art to either the '758 or the '393 patent.").

      In sum, Reveal's Roder Affidavit and accompanying argument, besides being untimely, are simply false on their face and on the face of the documents they cite.

                                       Respectfully submitted,

                                       /s/ Michael A. Albert
                                       Michael A. Albert, BBO # 558566
                                       James J. Foster, BBO # 553285
                                       Robert M. Abrahamsen, BBO # 636635
                                       WOLF, GREENFIELD & SACKS, P.C.

                                       Counsel for Plaintiff L-3 Communications
                                       Security And Detection Systems, Inc.

cc: H. Joseph Hameline, Esq.



## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Michael A. Albert